# EXHIBIT A

Electronically Filed by Superior Court of California, County of Orange, 04/14/2025 08:00:00 AM.
30-2025-01475046-CU-OE-NJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By C. Leon, Deputy Clerk.

Case 8:25-cv-00994-JWH-ADS    Document 1-1    Filed 05/07/25    Page 2 of 17    Page ID #:8

1  Ruben D. Escalante (Cal. Bar No. 244596)
   Robert A. Escalante (Cal. Bar No. 270629)
2  ACLIENT PC
   440 N Barranca Ave PMB 9496
3  Covina, California 91723
   Telephone: (310) 431-9687
4  Email: ruben@aclientpc.com
5
   Attorneys for Plaintiff
6  ASHLEY FRAGALE

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF ORANGE**

| | |
|---|---|
| ASHLEY FRAGALE,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>RISC POINT ADVISORY GROUP LLC; RISC POINT ASSURANCE, LTD; RISC POINT HOLDINGS, INC.; JACOB NIX; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No.: 30-2025-01475046-CU-OE-NJC<br>Assigned for All Purposes    Judge Donald F. Gaffney<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Quid Pro Quo Harassment in Violation of FEHA-Gender/Sex (Gov. Code § 12940 *et seq.*);<br>2. Hostile Environment Harassment in Violation of FEHA-Gender/Sex (Gov. Code § 12940 *et seq.*);<br>3. Retaliation in Violation of FEHA (Gov. Code § 12940 *et seq.*);<br>4. Failure to Prevent in Violation of FEHA (Gov. Code § 12940 *et seq.*); and<br>5. Whistleblower Retaliation Violation of Labor Code § 1102.5<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff Ashley Fragale ("Plaintiff"), demanding a jury trial, brings this action against Defendants RISC Point Advisory Group LLC, RISC Point Assurance, LTD, RISC Point Holdings, Inc., Jacob Nix, and DOES 1 through 10, for the damages alleged herein and as grounds therefore alleges as follows:

## GENERAL ALLEGATIONS

1. Plaintiff was at all relevant times in this matter an adult female working in Orange County, California, on information and belief, for RISC Point Advisory Group LLC, RISC Point Assurance, LTD, and/or RISC Point Holdings, Inc. (collectively "Defendant Employers"). Plaintiff is a citizen of California, and lives and works in California.

2. Upon information and belief, RISC Point Advisory Group LLC is, and at all times herein mentioned was, a limited liability company incorporated in the state of Delaware, and is not a citizen of California.

3. Upon information and belief, RISC Point Assurance, LTD is, and at all times herein mentioned was, a limited liability company incorporated in the state of Ohio, and is not a citizen of California.

4. Upon information and belief, RISC Point Holdings, Inc. is, and at all times herein mentioned was, a corporation incorporated in the state of Ohio, and is not a citizen of California.

5. Upon information and belief, Jacob Nix ("NIX"), is an individual and, upon information and belief, a citizen of the state of Ohio, and is an owner, officer, director, managing agent, agent, and/or employee of Defendant Employers.

6. Plaintiff is informed and believes and, based thereon alleges, that Defendant Employers acted as "joint employers" and/or as part of an "integrated enterprise" with respect to Plaintiff's employment. During the relevant time period, Defendant Employers engaged, suffered, and/or permitted Plaintiff to work for Defendant Employers. Defendant Employers each exercised control over Plaintiff's working conditions, work performed, wages, and other terms and conditions of her employment. Plaintiff performed work for Defendant Employers. Defendant Employers knew or should have known of the illegal conduct alleged herein and failed to take those corrective measures within their control. Defendant Employers operated an integrated enterprise with interrelation of operations, centralized control of labor relations, common

COMPLAINT

management, and/or common ownership or financial control.

7. Plaintiff is ignorant of the true names and capacities of Defendants sued as DOES 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and based thereon alleges that each of these fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by these Defendants.

8. Plaintiff is informed and believes and based thereon alleges that, at all relevant times, each of the Defendants, whether named or fictitious, was the agent, employee or alter ego of each of the other Defendants, and in doing the things alleged to have been done in the Complaint, acted within the scope of such agency or employment, or ratified the acts of the other.

9. Whenever and wherever reference is made in this Complaint to any act or failure to act by a defendant or co-defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each defendant acting individually, jointly and severally.

10. On information and belief, Defendant Employers employ at least five (5) employees and are therefore subject to the California Fair Employment and Housing Act, California Government Code section 12900, *et seq.* (hereafter "FEHA").

11. Plaintiff is informed and believes and based thereon alleges that, at all times material herein, Defendant Employers and/or their respective agents, employees or supervisors, authorized, condoned and/or ratified the unlawful conduct of each other.

12. In addition, Defendant Employers compelled, coerced, aided, and abetted the discrimination, which is prohibited under California Government Code section 12940(i).

13. Plaintiff is informed and believes and based thereon alleges that, at all times material herein, Defendant Employers, and/or their respective agents, employees, or supervisors knew or reasonably should have known that unless they intervened to protect Plaintiff, and to adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct of the employees of Defendant Employers, the remaining defendants and employees perceived the conduct and omissions as being ratified and condoned.

14. The Court has jurisdiction over Defendants, because upon information and belief,

-2-

**COMPLAINT**

Defendants have sufficient minimum contacts in California or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by this Court consistent with traditional notions of fair play and substantial justice.

15. Venue is proper in this judicial district pursuant to California Government Code section 12965. *See Malloy v. Superior Court*, 83 Cal. App. 4th 543, 552 (2022).

## FACTUAL ALLEGATIONS

16. On information and belief, Defendant Employers provide security and compliance services to companies, including but not limited to California companies and other companies nationwide regarding compliance with, among other laws and regulations, the California Consumer Privacy Act (CCPA) and California Privacy Rights Act (CPRA). Defendant Employers even devote an entire page of thier website to their CCPA and CPRA services.

17. In or about July 2024, Defendant Employers hired Plaintiff to work for them remotely, from Orange County, California, as a Human Resources Generalist. This would include Plaintiff's common and regular interactions with Defendant Employers and their principals, agents, employees, and attorneys, from Plaintiff's remote workstation in Orange County, California.

18. Within the first few months, Plaintiff was subjected to sexual harassment from and by NIX, the Founder and Chief Executive Officer of Defendant Employers, who, during his time with Defendant Employers, has organized an executive team comprised entirely of men.

19. For example, in or about December 2024, during a work trip to Las Vegas, Nevada, NIX asked to peruse and comment on Plaintiff's dating profile during a lunch conversation. Plaintiff complied with his request. After NIX inspected the profile, he told Plaintiff that she looked like Plaintiff had low self-worth, insinuating that she was promiscuous. The directive from Defendant Employers' highest-ranking employee to inspect her profile and commenting on it left Plaintiff shook, uncomfortable, and concerned about NIX's future behavior. During the same trip, NIX also made multiple comments to Plaintiff that were inappropriate and sexual in nature, including multiple comments that were made in front of other executives of Defendant Employers. At one point in the trip, NIX made a comment to Plaintiff in front of another executive that

referenced NIX paying Plaintiff if she took off her clothes and exposed her breasts for the money. NIX's conduct, and ratification by other executives at the company, left Plaintiff shook, uncomfortable, and concerned about NIX's future behavior. At all relevant times, NIX knew Plaintiff traveled to Las Vegas, Nevada, from her home and remote workstation in Orange County, California, and knew she would return following the work trip.

20. Since then, NIX continued to constantly bring up Plaintiff's personal romantic life to her and work colleagues, and NIX directed his actions to Plaintiff while she has been working remotely for Defendant Employers from her home and remote workstation in Orange County, California. In another example, on or about March 11, 2025, NIX called Plaintiff on Slack to discuss personnel issues relating to a new hire. After the updates, NIX inquired about a household project and a planter Plaintiff was building in her backyard. Plaintiff sent a picture of the project to NIX, to which NIX responded that he thought he was going to see "nudes." Plaintiff, again, felt shook, uncomfortable, and concerned about NIX's future behavior. Plaintiff responded that no naked pictures of herself would be sent, but rather, only pictures of the house project or dogs. NIX replied that he preferred pictures of "tits." NIX knew that Plaintiff was working remotely from Orange County, California, at the time. During that same call, NIX told Plaintiff that another executive at the company thought Plaintiff and NIX were going to hook up until they came back from lunch that day and said the vibe changed. NIX went on to say that he was not saying that they would have hooked up because he cared about his company, but it was tempting. Again, the comment left Plaintiff entirely shook, uncomfortable, and concerned about NIX's future behavior.

21. On or about the next day, NIX and Plaintiff discussed a sensitive employee issue. In response to Plaintiff giving her professional opinion, NIX accused her of not "protecting the company" and sent a threatening email suggesting Plaintiff could be terminated. Again, NIX knew that Plaintiff was working remotely from Orange County, California, at the time.

22. The unreasonable threat of termination in response to a professional opinion had no legitimate purpose. On information and belief, the threat was tied to Plaintiff's continued protests to, opposition to sexually harassing conduct of, and rebuff of NIX, including most recently in the

denial of sending nude pictures of herself at NIX's request.

23. On or about March 21, 2025, formally complained to Defendant Employers regarding NIX's illegal conduct and pleading for help. On information and belief, in response to Plaintiff's complaints, substantially motivated by Plaintiff's activity, including but not limited to refusing to succumb and take part in NIX's sexual harassment and complaints about the same, and within a matter of days, Defendant Employers and NIX determined and executed a plan that they would find a way terminate Plaintiff's employment, either by constructive termination, including but not limited to by restricting opportunities for advancement, limiting work opportunities, taking away job security, terminating another California employee who assisted Plaintiff in doing her work, failing to take immediate and appropriate corrective action, and/or otherwise intentionally creating an intolerable working environment such that any reasonable employee would resign and force Plaintiff to resign, and if those efforts did not work by direct termination. This conduct was directed at Plaintiff who was and is still working remotely for Defendant employers from Orange County, California.

24. Further reflecting NIX's sexist, misogynistic, and sexually harassing behavior and Defendant Employers' failure to take immediate and appropriate corrective action to control it, on or about February 5, 2025, NIX referred to another female employee of Defendant Employers as follows "Did she sound [c-word]y about it[.] Because it was [c-word]y," in a written communication to Plaintiff and another executive of Defendant Employers. Upon information and belief, although another executive of Defendant Employers was witness to NIX's language and behavior, Defendant Employers did not investigate the incident nor take prompt remedial action to ensure NIX's behavior would be stopped. NIX's conduct left Plaintiff shook, uncomfortable, and concerned about NIX's future behavior.

25. On or about April 13, 2025, Plaintiff exhausted her administrative remedies by timely filing a complaint with the California Civil Rights Department regarding the claims alleged herein. Per Plaintiff's request, an immediate right-to-sue letter was issued on April 13, 2025.

# FIRST CAUSE OF ACTION

## Quid Pro Quo Harassment

### in Violation of FEHA-Gender/Sex (Gov. Code § 12940 et seq.)

### Plaintiff Against Defendant Employers, NIX, and Does 1 through 10

26. Plaintiff re-alleges and incorporates all previous and subsequent paragraphs of this Complaint, as though fully set forth herein.

27. Defendant Employers are subject to suit for harassment claims under the FEHA, in that it regularly employs one (1) or more persons or that it regularly receives the services of one or more persons providing services pursuant to a contract.

28. NIX is subject to suit under the FEHA in that he is personally liable for any prohibited harassment that he personally perpetrated.

29. Under Government Code section 12940(j), it is unlawful for an employer or individual to harass an employee based on, among other things, the employee's gender/sex. The FEHA's prohibition of unlawful harassment includes quid pro quo harassment.

30. Plaintiff alleges that Defendants are liable for harassment she suffered on a quid pro quo basis because her terms of employment, job benefits, or favorable working conditions were made contingent, by words or conduct, on Plaintiff's acceptance of NIX's sexual advances and/or conduct.

31. The conduct was carried out, authorized, and/or ratified by Defendant Employers' managers and other officers, directors and/or managing agents; therefore, Defendants are strictly liable for the conduct. Alternatively, the actions were known by Defendant Employers' officers, directors and/or managing agents yet no appropriate corrective action was taken. In either event, Defendant Employers are liable for the conduct because the harassers were managers and/or because Defendant Employers knew or should have known of the conduct and failed to prevent it and/or ratified and/or condoned it.

32. Plaintiff believes that her sex/gender and/or prior protected complaints were the cause of the unwanted harassing conduct described above.

33. As a direct, foreseeable, and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, and if she is terminated lost wages and benefits, all to Plaintiff's damages in an amount over the minimum jurisdiction of this Court, the precise amount of which will be proven at trial.

34. As a further proximate result of Defendants' conduct described herein, Plaintiff has incurred and will continue to incur medical expenses in an amount according to proof at the time of trial.

35. As a result of the aforesaid acts of Defendant Employers, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial.

36. In doing the acts herein alleged, Defendant Employers, through their officers, directors, and/or managing agents, and NIX acted with oppression, fraud, malice, and in the conscious disregard of the rights of Plaintiff, authorized such conduct, and knew of such conduct and adopted or approved of it after it occurred; therefore, Plaintiff is also entitled to punitive damages in an amount according to proof at the time of trial.

37. Plaintiff, who has incurred and continues to incur attorneys' fees and legal expenses, is also entitled to recover said costs and fees in an amount according to proof at the time of trial, pursuant to Government Code section 12965(b).

## SECOND CAUSE OF ACTION

**Hostile Environment Harassment**

**in Violation of FEHA Gender/Sex (Gov. Code § 12940 *et seq.*)**

**Plaintiff Against Defendant Employers, NIX, and Does 1 through 10**

38. Plaintiff re-alleges and incorporates all previous and subsequent paragraphs of this Complaint, as though fully set forth herein.

39. Defendant Employers are subject to suit for harassment claims under the FEHA, in that it regularly employs one (1) or more persons or that it regularly receives the services of one or more persons providing services pursuant to a contract.

-7-

**COMPLAINT**

40. NIX is subject to suit under the FEHA in that he is personally liable for any prohibited harassment that he personally perpetrated.

41. Under Government Code section 12940(j), it is unlawful for an employer or individual to harass an employee based on, among other things, the employee's gender/sex.

42. Defendant Employers and NIX engaged in actions to harass because of and based on her gender/sex, including but not limited to in the form of sexual harassment and retaliation.

43. Defendants violated Government Code section 12940(j) by creating a hostile work environment and by failing to prevent said acts from occurring.

44. The conduct was carried out, authorized, and/or ratified by Defendant Employers' managers and other officers, directors and/or managing agents; therefore, Defendants are strictly liable for the conduct. Alternatively, the actions were known by Defendant Employers' officers, directors and/or managing agents yet no appropriate corrective action was taken. In either event, Defendant Employers are liable for the conduct because the harassers were managers and/or because Defendant Employers knew or should have known of the conduct and failed to prevent it and/or ratified and/or condoned it.

45. Plaintiff believes that her sex/gender and/or prior protected complaints were the cause of the unwanted harassing conduct described above. The actions were sufficiently severe or pervasive to alter the conditions of employment and thereby constituted a hostile work environment in violation of FEHA.

46. As a direct, foreseeable, and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, and if she is terminated lost wages and benefits, all to Plaintiff's damages in an amount over the $35,000 minimum jurisdiction of this Court, the precise amount of which will be proven at trial.

47. As a further proximate result of Defendants' conduct described herein, Plaintiff has incurred and will continue to incur medical expenses in an amount according to proof at the time of trial.

48. As a result of the aforesaid acts of Defendant Employers, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial.

49. In doing the acts herein alleged, Defendant Employers, through their officers, directors, and/or managing agents, and NIX acted with oppression, fraud, malice, and in the conscious disregard of the rights of Plaintiff, authorized such conduct, and knew of such conduct and adopted or approved of it after it occurred; therefore, Plaintiff is also entitled to punitive damages in an amount according to proof at the time of trial.

50. Plaintiff, who has incurred and continues to incur attorneys' fees and legal expenses, is also entitled to recover said costs and fees in an amount according to proof at the time of trial, pursuant to Government Code section 12965(b).

## THIRD CAUSE OF ACTION

### Retaliation

### in Violation of FEHA (Gov. Code § 12940 et seq.

### Plaintiff Against Defendant Employers and Does 1 through 10

51. Plaintiff re-alleges and incorporates all previous and subsequent paragraphs of this Complaint, as though fully set forth herein.

52. Government Code section 12940(h) provides that it is unlawful for an employer to discriminate against any person because the person has engaged in protected activities under FEHA.

53. Plaintiff engaged protected activity under the FEHA during her employment with Defendant Employers. Defendant Employers retaliated against Plaintiff for engaging in such protected activity by taking adverse actions against and harassing her. Such conduct was a violation of the FEHA.

54. As a proximate result of Defendant Employers' actions, Plaintiff has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, and if she is terminated lost wages and benefits, all to Plaintiff's damage in an amount over the

minimum jurisdiction of this Court by at least three times, the precise amount of which will be proven at trial. Plaintiff claims such amount as damages together with pre-judgment interest pursuant to Civil Code section 3287 and/or any other provision of law providing for pre-judgment interest.

55. As a further proximate result of Defendant Employers' conduct described in this Complaint, Plaintiff has incurred and will continue to incur medical expenses in an amount according to proof at the time of trial.

56. As a result of the aforesaid acts of Defendant Employers, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial.

57. In doing the acts herein alleged, Defendant Employers through their officers, directors, and/or managing agents, acted with oppression, fraud, malice, and in the conscious disregard of the rights of Plaintiff, authorized such conduct, and knew of such conduct and adopted or approved of it after it occurred; therefore, Plaintiff is also entitled to punitive damages in an amount according to proof at the time of trial.

58. Plaintiff, who has incurred and continues to incur attorneys' fees and legal expenses, is also entitled to recover said costs and fees in an amount according to proof at the time of trial, pursuant to Government Code section 12965(b)

### FOURTH CAUSE OF ACTION

**Failure to Prevent**

**in Violation of FEHA (Gov. Code § 12940 et seq.)**

**Plaintiff Against Defendant Employers and Does 1 through 10**

59. Plaintiff re-alleges and incorporates all previous and subsequent paragraphs of this Complaint, as though fully set forth herein.

60. During Plaintiff's employment, Defendant Employers failed to prevent the above-referenced acts of harassment and retaliation toward Plaintiff, in violation of Government Code section 12940(k). Defendant Employers' failure to undertake prompt and adequate investigations

-10-

COMPLAINT

and their complete failure to prevent the above-alleged acts of harassment and retaliation constitutes an unlawful employment practice. Such conduct is in violation of FEHA and has resulted in damage and injury to Plaintiff as alleged herein.

61. As a proximate result of Defendant Employers' violation of Government Code section 12940(k), Plaintiff has suffered and continues to humiliation, embarrassment, mental and emotional distress, and discomfort, and if she is terminated lost wages and benefits, all to Plaintiff's damage in an amount over the minimum jurisdiction of this Court, the precise amount of which will be proven at trial. Plaintiff claims such amount as damages together with prejudgment interest pursuant to Civil Code section 3287 and/or any other provision of law providing for pre-judgment interest.

62. As a further proximate result of Defendant Employers' conduct described in this Complaint, Plaintiff has incurred and will continue to incur medical expenses in an amount according to proof at the time of trial.

63. As a result of the aforesaid acts of Defendant Employers, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial.

64. In doing the acts herein alleged, Defendant Employers, through their officers, directors, and/or managing agents, acted with oppression, fraud, malice, and in the conscious disregard of the rights of Plaintiff, authorized such conduct, and knew of such conduct and adopted or approved of it after it occurred; therefore, Plaintiff is also entitled to punitive damages in an amount according to proof at the time of trial.

65. Plaintiff, who has incurred and continues to incur attorneys' fees and legal expenses, is entitled to recover said costs and fees in an amount according to proof at the time of trial, pursuant to Government Code section 12965(b).

///

///

///

# FIFTH CAUSE OF ACTION

**Whistleblower Retaliation**

**in Violation of Labor Code § 1102.5**

**Plaintiff Against Defendant Employers and Does 1 through 10**

66. Plaintiff re-alleges and incorporates all previous and subsequent paragraphs of this Complaint, as though fully set forth herein.

67. Pursuant to Labor Code § 1102.5(b), "[a]n employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties."

68. As set forth above, Plaintiff engaged in protected activity under Labor Code section 1102.5. Defendant Employers retaliated against Plaintiff for engaging in such protected activity by taking adverse actions against and harassing her. Such conduct was a violation of Labor Code section 1102.5(b).

69. As a proximate result of Defendant Employers' violation of Labor Code § 1102.5, Plaintiff has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount over the minimum jurisdiction of this Court, the precise amount of which will be proven at trial. Plaintiff claims such amount as damages together with prejudgment interest pursuant to Civil Code section 3287 and/or any other provision of law providing for pre-judgment interest.

70. As a further proximate result of Defendant Employers' conduct described in this

Complaint, Plaintiff has incurred and will continue to incur medical expenses in an amount according to proof at the time of trial.

71. As a result of the aforesaid acts of Defendant Employers, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial.

72. In doing the acts herein alleged, Defendant Employers, through their officers, directors, and/or managing agents, acted with oppression, fraud, malice, and in the conscious disregard of the rights of Plaintiff, authorized such conduct, and knew of such conduct and adopted or approved of it after it occurred; therefore, Plaintiff is also entitled to punitive damages in an amount according to proof at the time of trial.

73. Plaintiff, who has incurred and continues to incur attorneys' fees, is entitled to recover said fees in an amount according to proof at the time of trial, pursuant to Labor Code section 1102.5(j).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Ashley Fragale prays for judgment against Defendants RISC Point Advisory Group LLC, RISC Point Assurance, LTD, RISC Point Holdings, Inc., Jacob Nix, and DOES 1 through 10, as follows:

1. For past and future compensatory damages, according to proof;
2. For pre and post-judgment interest at the legal rate;
3. For exemplary and punitive damages according to proof;

///

///

///

-13-

**COMPLAINT**

4. Injunctive, equitable and declaratory relief;

5. Attorneys' fees and costs of suit; and

6. For such other and further relief as the Court deems proper.

Date: April 13, 2025

Respectfully submitted,

ACLIENT PC

By:_____
RUBEN D. ESCALANTE
Attorney for Plaintiff
ASHLEY FRAGALE

**COMPLAINT**

## DEMAND FOR JURY TRIAL

Plaintiff Ashley Fragale hereby demands a trial by jury.

Date: April 13, 2025　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　ACLIENT PC


　　　　　　　　　　　　　　　　　　　By:_____
　　　　　　　　　　　　　　　　　　　　　RUBEN D. ESCALANTE
　　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiff
　　　　　　　　　　　　　　　　　　　　　ASHLEY FRAGALE