L. GEOFFREY LEE (SBN: 234024)
glee@grsm.com
ANAFRANCESCA COMUNALE (SBN: 323257)
acomunale@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 West Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-7418
Facsimile: (619) 696-7124

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| ASHLEY FRAGALE, an individual,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>RISC POINT ADVISORY GROUP LLC; RISC POINT ASSURANCE, LTD; RISC POINT HOLDINGS, INC.; JACOB NIX, and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | CASE NO. 2:25-CV-4111<br><br>**DEFENDANTS' NOTICE TO FEDERAL COURT CONFIRMING NOTIFICATION TO STATE COURT OF REMOVAL**<br><br>Federal Complaint Filed: May 7, 2025<br><br>Complaint Filed: April 14, 2025<br><br>(Complaint filed in Orange County Superior Court, Case No. 30-2025-01475046-CU-OE-NJC) |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA (SOUTHERN DIVISION), PLAINTIFF, AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants by and through their counsel of record, hereby confirm that the Notice of Removal filed in this Court on May 1, 2025, was filed with the Clerk of the Superior Court of California County of Orange pursuant to 28 U.S.C. sections 1441 and 1446.

/ / /

/ / /

-1-

1  A copy of the Notice to State Court of Removal to Federal Court, without
2  the referenced exhibit, filed with the state court on May 8, 2025, is attached and
3  marked as Exhibit "1".

Dated: May 9, 2025                    GORDON REES SCULLY MANSUKHANI, LLP

                                      By: *L. Geoffrey Lee* (signature)

                                      L. Geoffrey Lee
                                      Anafrancesca Comunale

                                      Attorneys for Defendants

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

# EXHIBIT 1

Electronically Filed by Superior Court of California, County of Orange, 05/08/2025 05:03:00 PM.
30-2025-01475046-CU-OE-NJC - ROA # 10 - DAVID H. YAMASAKI, Clerk of the Court By E. effinguser, Deputy Clerk.
Case 8:25-cv-00994-JWH-ADS   Document 4   Filed 05/09/25   Page 4 of 11   Page ID #:57

| | |
|---|---|
| 1 | L. GEOFFREY LEE (SBN: 234024) |
| 2 | glee@grsm.com<br>ANAFRANCESCA COMUNALE (SBN: 323257) |
| 3 | acomunale@grsm.com<br>GORDON REES SCULLY MANSUKHANI, LLP |
| 4 | 101 West Broadway, Suite 2000<br>San Diego, CA  92101 |
| 5 | Telephone: (619) 230-7418<br>Facsimile: (619) 696-7124 |
| 6 | Attorneys for Defendants |

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF ORANGE**

**NORTH JUSTICE CENTER**

| | |
|---|---|
| ASHLEY FRAGALE, an individual,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>RISC POINT ADVISORY GROUP LLC; RISC POINT ASSURANCE, LTD; RISC POINT HOLDINGS, INC.; JACOB NIX, and DOES 1 through 10, inclusive,<br><br>　　　　　　　Defendants. | CASE NO. 30-2025-01475046-CU-OE-NJC<br><br>Assigned for All Purposes to the Hon. Judge Donald Gaffney, Dept. N16<br><br>**NOTICE OF REMOVAL TO STATE COURT**<br><br>Complaint Filed: April 14, 2025 |

TO THE CLERK OF THE COURT AND ALL PARTIES HERETO:  Please take notice that Defendants have removed this case to federal court pursuant to 28 U.S.C. sections 1441, 1442 and 1446.  A true and correct copy of the Notice of Removal is attached hereto as Exhibit "A."

Dated: May 8, 2025　　　　　　　　　　　　GORDON REES SCULLY MANSUKHANI, LLP

　　　　　　　　　　　　　　　　　　　　　　　By: *L. Geoffrey Lee*
　　　　　　　　　　　　　　　　　　　　　　　　L. Geoffrey Lee
　　　　　　　　　　　　　　　　　　　　　　　　Anafrancesca Comunale
　　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendants

-1-
NOTICE OF REMOVAL

# EXHIBIT A

L. GEOFFREY LEE (SBN: 234024)
glee@grsm.com
ANAFRANCESCA COMUNALE (SBN: 323257)
acomunale@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 West Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-7418
Facsimile: (619) 696-7124

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| ASHLEY FRAGALE, an individual, | CASE NO. |
| Plaintiff, | |
| vs. | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B) (DIVERSITY)** |
| RISC POINT ADVISORY GROUP LLC; RISC POINT ASSURANCE, LTD; RISC POINT HOLDINGS, INC.; JACOB NIX; and DOES 1 through 10, inclusive, | Complaint Filed: April 14, 2025 |
| Defendants. | (Complaint filed in Orange County Superior Court, Case No. 30-2025-01475046-CU-OE-NJC) |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that Defendants RISC POINT ADVISORY GROUP LLC, RISC POINT ASSURANCE, LTD, RISC POINT HOLDINGS, INC., and JACOB NIX (collectively "DEFENDANTS") hereby remove this action from the Superior Court of California, County of Orange, to the United States District Court for the Central District of California pursuant to 28 United States Code ("U.S.C.") sections 1441 and 1446. In support of this Notice of Removal, DEFENDANTS state as follows:

/ / /

/ / /

-1-
NOTICE OF REMOVAL

Case No.

## STATEMENT OF JURISDICTION

1. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332, and is one that may be removed to this Court by DEFENDANTS pursuant to the provisions of 28 U.S.C. sections 1441 and 1446.

## BASES FOR REMOVAL

2. Plaintiff ASHLEY FRAGALE ("Plaintiff") commenced this action on April 14, 2025, by filing a civil complaint in the Superior Court of California, County of Orange (the "Complaint"). The Complaint asserted generalized claims for sexual harassment and retaliation in employment. Pursuant to 28 U.S.C. section 1446(a), a true and correct copy of the Complaint is attached to the accompanying Declaration of Geoffrey Lee ("Lee Decl."), ¶ 2, Exhibit "A."

3. The filed Complaint was first provided by email from Plaintiff's counsel to Defendants' counsel on April 16, 2025. The Summons and Complaint were later served on April 22, 2025 on Risc Point Advisory Group LLC and Jacob Nix.

4. This Notice of Removal is therefore timely pursuant to 28 U.S.C. section 1446(b) in that it has been filed within thirty (30) days of service of a copy of a document from which DEFENDANTS first ascertained that this civil action is in fact removable, to wit, the filed Complaint provided on April 16, 2025. Lee Decl., ¶ 2, Exh. "A."

5. Moreover, this Notice of Removal is timely under 28 U.S.C. section 1446(c) as it is being filed within one (1) year of the commencement of the action.

## BASES FOR FEDERAL DIVERSITY JURISDICTION

**(Complete Diversity)**

6. This is a civil action and is removable under 28 U.S.C. section 1441(b) because this Court has original jurisdiction over this case under 28 U.S.C. section 1332(a)(1).

7. Plaintiff was and is a citizen of the State of California. Complaint ¶1.

8. The Complaint admits that each of the entity defendants is "not a citizen of California. Complaint ¶¶2-4. The Complaint admits that defendant Jacob Nix is a citizen of Ohio. Complaint ¶5.

9. "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Defendant RISC POINT HOLDINGS, INC. was incorporated in Ohio and has its principal place of business in Ohio. Complaint ¶4; Declaration of Matt Drewyor ¶8.

10. Business entities such as limited partnerships and limited liability companies are not classified as corporations for diversity purposes. *Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378, 381-382 (2016); *Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C.*, 385 F.3d 737, 739 (7th Cir. 2004). With respect to noncorporate business entities such as limited liability companies, citizenship of all members determines diversity jurisdiction. *Americold*, *supra*, 577 U.S. at 381-382; *Indiana Gas Co., Inc. v. Home Ins. Co.,* 141 F.3d 314, 316 (7th Cir. 1998). Defendant RISC POINT ADVISORY GROUP LLC is a limited liability company formed in Delaware. It has a single member: Risc Point Partners, LLC. Risc Point Partners, LLC, in turn, is a limited liability company organized in the State of Delaware. Drewyor Decl. ¶5. Risc Point Partners, LLC has five members, who are as follows:

  a) The aforementioned defendant RISC POINT HOLDINGS, INC., which is a citizen of the State of Ohio;

  b) Matthew Drewyor, who resides, and is domiciled, in the State of Ohio;

  c) Tony Bai, who resides, and is domiciled, in the State of Virginia;

  d) Ryan McCartney, who resides, and is domiciled, in the State of Ohio; and

  e) Stellion Ventures, LLC, a limited liability company organized in the

-3-
NOTICE OF REMOVAL

Case No.

State of Delaware. It has a single member: Dimitrina Atanasova. Ms. Dimitrina resides, and is domiciled, in the State of Florida.

11. Defendant RISC POINT ASSURANCE, LTD, is a dormant limited liability company, organized in the State of Ohio, and has a single member: Defendant JACOB NIX.

12. At all relevant times, JACOB NIX is and was a citizen of the State of Ohio, inasmuch as his primary residence is located in the State of Ohio. Complaint ¶5.

13. All defendants are represented by the same undersigned counsel. All defendants consent to this removal.

14. Accordingly, the diversity of citizenship requirement under 28 U.S.C. § 1332(a)(1) is satisfied.

**(Amount in Controversy)**

15. Plaintiff alleges that, as a result of Defendants' alleged conduct, she has suffered or will suffer lost wages, lost benefits, humiliation, embarrassment, discomfort, medical expenses, damages for mental distress, and damages for emotional distress. The Fifth Claim for Relief under California Labor Code section 1102.5 carries with it a statutory penalty against an LLC or corporation in an amount as high as $10,000. Cal. Labor Code § 1102.5(f). The Complaint further prays for punitive damages, which would presumably be some multiple of her underlying damages. The Complaint further prays for statutory attorney's fees. The Complaint thus generally alleges damages that meet the jurisdictional minimum amount to file in the Superior Court (Complaint ¶¶33, 61), to wit, a minimum of $35,000. Complaint ¶46; Cal. Code Civ. Proc. §§ 85-86. Indeed, the Complaint alleges damages "at least three times" that minimum amount. Complaint ¶54. Three times the minimum amount, as claimed by Plaintiff, would therefore be at least $105,000.

16. If the case stated by the initial pleading does not disclose the exact

requisite amount in controversy, information relating to that subject in the record of the state proceeding or in responses to discovery shall be treated as an "other paper" from which the amount in controversy can be determined. 28 U.S.C.S. § 1446. Additionally, courts may consider factual statements in a defendant's notice of removal when assessing removal jurisdiction. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

17. For example, a settlement demand made be used as evidence of the requisite amount in controversy. *See, e.g., Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840 (9th Cir. 2002) (settlement demand of $100,000 is sufficient to show amount in controversy to support removal); *Uribe v. Autozone, Inc.*, 166 Fed. Appx. 896, 897 (9th Cir. 2006) ("The district court properly relied upon a pre-removal settlement letter to conclude that the amount in controversy exceeded the jurisdictional minimum for diversity jurisdiction…."); *Quinonez v. Jobworks, Inc.*, 2015 U.S. Dist. LEXIS 106810 at * 4 (S.D. Cal. 2015) (amount in controversy requirement met by $180,000 settlement demand letter); *Arellano v. Home Depot U.S.A., Inc*., 245 F. Supp. 2d 1102, 1108 (S.D. Cal. 2003) (amount in controversy requirement met by $95,000 settlement demand letter). Here, Plaintiff made a pre-lawsuit demand on March 27, 2025 to settle her claims for $300,000. Lee Decl. ¶5, Exh. "F."

18. Furthermore, if state law permits recovery in excess of the amount set forth in a complaint, a removing defendant in such a situation may simply allege in its notice of removal that the jurisdictional threshold has been met and discovery may be taken with regard to that question. 28 U.S.C. § 1446(c)(d); *Patel v. Nike Retail Servs.*, 58 F. Supp. 3d 1032, 1037 (N.D. Cal. 2014).

19. The matter in controversy in this action therefore plausibly exceeds the sum or value of $75,000, exclusive of interest and costs. Accordingly, the amount in controversy requirement under 28 U.S.C. § 1332(a) is satisfied.

20. This action is, therefore, a civil action over which this Court has

-5-
NOTICE OF REMOVAL

Case No.

1 original jurisdiction under 28 U.S.C. section 1332 and one that may be removed by
2 DEFENDANTS to this Court pursuant to 28 U.S.C. sections 1441(b) and 1446 in
3 that it is a civil action between citizens of different states wherein the matter in
4 controversy exceeds the sum of $75,000, exclusive of interest and costs.

**REMOVAL TO THIS DISTRICT**

21. Pursuant to 28 U.S.C. section 1332, 1441, and 1446, removal of this action from the Superior Court of California, County of Orange, to the United States District Court for the Central District of California is appropriate.

22. The removal of this action to this Court is proper under 28 U.S.C. section 1441(a) inasmuch as the Superior Court of the State of California for the County of Orange, where this action was originally filed, is located within this judicial district and division.

**CONCLUSION**

23. DEFENDANTS therefore respectfully request that this Court assume jurisdiction over this matter and issue such orders and processes as may be necessary to bring before it all the parties necessary for the trial hereof.

24. Counsel for DEFENDANTS certifies that it will file a true and correct copy of this Notice of Removal with the Clerk of the Superior Court of California, County of Orange, as required by 28 U.S.C. section 1446, and give notice of same to Plaintiff and all adverse parties.

Dated: May 7, 2025

GORDON REES SCULLY MANSUKHANI, LLP

By: *L. Geoffrey Lee* (signature)

L. Geoffrey Lee
Anafrancesca Comunale
Attorneys for Defendant

-6-
NOTICE OF REMOVAL
Case No.