L. GEOFFREY LEE (SBN: 234024)
glee@grsm.com
ANAFRANCESCA COMUNALE (SBN: 323257)
acomunale@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 West Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-7418
Facsimile: (619) 696-7124

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| ASHLEY FRAGALE, an individual, | CASE NO. 8:25-cv-00994 JWH (ADSx) |
| Plaintiff, | |
| vs. | **DEFENDANTS' ANSWER TO COMPLAINT** |
| RISC POINT ADVISORY GROUP LLC; RISC POINT ASSURANCE, LTD; RISC POINT HOLDINGS, INC.; JACOB NIX; and DOES 1 through 10, inclusive, | (Complaint filed in Orange County Superior Court, Case No. 30-2025-01475046-CU-OE-NJC) |
| Defendants. | DEMAND FOR JURY TRIAL |

Defendants RISC POINT ADVISORY GROUP LLC, RISC POINT ASSURANCE LTD, RISC POINT HOLDINGS, INC. and JACOB NIX (collectively "RISC POINT") hereby answer the Complaint of Plaintiff ASHLEY FRAGALE:

**I.**

**DENIALS**

1. RISC POINT admits that Plaintiff was a female working in Orange County. RISC POINT denies the remainder of Paragraph 1 of the Complaint.

///

-1-
DEFENDANTS' ANSWER TO COMPLAINT
Case No. 8:25-cv-00994 JWH (ADSx)

RISC POINT denies all allegations that each defendant constituted "Defendant Employers."

2. RISC POINT admits the allegations of Paragraph 2 of the Complaint.

3. RISC POINT admits the allegations of Paragraph 3 of the Complaint.

4. RISC POINT admits the allegations of Paragraph 4 of the Complaint.

5. RISC POINT admits the allegations of Paragraph 5 of the Complaint.

6. RISC POINT denies the allegations of Paragraph 6 of the Complaint.

7. The allegations of Paragraph 7 of the Complaint require no answer from RISC POINT, but to the extent that such allegations require an answer, they are denied.

8. RISC POINT lacks sufficient information to admit or deny the allegations and as such, they are denied.

9. The allegations of Paragraph 9 of the Complaint require no answer from RISC POINT, but to the extent that such allegations require an answer, they are denied.

10. RISC POINT admits that Plaintiff's employer employed at least 5 people.

11. RISC POINT denies the allegations of Paragraph 11 of the Complaint.

12. RISC POINT denies the allegations of Paragraph 12 of the Complaint.

13. RISC POINT denies the allegations of Paragraph 13 of the Complaint.

14. RISC POINT denies the allegations of Paragraph 14 of the Complaint.

15. RISC POINT denies the allegations of Paragraph 15 of the Complaint.

///

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

16. RISC POINT admits the allegations of Paragraph 16 of the Complaint.

17. RISC POINT admits the allegations of Paragraph 17 of the Complaint.

18. RISC POINT denies the allegations of Paragraph 18 of the Complaint.

19. RISC POINT lacks sufficient information to admit or deny the allegations of Paragraph 19 and as such, they are denied.

20. RISC POINT lacks sufficient information to admit or deny the allegations of Paragraph 20 and as such, they are denied.

21. RISC POINT admits NIX had knowledge that Plaintiff was working remotely from Orange County, California. RISC POINT lacks sufficient information to admit or deny the remaining allegations of Paragraph 21 and as such, they are denied.

22. RISC POINT lacks sufficient information to admit or deny the allegations of Paragraph 22 and as such, they are denied.

23. RISC POINT admits that Plaintiff is still working remotely from Orange County, California. RISC POINT lacks sufficient information to admit or deny the remaining allegations of Paragraph 23 and as such, they are denied.

24. RISC POINT lacks sufficient information to admit or deny the allegations of Paragraph 24 and as such, they are denied.

25. RISC POINT denies the allegations of Paragraph 25 of the Complaint.

## FIRST CAUSE OF ACTION

**Quid Pro Quo Harassment**

**(Gov. Code Section 12940 et seq.)**

26. The allegations of Paragraph 26 of the Complaint require no answer from RISC POINT, but to the extent that such allegations require an answer, they

are denied.

27. The allegations of Paragraph 27 of the Complaint merely restate statutory law and do not require an answer from RISC POINT, but to the extent that such allegations require an answer, they are denied.

28. RISC POINT denies the allegations of Paragraph 28 of the Complaint.

29. The allegations of Paragraph 29 of the Complaint merely restate statutory law and do not require an answer from RISC POINT, but to the extent that such allegations require an answer, they are denied.

30. RISC POINT denies the allegations of Paragraph 30 of the Complaint.

31. RISC POINT denies the allegations of Paragraph 31 of the Complaint.

32. The allegations of Paragraph 32 of the Complaint require no answer from RISC POINT, but to the extent that such allegations require an answer, they are admitted.

33. RISC POINT lacks sufficient information to admit or deny the allegations of Paragraph 33 and as such, they are denied.

34. RISC POINT lacks sufficient information to admit or deny the allegations of Paragraph 34 and as such, they are denied.

35. RISC POINT lacks sufficient information to admit or deny the allegations of Paragraph 35 and as such, they are denied.

36. RISC POINT denies the allegations of Paragraph 36 of the Complaint.

37. RISC POINT denies the allegations of Paragraph 37 of the Complaint.

///

///

## SECOND CAUSE OF ACTION
## HOSTILE ENVIRONMENT HARASSMENT
### (Gov. Code Section 12940 *et seq.*)

38. The allegations of Paragraph 38 of the Complaint require no answer from RISC POINT, but to the extent that such allegations require an answer, they are denied.

39. RISC POINT admits that Plaintiff's employer regularly employs one or more persons or that it regularly receives the services of one or more persons providing services pursuant to a contract. RISC POINT lacks sufficient information to admit or deny the remaining allegations of Paragraph 39 of the Complaint, and as such, they are denied.

40. RISC POINT denies the allegations of Paragraph 39 of the Complaint.

41. The allegations of Paragraph 41 of the Complaint merely restate statutory law and do not require an answer from RISC POINT, but to the extent that such allegations require an answer, they are denied.

42. RISC POINT denies the allegations of Paragraph 42 of the Complaint.

43. RISC POINT denies the allegations of Paragraph 43 of the Complaint.

44. RISC POINT denies the allegations of Paragraph 44 of the Complaint.

45. RISC POINT denies the allegations of Paragraph 45 of the Complaint.

46. RISC POINT denies the allegations of Paragraph 46 of the Complaint.

47. RISC POINT denies the allegations of Paragraph 47 of the Complaint.

48. RISC POINT denies the allegations of Paragraph 48 of the Complaint.

49. RISC POINT denies the allegations of Paragraph 49 of the Complaint.

50. RISC POINT denies the allegations of Paragraph 50 of the Complaint.

## THIRD CAUSE OF ACTION

### Retaliation

### (Gov. Code Section 12940 *et seq.*)

51. The allegations of Paragraph 51 of the Complaint require no answer from RISC POINT, but to the extent that such allegations require an answer, they are denied.

52. The allegations of Paragraph 52 of the Complaint merely restate statutory law and do not require an answer from RISC POINT, but to the extent that such allegations require an answer, they are denied.

53. RISC POINT denies the allegations of Paragraph 53 of the Complaint.

54. RISC POINT denies the allegations of Paragraph 54 of the Complaint.

55. RISC POINT denies the allegations of Paragraph 55 of the Complaint.

56. RISC POINT denies the allegations of Paragraph 56 of the Complaint.

57. RISC POINT denies the allegations of Paragraph 57 of the Complaint.

58. RISC POINT denies the allegations of Paragraph 58 of the Complaint.

///

## FOURTH CAUSE OF ACTION

### Failure to Prevent

### (Gov. Code Section 12940 *et seq.*)

59. The allegations of Paragraph 59 of the Complaint require no answer from RISC POINT, but to the extent that such allegations require an answer, they are denied.

60. RISC POINT denies the allegations of Paragraph 60 of the Complaint.

61. RISC POINT denies the allegations of Paragraph 61 of the Complaint.

62. RISC POINT denies the allegations of Paragraph 62 of the Complaint.

63. RISC POINT denies the allegations of Paragraph 63 of the Complaint.

64. RISC POINT denies the allegations of Paragraph 64 of the Complaint.

65. RISC POINT denies the allegations of Paragraph 65 of the Complaint.

## FIFTH CAUSE OF ACTION

### Whistleblower Retaliation

### (Labor Code Section 1102.5)

66. The allegations of Paragraph 66 of the Complaint require no answer from RISC POINT, but to the extent that such allegations require an answer, they are denied.

67. The allegations of Paragraph 67 of the Complaint merely restate statutory law and require no answer from RISC POINT, but to the extent such allegations require an answer, they are denied.

///

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

1    68.    RISC POINT denies the allegations of Paragraph 68 of the Complaint.

2    69.    RISC POINT denies the allegations of Paragraph 69 of the Complaint.

3    70.    RISC POINT denies the allegations of Paragraph 70 of the Complaint.

4    71.    RISC POINT denies the allegations of Paragraph 71 of the Complaint.

5    72.    RISC POINT denies the allegations of Paragraph 72 of the Complaint.

6    73.    RISC POINT denies the allegations of Paragraph 73 of the Complaint.

## II.
## JURY DEMAND

RISC POINT hereby requests a trial by jury pursuant to the Federal Rules of Civil Procedure, rule 38.

## III.
## AFFIRMATIVE DEFENSES

RISC POINT further asserts the following affirmative defenses.

### First Affirmative Defense

1.    The Complaint as a whole, and each and every cause of action alleged therein, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

2.    Plaintiff suffered no damages, is barred from recovering any damages, or must have any recovery reduced by virtue of her failure to exercise reasonable diligence to mitigate her alleged damages.

/ / /
/ / /

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

### Third Affirmative Defense

3. Defendants allege that the injuries or damages alleged by Plaintiff, if any, were the result of preexisting conditions that are unrelated to any conduct of any Defendant.

### Fourth Affirmative Defense

4. Defendants allege that they had policies and procedures in place to prevent and promptly correct any alleged incidents of discriminatory, retaliatory, and/or harassing behavior. Plaintiff was aware of these policies and procedures. At all pertinent times, Defendants exercised reasonable care to prevent and promptly correct any retaliation or harassment. Plaintiff unreasonably failed to take advantage of such policies and procedures, and Plaintiff's alleged damages would have been avoided by reasonable use of such procedures.

### Fifth Affirmative Defense

5. Under the Doctrine of Unclean Hands, Plaintiff's own misconduct contributed to the alleged causes of action, barring any claims for Plaintiff's relief.

### Sixth Affirmative Defense

6. Defendants allege that the claims are barred by reason of the fact that Plaintiff has engaged in acts and courses of conduct that rendered Plaintiff *in pari delicto*.

### Seventh Affirmative Defense

7. Defendants are informed and believe, and upon said information and belief allege, that Plaintiff has failed to exhaust any and all administrative remedies available prior to the filing of the Complaint.

### Eighth Affirmative Defense

8. RISC POINT presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Also, because the Complaint is rife with conclusory allegations and statements, RISC POINT reserves the right to assert additional defenses in the

event discovery indicates they would be appropriate.

WHEREFORE, RISC POINT prays for judgment as follows:

    a.    That Plaintiff take nothing by reason of her Complaint on file herein;

    b.    That all claims by Plaintiff against RISC POINT be dismissed with prejudice; and

    c.    For such other relief as the Court deems just and proper.

Dated: May 14, 2025          GORDON REES SCULLY MANSUKHANI, LLP

By: *L. Geoffrey Lee*

L. Geoffrey Lee
Anafrancesca Comunale
Attorneys for Defendants