Ruben D. Escalante (Cal. Bar No. 244596)
Robert A. Escalante (Cal. Bar No. 270629)
ACLIENT PC
440 N Barranca Ave PMB 9496
Covina, California 91723
Telephone: (310) 431-9687
Email: ruben@aclientpc.com

Attorneys for Plaintiff
ASHLEY FRAGALE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY FRAGALE,<br><br>                    Plaintiffs,<br><br>    vs.<br><br>RISC POINT ADVISORY GROUP LLC; RISC POINT ASSURANCE, LTD; RISC POINT HOLDINGS, INC.; JACOB NIX; and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No.: 8:25-cv-00994 JWH (ADSx)<br><br>**JOINT RULE 26(f) REPORT**<br><br>Date:       July 18, 2025<br>Time:       11 a.m.<br>Location:   Courtroom 9D |

**JOINT RULE 26(f) REPORT**

TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

Counsel for Plaintiff Ashley Fragale ("Plaintiff") and Defendants RISC POINT ADVISORY GROUP LLC, RISC POINT ASSURANCE, LTD, RISC POINT HOLDINGS, INC., and JACOB NIX ("Defendants") have met and conferred regarding the Joint Scheduling Report as ordered by the Court.

Following that conference, counsel for Plaintiff and Defendant jointly provide the following response:

**A. Statement of the Case:**

**Plaintiff's Version:**

Defendants hired Plaintiff to work for them as a Human Resources Generalist. During her employment, Plaintiff was subjected to sexual harassment from and by NIX, the Founder and Chief Executive Officer of Defendant Employers, who, during his time with Defendant Employers, has organized an executive team comprised entirely of men. This included perusing and commenting on Plaintiff's dating profile, telling Plaintiff that she looked like Plaintiff had low self-worth, insinuating that she was promiscuous, making multiple comments to Plaintiff that were inappropriate and sexual in nature, telling Plaintiff in front of another executive that referenced NIX paying Plaintiff if she took off her clothes and exposed her breasts for the money, stating that he thought he was going to see "nudes" of Plaintiff and that he preferred pictures of "tits." When Plaintiff opposed NIX's harassing conduct, NIX retaliated against her: accused her of not "protecting the company" and sent a threatening email suggesting Plaintiff could be terminated. When Plaintiff formally complained about NIX's illegal conduct, Defendants determined and executed a plan that they would find a way terminate Plaintiff's employment, either by constructive termination, including but not limited to by restricting opportunities for advancement, limiting work opportunities, taking away job security, terminating another California employee

who assisted Plaintiff in doing her work, failing to take immediate and appropriate corrective action, and/or otherwise intentionally creating an intolerable working environment.

Plaintiff seeks economic, non-economic, and punitive damages from Defendant.

**Defendants' Version:**

Plaintiff was hired by Defendant Risc Point Advisory. There is no employment relationship between Plaintiff and the other two named defendant entities. Plaintiff was a below average Human Resources Manager who violated employee confidences and openly joked about her dating life and sex.

Plaintiff sent CEO Jacob Nix pictures of half-naked men and insinuated that he liked the pictures, teasing that he was gay. Mr. Nix defended himself by stating that he was not gay and that he was "more interested in tits" of a female.

Plaintiff made an internal complaint of perceived sexual harassment only after she received criticism over her job performance. The company then hired a neutral professional outside investigator who interviewed witnesses. The investigator found that Plaintiff "was an active participant in workplace conversations of a personal nature, including those of a sexual or dating related tone." The investigator found that Plaintiff's complaint was uncorroborated. The matter was closed, and Plaintiff continued to work for the company for at least six more weeks until she voluntarily resigned.

Aside from denying liability, Defendants also deny that Plaintiff has suffered any damage.

**B. Subject Matter Jurisdiction**

This Court has original jurisdiction based on the existence of diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332.

**C. Legal Issues**

Plaintiff's Position: This is an action for quid pro quo and hostile environment harassment based on gender/sex, retaliation, and failure to prevent in violation of the Fair

Employment and Housing Act, in addition to whistleblower retaliation in violation of Labor Code section 1102.5. Liability and causation are contested currently.

Defendant's Position: Defendants intend to seek summary judgment of claims. Defendants further contend that defendants Risc Point Holdings and Risc Point Assurance could not have been Plaintiff's employer as a matter of law.

### D. Parties and Evidence

Parties: Ashley Fragale, RISC POINT ADVISORY GROUP LLC, RISC POINT ASSURANCE, LTD, RISC POINT HOLDINGS, INC., and JACOB NIX.

The corporate defendants provide their corporate disclosure information as follows: Defendant Risc Point Advisory Group, LLC has a single member, which is Risc Point Partners, LLC. Risc Point Partners, LLC has five members, who are as follows: 1) Matt Drewyor; 2) Defendant Risc Point Holdings, Inc.; 3) Tony Bai; 4) Ryan McCartney; and 5) Stellion Ventures, LLC. Stellion Ventures, LLC has a single member: Dimitrina Atanasova.

Percipient Witnesses: Plaintiff, Chad Gross, Matt Drewyor, Allison Laurence Bailey, John Hawkins, Aisha Adams, Tony Bai, Disha Shah, Matt Wiese, John Hibbeler, Dr. James P. Hall, Michael Cowdrey, and Ryan McCartney.

Key Documents: Plaintiff's personnel file and records; Correspondence between Plaintiff and employees and agents of Defendants, including but not limited to correspondence dated December 3, 2024, February 5, 2025, March 12, 2025, March 14, 2025, May 7, 2025, and May 15 to 19, 2025, May 21, 2025, between Plaintiff and Jacob Nix, Matt Drewyor, and/or Allison Laurence Bailey; Healthcare Records; Employee Handbook; Earning Statements and Tax Forms; the parties anticipate receipt of additional key documents following initial disclosures.

New Parties: The parties do not anticipate adding additional defendants.

### E. Damages

Plaintiff believes the reasonable range of damages in this matter is from $600 to $20,000,000, exclusive of punitive damages.

### F. Insurance

Defendants are insured under an Employment Practice Liability Insurance policy for $1,000,000 with the Philadelphia Insurance Company. There is no known reservation of rights.

### G. Motions

The parties do not anticipate seeking to add other parties or claims, transfer venue, or challenge the court's jurisdiction. Plaintiff anticipates amending the complaint to the extent necessary to preserve her right to challenge post-filing acts of retaliation.

### H. Manual for Complex Litigation

The parties agree this matter is not complex.

### I. Status of Discovery

The parties have served their initial disclosures. Plaintiff has served her first set of discovery, which by agreement are due on or before July 10, 2025.

### J. Discovery Plan

(A) The Parties do not propose any changes to the timing, form, or requirement for disclosures under Rule 26(a). The Parties have exchanged their initial disclosures.

(B) The parties anticipate propounding Interrogatories, Requests for Production, and Requests for Admission, pursuant to the Federal Rules of Civil Procedure; Plaintiff has propounded her first set, which by agreement are due on or before July 10, 2025. The parties will seek discovery on matters pertaining to liability, causation, and damages, including but not limited to discovery pertaining to the proper identity of employers, witnesses of the alleged improper conduct, alleged me-too witnesses, any corrective action, and basis for personnel actions. The parties do not request discovery to be conducted in phases or otherwise limited. The parties reserve the right to disclose experts, pursuant to the Federal Rules of Civil Procedure. Plaintiff anticipates taking the deposition of Defendants' executives who Plaintiff contends participated in or witnessed improper conduct, current and former employees of Defendants, and Defendants' investigators; Defendants anticipate taking the depositions of Plaintiff and

any of her identified witnesses, including healthcare providers. Defendants reserve the right to conduct an Independent Mental Examination.

(C) The Parties anticipate conducting discovery seeking Electronically Stored Information; however, they do not anticipate any issues at this time.

(D) The Parties do not anticipate any issues about claims of privilege or of protection as to trial-preparation materials at this time except as may be resolved by a stipulated protective order.

(E) The Parties do not request any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rule.

(F) The Parties do not request any additional orders at this time; however, the Parties anticipate a stipulated protective order may be necessary to protect private or confidential information.

**K. Discovery Cut-Off**

March 16, 2026

**L. Expert Discovery**

Initial Expert Disclosure: January 26, 2026

Rebuttal Expert Disclosure: February 16, 2026

**M. Dispositive Motions**

The parties may file motions for summary judgment, depending on deposition testimony of Defendants' executives and Plaintiff.

**N. Settlement Procedure and Alternative Dispute Resolution ("ADR")**

Pre-litigation settlement negotiations occurred between Plaintiff and Defendant directly. No settlement discussions have taken place since Plaintiff filed the lawsuit. The parties disagree on whether the matter is better suited for referral to the Court Mediation Panel or private mediation. Plaintiff's position is that based on the nature of pre-litigation settlement negotiations that referral to the Court Mediation Panel is more appropriate.

### O. Trial Estimate

The parties estimate a 7-day jury trial. Plaintiff anticipates calling 10-13 witnesses and 2 expert witnesses. Defendant anticipates calling 6 percipient witnesses at trial and 2 expert witnesses.

### P. Trial Counsel

Ruben Escalante and Robert Escalante of ACLIENT PC are trial counsel for Plaintiff. Geoffrey Lee of Gordon Rees Scully Mansukhani LLP is trial counsel for Defendants.

### Q. Independent Expert or Master

The parties do not anticipate the need for either an independent expert or master.

### R. Timetable

The parties submit the following timetable:

| Event | Plaintiff's Request month/day/year | Defendant's Request month/day/year | Court's Order |
|---|---|---|---|
| __ Jury Trial or __ Bench Trial (Monday at 9 a.m.) Length: __ days | Jury Trial, April 20, 2026, 7 days | Agreed | |
| Final Pretrial Conference [L.R. 16] **(Friday–17 days before trial date)** | April 3, 2026 | Agreed | |
| Hearing on Motions *in Limine* **(Friday–7 days before Final PTC)** | March 27, 2026 | Agreed | |
| Last Date to Hear Non-Discovery | January 19, 2026 | Agreed | |

| Motions | | | |
|---|---|---|---|
| Last Date to Conduct Settlement Conference | March 16, 2026 | Agreed | |
| All Discovery Cut-Off (including hearing all discovery motions) | March 16, 2026 | Agreed | |
| Expert Disclosure (Rebuttal) | February 16, 2026 | Agreed | |
| Expert Disclosure (Initial) | January 26, 2026 | Agreed | |

### S. Amending Pleadings and Adding Parties

Plaintiff recently resigned from her employment, and may amend her complaint to specifically allege retaliatory action following the filing of her original complaint.

### T. Other Issues

Anticipated Need for Protective Order. In the process of discovery, should Plaintiff seek to obtain such documents such as documentation containing Defendant's confidential, proprietary, or trade secret information or other private information, Defendants will ask Plaintiff to execute a Protective Order before dissemination of those documents. Plaintiff does not oppose such restrictions and the parties will work together to submit a stipulated protective order.

///
///
///

**JOINT RULE 26(f) REPORT**

U. **Magistrate Judge**

The parties do not consent to have their case before a magistrate judge for all proceedings.

Date: July 3, 2025                     Respectfully submitted,

                                      ACLIENT PC

                                      By: __//s//_____
                                         RUBEN D. ESCALANTE
                                         Attorney for Plaintiff
                                         ASHLEY FRAGALE

Date: July 3, 2025                     Respectfully submitted,

                                      GORDON REES SCULLY MANSUKHANI, LLP

                                      By: __//s// (via email authorization)_____
                                         L. GEOFFREY LEE
                                         Attorney for Defendants
                                         RISC POINT ADVISORY GROUP LLC; RISC POINT ASSURANCE, LTD; RISC POINT HOLDINGS, INC.; JACOB NIX

## PROOF OF SERVICE

I am an active member of the State Bar of California. I am not a party to the within action. My business address is 440 N. Barranca Ave. PMB 9496, Covina, CA 91723. On July 3, 2025, I served copies of the within documents described as:

**JOINT RULE 26(f) REPORT**

on the interested parties in this action as follows:

**See attached Service List**

[x]   BY ELECTRONIC/EMAIL - I caused the above document to be delivered to the office of the addressee via electronic e-mail. Said document was transmitted to the email address of that office which is listed on the Service List. I did not receive, within a reasonable after the transmission, any indication that the transmission was not successful.

I certify the foregoing is true and correct. Executed on July 3, 2025.

Ruben Escalante

**SERVICE LIST**

GEOFFREY LEE (SBN:234024)
glee@grsm.com
ANAFRANCESCA COMUNALE (SBN: 323257)
acomunale@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 West Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-7418
Facsimile: (619) 696-7124

Attorneys for Defendants

**JOINT RULE 26(f) REPORT**