Ruben D. Escalante (Cal. Bar No. 244596)
Robert A. Escalante (Cal. Bar No. 270629)
ACLIENT PC
440 N Barranca Ave PMB 9496
Covina, California 91723
Telephone: (310) 431-9687
Email: ruben@aclientpc.com

Jeff T. Olsen (Cal. Bar No. 283249)
OLSEN WORKPLACE SOLUTIONS PC
18012 Cowan, Ste 200
Irvine, California 92614
Telephone: (949) 232-0455
Email: jeff@olsenws.com

Attorneys for Plaintiff
ASHLEY FRAGALE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY FRAGALE,<br><br>　　　　　　　Plaintiffs,<br><br>　vs.<br><br>RISC POINT ADVISORY GROUP LLC; RISC POINT ASSURANCE, LTD; RISC POINT HOLDINGS, INC.; JACOB NIX; and DOES 1 through 10, inclusive,<br><br>　　　　　　　Defendants. | Case No.: 8:25-cv-00994 JWH (ADSx)<br><br>**[DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE AUTUMN D. SPAETH]**<br><br>**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY**<br><br>Date:　Wednesday, October 15, 2025<br>Time:　　　10:00am<br>Location:　Courtroom 6B<br><br><u>Discovery Cut-off Date</u>: December 5, 2025<br><u>PreTrial Conference Date</u>: March 27, 2026<br><br><u>Trial Date</u>: April 13, 2026 |

**SUPPLEMENTAL MEMORANDUM**

Pursuant to CD CA Rule 37-2.3, Plaintiff Ashley Fragale ("Plaintiff") submits her Supplemental Memorandum in support of Plaintiff's Motion to Compel Discovery, for which the Parties submitted a Joint Stipulation on September 16, 2025, the hearing of which is scheduled for Wednesday, October 15, 2025, at 10:00 a.m., in Courtroom 6B.

A.   Introduction

1.   For brief context, Plaintiff seeks discovery of "me too" evidence of other complaints of sex/gender discrimination, which includes harassment or retaliation against Defendants RISC Point Advisory Group, LLC or its prior CEO, Defendant Jake Nix, for the period of five (5) years back from the date of filing of the civil complaint in this action.

2.   As found in Defendants' portion of the Joint Stipulation, Defendants oppose production of this information in part based on self-imposed limitations of their interpretation of the term "*complaint*." Defendants believe they should not need to provide relevant documents about other (i) "external" complaints; (ii) or internal complaints that were not "personally" brought by the complainant (as compared to brought by another person on the complainants' behalf, e.g. legal counsel or other representative); or (iii) brought by a former employee.

3.   It is Plaintiff's position that Defendants should be required to turn over relevant information and documents for all relevant "me too" complaints – whether:

(1) made "internally" (i.e., a complaint made directly to Defendants) or "externally" (i.e. a complaint made to a third-party concerning Defendants' conduct, such as a Court, or other administrative agency or tribunal);

(2) whether the complainant complained personally, or if someone submitted or made the complaint on their behalf; and

(3) whether or not the complainant was a current or former employee.

B. <u>Relevant Background - Defendants' Positions</u>

4. As relevant background, Defendants submitted a declaration of their new CEO Matthew Drewyor, which discloses the existence of two possible external "me too" complaints at issue. As relevant to the instant Supplemental Brief, the declaration contains the following relevant excerpts:

- "I was involved in major Human Resources tasks such as hiring, firing, and employee investigations. I was also involved in pending or threatened litigation." (ECF No., 29, Declaration of Matthew Drewyor, ¶ 3, pg 2, ln 11-13.)
- "There is no other <u>employee lawsuit pending</u> except the present one brought by Plaintiff Ashley Fragale" (*Id.*, Drewyor Decl., ¶ 4, pg 1, ln 18-19 (underline emphasis added).)
- "In late 2024, an employee filed an administrative charge with the Illinois EEOC agency […] <u>no internal complaint</u> was made by this employee before she filed her legal action." (*Id.*, Drewyor Decl., ¶ 5, ln 18-19 (underline emphasis added).)
- "There was an <u>external complaint</u> made…<u>I participated in the investigation of the claim</u>…Her legal counsel was the first to make a claim for sexual harassment. Outside defense counsel investigated the matter under privilege and quickly <u>settled the matter without litigation</u>." (*Id.*, Drewyor Decl., ¶ 6, pg. 3, ln 18-19 (underline emphasis added).)
- "Again, <u>there was no internal complaint</u> from the above-described employee either." (*Id.*, ¶ 6.)

C. <u>Defendants' Unilateral Attempt to Limit the Term "Complaint" To Only "Internal" (or only "External") Complaints Should Be Denied</u>

5. In Defendants' portion of the Joint Stipulation, they take the position that "[t]he term 'complaint' presumably means an internal complaint requesting that

-2-

**SUPPLEMENTAL MEMORANDUM**

the management take corrective action so that the employee can go on[] working without bother." (ECF 29, pg. 13, ln 23- pg. 14, ln 26.)

6.   This is a unilaterally set limitation by Defendants to which Plaintiff did not agree. Plaintiff did not limit the discovery term "complaint" to exclude either "external" or "internal" complaints.  Make no mistake, it is Plaintiff's position that she is entitled to all responsive complaints, regardless of whether they were internal or external, and whether it resulted in litigation, threatened litigation, or otherwise.

7.   First, the plain language of Plaintiff's discovery requests did not impose any limitations on the term "complaint."  Next, Plaintiff has made her position known and clear by and through this Motion. Indeed, Plaintiff cited cases in its portion of the Joint Stipulation that compelled discovery of internal and external complaints. See e.g., *Constance Hanson-Poulsen v. Dep't of Def. of the USA*, 2020 WL 2043999 at *4, (C.D. Cal. Mar. 3, 2020); *Tijerina v. Alaska Airlines, Inc.*, 2022 WL 16824509, at *2 (compelling discovery of lawsuits and other internal claims).

8.   Defendants' portion of the Joint Stipulation also alleges that Plaintiff "*only*" sought information on "internal complaints" as part of the meet and confer efforts.  (ECF No. 29, pg 14, ln 3-5.)  <u>Plaintiff does not agree with Defendants' characterization.</u> Rather, as part of those meet and confer efforts, counsel for Plaintiff specifically referenced details about why "internal" complaints would be relevant, but did not specifically agree to exclude lawsuits or other external complaints, and asked Defendants' counsel to follow up in writing as to his positions. (Declaration of Jeff Olsen, ¶ 3.)

9.   Notably, Defendants' own letter, dated August 12, 2025, memorializing the meet and confer conference at issue, states that Plaintiff was "interested in seeing" internal complaints; however, the letter does not state Plaintiff conversely agreed to exclude "external complaints." (*Id.* at ¶ 4, Ex A.)

**SUPPLEMENTAL MEMORANDUM**

### D. Defendant's Unilateral Attempt to Limit Discovery Only to Complaints "Personally" Brought by the Individual Should Also Be Denied

10. Next, Defendants attempt to self-impose another limitation on discoverability, premised on whether the complainant "personally" complained. Again, Plaintiff did not agree to this limitation– and believes documents and information of relevant witnesses should be turned over regardless of whether the complainant personally complained, or if the complaint was made on her behalf by her attorney, representative, or someone else.

11. Defense counsel stated "there was no other employee besides Plaintiff who personally made an internal complaint…" (emphasis added). But, Paragraph 6 of Drewyor's declaration makes clear that there was an "external complaint" made by New York legal counsel… [Drewyor] participated in the investigation of the claim…[and] outside defense counsel investigated the matter under privilege and quickly settled the matter without litigation." (Drewyor Decl. ¶ 6.)

12. In other words, Defendants attempt to argue that when a former employee of Defendants alleged sexual harassment against Nix, settled a matter without litigation - it would be considered an "external complaint" – not subject to discovery. Defendants' distinction is nonsensical, especially given Drewyor's other admission that he was personally involved in the *investigation* of the complaint (i.e., fitting Defendants' counsel stated definition of "internal" complaint).

13. Again, it is Plaintiff's position that she should be entitled to discovery of other complaints of sexual harassment and retaliation, including the ones referenced in Drewyor's declaration, made against the same RISC Point and NIX Defendants, regardless of whether that complainant actually complained directly to the Company or someone on her behalf did, whether a lawsuit exists or not, pending or not, or whether she brought the complaint when she was a current or former employee.

E. <u>Defendants' Unilateral Attempt to Limit Responses to Complaints Brought by "Current" Employees Should Also Be Denied</u>

14. Finally, in their portion of the Joint Stipulation, Defendants take the position that: "…the discovery requests use the term 'employee' and do not include former employees." In support, Drewyor's declaration tries to support this argument, stating: "There is no other employee lawsuit pending, except the present one…" (¶ 4), drawing distinction to the pending "legal action" in Illinois by a former employee (¶ 5). In so doing, Defendants attempt to apply another self-imposed limitation (not agreed to by Plaintiff) that discoverability of "me too" witnesses should turn on whether the complainant was a "current employee" at the time the complaint was made.

15. Here, there is no meaningful distinction between the status of "current" or "former" employee, as it relates to the discoverability of "me too" comparators in the time period, because both are based on the employee's employment. Here, Plaintiff brought her internal complaint and external civil complaint while she was still employed at Defendant RISC Point, and has maintained the lawsuit after she no longer worked there. For that reason alone, Plaintiff covers both employment statuses and even if the Court finds a distinction, both "current" and "former" employees would be comparable to Plaintiff, and thus, discoverable.

Date: October 1, 2025

Respectfully submitted,

By: _____/s/_____
JEFF T. OLSEN
Attorney for Plaintiff
ASHLEY FRAGALE

SUPPLEMENTAL MEMORANDUM

# PROOF OF SERVICE

I am an active member of the State Bar of California. I am not a party to the within action. My business address is 440 N. Barranca Ave. PMB 9496, Covina, CA 91723. On October 1, 2025, I served copies of the within documents described as:

**[DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE AUTUMN D. SPAETH]**

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

on the interested parties in this action as follows:

**See attached Service List**

[x]   BY ELECTRONIC/EMAIL - I caused the above document to be delivered to the office of the addressee via electronic e-mail. Said document was transmitted to the email address of that office which is listed on the Service List. I did not receive, within a reasonable after the transmission, any indication that the transmission was not successful.

I certify the foregoing is true and correct. Executed on October 1, 2025.

_____
Ruben Escalante

1  GEOFFREY LEE (SBN:234024)
   glee@grsm.com
2  ANAFRANCESCA COMUNALE (SBN: 323257)
3  acomunale@grsm.com
   GORDON REES SCULLY MANSUKHANI, LLP
4  101 West Broadway, Suite 2000
5  San Diego, CA 92101
   Telephone: (619) 230-7418
6  Facsimile: (619) 696-7124
7
   Attorneys for Defendants
8  RISC POINT ADVISORY GROUP LLC; RISC POINT ASSURANCE, LTD;
9  RISC POINT HOLDINGS, INC.; JACOB NIX