L. GEOFFREY LEE (SBN: 234024)
glee@grsm.com
ANAFRANCESCA COMUNALE (SBN: 323257)
acomunale@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 West Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-7418
Facsimile: (619) 696-7124

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| ASHLEY FRAGALE, an individual,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>RISC POINT ADVISORY GROUP LLC; RISC POINT ASSURANCE, LTD; RISC POINT HOLDINGS, INC.; JACOB NIX, and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | CASE NO. 8:25-cv-00994 JWH (ADSx)<br><br>**[DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE AUTUMN D. SPAETH]**<br><br>**SUPPLEMENTAL OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DOCUMENTS**<br><br>Date: October 22, 2025<br>Time: 10:00 a.m.<br>Location: 6B<br><br>Discovery Cut-off Date: December 5, 2025<br>PreTrial Conference Date: March 27, 2026<br><br>**Trial Date: April 13, 2026** |

Pursuant to Local Rule 37-2.3, Defendants provide the following supplement to their prior points in Opposition to Plaintiff's Motion to Compel the Production of Documents.

### A. Updated Volume of ESI

E-discovery vendor KL Discovery originally reported that the volume of ESI resulting after Plaintiff's search criteria was 135 GB. Exh. C, Lee Decl. ¶35, Exhibit L. Since then, KL Discovery admitted its mistake in not filtering the results for search terms in "Column A" (Exh. C. Lee Decl. ¶6, Exh. D) using variations of Plaintiff's name. The corrected estimate is 13.6 GB of emails representing approximately 41,882 documents.[1] The reported volume of Slack messages remains unchanged at 27 Gigabytes of Slack instant messages constituting approximately 246,961 documents. This amount is still too voluminous to review and produce before the Discovery Cut Off. *Brown v. Barnes & Noble, Inc.*, 2019 WL 7168146, at *3 (S.D.N.Y. 2019); *United States v. University of Nebraska at Kearney*, 2014 WL 4215381 (D. Neb. 2014).

### B. Plaintiff's Counsel Confirms the Underlying Motion was Premature

At an Informal Discovery Conference ("IDC") on October 2, 2025, Plaintiff's counsel Ruben Escalante on the record admitted an expectation of ESI production by "the end of September." (Reporter's Transcript at 7:3)*; see also* Exh. C, Lee Decl. ¶16, Exh. "I." Yet this motion was served prematurely on September 22.

### C. Assisted Production of John Hawkins Records

Following the IDC, Defendants' counsel honored the promise (despite no legal obligation to do so) to request records from Ohio third party investigator John Hawkins. The request was made that same day. Mr. Hawkins recently provided his file, which was forwarded to Plaintiff. Plaintiff then served a subpoena for documents to Mr. Hawkins the next day.

---

[1] Defendants would present a declaration on this factual matter if it were permitted to do so. L.R. 37-2.3.

### D. Expedited Production of Plaintiff's Own ESI

Following the IDC, Defendants accelerated the production of emails from Plaintiff's account and the requested production of Plaintiff's Slack messages at a breakneck speed. Defendants' counsel had to employee three (3) paralegals for the review process. Because KL Discovery no longer uses the familiar software Relatively for ESI review,[2] the three paralegals and two attorneys on the case each had to be trained in the use of the ESI viewing program Nebula. Defendants had no choice but to make full use of a "clawback" agreement (Reporter's Transcript at 37:2-3) given the limited time allowed to review the ESI before producing it.

Review and production of the voluminous ESI even at breakneck speed could not be completed three business days before Plaintiff's scheduled October 9, 2025 deposition (the condition that the Court made at the IDC). The computerized process of converting archived Slack messages into readable format itself took seven (7) days. The process of "imaging" e-mails takes KL Discovery's computer approximately 36 hours to complete. As such, the speed of production is still difficult to predict.

Plaintiff's emails and requested Slack are expected to be produced on Thursday, October 9. Plaintiff's deposition had to be rescheduled to October 15.

### E. Attempts to Disclaim the ESI Agreement to Get Even More ESI

When Defendants reported KL Discovery's mistake above (Section A *supra*), Plaintiff's counsel began to walk back its ESI Agreement stating that search terms in "Column A" "***and***" "Column B" should be applied. *Compare* Exh. C., Lee Decl. ¶6, Exh. D. If Plaintiff's counsel is now going to renege on the express terms of the ESI Agreement, then the ESI will surely be even more voluminous and slower to produce.

---

[2] Defendants had to obtain special permission as the insurance carrier only authorizes use of one partner, one associate, and one paralegal.

-3-
DEFENDANTS' SUPPLEMENTAL OPPOSITION TO MOTION TO COMPEL PRODUCTION OF DOCUMENTS

### F. Attempts to Reduce the Amount of Irrelevant ESI

The parties continue to meet and confer on ways to reduce potentially irrelevant ESI. (Reporter's Transcript at 8:1-3). Defendants suggested prioritizing production on a rolling basis starting with the profane search terms like "boob" and "d*ck," et cetera, but there was no response. (Reporter's Transcript at 26:14-16). Defendants suggested eliminating some of the 60 search terms, but Plaintiff rejected that proposal too. Defendants suggested combining search terms, but that proposal was also rejected.

Plaintiff inquired whether the search term "OF" (a possible acronym for *Only Fans*) might be generating too many hits based on syntax. Defendants relayed this technical question to KL Discovery, who in turn reported that it can neither confirm nor deny whether the search term "OF" is accidentally picking up wildcard words like the preposition "of" or words like "off" or "soft." KL Discovery's lead project manager reports that its software is not capable of distinguishing partial words or capitalization: "Nebula does not have noise words and case sensitive searching is not an option, so we cannot search the term as is."

### G. Plaintiff Announces an Intent to Add New Parties

Following third-party depositions, Plaintiff's counsel stated his intention to file a First Amended Complaint to add new claims and new party defendants. This expansion of parties and claims will almost certainly trigger a continuance of the trial and the discovery cut off.

Dated: October 8, 2025

Respectfully Submitted,
GORDON REES SCULLY MANSUKHANI, LLP

By: /s/

L. Geoffrey Lee

Attorneys for Defendants

-4-
DEFENDANTS' SUPPLEMENTAL OPPOSITION TO MOTION TO COMPEL PRODUCTION OF DOCUMENTS