Ruben D. Escalante (Cal. Bar No. 244596)
Robert A. Escalante (Cal. Bar No. 270629)
ACLIENT PC
440 N Barranca Ave PMB 9496
Covina, California 91723
Telephone: (310) 431-9687
Email: ruben@aclientpc.com

Jeff T. Olsen (Cal. Bar No. 283249)
OLSEN WORKPLACE SOLUTIONS PC
18012 Cowan, Ste 200
Irvine, California 92614
Telephone: (949) 232-0455
Email: jeff@olsenws.com

Attorneys for Plaintiff
ASHLEY FRAGALE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY FRAGALE,<br><br>    Plaintiffs,<br><br>vs.<br><br>RISC POINT ADVISORY GROUP LLC; RISC POINT ASSURANCE, LTD; RISC POINT HOLDINGS, INC.; JACOB NIX; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No.: 8:25-cv-00994 JWH (ADSx)<br><br>**[DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE AUTUMN D. SPAETH]**<br><br>**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL COMPLIANCE AND PRODUCTION OF DOCUMENTS**<br><br>Date: Wednesday, October 22, 2025<br>Time:      10:00am<br>Location:   Courtroom 6B<br><br><u>Discovery Cut-off Date</u>: December 5, 2025<br><u>PreTrial Conference Date</u>: March 27, 2026<br><br><u>Trial</u> Date: April 13, 2026 |

**SUPPLEMENTAL MEMORANDUM**

**SUPPLEMENTAL MEMORANDUM**

A. **Introduction**

This is a sex harassment and retaliation case where Plaintiff is trying to uncover additional evidence to support her claims. Plaintiff served her discovery in May 2025. Plaintiff gave Defendants more than enough time to comply with their discovery obligations. Plaintiff only brought this motion (i.e., sent her portion of the Joint Stipulation) after Defendants failed to produce their ESI production, failed to provide their ESI "hit report," and failed to guarantee that their production would be complete by the discovery cutoff. Accordingly, Plaintiff had no choice but to bring this motion. (Escalante Decl. ¶ 2. Exh. A.)

After sending her portion of the Joint Stipulation to Defendants, Defendants finally provided the "hit report" and produced some additional documents. However, a significant amount of documents (including Defendants' ESI production) remain outstanding. Plaintiff offered reasonable compromises to alleviate any burden concerns, one of which reflected the Court's comments at the IDC (i.e., "You know, there's also nothing stopping you from producing everything under a claw-back provision"). Defendants ignored these proposals, and have failed to produce responsive ESI that poses no undue burden (i.e., terms that appear with limited frequency in the "hit report" (e.g., "[c-word]*," "[b-word]*", "[f-word]*," "harass*," "naked," "nude*," "onlyfans," "puss*," etc.). There is also nothing that precludes Defendants from producing responsive non-ESI documents that are readily accessible. Importantly, in light of the recent deposition testimony of a former executive of Defendant RISC Point, it appears that Defendants are either not properly preserving documents or are failing to produce documents in their possession, custody, and control (e.g., auto-deleted Signal messages, an intimate photograph of Plaintiff that was taken without her knowledge or consent yet obtained and showed to other employees by NIX, and messages and emails

pulled by Defendants). Accordingly, Plaintiff has no choice to continue to prosecute this motion. (Escalante Decl. ¶ 3, Exhs. B-F.)

Defendants have had since May 2025 to comply with their discovery obligations; they should have started the meet and confer process in earnest regarding any obstacles (including ESI) at that time; they did not. Their excuses for being unable to comply (as the Court stated at the IDC) should "fall on deaf ears." The solution at this point is simple: the Court should issue an order compelling Defendants to complete their production (both ESI and non-ESI) within 14 days, subject to a "claw back" provision. Plaintiff needs a Court order to ensure Defendants comply with their discovery obligations. The Court should also demand answers at the hearing either from Defendants themselves or their counsel regarding what has been preserved and what remains to be produced.

Regarding Plaintiff's sanctions request, Defendants' dilatory conduct required Plaintiff to bring this motion, which motion prompted meaningful action by Defendants (e.g., production of the "hit report" and partial supplemental production); this reflects the propriety of the motion and Plaintiff's entitlement to sanctions. *See Balla v. Idaho*, 677 F. 3d 910, 920 (9th Cir. 2012) (stating, "[r]ule 37(a)(5)(A) requires the court to award attorneys fees in most circumstances where 'the disclosure or requested discovery is provided after the motion was filed,' even though in such a circumstance, there would be no order compelling the party to do what it has already done."). However, as a professional courtesy, Plaintiff withdraws her request for sanctions. This is because Defendants have produced at least some documents following the motion and "hit reports." Plaintiff reserves the right to seek additional sanctions at a later time should Defendants continue to fail to comply with their discovery obligations or disobey Court orders, including monetary, evidentiary, and terminating sanctions.

**SUPPLEMENTAL MEMORANDUM**

Regarding Defendants' sanctions request against Plaintiff's counsel, the Court should deny this request. Diligence required Plaintiff to bring this motion as soon as it became clear that Defendants were not going to commit to complying with their discovery obligations, particularly because Defendants refused to guarantee compliance by the discovery cutoff. (Escalante Decl.¶ 2, Exh. A.)

### B. The Court May Accept Evidence with this Supplemental Memorandum

Given Defendants' previous objection (Dkt. No. 38), Plaintiff anticipates Defendants will contend the Court cannot consider relevant evidence submitted with this Supplemental Memorandum. This contention lacks merit, particularly where new evidence has been obtained since Plaintiff sent Defendants her portion of the Joint Stipulation (e.g., "hit reports," subsequent correspondence and confers, representations to the Court at the IDC, evidence of potential spoliation and witness tampering at a third-party deposition, and evidence of withheld non-ESI documents that were readily available) and Plaintiff has not had the opportunity to contradict Defendants' characterization of the meet and confer process. *See Cameron v. City of El Segundo*, No. 2:20-CV-04689-JFW-JC, 2021 WL 3466324, at *6 (C.D. Cal. Apr. 30, 2021) (stating, "when read together, Local Rule 37-2.2 and Local Rule 37-2.3 do appear to prohibit the filing of the declarations or exhibits with the supplemental memorandum. Having said that decisions are split as to the propriety of submitting/considering additional declarations with a supplemental memorandum"). Accordingly, the Court should consider Plaintiff's concurrently filed declaration.

### C. Defendants Should Be Required to Complete Their Non-ESI Production

Defendants' responses to requests for production at issue here fall into two buckets: (1) ones that expressly state their production will comply with the ESI protocol (i.e., the ESI production) and (2) ones that simply provide an agreement to comply without any reference to the ESI protocol (i.e., the non-ESI production).

Defendants take the position that the ESI protocol controls the scope of some of their non-ESI production and Plaintiff did not meet and confer regarding their non-ESI production. This contention lacks merit. First, Plaintiff made it clear in her August 6, 2025, letter that only certain requests would be subject to the ESI protocol. (Dkt. No. 33, pp. 71-78.) Second, Defendants' responses equally make clear that only certain requests would be subject to the ESI protocol by making that distinction in their responses. Third, the nature of the non-ESI requests are such that Defendants could easily comply with them by producing readily available documents without the need for an ESI protocol (e.g., investigator files and communications with investigators). Finally, Plaintiff did meet and confer regarding Defendants' non-ESI production prior to sending over her portion of the Joint Stipulation and before filing it. (Escalante Decl. ¶ 2, Exh. A.) Accordingly, the Court should order Defendants to complete their production forthwith.

At the IDC, Plaintiff's counsel requested that Defense counsel make "clear representations" about agency and the ability to ask for records from an investigator. In response, Defense counsel stated, ". . . I'm not in a position to make any representation on the record. This isn't my deposition." Given recent evidence obtained that reflects additional documents have not been produced or properly preserved, to the extent Defendants take the position that they have completed their non-ESI production, Plaintiff requests the Court require Defendants or their counsel to verify this representation and the steps taken to preserve and produce responsive documents. (Escalante Decl. ¶ 3, Exh. F.)

### D. **Defendants Should Not Be Permitted to Restrict the Scope of the Parties' ESI Agreement or Further Limit or Delay Their Production**

The Parties agreed to an ESI protocol as reflected in Plaintiff's August 6, 2025, letter, as modified by subsequent correspondence. (Dkt. No. 39, pp. 71-85.) This agreement called for the entirety of Plaintiff's email during a specified time

frame; all of Plaintiff's "slack" and other electronic messages that used certain terms; all emails from specific custodians that contained Plaintiff's name and variants thereof during a specific time period; all emails from those same custodians that contained certain terms during a specified time period; and all "Slack," "Signal," and other electronic messages that used certain terms during a specified time period. (*Id.*) The intent behind this was to capture all communications that were responsive to Plaintiff's discovery requests. Defendants produced an initial "hit report" that reflected this agreement, with the exception of Plaintiff's entire email account and "Signal" messages.[1] Thereafter, Defendants tried to limit this agreement to require that any correspondence also include explicit reference to Plaintiff. This was not the agreement. (Escalante Decl. ¶ 4.)

     Regarding the actual production, the parties have already agreed to terms to be searched. The only issue is, thus, the alleged burden of Defendants' desire to review every single document before they are produced. This is simply not required and Defendants cannot hold up their production by self-imposing it. Indeed, the Rules contemplate situations where productions occur pursuant to "quick peek" or "claw back" provisions. *See* FRE 502(d)-(e); FRCP 2legab)(5), Adv. Comm. Notes, 2006 Amend. Accordingly, the Court should fashion such a remedy here using such tools to permit the Parties to complete their discovery by the Court's deadline; Plaintiff previously made such a proposal.

Date: October 8, 2025

Respectfully submitted,

By: _____/s/_____
    RUBEN ESCALANTE
    Attorney for Plaintiff
    ASHLEY FRAGALE

---

[1] Defendants represented to Plaintiff that Defendants did not use "Signal." (Dkt. No. 33, p. 81.) However, a third-party witness confirmed they used it to discuss "sensitive" employment matters and Plaintiff, and set an auto-delete feature. The "hit reports" do not reference "Signal" messages and no "Signal" messages have been produced. (Escalante Decl. ¶ 3, Exhs. B, C, F.)

SUPPLEMENTAL MEMORANDUM

# PROOF OF SERVICE

I am an active member of the State Bar of California. I am not a party to the within action. My business address is 440 N. Barranca Ave. PMB 9496, Covina, CA 91723. On October 8, 2025, I served copies of the within documents described as:

**[DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE AUTUMN D. SPAETH]**

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL COMPLIANCE AND PRODUCTION OF DOCUMENTS**

on the interested parties in this action as follows:

**See attached Service List**

[x]   BY ELECTRONIC/EMAIL - I caused the above document to be delivered to the office of the addressee via electronic e-mail. Said document was transmitted to the email address of that office which is listed on the Service List. I did not receive, within a reasonable after the transmission, any indication that the transmission was not successful.

I certify the foregoing is true and correct. Executed on October 8, 2025.

_____
Ruben Escalante

GEOFFREY LEE (SBN:234024)
glee@grsm.com
ANAFRANCESCA COMUNALE (SBN: 323257)
acomunale@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 West Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-7418
Facsimile: (619) 696-7124

Attorneys for Defendants
RISC POINT ADVISORY GROUP LLC; RISC POINT ASSURANCE, LTD;
RISC POINT HOLDINGS, INC.; JACOB NIX

**SUPPLEMENTAL MEMORANDUM**