Ruben D. Escalante (Cal. Bar No. 244596)
Robert A. Escalante (Cal. Bar No. 270629)
ACLIENT PC
440 N Barranca Ave PMB 9496
Covina, California 91723
Telephone: (310) 431-9687
Email: ruben@aclientpc.com

Attorneys for Plaintiff
ASHLEY FRAGALE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY FRAGALE,<br><br>  Plaintiffs,<br><br>vs.<br><br>RISC POINT ADVISORY GROUP LLC; RISC POINT ASSURANCE, LTD; RISC POINT HOLDINGS, INC.; JACOB NIX; and DOES 1 through 10, inclusive,<br><br>  Defendants. | Case No.: 8:25-cv-00994 JWH (ADSx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Date: December 5, 2025<br>Time: 9:00 a.m.<br>Place: Courtroom 9D<br><br>Complaint filed: April 14, 2025<br>Date of Removal: May 7, 2025 |

**Table of Contents**

I. INTRODUCTION……………………………………………………………….. 1

II. FACTS AND PROCEDURAL HISTORY……………………………………...1

III. THE PROPOSED AMENDMENTS……………………………………………3

IV. LEGAL STANDARD…………………………………………………………..9

V. ARGUMENT……………………………………………………………………10

   A. Any Potential Prejudice to Defendants is Minimal at Most………………..10

   B. Plaintiff Seeks Leave to Amend in Good Faith and Have Not Unjustifiably Delayed in filing this Amended Complaint…………………………………………... 12

   C. The Amended is Not Futile………………………………………………..13

VI. CONCLUSION………………………………………………………………...14

**MEMORANDUM OF POINTS AND AUTHORITIES**

# TABLE OF AUTHORITIES

Page(s)

**US SUPREME COURT CASES**

*Polizzi v. Cowles Magazines, Inc.*
(1953) 345 U.S. 663 .................................................................................... 4

**FEDERAL CASES**

*AmerisourceBergen Corp. v. Dialysist W., Inc.*
(9th Cir. 2006) 465 F.3d 946 ..................................................................... 12

*Bhatt v. Mercedes-Benz USA, LLC*
(C.D. Cal. Apr. 16, 2018) 2018 WL 5094932 ........................................... 10

*Bonin v. Calderon*
(9th Cir. 1995) 59 F.3d 815 ....................................................................... 13

*DCD Programs, Ltd. v. Leighton*
(9th Cir. 1987) 833 F.2d 183 ..................................................................... 10

*Eminence Capital, LLC v. Aspeon, Inc.*
(9th Cir. 2003) 316 F.3d 1048 ................................................................ 9, 10

*Fitistics, LLC v. Unisen, Inc.*
(C.D. Cal. Dec. 18, 2013) 2013 WL 12140945 ......................................... 10

*Genentech, Inc. v. Abbott Laboratories*
(N.D. Cal. 1989) 127 F.R.D. 529 ................................................................ 9

*Jackson v. Bank of Hawaii*
(9th Cir. 1990) 902 F.2d 1385 ................................................................... 12

*Johnson v. Buckley*
(9th Cir. 2004) 356 F.3d 1067 ................................................................... 10

*Lockheed Martin Corp. v. Network Solutions, Inc.*
(C.D. Cal. 1997) 175 F.R.D. 640 ............................................................... 10

**MEMORANDUM OF POINTS AND AUTHORITIES**

*Moreyra v. Fresenius Med. Care Holdings, Inc.*
  (C.D. Cal. July 2, 2010) 2010 WL 11558094 .............................................. 13

*Morongo Band of Mission Indians v. Rose*
  (9th Cir. 1990) 893 F.2d 1074 .................................................................. 10

*Pryor v. Warner/Chappell Music, Inc.*
  (C.D. Cal. June 23, 2014) 2014 WL 12780502 ........................................... 12

*United States v. Evans*
  (11th Cir. 2007) 476 F.3d 1176 ................................................................. 14

*United States v. Montijo-Maysonet*
  (1st Cir. 2020) 974 F.3d 34 ....................................................................... 14

*United States v. Webb*
  (9th Cir. 1981) 655 F.2d 977 ................................................................. 9, 12

**STATE CASES**

*Steele v. Youthful Offender Parole Bd.*
  (2008) 162 Cal. App. 4th 1241 .................................................................. 13

**FEDERAL STATUTES**

Title 15 U.S.C. § 6851 ............................................................... 1, 3, 11, 14

**FEDERAL RULES**

Fed. R. Civ. P. 15 ..................................................................................... 1, 9

Fed. R. Civ. P. 38 .......................................................................................... 9

MEMORANDUM OF POINTS AND AUTHORITIES

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff seeks leave to file a First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a) to add allegations making it clear that Plaintiff alleges she was forced to resign (i.e., constructive termination) and adding a new cause of action based on newly discovered facts (i.e., Unlawful Disclosure of an Intimate Image in Violation of the Violence Against Women Act Reauthorization, 15 U.S.C. § 6851). Plaintiff requests the Court allow her to file a First Amended Complaint because justice requires it and no party will be prejudiced by Plaintiff filing the amended complaint. Plaintiff also respectfully requests that no conditions be placed on this relief, including any condition that discovery be reopened or the trial continued.

Plaintiff attaches her proposed First Amended Complaint as Exhibit A to the Declaration of Ruben Escalante. Pursuant to the Court's Standing Order, a "redlined" version of the proposed First Amended Complaint is attached as Exhibit B to the Declaration of Ruben Escalante.

Plaintiff acted diligently in bringing this motion, shortly after Defendant Employers' former executive and current owner testified to facts establishing Plaintiff's constructive termination and disclosing grounds for the new cause of action (i.e., that Defendant Jacob Nix, Defendant Employers' then Chief Executive Officer, without her knowledge or consent, obtained and disclosed an intimate photograph of Plaintiff to other employees). Defendants refused to stipulate to the amended complaint, forcing Plaintiff to bring this motion.

## II. FACTS AND PROCEDURAL HISTORY

On April 14, 2025, Plaintiff filed her Complaint in the Orange County Superior Court. (Dkt. 1-1.) Plaintiff alleges that Defendant Employers, through their former Chief Executive Officer Jacob Nix, sexually harassed Plaintiff. (Dkt. 1-1, ¶¶ 18-21.) After Plaintiff complained, Defendants retaliated against her. (Dkt. 1-1, ¶¶ 22-23.) The Complaint states causes of action for sexual harassment, retaliation, and failure to prevent

in violation of the Fair Employment and Housing Act and whistleblower retaliation in violation of the Labor Code. (Dkt. 1-1, p. 2.) Defendants removed this case to federal court on May 7, 2025. (Dkt. 1.)

At the time Plaintiff filed her Complaint, she was still a current employee. (Dkt. 1-1, ¶ 23) However, Plaintiff saw the writing on the wall and alleged Defendants executed a plan to find a way to terminate Plaintiff's employment, "either by constructive termination . . . or by direct termination," and explicitly sought lost wages if Defendants did so. (Dkt. 1-1, ¶¶ 23, 33, 46, 54, 61.) Thus, the Complaint fully contemplated and alleged that Defendant Employers would either terminate her or force her to resign. (*Id.*) Thereafter, Defendant Employers continued to retaliate against Plaintiff, and Plaintiff ultimately resigned due to intolerable working conditions. (Escalante Decl. ¶ 1, Exh. A (¶ 24).) Plaintiff resigned on or about June 27, 2025. (Escalante Decl. ¶ 4.)

Notably, the Joint Rule 26(f) Report, filed by the parties on July 3, 2025, states, "Plaintiff recently resigned from her employment, and may amend her complaint to specifically allege retaliatory action following the filing of her original complaint." (Dkt. 17, p. 8, lns. 16-17.)

On September 26, 2025, Plaintiff amended her administrative complaint with the California Civil Rights Department, and asked Defendants if they would stipulate to amending the civil Complaint. (Escalante Decl. ¶ 5.) The parties held a telephonic meet and confer on October 1, 2025. (Escalante Decl. ¶ 5.)

On October 3, 2025, while Plaintiff was waiting for the meet and confer waiting period to expire, Plaintiff took the deposition of a former executive of and current owner of at least one of Defendant Employers, Ryan McCartney. (Escalante Decl. ¶ 6.) Among other things, McCartney *unexpectedly* testified Nix engaged in witness tampering (i.e., he threatened McCartney and his spouse in connection with his deposition testimony) and that Nix obtained and disclosed an intimate photograph of Plaintiff to McCartney. (Escalante Decl. ¶ 6, Exh. C.) That same day, Plaintiff informed Defendants that "in light of today's testimony, we are exploring adding additional claims and parties." (Escalante Decl. ¶ 6.)

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff expedited receipt of the transcript and received it on October 8, 2025. (Escalante Decl. ¶ 7.) After reviewing the transcript of McCartney, the very next day, Plaintiff sent Defendants a new proposed amended complaint, and requested an immediate meet and confer. (Escalante Decl. ¶ 7.) Defendants delayed meeting and conferring with Plaintiff until October 17, 2025; during the meet and confer the parties discussed their respective positions, but were not able to resolve their dispute. (Escalante Decl. ¶¶ 3, 7.)

Leading up to the meet and confer expiration date (i.e., October 24, 2025), Plaintiff repeatedly followed up with Defendants; Defendants did not stipulate. (Escalante Decl. ¶ 8.)

The Court's scheduling order does not set a deadline for amending pleadings. (Dkt. 20, p. 2.)

**III.    THE PROPOSED AMENDMENTS**

Pursuant to the Court's Standing Order, Plaintiff notes that the effect of the requested amendment would (1) simply clarify that Plaintiff has been constructively terminated and (2) add a claim for Unlawful Disclosure of an Intimate Image in Violation of the Violence Against Women Act Reauthorization, based on facts necessarily already known to Defendants.

Plaintiff also identifies the pages, line numbers, and wording of the proposed changes and additions of material:

A. The caption page has been changed to reflect the filing is now in the United States District Court, Central District of California, the Case No., that the filing reflects the First Amended Complaint, and the new cause of action for Unlawful Disclosure of an Intimate Image in Violation of the Violence Against Women Act Reauthorization (15 U.S.C. § 6851(b)(1)(A)).

B. The footers of all the pages reflect the document is the First Amended Complaint.

C. Page 3, line 8 adds the caption JURISDICTION AND VENUE.

**MEMORANDUM OF POINTS AND AUTHORITIES**

D. Paragraph 15: page 3, lines 14-16 add that "[t]his Court has original jurisdiction based on the existence of diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332, Defendants having previously removed this matter to this Court."

E. Paragraph 16: page 3, lines 18-19 add that, in addition to the government code, venue is proper pursuant to "28 U.S.C. section 1441" and "*Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953)."

F. Paragraph 17: page 3, line 26 corrects a typographical error (i.e., "their").

G. Paragraph 19: page 4, lines 6-7 add the word "then" and changes the word "has" to "had" so that the paragraph reads: "Within the first few months, Plaintiff was subjected to sexual harassment from and by NIX, the Founder and **then** Chief Executive Officer of Defendant Employers, who, during his time with Defendant Employers, **had** organized an executive team comprised entirely of men."[1]

H. Paragraph 21: page 4, line 28 changes the word "has" to "had" so that the relevant sentence reads: "Since then, NIX continued to constantly bring up Plaintiff's personal romantic life to her and work colleagues, and NIX directed his actions to Plaintiff while she **had** been working remotely for Defendant Employers from her home and remote workstation in Orange County, California."

I. Paragraph 24: pages 5-6, lines 26-15, respectively, add the word "Plaintiff" to fix a typographical error, add the clauses "sharing at least one intimate photograph of her to others (including coworkers and knowing that Plaintiff was a California resident), taking steps to make her ineffective in her job," delete the phrase "and is," and add the sentence "Ultimately, Defendant Employers constructively terminated Plaintiff's employment"

---

[1] The additions are bolded here for the Court's convenience, but are not bolded in the proposed First Amended Complaint.

**MEMORANDUM OF POINTS AND AUTHORITIES**

so that the paragraph reads: "On or about March 21, 2025, **Plaintiff formally complained to Defendant Employers regarding NIX's illegal conduct and pleading for help.** On information and belief, in response to Plaintiff's complaints, substantially motivated by Plaintiff's activity, including but not limited to refusing to succumb and take part in NIX's sexual harassment and complaints about the same, and within a matter of days, Defendant Employers and NIX determined and executed a plan that they would find a way terminate Plaintiff's employment, either by constructive termination, including but not limited to by restricting opportunities for advancement, limiting work opportunities, taking away job security, terminating another California employee who assisted Plaintiff in doing her work, failing to take immediate and appropriate corrective action, **sharing at least one intimate photograph of her to others (including coworkers and knowing that Plaintiff was a California resident), taking steps to make her ineffective in her job**, and/or otherwise intentionally creating an intolerable working environment such that any reasonable employee would resign and force Plaintiff to resign, and if those efforts did not work by direct termination. This conduct was directed at Plaintiff who was still working remotely for Defendant employers from Orange County, California. **Ultimately, Defendant Employers constructively terminated Plaintiff's employment.**"

J. Paragraph 25: pages 6-7, lines 16-13, respectively, replace the word "Further" with the phrase "NIX has engaged in other behavior," replace "it" with "him," add the phrase "For example," and add new allegations regarding such examples so that the paragraph reads as follows: "**NIX has engaged in other behavior** reflecting NIX's sexist, misogynistic, and sexually harassing behavior and Defendant Employers' failure to take

**MEMORANDUM OF POINTS AND AUTHORITIES**

immediate and appropriate corrective action to control **him**. **For example**, on or about February 5, 2025, NIX referred to another female employee of Defendant Employers as follows 'Did she sound [c-word]y about it[.] Because it was [c-word]' in a written communication to Plaintiff and another executive of Defendant Employers. Upon information and belief, although another executive of Defendant Employers was witness to NIX's language and behavior, Defendant Employers did not investigate the incident nor take prompt remedial action to ensure NIX's behavior would be stopped. NIX's conduct left Plaintiff shook, uncomfortable, and concerned about NIX's future behavior. **Upon information and belief, NIX has referred to women as the '[c-word]' multiple times with coworkers. Upon information and belief, NIX wrongfully obtained through use of his cellular phone and its applications at least one intimate photograph of Plaintiff from a third-party co-worker of Plaintiff, which was taken by the third party and shared by that third party with NIX without her knowledge or consent, and NIX shared it with others (including coworkers and knowing Plaintiff was a California resident) by using his company cellular phone and its applications. Upon information and belief, NIX has intimate photographs of other women who he has shared with third parties without the knowledge or consent of those women. Upon information and belief, NIX pressured an employee to make Plaintiff appear promiscuous during the Defendant Employers' investigation of Plaintiff's complaint, and to fabricate testimony during his deposition in this matter. Upon information and belief, NIX threatened this employee in connection with his deposition testimony, stating to the employee words to the effect of**

-6-

**MEMORANDUM OF POINTS AND AUTHORITIES**

**'not to [f-word] this up like you did the internal investigation or I will kill your spouse and then kill you.'"**

K. Paragraph 26: page 7, lines 17-19 add the relevant sentence "Plaintiff, thereafter, filed an amended complaint with the California Civil Rights Department on or about September 26, 2025."

L. Paragraph 55: page 11, line 25 deleted the following phrase "if she is terminated."

M. Paragraph 62: page 13, line 4 deleted the following phrase "if she is terminated."

N. Paragraph 70: page 14, line 19 adds the phrase "and lost wages and benefits."

O. Paragraphs 75 to 87, pages 15-17, lines 11-11, respectively, add the following cause of action:

<u>**SIXTH CAUSE OF ACTION**</u>
**Unlawful Disclosure of an Intimate Image**
**In Violation of the Violence Against Women Act Reauthorization**
**(15 U.S.C. § 6851(b)(1)(A))**
**Plaintiff Against Defendant Employers and NIX**

75. Plaintiff re-alleges and incorporates all previous and subsequent paragraphs of this Complaint, as though fully set forth herein.

76. 15 U.S.C. § 6851(b)(1)(A) provides: "an individual whose intimate visual depiction is disclosed, in or affecting interstate or foreign commerce or using any means or facility of interstate or foreign commerce, without the consent of the individual, where such disclosure was made by a person who knows that, or recklessly disregards whether, the individual has not consented to such disclosure, may bring a civil action against that person in an appropriate district court of the United States for relief . . ."

77. 15 U.S.C. § 6851(a)(5) defines "intimate visual depiction" as "a visual depiction, as that term is defined in section 2256(5) of Title 18, that depicts – (i)

**MEMORANDUM OF POINTS AND AUTHORITIES**

the uncovered genitals, pubic area, anus, or post-pubescent female nipple of an identifiable individual; or (ii) the display or transfer of bodily sexual fluids – (I) on to any part of the body of an identifiable individual; (II) from the body of an identifiable individual; (III) an identifiable individual engaging in sexually explicit conduct . . ."

78. Defendant Employers, through their director, officer, managing agent, agent, owner, and/or employee NIX who, acting in such capacity, used a company cellular phone and its application to obtain and disclose at least one intimate visual depiction of Plaintiff without her consent, giving rise to a claim under 15 U.S.C. § 6851.

79. On information and belief, using a company cellular phone and its applications, Defendant Employers, through NIX, disclosed at least one intimate photograph of Plaintiff by sending them to himself, storing them on his cellular phone and applications, and sharing them with third parties.

80. On information and belief, at least one such photograph included identifiable depictions of at least Plaintiff's bare breasts.

81. These disclosures occurred without Plaintiff's consent.

82. Defendant Employers, through NIX, knew or recklessly disregarded that Plaintiff had not consented to disseminating, distributing, and displaying of her intimate images.

83. As a direct, foreseeable, and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damages in an amount over the minimum jurisdiction of this Court, the precise amount of which will be proven at trial.

84. Plaintiff has been damaged by Defendants' conduct and is entitled to actual damages in an amount to be proven at trial, or liquidated damages in the amount of $150,000, whichever is more.

85. In doing the acts herein alleged, Defendant Employers, through their officers, directors, and/or

managing agents, and NIX acted with oppression, fraud, malice, and in the conscious disregard of the rights of Plaintiff, authorized such conduct, and knew of such conduct and adopted or approved of it after it occurred; therefore, Plaintiff is also entitled to punitive damages in an amount according to proof at the time of trial.

86. Plaintiff is also entitled to all other relief available at law and equity, including but not limited to a preliminary injunction and a permanent injunction, ordering all Defendants to delete any and all intimate photographs of Plaintiff and cease all display, distribution, and disclosure of the photographs.

87. Plaintiff, who has incurred and continues to incur attorneys' fees and legal expenses, is also entitled to recover said costs and fees in an amount according to proof at the time of trial, pursuant to 15 U.S.C. § 6851.

P. Prayer for Relief: page 17, line 19 adds "Preliminary injunctive relief."

Q. Prayer for Relief: page 17, lines 20-21 add "Pursuant to 15 U.S.C. § 6851, awarding Plaintiff monetary damages in the amount of $150,000."

R. Demand for Jury Trial: page 19, lines 2-3 add "as provided by Rule 38(a) of the Federal Rules of Civil Procedure."

## IV. LEGAL STANDARD

Amendments to pleadings are governed by Federal Rule of Civil Procedure 15, which provides that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003); *see also United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). "In exercising its discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *Webb*, 655 F.2d at 979. Because Rule 15(a) favors a liberal policy, "the nonmoving party bears the burden of demonstrating why leave to amend should not be granted." *Genentech, Inc. v. Abbott Laboratories*, 127 F.R.D. 529, 531-32 (N.D. Cal. 1989).

"Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley,* 356 F.3d 1067, 1077 (9th Cir. 2004). "Not all of the factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (stating, "[p]rejudice is the 'touchstone of the inquiry under rule 15(a).'").

## V. ARGUMENT

Plaintiff seeks leave to file the proposed amended complaint in good faith and in order to ensure a full resolution of her claims; this is her first time seeking leave to amend. The judicial interest in achieving a full resolution of all claims on the merits, and any prejudice to Defendants is minimal at most.

### A. Any Potential Prejudice to Defendants is Minimal at Most.

An amendment prejudices a party if it contains new claims that will "radically shift the nature of the case, requiring the opposing party to engage in substantial new discovery or to undertake an entirely new course of argument." *Lockheed Martin Corp. v. Network Solutions, Inc.*, 175 F.R.D. 640, 644 (C.D. Cal. 1997) (citing *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). Defendants "bear the burden of showing that the amendments were unduly prejudicial." *Bhatt v. Mercedes-Benz USA, LLC*, No. CV1603171TJHRAOX, 2018 WL 5094932, at *1 (C.D. Cal. Apr. 16, 2018)) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)).

No party will suffer prejudice if the Court grants Plaintiff's request to file the proposed amended complaint. Since the First Amended Complaint "arises from the same set of underlying facts as the prior complaints," there is no undue prejudice from amendment. *See Fitistics, LLC v. Unisen, Inc.*, No. SACV121774JGBANX, 2013 WL 12140945, at *4 (C.D. Cal. Dec. 18, 2013) (granting motion for leave to file fourth amended complaint).

First, the original Complaint plainly placed Defendants on notice that she was in the process of being constructively terminated, anticipated being constructively terminated, and she would seek damages (including lost wages) as a result of such termination. (Dkt. 1-1, ¶¶ 22, 23, 33, 46, 54, 61.) She also alleged that this anticipated constitutive termination was the ultimate result of the harassment and retaliation to which Defendants subjected her. (Dkt. 1-1, ¶¶ 17-23.) The proposed First Amended Complaint merely clarifies that the constructive termination actually happened, and alleges some new examples of evidence that support the constructive termination. (Escalante Decl. ¶ A, ¶ 24.) Notably, Plaintiff alerted Defendants to the fact that she might seek to amend the complaint to allege specific post-filing acts of retaliation. (Dkt. 17, p. 8, lns. 16-17.) Thus, Defendants could and should have conducted any appropriate discovery into such allegations. Accordingly, they are not prejudiced by these new allegations.

Second, the original Complaint also plainly placed Defendants on notice that she was seeking to hold them liable for sexual harassment. (Dkt. 1-1, ¶¶ 18-22.) The new allegations merely add facts supporting this claim: that Defendant Employers, through Nix (their then CEO), and Nix sexually harassed Plaintiff by obtaining an intimate photograph of Plaintiff without her knowledge or consent; that they sexually harassed Plaintiff by disclosing that intimate photograph to other employees; and they tried to silence at least one supporting witness through witness tampering and intimidation. (Escalante Decl. ¶ A, ¶ 25.) Notably, this testimony came from a former executive and current owner of at least one of Defendant Employers; thus, Defendants had access to this witness and his knowledge during the entirety of the case. (Escalante Decl. ¶ 6.) Defendants also had the opportunity to cross-examine this witness before the discovery cutoff, in addition to the employee who originally took the intimate photograph and sent it to Nix. (Escalante Decl. ¶ 9.) Accordingly, Defendants are not prejudiced by these new allegations.

Third, the new factual allegations supporting the new cause of action for Unlawful Disclosure of an Intimate Image In Violation of the Violence Against Women Act Reauthorization (15 U.S.C. § 6851(b)(1)(A)), are essentially the same allegations

-11-

**MEMORANDUM OF POINTS AND AUTHORITIES**

supporting the existing cause of action for the sexual harassment claims. Thus, there is no prejudice simply because the new allegations give rise to a different theory of recovery. Again, this testimony came from a witness associated with Defendants. (Escalante Decl. ¶¶ 6, 9.) Defendants had more than ample time to depose these individuals before the discovery cutoff. (Escalante Decl. ¶ 9.) Regarding any elements and allegations unique to this new claim (e.g., "interstate commerce"), the evidence is in the full control of Defendants (e.g., Nix's phone and the applications on it, the metadata surrounding the offending intimate photograph, and any explanation for or denial of Nix's conduct).

Finally, Plaintiff provided Defendants with a copy of a proposed amended complaint *before* the deadline to propound written discovery and *before* Defendants took the deposition of Plaintiff. (Escalante Decl. ¶ 10.) The new allegations also do not change the landscape of the case: The new allegations and the old allegations are manifestly interrelated and Defendants necessarily know their truth or falsity. Accordingly, there is no reason why Defendants could not have completed any desired discovery.

> **B. Plaintiff Seeks Leave to Amend in Good Faith and Have Not Unjustifiably Delayed in filing this Amended Complaint.**

"Bad faith may be shown when a party seeks to amend late in the litigation process with claims which were or should have been apparent early." *Pryor v. Warner/Chappell Music, Inc.*, No. CV1304344RSWLAJWX, 2014 WL 12780502, at *3 (C.D. Cal. June 23, 2014) (citations omitted). "[I]n evaluating undue delay, [courts] inquire 'whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading.'" *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (citing *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990)). *See Webb*, 655 F.2d at 980 (noting "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend.").

Here, Plaintiff fully disclosed in her original Complaint that she was alleging that she was in the process of being constructively terminated and would be alleging

-12-

**MEMORANDUM OF POINTS AND AUTHORITIES**

constructive termination and lost wages, if she were ultimately forced to resign. (Dkt. 1-1, ¶¶ 22, 23, 33, 46, 54, 61.) This is not a new claim. The only "new claim" is the new cause of action for Unlawful Disclosure of an Intimate Image In Violation of the Violence Against Women Act Reauthorization (15 U.S.C. § 6851(b)(1)(A)).

There was absolutely no delay in seeking to add this claim once Plaintiff learned about it. (Escalante Decl. ¶¶ 6-7.) Specifically, Plaintiff and her counsel learned about the facts supporting this claim for the first time at the deposition of Ryan McCartney, a former executive and current owner of at least one of Defendant Employers, which took place on October 3, 2025. (Escalante Decl. ¶ 6.) Plaintiff immediately started the meet and confer process to bring this motion, and brought this motion withing days following the expiration of the meet and confer deadline. (Escalante Decl. ¶¶ 6-8.) Accordingly, Plaintiff has not unduly delayed or demonstrated bad faith in seeking leave to amend.

### C. The Amended is Not Futile

Amendments are futile if they are "either duplicative of existing claims or patently frivolous, or both." *Moreyra v. Fresenius Med. Care Holdings, Inc.*, No. SACV10517JVSRZX, 2010 WL 11558094, at *2 (C.D. Cal. July 2, 2010) (citing *Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995)).

Amendment here would not be futile; in fact, failure to amend would lead to an unjust result. Regarding the constructive termination allegations, they are made in support of an existing retaliation claim: a constructive termination constitutes an adverse employment action and an adverse employment action is an essential element of retaliation. *Steele v. Youthful Offender Parole Bd.*, 162 Cal. App. 4th 1241, 1252-53 (2008) (recognizing, "'[c]onstructive discharge, like actual discharge, is a materially adverse employment action.'") To establish a constructive termination, Plaintiff merely needs to "'plead and prove . . . that the employer either intentionally created or knowingly permitted working conditions that were so intolerable or aggravated at the time of the employee's resignation that a reasonable employer would realize that a reasonable person in the

employee's position would be compelled to resign."'" *Id.* at 1253. Plaintiff's old allegations plainly met this standard (Dkt. 1-1, ¶¶ 18-24); the new allegations simply make it clear that Defendants' plan worked and resulted in Plaintiff's constructive termination (Escalante Decl. ¶ 1, Exh. A (¶ 24)).

Regarding the new cause of action for Unlawful Disclosure of an Intimate Image In Violation of the Violence Against Women Act Reauthorization (15 U.S.C. § 6851(b)(1)(A)), the allegations track the elements of the statute, including that Defendants used a "means or facility of interstate . . . commerce" in committing the violation. (Escalante Decl. ¶ 1, Exh. A (¶¶ 25, 75-87.) *See United States v. Montijo-Maysonet*, 974 F.3d 34, 50 fn. 13 (1st Cir. 2020) (stating, "[a]s a cell phone application, KIK qualifies as a 'facility or means of interstate commerce' under § 2422(b) whether it used the Internet or a cellular network to send messages."); *United States v. Evans*, 476 F.3d 1176, 1180 (11th Cir. 2007) (explaining that defendant's use of a landline and cell phone was enough to establish the "facility or means" element of Section 2422(b)). Accordingly, Defendants will not be able to establish this new claim is futile.

## VI. CONCLUSION

For the reasons discussed above, Plaintiff respectfully request this Court grant Plaintiff's motion and allow Plaintiff to file the proposed First Amended Complaint. Plaintiff also respectfully requests that no conditions be placed on this relief, including any condition that discovery be reopened or the trial continued.

Date: October 29, 2025                    Respectfully submitted,

                                          ACLIENT PC

                                          By: _____
                                             RUBEN D. ESCALANTE
                                             Attorney for Plaintiff
                                             ASHLEY FRAGALE

# PROOF OF SERVICE

I am an active member of the State Bar of California. I am not a party to the within action. My business address is 440 N. Barranca Ave. PMB 9496, Covina, CA 91723. On October 29, 2025, I served copies of the within documents described as:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

on the interested parties in this action as follows:

**See attached Service List**

[x]  BY ELECTRONIC/EMAIL - I caused the above document to be delivered to the office of the addressee via electronic e-mail. Said document was transmitted to the email address of that office which is listed on the Service List. I did not receive, within a reasonable after the transmission, any indication that the transmission was not successful.

I certify the foregoing is true and correct. Executed on October 29, 2025.

_____
Ruben Escalante

# SERVICE LIST

GEOFFREY LEE (SBN:234024)
glee@grsm.com
ANAFRANCESCA COMUNALE (SBN: 323257)
acomunale@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 West Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-7418
Facsimile: (619) 696-7124

Attorneys for Defendants
RISC POINT ADVISORY GROUP LLC; RISC POINT ASSURANCE, LTD; RISC POINT HOLDINGS, INC.; JACOB NIX

NEDA DAL CIELO
Neda.DalCielo@jacksonlewis.com
JACKSON LEWIS P.C.
160 W Santa Clara St., Suite 400
San Jose, CA 95113
Telephone: (408) 579-0404

Attorneys for Defendants
(Request for Approval of Substitution Pending)

**MEMORANDUM OF POINTS AND AUTHORITIES**