1  L. GEOFFREY LEE (SBN: 234024)
   glee@grsm.com
2  ANAFRANCESCA Y. COMUNALE (SBN: 323257)
   acomunale@grsm.com
3  GORDON REES SCULLY MANSUKHANI, LLP
   101 West Broadway, Suite 2000
4  San Diego, CA  92101
   Telephone: (619) 230-7418
5  Facsimile: (619) 696-7124

6  Attorneys for Defendants
   RISC POINT ADVISORY GROUP LLC;[1]
7  RISC POINT ASSURANCE, LTD;
   RISC POINT HOLDINGS, INC.;
8  JACOB NIX

9  [ADDITIONAL COUNSEL LISTED ON
   FOLLOWING PAGE]
10

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

11
12            UNITED STATES DISTRICT COURT
13           CENTRAL DISTRICT OF CALIFORNIA
               SOUTHERN DIVISION
14
15  ASHLEY FRAGALE, an individual,   ) CASE NO. 8:25-cv-00944-JWH
                                     ) (ADSx)
16            Plaintiff,             )
                                     )
17      vs.                          ) **[DISCOVERY DOCUMENT:**
                                     ) **REFERRED TO MAGISTRATE**
18  RISC POINT ADVISORY GROUP        ) **JUDGE AUTUMN D. SPAETH]**
    LLC; RISC POINT ASSURANCE,       )
19  LTD; RISC POINT HOLDINGS,        ) **JOINT STIPULATION**
    INC.; JACOB NIX; and DOES 1      ) **REGARDING DEFENDANT'S**
20  through 10, inclusive,           ) **MOTION TO COMPEL**
                                     ) **EXAMINATION OF PLAINTIFF**
21            Defendants.            )
                                     ) **Date:        December 3, 2025**
22                                   ) **Time:        10:00AM**
                                     ) **Location:    Courtroom 6B**
23                                   )

24  ///
25  ///
26  ///
27
28  _____
    [1] The law firm of Jackson Lewis P.C. became formal counsel of record in the midst of the subject discovery dispute.
    Doc. #50

JOINT STIPULATION REGARDING MOTION TO COMPEL MENTAL EXAMINATION
RULE 37-2.1



1  Jeff T. Olsen (Cal. Bar No. 283249)

2  OLSEN WORKPLACE SOLUTIONS PC

3  18012 Cowan, Ste 200

4  Irvine, California 92614

5  Telephone: (949) 232-0455

6  Email: jeff@olsenws.com

7  Attorneys for Plaintiff

8  ASHLEY FRAGALE

9

10  Ruben D. Escalante (Cal. Bar No. 244596)

11  Robert A. Escalante (Cal. Bar No. 270629)

12  ACLIENT PC

13  440 N Barranca Ave PMB 9496

14  Covina, California 91723

15  Telephone: (310) 431-9687

16  Email: ruben@aclientpc.com

17

18  Attorneys for Plaintiff

19  ASHLEY FRAGALE

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

*Gordon Rees Scully Mansukhani, LLP*
*633 West Fifth Street, 52nd Floor*
*Los Angeles, CA 90071*

-2-

# Table of Contents

**Page**

I.     Introduction ........................................................................................................4

    A.     Defendant's Introduction ...............................................................4

    B.     Plaintiff's Introduction ..................................................................5

II.    Verbatim Statement of Request at Issue ....................................................6

III.   Each Party's Contentions with Respect to Each Issue in Dispute .................6

    A.     Defendant's Contentions/Memorandum of Points and
        Authorities .......................................................................................6

    B.     Plaintiff's Contentions/Memorandum of Points and Authorities .........8

IV.    Each Party's Statement of How It Proposed to Resolve Each Issue in ........11

    A.     Defendant's Statement ..................................................................11

    B.     Plaintiff's Statement.......................................................................11

*Gordon Rees Scully Mansukhani, LLP*
*633 West Fifth Street, 52nd Floor*
*Los Angeles, CA 90071*

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

1    TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS

2    OF RECORD:

3        Counsel for Plaintiff Ashley Fragale ("Plaintiff") and Defendant JACOB NIX

4    jointly provide the following response, including attaching as **Exhibit A**, a copy of the

5    Scheduling Order, as required by CD CA Rule 37-2.1.

6    **I.    Introduction**

7    A.    Defendant's Introduction

8        1.    Plaintiff Ashley Fragale is a former human resources generalist suing her former

9    employer for sexual harassment. She alleges having suffered "humiliation, embarrassment,

10    mental and emotional distress." Complaint ¶33. Plaintiff further testified in deposition that

11    she continues to suffer on-going emotional distress resulting from her employer to this day.

12        2.    Plaintiff alleges having incurred resulting "medical expenses." Complaint ¶34.

13    In discovery, Plaintiff admitted that ████████████████████████████████████

14    ████████████████ for Defendant Risc Point Advisory Group LLC. ████████████

15    ████████████████████████████████████████████████████████████

16    ████████████████████████████████████. For this reason,

17    she alleges "aggravation" by her employer of her pre-existing emotional distress.

18    Complaint ¶63. While Plaintiff was still employed, she demanded $300,000 in settlement

19    of her claims. Dkt. #1 (Notice of Removal ¶17).

20        3.    Plaintiff also proposes to file a First Amended Complaint with new causes of

21    action for Wrongful Termination and violation of Intimate Image in Violation of the

22    Violence Against Women Act, 15 U.S.C. § 6851. The latter allows for the recovery of

23    emotional distress damages or liquidated damages of $150,000. Id. subd. (b)(3)(A)(k).

24        4.    Defendants' sought Plaintiff's stipulation for a defense mental examination

25    But Plaintiff's refused.

26        5.    Because Plaintiff's emotional state is clearly in controversy, Plaintiff should

27    be ordered to submit to a mental examination under Federal Rule of Procedure 35.

28    ///

JOINT STIPULATION REGARDING MOTION TO COMPEL MENTAL EXAMINATION
RULE 37-2.1

B.    Plaintiff's Introduction

1.  Defendants' gamesmanship needs to stop.

2.  To be clear, Plaintiff will submit to a proper mental examination, as authorized by Federal Rule of Civil Procedure, Rule 35, or as agreed upon by the parties. Plaintiff is and has been willing to meet and confer on this topic to determine if the parties can agree on terms or if Court intervention if necessary. However, Defendants need to follow the rules. Defendants did not follow those rules here.

3.  Defendants sent the Joint Stipulation to Plaintiff without properly meeting and conferring in violation of Local Rule 37-1 and 37-2.2

4.  The Joint Stipulation contains improper matter protected by the Stipulated Protective Order (Dkt. 24) (e.g., her diagnoses, medication prescribed, and the identity of the doctor as the person who diagnosed and prescribed medication to her) that Defendants have not confirmed they will submit the brief to the Court pursuant to the Protective Order in this case and Local Rules.

5.  The Joint Stipulation did not provide the referenced "Exhibit B," include an actual proposed order for the Court to analyze, or any analysis or support, such as an expert declaration, justifying any proposed terms of a mental examination; it also completely fails to disclose the proposed examiner.

6.  The Joint Stipulation incorrectly represents Defendants attempted to meet and confer and incorrectly represents Plaintiff refused to submit a mental examination.

7.  Importantly. Defendants failed to withdraw the Joint Stipulation, even after Plaintiff pointed out the failure to meet and confer, offered to meet and confer, and offered a compromise to resolve the dispute (which included attending an Informal Discovery Conference to resolve any remaining issues). Accordingly, Defendants' motion should be denied.

8.  Although sanctions and costs recovery are certainly warranted against Defendants in connection with this motion, as a professional courtesy, Plaintiff

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

-5-

1 does not seek sanctions.

## II. Verbatim Statement of Request at Issue

A Mental examination of Plaintiff under Rule 35.

## III. Each Party's Contentions with Respect to Each Issue in Dispute

### A. Defendant's Contentions/Memorandum of Points and Authorities

At issue is a proposed examination of Plaintiff including the length, testing, and interview scope are all outlined in the proposed stipulation attached hereto as **Exhibit B.**

Generally, Federal Rule of Civil Procedure 26(b)(1) provides for discovery of "…any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Rule 35 is liberally construed in favor of granting discovery. Turner v. Imperial Stores, 161 F.R.D. 89, 96 (S.D. Cal. 1995).

A party requesting a psychiatric examination under Rule 35 must show that the other party's mental condition is "in controversy" and that "good cause" exists for conducting the examination.  Schlagenhauf v. Holder, 379 U.S. 104, 118-119 (1964). Pleadings alone may be sufficient to place a medical condition in controversy when a plaintiff asserts a mental injury, and the pleading alone then provides a defendant "with good cause for an examination to determine the existence and extent of such asserted injury." *Id.* at 119; see *Enwere v. Terman Associates, L.P.*, 2008 WL 5146617, at *1 (N.D. Cal. 2008) (granting motion to compel Rule 35 examination where plaintiff alleged she had suffered mental and emotion distress as a result of defendant's conduct, including inability to sleep,

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

1  depression and associated mental health injuries); *Ayat v. Societe Air France*, 2007

2  WL 1120358, at *4-5 (N.D. Cal. 2007) (granting motion to compel Rule 35

3  examination where plaintiff alleged injuries related to depression and post-traumatic

4  stress disorder, finding that both constituted a specific mental or psychiatric injury

5  or disorder).

6      A mental exam is warranted where the plaintiff identifies specific injuries

7  caused by the defendant's conduct, such as when the plaintiff claims she suffers

8  from depression. *Thiessen v. Gen. Elec. Corp.*, 178 F.R.D. 568, 570 (D. Kan. 1998);

9  *see also Greenhorn v. Marriott Int'l, Inc.*, 216 F.R.D. 649, 651 (D. Kan. 2003)

10  (finding plaintiff's mental condition "in controversy" when plaintiff alleged specific

11  injuries such as insomnia, severe depression, avoidance, withdrawal, suicidal

12  ideation, suspiciousness, social discomfort, low self-esteem, and resentfulness).

13      The Rule 35 requirements of "in controversy" and "good cause" are

14  necessarily related. *Schlagenhauf*, *supra*, 379 U.S. at 119. The "good cause"

15  requirement is satisfied and an examination is ordered when the allegations made

16  by the plaintiff are "sufficiently serious and sweeping such that the average person

17  might not be able to evaluate properly the nature, extent, and cause of the injuries

18  plaintiff claims to have sustained." *Greenhorn*, *supra*, 216 F.R.D. at 652.

19      Here, Plaintiff's pleadings clearly place her emotional state in controversy.

20  Complaint ¶¶33-34, 63. Her settlement demands clearly indicate pursuing damages

21  well beyond the "garden variety" type. Plaintiff even disclosed ███████████

22  ███████ as a witness in written discovery. She even produced ██████████

23  ████████ in discovery. (P0280-329).

24      Plaintiff's mental health status forms the core of her complaints before this

25  Court, impacting both liability issues and the calculation of damages. Defendants

26  will be actually and substantially prejudiced if denied the requested discovery.

27  *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986).

28      Plaintiff should therefore be ordered to submit to the mental examination by

-7-

JOINT STIPULATION REGARDING MOTION TO COMPEL MENTAL EXAMINATION
RULE 37-2.1

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

1    Defendant's retained psychiatrist on December 4 or December 5, 2025 so as to meet

2    the discovery cut off.  If Plaintiff objects to this timing based on good cause,

3    Plaintiff should be ordered to submit to the mental examination after the December

4    5, 2025 discovery cutoff but at least two weeks before any deposition of

5    Defendant's retained psychiatrist.

6        B.    **Plaintiff's Contentions/Memorandum of Points and Authorities**

7            (1) The Motion Should Be Denied for Failure to Comply with Local Rule

8                37 because Defendants' Failed to Meet and Confer.

9        Local Rule 37-1 requires "[b]efore filing any motion relating discovery…

10   counsel for the parties must confer in a good-faith effort to eliminate the necessity

11   for hearing the motion or to eliminate as many of the disputes as possible." Local

12   Rule 37-2.2 provides that only "[f]ollowing the conference of counsel, counsel for

13   moving party must personally deliver, e-mail, or fax to counsel for the opposing

14   party the moving party's portion of the stipulation, together with all declarations

15   and exhibits to be offered in support of the moving party's position." Local Rule

16   37-2.4 provides that "[t]he not consider any discovery motion in the absence of a

17   joint stipulation or a declaration from counsel for the moving party establishing that

18   opposing counsel (a) failed to confer in a timely manner under L.R. 37-1; (b) failed

19   to provide the opposing party's portion of the joint stipulation in a timely manner

20   under L.R. 37-2.2; or (c) refused to sign and return the joint stipulation after the

21   opposing party's portion was added."

22       Here, prior to sending the Joint Stipulation to Plaintiff, all Defendants did

23   was send a letter to Plaintiff and an *incomplete* proposed stipulation that did not

24   disclose the name of the proposed examiner. (Escalante Decl. ¶ 2.) In response to

25   this correspondence, Plaintiff arranged a time to speak with Defendants the next

26   business day; however, *before this call took place* Defendants represented they

27   were changing counsel and that their counsel was uncertain about their ability to

28   enter into agreements. (Escalante Decl. ¶ 2.) In light of these representations and

-8-

*before the call took place*, Plaintiff canceled the call *in writing*. (Escalante Decl. ¶ 2, Exh. 1.)

Defendants attempted to call anyway, but the call never happened because Plaintiff previously canceled it. (Escalante Decl. ¶ 3.) Plaintiff reminded Defendants that the call did not occur because of their counsel's prior representations and invited their new counsel to reach out. (Escalante Decl. ¶ 3.) Instead of having new counsel reach out to meet and confer or represent that they in fact had the authority to enter into agreements on behalf of any defendant (i.e., meet and confer in good faith), their counsel served the Joint Stipulation that started the motion to compel process. (Escalante Decl. ¶ 3, Exh. 2.)

(2) The Joint Stipulation Contains Improper Matter, Including Information Protected by the Stipulated Protective Order

In support of their Motion, Defendants improperly disclose settlement discussions, even though such discussions are completely irrelevant to this issue. Moreover, Defendants brazenly reference Plaintiff's diagnoses, medications taken, and the identity of the doctor as the one who made those diagnoses and prescribed the mediation, even though those matters were only disclosed pursuant to the Protective Order. (Escalante Decl. ¶ 4.) Defendants have not confirmed they will submit the brief to the Court pursuant to the Protective Order in this case and Local Rules; and Plaintiff does not authorize its filing. (Escalante Decl. ¶ 4.)

Although Plaintiff is not seeking sanctions in connection with needing to oppose this unnecessary and premature motion, Plaintiff reserves the right to seek significant sanctions and damages if Defendants violate the terms of the Protective Order and disclose her private matter into the public record.

(3) The Joint Stipulation Did Not Include the Referenced "Exhibit B" or the Actual Terms of the Proposed Examination, Including the Identity and Credentials of the Proposed Examiner

Local Rule 37-2.2 requires the Joint Stipulation to be provided to the

-9-

1  non-moving party with "all declarations and exhibits to be offered in support of the

2  moving party's position." However, when Defendants served it, they did not

3  include the referenced "Exhibit B" that allegedly shows the proposed terms.

4  Defendants previously provided some proposed terms to Plaintiff, but because

5  Defendants failed to provide it here, she cannot verify it is the same one.

6      Moreover, the Joint Stipulation makes no effort to justify or analyze the

7  terms proposed by Defendants, including the identity and credentials of the

8  proposed examiner. Even if Defendants were entitled to an examination under Rule

9  35 because Plaintiff's mental state is "in controversy," they are still required to

10  provide Plaintiff and the Court with enough information to analyze whether the

11  proposed order is in line with Rule 35 (e.g. "time, place, manner, conditions, and

12  scope of the examination" and the "person or persons who will perform it").

13      For example, the proposed stipulation sent to Plaintiff suggests *without any*

14  *support* that the examination will take place by an unknown doctor; take

15  approximately four to six hours; may inquire into developmental history, marital

16  history, legal history, medical history, past relationships, personal history, and

17  substance use; may include an evaluation of etiology, and conditions, injuries,

18  diagnoses *without limitation* existing during Plaintiff's employment; will involve

19  administration of a battery of psychological tests on potentially a date different from

20  the evaluation itself; will be audiotaped; and will be subject to a cancellation fee.

21  Defendants also proposes *without any justification* that the audiotape of the

22  examination will be provided to Defendants' counsel; there is no apparent need for

23  this, other than for Defendants' desire to obtain free discovery.

24      Accordingly, because Defendants have failed to justify the proposed terms of

25  the mental examination, including disclosure of the examiner, the Motion should be

26  denied.

27  / / /

28  / / /

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

-10-

## IV. <u>Each Party's Statement of How It Proposed to Resolve Each Issue in Dispute At the "Meet and Confer" With Opposing Counsel</u>

### A. <u>Defendant's Statement</u>

On October 25, 2025, Defendant's counsel sent Plaintiff's counsel a proposed stipulation (Exhibit B) on the proposed examination. Counsel initially agreed to discuss the stipulation and other discovery matters at 10:00 a.m. the following Monday, October 27, 2025. Defendant's counsel telephoned Plaintiff's counsel at the agreed time, but Plaintiff's counsel did not respond. Plaintiff's counsel later responded that, because Defendant's counsel was in the process of being replaced by new law firm, Plaintiff's counsel saw no practical benefit in meeting and conferring until the new law firm appeared in the case.

### B. <u>Plaintiff's Statement</u>

Unfortunately, Defendants' foregoing characterization under Rule 11 regrettably is incomplete. Plaintiff provides supplies key facts missing from Defendants' version:

On Friday, October 24, 2025, at 3:41 p.m., Defendants' counsel sent Plaintiff's counsel a proposed stipulation regarding the proposed examination. That same day, at 4:51 p.m., Plaintiff's counsel initially agreed to discuss the stipulation at 10:00 a.m. the following Monday, October 27, 2025. (Escalante Decl. ¶¶ 2-3, Exhs. 1-2.)

What Defendants regrettably leave out is the following: (1) On October 24, 2025, at 4:54 p.m., Defendants' counsel informed Plaintiff's counsel in writing that a new firm was going to "substitute in" and "take over" the case and that his "authority to enter into stipulations will be uncertain and therefore limited." (2) In response, at 6:10 p.m., Plaintiff's counsel inquired, "are you able to enter into agreements or not?" (3) Then, at 6:32 p.m., as a follow up to Plaintiff's counsel's earlier agreement to meet and confer on Monday, Plaintiff's counsel sent an email cancelling the call, stating, "Again, given it appears you are not able to enter

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

-11-

stipulations, I will wait for new counsel to reach out to schedule a time to confer with me on the issue in your email re a mental exam." (Escalante Decl. ¶¶ 2-3, Exhs. 1-2.)

Defendants' counsel telephoned Plaintiff's counsel the following Monday, but the call did not occur because Plaintiff previously canceled it due to Defendants' counsel's representations. (Escalante Decl. ¶ 3.) Plaintiff's sent Defendants' counsel an email explaining why the call did not take place and again invited Defendants' new counsel to call him:

> Mr. Lee,
>
> I received your message this morning. However, as set for[th] below (which I sent to you last week in light of your representations that you are being substituted out and that your ability to enter into stipulations is "uncertain" and "limited"), I am going to wait for new counsel who will actually be able to enter into and negotiate stipulations to meet and confer regarding the same. Please let the new attorney to reach out to me.
>
> Respectfully,

(Escalante Decl. ¶ 3, Exh. 2.)

On November 3, 2025, the meet and confer with new counsel finally took place. (Escalante Decl. ¶ 5.) Both of Plaintiff's counsel of record appeared for this call and held a telephonic meet and confer with new counsel of record for RISC Point Advisory Group LLC (who represented that she expected to be the only counsel of record for all the remaining defendants shortly). (Escalante Decl. ¶ 5.) During this call, Plaintiff disclosed some of her concerns with the premature Joint Stipulation. (Escalante Decl. ¶ 5.)

/ / /

/ / /

/ / /

/ / /

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

-12-

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

1     Following that call, Plaintiff offered the following compromise, multiple

2 times:

3     . . .

4     As I explained today, Plaintiff is willing to submit to an examination
on agreeable terms, including disclosure of the actual examiner. I

5 invite you to provide a stipulation that you are comfortable with,
including with the examiner disclosed and that has been vetted by

6 your expert (this way we are not fighting over terms that your expert
doesn't care about); this way we can begin the meet and confer

7 process. As a sign of good faith and in exchange for the withdraw of
the motion, I will agree to go to an IDC within 5 days of your request

8 should you determine you need Court intervention.

9     If this is acceptable, please let me know ASAP (but before 10 a.m.

10 tomorrow) to avoid my response to the attached, which runs the
significant risk of the Court denying the motion on procedural

11 grounds and then Defendants not getting to take the exam altogether.

12     Respectfully,

13 Defendants did not accept this compromise. (Escalante Decl. ¶ 5, Exh. 3.)

14

15

16

17 Date: November 6, 2025     Respectfully submitted,

18

19 By: _____

20     RUBEN D. ESCALANTE
    JEFF T. OLSEN

21     Attorney for Plaintiff
    ASHLEY FRAGALE

22

23 Date: November 5, 2025     Respectfully submitted,

24     GORDON REES SCULLY
    MANSUKHANI, LLP

25

26 By: _____

27     L. GEOFFREY LEE
    Attorney for Defendant JACOB NIX

28

JOINT STIPULATION REGARDING MOTION TO COMPEL MENTAL EXAMINATION RULE 37-2.1

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES—
### GENERAL

| Case No. | 8:25-cv-00994-JWH-ADSx | | Date | July 14, 2025 |
|---|---|---|---|---|
| Title | *Ashley Fragale v. RISC Point Advisory Group LLC, et al.* | | | |

| Present: The Honorable | JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE |
|---|---|

| Priscilla Deason | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   SCHEDULING ORDER**

This case is set for trial before the Honorable John W. Holcomb in Courtroom 9D, Ronald Reagan Federal Building and U.S. Courthouse, 411 W. 4th Street, Santa Ana, California.

## I. PRE-TRIAL AND TRIAL DEADLINES

| EVENT | DATE/DEADLINE |
|---|---|
| **Jury Trial** (Monday at 9:00 a.m.) | Monday, April 13, 2026<br><br>5 days |
| **Final Pretrial Conference** [L.R. 16] (Friday at 1:00 p.m.) | Friday, March 27, 2026 |
| **Hearing on Motions *In Limine*** (Friday at 9:00 a.m.) | Friday, March 20, 2026 |

| EVENT | DATE/DEADLINE |
|---|---|
| **Last Date to Hear Dispositive Motions** (Friday at 9:00 a.m.) | Friday, February 13, 2026 |
| **Last Date to Conduct Settlement Conference** | Friday, January 2, 2026 |
| **All Discovery Cut-Off** (including hearing all discovery motions) | Friday, December 5, 2025 |
| **Expert Disclosure** (Rebuttal) | Friday, November 21, 2025 |
| **Expert Disclosure** (Initial) | Friday, November 7, 2025 |

## II.  AMENDING PLEADINGS AND ADDING PARTIES

There is no separate deadline for the parties to amend their pleadings or to add parties.  Parties who wish to amend pleadings or to add parties shall comply with Rule 15(a)(1) or (2) and, if applicable, Rule 16(b)(4) of the Federal Rules of Civil Procedure, as well as L.R. 15-1 through L.R. 15-3 and L.R. 16-14.

## III.  MOTIONS

### A.    Schedule and Procedures

Judge Holcomb hears motions in civil cases, through in-person appearances, on Fridays at 9:00 a.m.  The cut-off date for hearing motions is the last day on which motions will be heard; *i.e.*, the motion must be filed at least 28 days before the deadline in accordance with the requirements of L.R. 6-1.  *A copy of every motion-related document filed (including documents pertaining to claim construction hearings in patent cases) must be delivered to the chambers drop box outside Courtroom 9D or transmitted to chambers via FedEx, UPS, or other overnight delivery service (the "Mandatory Chambers Copy").*  The cut-off date applies to all non-discovery motions except motions directly related to the conduct of trial (*e.g.*, motions *in limine* and motions to sever parties or to bifurcate issues for trial).

**CIVIL MINUTES—GENERAL**      Initials of Deputy Clerk pd

The parties are also reminded about their obligation to comply with L.R. 7-3, which requires a Conference of Counsel at least seven days before a party files most types of motions.  The Court may deny a motion *sua sponte* if the moving party fails to comply strictly with L.R. 7-3.

## B.    Motions for Summary Judgment

The Court employs special procedures for summary judgment motions, including the parties' preparation of a mandatory ***Joint Exhibit*** and ***Joint Statement of Undisputed Facts and Genuine Disputes***.  The parties and their counsel are directed to the Standing Order for a full explanation.

The Court reminds the parties that the cut-off date for hearing dispositive motions (*i.e.*, summary judgment motions) is the last day on which motions will be ***heard***, not ***filed***.  The Court encourages parties to confer early and often regarding anticipated summary judgment motions and, when appropriate, to file a stipulation and proposed order to set a briefing schedule that provides the parties with more time between filing and opposition, and between opposition and reply, than the one week that is provided under L.R. 6-1, 7-9, and 7-10.

## C.    Motions *in Limine*

All motions *in limine* (including *Daubert* motions) and other trial-related motions must be filed at least 28 days before the Final Pretrial Conference and properly noticed for hearing ***one week before the date of the Final Pretrial Conference***.  Oppositions to motions *in limine* are due 21 days before the Final Pretrial Conference (*i.e.*, 14 days before the hearing on motions *in limine*).  Replies will not be accepted.

Counsel shall meet and confer thoroughly, in accordance with L.R. 7-3, in an effort to limit or eliminate the need for such trial-related motions.  Memoranda of Points and Authorities in support of or in opposition to motions *in limine* shall not exceed 10 pages.  Motions shall not be compound; *i.e.*, each motion shall address only one item of evidence or witness.  If common grounds for exclusion or admission apply to multiple items of evidence or witnesses, each motion shall address only one category of evidence or witnesses.  Motions *in limine* should not be disguised motions for summary judgment or summary adjudication.

**CIVIL MINUTES—
GENERAL**            Initials of Deputy Clerk pd

## D.     Withdrawal and Non-Opposition of Motions

All parties and counsel must comply with L.R. 7-16, which provides as follows:

> Any moving party who intends to withdraw the motion before the hearing date shall file and serve a withdrawal of the motion, not later than seven (7) days preceding the hearing.  Any opposing party who no longer intends to oppose the motion, shall file and serve a withdrawal of the opposition, not later than seven (7) days preceding the hearing.

Failure to comply with this notification requirement may result in the imposition of sanctions on the offending counsel or party.

If a defendant files a motion to dismiss a complaint and the plaintiff subsequently amends that complaint, then the defendant shall file a Notice of Withdrawal of its motion to dismiss in accordance with L.R. 7-16, without waiting for the plaintiff or the Court to take action on the motion.

## IV.  DISCOVERY

Counsel shall initiate all discovery other than depositions at least **45 days** before the cut-off date.  The Court will not approve stipulations between counsel that permit responses to be served after the cut-off date except in unusual circumstances and for good cause shown.

All depositions must be completed by the discovery cut-off deadline. Counsel shall lodge all original depositions that will be used in trial with the Courtroom Deputy Clerk on the first day of trial.

Counsel are expected to resolve discovery problems without the assistance of the Court.  Discovery disputes have been referred to the Magistrate Judge assigned to this case.  The discovery cut-off is the last date to **complete** discovery, including expert discovery.  It is also the last day for hearing any discovery motion.

If not separately set forth above, the required expert disclosures shall be made **70 days** before the discovery cut-off date.

**CIVIL MINUTES—
GENERAL**                     Initials of Deputy Clerk pd

## V.  SETTLEMENT PROCEDURES

Counsel must complete a settlement conference under the Court-Directed ADR Program (L.R. 16-15.4) no later than the date set by the Court above.  If the parties desire to participate in an ADR procedure other than that elected in the Rule 26(f) Scheduling Report and Order, they shall file a stipulation with the Court.  This request will not necessarily be granted.

Counsel shall include in the proposed Pretrial Conference Order a status report detailing what procedure has been followed and the status of settlement efforts.  The case may not proceed to trial unless all parties, including the principals of all corporate parties, have appeared personally at a settlement conference and have complied with L.R. 16-15.5.

If a settlement is reached, it shall be reported immediately to this Court as required by L.R. 16-15.7.  ***In all cases set for jury trial, the parties must notify the Court, no later than the Wednesday preceding the Monday trial date, of any settlement, so that the necessary arrangements can be made to bring in a different case for trial or to notify the members of the public who would otherwise be reporting for jury duty that their services are not needed that date.  Failure to comply with this notification requirement may result in the imposition of sanctions on counsel for one or more parties, or their clients, or both.***

## VI.  FINAL PRETRIAL CONFERENCE

The Court will conduct a Final Pretrial Conference pursuant to Rule 16 of the Federal Rules of Civil Procedure and L.R. 16-1 on the date and time listed above.  Each party appearing in this action shall be represented at the Final Pretrial Conference and at all pretrial meetings by its lead trial counsel.  Counsel should be prepared to discuss streamlining the trial, including the presentation of testimony by deposition excerpts, time limits, stipulations regarding undisputed facts, and the qualification of experts by admitted resumes.  In rare cases where the Pretrial Conference is waived by the Court, counsel must follow L.R. 16-11.  This Court does not exempt *pro per* parties from the requirements of L.R. 16.

**CIVIL MINUTES—
GENERAL**

Initials of Deputy Clerk pd

# VII.  MATTERS TO BE DISCUSSED AT THE FINAL PRETRIAL CONFERENCE

Counsel shall be prepared to discuss the following matters with the Court at the Pretrial Conference:

- the witnesses all parties intend to call during their respective cases, and the amount of time necessary for direct and cross examination of each witness;

- any anticipated problems in scheduling witnesses;

- any evidentiary issues, including anticipated objections under Rule 403 of the Federal Rules of Evidence, and objections to exhibits;

- jury selection procedures;

- all pretrial motions, including motions *in limine* and motions to bifurcate and to sever (which, as noted above, must be set for hearing at least one week before the Pretrial Conference);

- any disputed jury instructions, and the form of the instructions that will be given to the jury at the outset of the case, i.e., before opening statements and presentation of evidence;

- whether any counsel intends to use any evidence or demonstrative aid in opening statement; and

- motions to exclude witnesses from the courtroom during trial testimony.

If counsel for any party needs to arrange for the installation of their own equipment, such as video monitors, notebooks, or projection equipment, counsel shall notify the Courtroom Deputy Clerk no later than 4:00 p.m. on the Wednesday before trial so that the necessary arrangements can be made.

# VIII.  PRETRIAL FILINGS

Counsel shall submit carefully prepared Memoranda of Contentions of Fact and Law (which may also serve as the trial briefs) and proposed Pretrial Conference Orders in accordance with the provisions of L.R. 16–4 through 16–7.  The form of

the proposed Pretrial Conference Order shall be in conformity with the form set forth in Appendix A to the Local Rules.

The filing schedule for pretrial documents is as follows:

**A.    At Least 28 Days before Final Pretrial Conference**

- Motions *in limine* (which, as noted above, must be set for hearing at least one week before the Pretrial Conference)[1]

**B.    At Least 21 Days before Final Pretrial Conference**

- Memorandum of contentions of fact and law

- Witness lists

- Joint exhibit list

- Oppositions to motions *in limine* (which, as noted above, must be set for hearing at least one week before the Pretrial Conference)

**C.    At Least 14 Days before Final Pretrial Conference**

- Proposed Final Pretrial Conference Order

- Proposed jury instructions and any objections thereto

- Proposed verdict forms

- Statement of the case

- Proposed *voir dire* questions, if desired

**D.    At Least 7 Days before Trial:**

- Trial briefs, if desired.

---

[1]    In rare instances, the Court will set the deadline for hearing motions *in limine* for a date other than one week before the Final Pretrial Conference.  In those instances, motions *in limine* are due no later than 21 days before the hearing, and oppositions are due no later than 14 days before the hearing.

**CIVIL MINUTES— GENERAL**    Initials of Deputy Clerk pd

In drafting the Proposed Final Pretrial Conference Order, counsel shall make a good faith effort to agree on, and to set forth, as many uncontested facts as possible. The Court may read the uncontested facts to the jury at the start of the trial.

In drafting the factual issues in dispute for the Proposed Final Pretrial Conference Order, the issues of fact should track the elements of a claim or defense upon which the jury would be required to make findings. Counsel should attempt to state issues in ultimate fact form, not in the form of evidentiary fact issues (*i.e.*, "was the defendant negligent?"; "was such negligence the proximate cause of injury to the plaintiff?"; "was the plaintiff negligent?"; ***not***, "was the plaintiff standing on the corner of 5th Street and Spring Avenue at 10:00 a.m. on May 3?"). Counsel may list sub-issues under the headings of ultimate fact issues, but shall not use this as a device to list disputes over evidentiary matters.

Issues of law should state legal issues upon which the Court will be required to rule after the Pretrial Conference, including during the trial, and should not list ultimate fact issues to be submitted to the trier of fact.

Each party shall list and identify its respective expert witnesses, if any. Failure of a party to list and identify an expert witness in the Proposed Final Pretrial Conference Order shall preclude a party from calling that expert witness at trial.

## E.    Exhibit and Witness Lists

Counsel are directed to prepare their exhibits by placing them in three-ring binders that are tabbed down the right side with exhibit numbers. The spine portion of the binder shall indicate the volume number and shall contain an index of each exhibit included in the volume. The binders are to be prepared with an original for the Courtroom Deputy Clerk, which shall be tagged with the appropriate exhibit tags in the upper right-hand corner of the first page of each exhibit, and two copies for the Court (the "Judge's binders"). Each binder shall contain an index of the included exhibits. The exhibits are to be numbered in accordance with L.R. 26-3.

The Court requires the following to be submitted to the Courtroom Deputy Clerk on the first day of trial:

**CIVIL MINUTES—
GENERAL**

Initials of Deputy Clerk pd

- The original exhibits with the Court's exhibit tags.  The parties shall use yellow tags for Plaintiff and blue tags for Defendant, which shall be stapled to the front of the exhibit on the upper right corner with the case number, case name, and exhibit number placed on each tag.  Counsel can obtain exhibit tags at the Clerk's Office.  Exhibit Tags (Plaintiff & Defendant, form G-014) are also available on the Court's  website, under "Court Procedures," "Forms."

- Two Judge's binders with a copy of each exhibit for use by the Court, tabbed with numbers as described above.  (Court's exhibit tags not necessary.)

- Four copies of the exhibit index.

  The exhibit index shall be in the following form:

| Case No. | Case Name: | | |
|---|---|---|---|
| Exhibit No. | Description | Date Identified | Date Admitted |
| 3 | 1/30/2005 Letter from Doe to Roe | | |

- Four copies of witness lists in the order in which the witnesses may be called to testify.

  The witness lists shall be in the following form:

| Case No. | Case Name: |
|---|---|
| Witness Name | Date Called to Testify |
| 1.  John Doe | |
| 2.  Jane Roe | |

All counsel shall meet no later than *10 calendar days* before trial and shall stipulate to the extent possible regarding foundation, waiver of the best evidence

**CIVIL MINUTES— GENERAL**   Initials of Deputy Clerk pd

rule, and admission into evidence of exhibits at the start of trial. The exhibits to be received will be noted on the extra copies of the exhibit lists.

## IX. COURT REPORTER

At least seven days before the commencement of trial, counsel for the parties shall provide the court reporter with a list of unusual words, phrases, and spellings that may come up during trial. This information should be emailed to Court Reporter Services at ReportersCACD@cacd.uscourts.gov.

## X. JURY INSTRUCTIONS

*Fourteen calendar days* prior to the L.R. 16-2 Meeting of Counsel, counsel shall exchange proposed jury instructions and special verdict forms (if applicable). *Seven calendar days* prior to the L.R. 16-2 meeting, counsel shall exchange any objections to the instructions and special verdict forms. Prior to or at the time of the L.R. 16-2 meeting, counsel shall meet and confer with the goal of reaching agreement regarding one set of joint, undisputed jury instructions and one special verdict form.

The parties shall file proposed jury instructions *fourteen calendar days* before the Final Pretrial Conference. As always, the parties must submit Mandatory Chambers Copies to the Court. In addition, the parties must submit electronic versions (in Word format) to the Court at the following e-mail address: JWH_Chambers@cacd.uscourts.gov.

As noted above, the parties must act jointly to submit proposed jury instructions. The parties must submit one set of agreed upon jury instructions. At the same time, the parties must submit another set of jury instructions containing the instructions upon which the parties disagree and the objections to those instructions. Where the parties disagree on an instruction, the party opposing the instruction must attach a short (*i.e.*, one to two paragraphs) statement supporting the objection and the party submitting the instruction must attach a short statement supporting the instruction. Each statement should be on a separate page and should follow directly after the disputed instruction.

**CIVIL MINUTES—
GENERAL**                    Initials of Deputy Clerk pd

Accordingly, the parties ultimately will submit one document or, if the parties disagree over any proposed jury instructions, two documents. If the parties submit two documents, those documents should consist of: (1) a set of agreed upon jury instructions; and (2) a set of disputed jury instructions along with reasons supporting and opposing each disputed instruction.

Where the ***Manual of Model Civil Jury Instructions for the Ninth Circuit*** provides a version of a requested instruction, the parties should submit the Model instruction. Where California law applies, the Court prefers counsel to use JUDICIAL COUNCIL OF CALIFORNIA, CIVIL INSTRUCTIONS—("CACI"). If neither of the above sources has an instruction on the subject, counsel are directed to consult the current edition of O'Malley, et al., FEDERAL JURY PRACTICE AND INSTRUCTIONS. Each requested instruction (a) shall cite the authority or source of the instruction; (b) shall be set forth in full; (c) shall be on a separate page; (d) shall be numbered; (e) shall cover only one subject or principle of law; and (f) shall not repeat principles of law contained in any other requested instruction.

The Court will send a copy of the jury instructions into the jury room for use by the jury during deliberations. Accordingly, in addition to the file copies described above, the parties shall file with the Courtroom Deputy Clerk and shall email to chambers on the first day of the trial a "clean set" of joint and/or proposed jury instructions that contain only the text of each instruction set forth in full on each page, with the caption "Court's Instruction Number __" (eliminating titles, supporting authority, indication of party proposing, etc.). This version will be referred to as the "Jury Copy" of the jury instructions.

An index page shall accompany all jury instructions submitted. The index page shall indicate the following:

- The number of the instruction;

- A brief title of the instruction;

- The source of the instruction and any relevant case citations; and

CIVIL MINUTES— GENERAL

Initials of Deputy Clerk pd

- The page number of the instruction.

EXAMPLE:

| Number | Title | Source | Page |
|--------|-------|--------|------|
| 1 | Burden of Proof | 9th Cir. 12.02 | 7 |

## XI.  JOINT STATEMENT OF THE CASE

Counsel shall prepare a joint statement of the case which will be read by the Court to the prospective panel of jurors prior to the commencement of *voir dire*. The statement should not be longer than three paragraphs.  The statement shall be filed with the Court fourteen calendar days before the Final Pretrial Conference.

## XII.  TRIAL

The Court sets firm trial dates.  Counsel shall arrive at the Courtroom ***not later than 8:30 a.m.*** each day of trial.  The Court reserves the time from ***8:30 to 9:00 a.m.*** to handle legal and administrative matters outside the presence of the jury.  The trial will commence promptly at 9:00 a.m.  Counsel shall anticipate matters that may need discussion or hearing outside the presence of the jury and to raise them during this period.

The Court is in session with the jury on ***Mondays through Thursdays, 9:00 a.m. to 5:00 p.m., with a morning and an afternoon break and a lunch recess from approximately 12:00 noon to 1:00 p.m.***  In most instances, jury selection is completed on the first morning of trial, and counsel should be prepared to give opening statements and to begin their presentation of evidence immediately thereafter.

All counsel shall observe the following practices during trial:

- All counsel and parties shall rise when the jury enters and leaves the courtroom.

- Counsel shall stand when addressing the Court, including when objecting to opposing counsel's questions.

**CIVIL MINUTES— GENERAL**   Initials of Deputy Clerk pd

- When objecting, counsel shall state only "objection" and the legal ground for the objection (*e.g.*, hearsay, irrelevant, etc.). Counsel shall refrain from arguing the legal basis for the objection unless and until permission is granted to do so. Counsel shall instruct their witnesses to refrain from answering a question while an objection is pending.

- Counsel must seek leave to approach the Courtroom Deputy Clerk or the witness and shall question witnesses while standing at the lectern.

- Counsel shall not address or refer to witnesses or parties by first names alone, with the exception of witnesses under 14 years old.

- Counsel shall not discuss the law or argue the case in opening statements.

- Counsel shall address all remarks to the Court and shall not directly address the Courtroom Deputy Clerk, the Court Reporter, opposing counsel, or the jury (except in opening statement and closing argument and during *voir dire*). Counsel must ask the Court for permission to talk off the record in order to speak with opposing counsel.

- Counsel shall not make an offer of stipulation unless he or she has conferred with opposing counsel and believes that the stipulation will be accepted.

- While Court is in session, counsel may not leave the counsel table to confer with witnesses, colleagues, or assistants elsewhere in the courtroom unless the Court grants permission to do so in advance.

- Where a party has more than one lawyer, only one may conduct the direct or cross-examination of a particular witness or make objections with respect to that witness.

- If a witness was on the stand before a recess or adjournment, counsel shall have the witness back on the stand and ready to proceed when Court resumes.

- If there is more than a brief delay between witnesses, the Court may deem that the party has rested.

- The Court attempts to cooperate with witnesses and will, except in extraordinary circumstances, accommodate them by permitting them to be

**CIVIL MINUTES— GENERAL**     Initials of Deputy Clerk pd

examined out of sequence.  Counsel should discuss any scheduling issues with opposing counsel.  If there is an objection, counsel shall confer with the Court in advance.

## XIII.  BENCH TRIALS

*Twenty-one calendar days* before the trial date, each party shall prepare and serve on opposing counsel copies of the proposed Findings of Fact and Conclusions of Law.  Each party shall review the other party's proposed Findings and Conclusions and make such changes in the party's own proposed Findings and Conclusions as necessary following such review.  *Fourteen calendar days* before the trial date, each party shall lodge two copies of its proposed Findings of Fact and Conclusions of Law with the Court, also serving other parties if changes have been made.  The parties shall be prepared to submit to the Court, and to exchange among themselves, supplemental Findings of Fact and Conclusions of Law during the course of the trial.

## XIV.  WEBSITE

Counsel are encouraged to review the Central District's website for additional information:  www.cacd.uscourts.gov.

The Courtroom Deputy Clerk is **DIRECTED** to serve a copy of this Order personally, electronically, or by mail on counsel for all parties to this action.

**IT IS SO ORDERED.**

Initials of Deputy Clerk pd

# EXHIBIT B

1   L. GEOFFREY LEE (SBN: 234024)
    glee@grsm.com
2   ANAFRANCESCA Y. COMUNALE (SBN: 323257)
    acomunale@grsm.com
3   GORDON REES SCULLY MANSUKHANI, LLP
    101 West Broadway, Suite 2000
4   San Diego, CA  92101
    Telephone: (619) 230-7418
5   Facsimile: (619) 696-7124

6   Attorneys for Defendants

7   RUBEN D. ESCALANTE (SBN: 244596)
    ruben@aclientpc.com
8   ROBERT A. ESCALANTE (SBN: 270629)
    robert@aclientpc.com
9   A CLIENT PC
    440 N Barranca Ave PMB 9496
10  Covina, California 91723
    Telephone: (310) 431-9687
11
    JEFF T. OLSEN (SBN: 283249)
12  jeff@olsenws.com
    OLSEN WORKPLACE SOLUTIONS PC
13  18012 Cowan, Ste 200
    Irvine, CA 92614
14  Telephone: (949) 232-0455

15  Attorneys for Plaintiff

16

17                  UNITED STATES DISTRICT COURT

18                  CENTRAL DISTRICT OF CALIFORNIA

19

20  ASHLEY FRAGALE, an individual,      ) CASE NO.:  8:25-cv-00994 JWH (ADSx)
                                        )
21                      Plaintiff,      )
                                        )
22          vs.                         ) **JOINT STIPULATION FOR**
                                        ) **PLAINTIFF'S INDEPENDENT**
23  RISC POINT ADVISORY GROUP LLC;      ) **MENTAL EXAMINATION**
    RISC POINT ASSURANCE, LTD; RISC     )
24  POINT HOLDINGS, INC.; JACOB NIX, and )
    DOES 1 through 10, inclusive,       )
25                                      )
                        Defendants.     )
26                                      )
                                        )
27                                      )
                                        )
28                                      )

STIPULATION FOR PLAINTIFF'S INDEPENDENT MENTAL EXAMINATION

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

Pursuant to Federal Rules of Civil Procedure 35, the parties hereby stipulate, by and through their respective counsel of record, to the independent mental examination of Plaintiff ASHLEY FRAGALE ("Plaintiff") as follows:

1.    Plaintiff agrees to submit to a mental examination to be performed by psychiatrist Dr. _____. The examination will commence at _____a.m. on November __, 2025 at Dr. _____ office.

2.    This examination shall be of the Plaintiff's current mental state only, but it may include the review and analysis of any medical or personal history that the expert reasonably believes, in his/her professional opinion, is relevant to the evaluation of Plaintiff's current mental state.

3.    Dr. _____ will conduct psychological/psychiatric testing and will complete a thorough psychiatric examination to (1) evaluate the nature and extent of Plaintiff's current mental condition in light of the allegations in the Complaint and Plaintiff's deposition testimony in the above-referenced matter; (2) understand the origin, nature, and severity of Plaintiff's alleged mental health injuries, and (3) offer opinions of prognosis and future treatment needs, if applicable.  In accordance with his reasonable and customary practice, the psychiatric examination will span approximately four to six hours, excluding breaks.

4.    The psychiatric examination will consist of an interview, current mental status examination, and appropriate, generally accepted standardized psychological testing and screening cognitive assessment.

5.    The psychiatric interview may cover topics relevant to Plaintiff's current mental state, including background information; the reported circumstances of onset of the alleged emotional injury or injuries; and how those symptoms have unfolded over time to the present, including any other assessments, treatment, or functional impairment.

6.    The inquiry into Plaintiff's background also may include developmental history, education, employment, social and marital history, legal history (such as disability claims, if any), medical history relevant to Plaintiff's current mental status, prior psychiatric history, substance use only to the extent relevant to Plaintiff's current mental state, and family history.

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

Dr. _____ may elicit from Plaintiff an account of the onset and course of her current emotional problems related to the alleged conduct of the Defendants, culminating in a review of current psychiatric and physical complaints.

7.      The examination may also include an evaluation of etiology, and conditions, injuries and diagnoses existing during Plaintiff's employment with Defendant. Dr. _____ will obtain additional history as is required based on the information provided by Plaintiff, and based on the claims asserted in this litigation.

8.      Dr. _____ may administer standardized and customarily used and identified in Paragraph 19.  These tests may be administered on the same date as the interview or on a different date if Plaintiff deems it necessary.

9.      The examination will be audiotaped and no third parties, including chaperones, family members, or Plaintiff's counsel will be permitted to be present during the psychiatric examination or testing.

10.      Plaintiff understands that she will be charged a cancellation fee if she or her counsel of record cancel the examination with less than three (3) business days, or if she fails to show up for the examination.

11.      No invasive, painful or protracted procedures or treatment will be involved.

12.      The parties further agree that a facsimile copy of any counsel's signature on this Stipulation shall be binding as an original for all purposes relating to this Stipulation.  All persons executing this Stipulation hereby acknowledge that they have full authority to do so on behalf of their respective clients.

13.      Plaintiff agrees to arrive on time for her examination and to cooperate with the examination.  If Plaintiff arrives later than the agreed upon examination start time, that time may be made up at the end of the examination.  Except in an emergency, Plaintiff agrees to provide a minimum of 24 hours of notice to reschedule the examination.  Plaintiff also agrees to bring with her any glasses or hearing aids that he needs for the oral interview and written testing.

14.      No defense counsel or any representative thereof (except Dr. _____ and permanent and conventional staff members, e.g., nurses, technicians, and other persons

STIPULATION FOR PLAINTIFF'S INDEPENDENT MENTAL EXAMINATION

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

1   normally employed by the examiner) may attend the examination.  Plaintiff reserves the right to

2   request identification of any person(s), including regular staff members, seeking to attend any

3   portion of the examination and/or to exclude any unqualified persons during any part of the

4   examination.

5         15.    Defendants stipulate that no other defense psychological examinations will be

6   demanded or requested absent a court order regarding same.

7         16.    Dr. _____ will be limited to assessing Plaintiff's present mental state

8   and/or complaints of Plaintiff's present psychological pain and suffering (or lack thereof),

9   though the assessment also requires a review of relevant medical or personal history.  In this

10  regard, Dr. _____ may be provided by Defendants with any records, depositions,

11  responses to other discovery, or other things which Defendants deem necessary to provide Dr.

12  _____ with any history.

13        17.    Questions regarding Plaintiff's medical or personal history shall be asked only

14  orally.  Such questions shall be asked only if Dr. _____ reasonably believes, in his

15  professional opinion, that any such questions are relevant to Plaintiff's present mental state and

16  condition.

17        18.    Plaintiff will not be asked questions about her sexual conduct, experience or

18  history.  However, Plaintiff may be asked questions about past or present relationships if Dr.

19  _____ deems such questions relevant to his assessment of Plaintiff's current mental

20  condition and the allegations pertaining to same in this lawsuit.

21        19.    The parties agree that the full and entire scope of this examination shall consist of

22  a clinical interview and the following psychological tests: the Minnesota Multiphasic Personality

23  Inventory Third Edition ("MMPI-3"), Million Clinical Multiaxial Inventory Fourth Edition,

24  Personality Assessment Inventory, and Structured Interview of Malingered Symptoms.  The

25  parties agree that these psychological tests will be conducted only once during this examination.

26        20.    Except the specific written tests mentioned in paragraph 13, Plaintiff shall not be

27  required or requested to answer any written questions or questionnaire or prepare or sign any

28  writing, other than a document to confirm that the person appearing for the exam is, in fact, the

1  Plaintiff.

2      21.    Plaintiff will not assume financial responsibility for any of the medical billings

3  arising as a result of this Medical Examination nor will Plaintiff execute an assignment of

4  benefits form.

5      22.    Other than arriving at, parking at, and leaving from this examination location,

6  Plaintiff will not be responsible for any costs associated with this examination.

7      23.    Dr. _____ agrees to make an audio recording of the entire

8  examination, except during the psychological testing to protect the test questions from

9  dissemination into the public domain.  Dr. _____ shall provide a copy of the

10  recording to Defendants' counsel within 10 business days of the examination.  Defendants'

11  counsel shall provide a copy of the recording to Plaintiff's counsel within five (5) business days

12  of its receipt of the copy from Dr. _____.

13      24.    Absent a true and unavoidable medical emergency, or similar exigencies,

14  explained to the Plaintiff at the scheduled time of the examination, the examination itself will

15  commence promptly – not later than _____a.m. on November __, 2025. If the examination

16  has not started by that time on that day, absent some true and unavoidable medical emergency, or

17  similar exigencies, the examination will be deemed to have been completed, and Plaintiff may

18  leave.

19      25.    Defendants' counsel represents: (1) that it has confirmed that the examiner is in

20  the appropriate medical specialty for the examination in this case; (2) that the examiner is

21  qualified to conduct this examination within that area of medical specialty; and (3) that this is an

22  appropriate time within the course of the litigation to conduct this examination.

23      26.    This agreement represents the entire and complete scope of the agreement

24  between Plaintiff and Defendants for the Independent Medical Examination of the Plaintiff.  No

25  oral or implied statements or representations are part of this agreement. This agreement may be

26  modified or changed only upon the express written statement of all parties to this agreement.

27

28

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

1   **IT IS SO STIPULATED.**

2

3   Dated:                                    ACLIENT PC
                                              OLSEN WORKPLACE SOLUTIONS PC
4

5

6                                            By: _____

7                                                  Ruben D. Escalante

8                                                  Robert A. Escalante
                                                   Jeff T. Olsen
                                                   Attorneys for Plaintiff,
9                                                  ASHLEY FRAGALE

10

11  Dated:                                    GORDON REES SCULLY MANSUKHANI, LLP

12

13                                           By: _____

14                                                 L. Geoffrey Lee
                                                   Anafrancesca Y. Comunale
15                                                 Attorneys for Defendants,
                                                   RISC POINT ADVISORY GROUP, LLC;
                                                   RISC POINT ASSURANCE, LTD.; RISC
16                                                 POINT HOLDINGS, INC.; JACOB NIX

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION FOR PLAINTIFF'S INDEPENDENT MENTAL EXAMINATION

*(left margin)* Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

# EXHIBIT C

Ruben D. Escalante (Cal. Bar No. 244596)
Robert A. Escalante (Cal. Bar No. 270629)
ACLIENT PC
440 N Barranca Ave PMB 9496
Covina, California 91723
Telephone: (310) 431-9687
Email: ruben@aclientpc.com

Jeff T. Olsen (Cal. Bar No. 283249)
OLSEN WORKPLACE SOLUTIONS PC
18012 Cowan, Ste 200
Irvine, California 92614
Telephone: (949) 232-0455
Email: jeff@olsenws.com

Attorneys for Plaintiff
ASHLEY FRAGALE

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY FRAGALE, <br><br> Plaintiffs, <br><br> vs. <br><br> RISC POINT ADVISORY GROUP LLC; RISC POINT ASSURANCE, LTD; RISC POINT HOLDINGS, INC.; JACOB NIX; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: 8:25-cv-00994 JWH (ADSx) <br><br> **[DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE AUTUMN D. SPAETH]** <br><br> **DECLARATION OF RUBEN ESCALANTE REGARDING DEFENDANTS' MOTION TO COMPEL MENTAL EXAMINATION OF PLAINTIFF** <br><br> Date:        December 3, 2025 <br> Time:        10:00am <br> Location:    Courtroom 6B <br><br> <u>Discovery Cut-off Date</u>: December 5, 2025 <br> <u>PreTrial Conference Date</u>: March 27, 2026 <br> <u>Trial Date</u>: April 13, 2026 |

<u>DECLARATION OF RUBEN ESCALANTE</u>

I, Ruben Escalante, do declare as follows:

1.       I am a partner in the law firm ACLIENT PC, attorneys of record for Plaintiff. I have personal knowledge of the facts herein, unless otherwise stated, and if called as a witness to testify thereto under oath, I could competently do so.

2.       Prior to sending the Joint Stipulation to Plaintiff, the only efforts I recall Defendants making to meet and confer regarding the mental examination issue was sending a letter to me and an incomplete proposed stipulation that did not disclose the name of the proposed examiner. In response to this correspondence, I arranged a time to speak with Defendants' counsel the next business day; however, before this call took place Defendants represented they were changing counsel and that their counsel was uncertain about their ability to enter into agreements. In light of these representations and before the call took place, I canceled the call in writing. A true and correct copy of supporting correspondence, without attachments, is attached hereto as Exhibit 1.

3.       Defendants' counsel attempted to call anyway, but the call never happened because I previously canceled it. I reminded Defendants that the call did not occur because of their counsel's prior representations and invited their new counsel to reach out. Instead of having new counsel reach out to meet and confer or represent that they in fact had the authority to enter into agreements on behalf of any defendant (i.e., meet and confer in good faith), their counsel served the Joint Stipulation that started the motion to compel process. A true and correct copy of supporting correspondence, without attachments, is attached hereto as Exhibit 2.

4.       Based on my review of Plaintiff's deposition transcript, the portions where Plaintiff discloses diagnoses, medications, and the identity of the doctor who prescribed medication and gave a diagnosis is included in a portion designated as Confidential pursuant the Protective Order. In Plaintiff's initial disclosures and in

another portion of the transcript, Plaintiff identifies the same doctor, but does not disclose any specific diagnosis or medication prescribed. Defendants have not confirmed they will submit the brief to the Court pursuant to the Protective Order in this case and the Local Rules; and Plaintiff does not authorize its filing.

5.    On November 3, 2025, the meet and confer with new counsel took place. Mr. Olsen and I appeared for this call and held a telephonic meet and confer with new counsel of record for RISC Point Advisory Group LLC (who represented that she expected to be the only counsel of record for all the remaining defendants shortly). During this call, I disclosed some of my concerns with the Joint Stipulation. Following that call, I sent correspondence that offered a compromise. A true and correct copy of this correspondence, without attachments, is attached hereto as Exhibit 3.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 4th day of November 2025, in Fairfield, CA.

_____

Ruben Escalante

**DECLARATION OF RUBEN ESCALANTE**

Exhibit 1

| | |
|---|---|
| **From:** | ruben@aclientpc.com |
| **To:** | "Geoff Lee" |
| **Cc:** | "Jeff Olsen"; "Anafrancesca Comunale"; ruben@aclientpc.com |
| **Subject:** | RE: Fragale v. Risc Point -- stipulation for IME |
| **Date:** | Friday, October 24, 2025 6:31:32 PM |

Counsel,

Again, given it appears you are not able to enter stipulations, I will wait for new counsel to reach out to schedule a time to confer with me on the issue in your email re a mental exam.

Respectfully,

**Ruben Escalante**
Partner

ACLIENT PC

440 N Barranca Ave PMB 9496
Covina, California 91723
(310) 431-9687

---

**From:** ruben@aclientpc.com <ruben@aclientpc.com>
**Sent:** Friday, October 24, 2025 4:51 PM
**To:** 'Geoff Lee' <glee@grsm.com>
**Cc:** 'Jeff Olsen' <jeff@olsenws.com>; 'Anafrancesca Comunale' <acomunale@grsm.com>; ruben@aclientpc.com
**Subject:** RE: Fragale v. Risc Point -- stipulation for IME

Mr. Lee,

I'm available at 10 a.m. Are you planning to respond to any of my attached emails, which also requested a response? It is not too late to avoid a motion to amend, which would save Court resources during a time when they are particularly scarce, particularly when the record clearly supports it (e.g., recent testimony which gives rise to new claims). Please let me know.

Respectfully,

**Ruben Escalante**
Partner

ACLIENT PC

440 N Barranca Ave PMB 9496

Covina, California 91723
(310) 431-9687

---

**From:** Geoff Lee <glee@grsm.com>
**Sent:** Friday, October 24, 2025 3:41 PM
**To:** Ruben Escalante <ruben@aclientpc.com>
**Cc:** 'Jeff Olsen' <jeff@olsenws.com>; Anafrancesca Comunale <acomunale@grsm.com>
**Subject:** Fragale v. Risc Point -- stipulation for IME

Hi Ruben

Please see attached.  Are you available for a call Monday 10 a.m.?

---

**L. GEOFFREY LEE**
Partner



**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 213.270.7861
**E:** glee@grsm.com  |  grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
633 West Fifth Street, 52nd Floor, Los Angeles, CA 90071

---

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

| | |
|---|---|
| **From:** | ruben@aclientpc.com |
| **To:** | "Geoff Lee"; "Jeff Olsen" |
| **Cc:** | "Anafrancesca Comunale" |
| **Subject:** | RE: Fragale v. Risc Point -- change of counsel |
| **Date:** | Friday, October 24, 2025 6:10:06 PM |

Mr. Lee,

When were you informed of the possibility that you would be substituted in as counsel?

Also, are you able to enter into agreements or not? I would have expected a simple response to my request for an amended complaint, not a request for a stipulation that doesn't set forth the grounds for the request (i.e., why an interpleader is appropriate and required).

Respectfully,

**Ruben Escalante**
Partner

ACLIENT PC

440 N Barranca Ave PMB 9496

Covina, California 91723

(310) 431-9687

---

**From:** Geoff Lee <glee@grsm.com>
**Sent:** Friday, October 24, 2025 4:54 PM
**To:** Ruben Escalante <ruben@aclientpc.com>; 'Jeff Olsen' <jeff@olsenws.com>
**Cc:** Anafrancesca Comunale <acomunale@grsm.com>
**Subject:** Fragale v. Risc Point -- change of counsel

Dear Ruben and Jeff,

I was just informed that my clients are going to substitute in Jackson & Lewis to take over this case from Gordon & Rees.

In the interim, I will continue to work with you in good faith to keep the case moving, but my authority to enter into stipulations will be uncertain and therefore limited.

My clients are also planning to bring an FRCP 14 Interpleader third party complaint against Matt Hibbler based on the First Amended Complaint's action for violation of the Intimate Images Act.  Leave of court is not typically required in this situation because the basis for interpleader is a brand new claim.  Yet it seems that a minority of courts strictly read FRCP 14's reference to "original answer" as the very first answer rather than the amended answer

necessitating the interpleader. As such, we would appreciate your agreeing that leave of court is not necessary in this situation.

Thanks,

---

**L. GEOFFREY LEE**
Partner



**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 213.270.7861
**E:** glee@grsm.com  |  grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
633 West Fifth Street, 52nd Floor, Los Angeles, CA 90071

---

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

Exhibit 2

| | |
|---|---|
| **From:** | ruben@aclientpc.com |
| **To:** | "Geoff Lee" |
| **Cc:** | "Jeff Olsen"; "Anafrancesca Comunale"; ruben@aclientpc.com |
| **Subject:** | RE: Fragale v. Risc Point -- stipulation for IME |
| **Date:** | Monday, October 27, 2025 4:15:24 PM |

Mr. Lee,

I received your message this morning. However, as set for the below (which I sent to you last week in light of your representations that you are being substituted out and that your ability to enter into stipulations is "uncertain" and "limited"), I am going to wait for new counsel who will actually be able to enter into and negotiate stipulations to meet and confer regarding the same. Please let the new attorney to reach out to me.

Respectfully,


**Ruben Escalante**
Partner

ACLIENT PC

440 N Barranca Ave PMB 9496
Covina, California 91723
(310) 431-9687

---

**From:** ruben@aclientpc.com <ruben@aclientpc.com>
**Sent:** Friday, October 24, 2025 6:32 PM
**To:** 'Geoff Lee' <glee@grsm.com>
**Cc:** 'Jeff Olsen' <jeff@olsenws.com>; 'Anafrancesca Comunale' <acomunale@grsm.com>; ruben@aclientpc.com
**Subject:** RE: Fragale v. Risc Point -- stipulation for IME

Counsel,

Again, given it appears you are not able to enter stipulations, I will wait for new counsel to reach out to schedule a time to confer with me on the issue in your email re a mental exam.

Respectfully,

**Ruben Escalante**
Partner

ACLIENT PC

440 N Barranca Ave PMB 9496

Covina, California 91723

(310) 431-9687

---

**From:** ruben@aclientpc.com <ruben@aclientpc.com>
**Sent:** Friday, October 24, 2025 4:51 PM
**To:** 'Geoff Lee' <glee@grsm.com>
**Cc:** 'Jeff Olsen' <jeff@olsenws.com>; 'Anafrancesca Comunale' <acomunale@grsm.com>; ruben@aclientpc.com
**Subject:** RE: Fragale v. Risc Point -- stipulation for IME

Mr. Lee,

I'm available at 10 a.m. Are you planning to respond to any of my attached emails, which also requested a response? It is not too late to avoid a motion to amend, which would save Court resources during a time when they are particularly scarce, particularly when the record clearly supports it (e.g., recent testimony which gives rise to new claims). Please let me know.

Respectfully,

**Ruben Escalante**
Partner

ACLIENT PC

440 N Barranca Ave PMB 9496

Covina, California 91723

(310) 431-9687

---

**From:** Geoff Lee <glee@grsm.com>
**Sent:** Friday, October 24, 2025 3:41 PM
**To:** Ruben Escalante <ruben@aclientpc.com>
**Cc:** 'Jeff Olsen' <jeff@olsenws.com>; Anafrancesca Comunale <acomunale@grsm.com>
**Subject:** Fragale v. Risc Point -- stipulation for IME

Hi Ruben

Please see attached.  Are you available for a call Monday 10 a.m.?

---

**L. GEOFFREY LEE**

Partner



**GORDON REES SCULLY MANSUKHANI**

**YOUR 50 STATE LAW FIRM™**

**D:** 213.270.7861

**E:** glee@grsm.com  |  grsm.com

101 W. Broadway, Suite 2000, San Diego, CA 92101

633 West Fifth Street, 52nd Floor, Los Angeles, CA 90071

---

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

**ruben@aclientpc.com**

| | |
|---|---|
| **From:** | Geoff Lee <glee@grsm.com> |
| **Sent:** | Tuesday, October 28, 2025 9:07 AM |
| **To:** | Ruben Escalante |
| **Cc:** | 'Jeff Olsen'; Anafrancesca Comunale |
| **Subject:** | Fragale v. Risc Point -- Motion to Compel Mental Exam |
| **Attachments:** | Joint Stipulation on Motion for DME(108088004.1).doc |

Dear Counsel

Attached please find the joint stipulation per Local Rule 37.  Please provide us your additions by November 4.  Thanks.

---

**L. GEOFFREY LEE**
Partner



**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 213.270.7861
**E:** glee@grsm.com  |  grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
633 West Fifth Street, 52nd Floor, Los Angeles, CA 90071

---

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

Exhibit 3

**ruben@aclientpc.com**

| | |
|---|---|
| **From:** | ruben@aclientpc.com |
| **Sent:** | Tuesday, November 4, 2025 12:15 PM |
| **To:** | Neda.DalCielo@jacksonlewis.com |
| **Cc:** | 'Jeff Olsen'; ruben@aclientpc.com |
| **Subject:** | FW: Fragale v. Risc Point -- Motion to Compel Mental Exam |
| **Attachments:** | Joint Stipulation on Motion for DME(108088004.1).doc |

Ms. Dal Cielo

Just following up on the below. Are defendants going to withdraw this motion pursuant to the compromise
below?

Respectfully,

**Ruben Escalante**
Partner

ACLIENT PC
440 N Barranca Ave PMB 9496
Covina, California 91723
(310) 431-9687

**From:** ruben@aclientpc.com <ruben@aclientpc.com>
**Sent:** Monday, November 3, 2025 5:41 PM
**To:** 'Dal Cielo, Neda N. (Silicon Valley)' <neda.dalcielo@jacksonlewis.com>
**Cc:** 'Jeff Olsen' <jeff@olsenws.com>; ruben@aclientpc.com
**Subject:** FW: Fragale v. Risc Point -- Motion to Compel Mental Exam

Ms. Dal Cielo,

Good evening. Thank you for the call today.

Here is the Joint Stipulation I mentioned regarding the mental examination. As I explained, there are
significant deficiencies with this motion. The parties did not meet and confer prior to this being sent to us, it
incorrectly represents Defendants' attempt to meet and confer, it incorrectly represents Plaintiff refused to
submit to an IME, it appears to be sent on behalf of the entity you now represent and a party you don't
represent, it contains information protected by the Protective Order in this case (e.g., the name of her
psychiatrist, diagnoses, medication, and reference to her medical file) and must follow the protocol for filing
documents under seal, and the proposed stipulation was deficient (e.g., did not contain the name of the
proposed examiner). I am letting you know of these issues in advance of our position being due as a courtesy
and to provide you with the opportunity withdraw this Stipulation/Motion to compel, so the parties can meet
and confer.

As I explained today, Plaintiff is willing to submit to an examination on agreeable terms, including disclosure of
the actual examiner. I invite you to provide a stipulation that you are comfortable with, including with the

1

examiner disclosed and that has been vetted by your expert (this way we are not fighting over terms that your expert doesn't care about); this way we can begin the meet and confer process. As a sign of good faith and in exchange for the withdraw of the motion, I will agree to go to an IDC within 5 days of your request should you determine you need Court intervention.

If this is acceptable, please let me know ASAP (but before 10 a.m. tomorrow) to avoid my response to the attached, which runs the significant risk of the Court denying the motion on procedural grounds and then Defendants not getting to take the exam altogether.

Respectfully,

**Ruben Escalante**
Partner

<span style="color:red">ACLIENT PC</span>
440 N Barranca Ave PMB 9496
Covina, California 91723
(310) 431-9687

---

**From:** Geoff Lee <glee@grsm.com>
**Sent:** Tuesday, October 28, 2025 9:07 AM
**To:** Ruben Escalante <ruben@aclientpc.com>
**Cc:** 'Jeff Olsen' <jeff@olsenws.com>; Anafrancesca Comunale <acomunale@grsm.com>
**Subject:** Fragale v. Risc Point -- Motion to Compel Mental Exam

Dear Counsel

Attached please find the joint stipulation per Local Rule 37.  Please provide us your additions by November 4.  Thanks.

---

**L. GEOFFREY LEE**
Partner



**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 213.270.7861
**E:** glee@grsm.com  |  grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
633 West Fifth Street, 52nd Floor, Los Angeles, CA 90071

---

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use,

dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this
communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com