L. GEOFFREY LEE (SBN: 234024)
glee@grsm.com
ANAFRANCESCA Y. COMUNALE (SBN: 323257)
acomunale@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 West Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-7418
Facsimile: (619) 696-7124

Attorneys for Defendant Jacob Nix

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| ASHLEY FRAGALE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>RISC POINT ADVISORY GROUP LLC; RISC POINT ASSURANCE, LTD; RISC POINT HOLDINGS, INC.; JACOB NIX, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 8:25-cv-00994 JWH (ADSx)<br><br>**APPLICATION TO LODGE UNDER SEAL IN SUPPORT OF DEFENDANT JACOB NIX'S MOTION TO COMPEL MENTAL EXAMINATION OF PLAINTIFF**<br><br>**[Discovery Document: Referred to Magistrate Judge Autumn D. Spaeth]** |

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT, in accordance with Local Rule 79-5.2.2(b), Defendant Jacob Nix's hereby applies for leave to file the following documents submitted in support of his Motion to Compel Plaintiff's Mental Examination under seal:

/ / /

-1-
DEFENDANT JACOB NIX'S APPLICATION TO FILE UNDER SEAL

- Pages 4 and 7 of the Joint Stipulation on the Motion to Compel Plaintiff's Mental Examination.

This application is based on this notice, the following memorandum of points and authorities, the accompanying declaration of Geoffrey Lee in support of this sealing request, the anticipated good-cause declaration filed by Plaintiff's counsel (L.R. 79-5.2.2(b)(i)("Documents Designated by Another as Confidential Pursuant to a Protective Order"), and the documents requested to be sealed.

Date: November 7, 2025

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI, LLP

By: _____
L. GEOFFREY LEE
Attorney for Defendant JACOB NIX

# MEMORANDUM OF POINTS AND AUTHORITIES

## A. Legal Standard

"[C]ourts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 597 (1978). Unless a particular court record is "one traditionally kept secret," there is a strong presumption in favor of public access. *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). This presumption provides "a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016).

A party can seal a judicial record related to a motion that is "more than tangentially related to the merits of the case" if it demonstrates a "compelling reason" to do so. *Id.* at 1096-98. Such "compelling reasons" exist when the court filing may "become a vehicle for improper purposes" including the disclosure of trade secrets. *Kamakana*, 447 F.3d at 1179. Additional examples of "compelling reasons" include where a court record might be used "as sources of business information that might harm a litigant's competitive standing." *Ctr. For Auto Safety*, 809 F.3d at 1097 (quoting *Nixon*, 435 U.S. at 598-99). Ultimately, a motion to seal is "best left to the sound discretion of the trial court after considering the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

## B. Documents to Be Sealed

Defendant Jacob Nix, at Plaintiff's request, seeks to seal two pages: Page 4 and Page 7 of the Joint Stipulation on Defendant's Motion to Compel Plaintiff's Mental Examination (*see accompanying* Declaration of Geoffrey Lee), which pages are currently filed as partially redacted. Plaintiff's position is that disclosure of her medical information in these pages is confidential pursuant to the parties' Stipulated Protective Order. Redaction would not obviate the objection as the

facts redacted are highly material to the underlying motion to compel.

**C.    Conclusion**

Based on the foregoing, Defendant requests the Court grant the application to file documents under seal to address Plaintiff's privacy concern and be fully apprised of the material facts underlying the discovery motion.

Date: November 7, 2025                    Respectfully submitted,

                                                               GORDON REES SCULLY
                                                               MANSUKHANI, LLP

                                                               By: _____
                                                                    L. GEOFFREY LEE
                                                                    Attorney for Defendant JACOB NIX