Ruben D. Escalante (Cal. Bar No. 244596)
Robert A. Escalante (Cal. Bar No. 270629)
ACLIENT PC
440 N Barranca Ave PMB 9496
Covina, California 91723
Telephone: (310) 431-9687
Email: ruben@aclientpc.com

Jeff T. Olsen (Cal. Bar No. 283249)
OLSEN WORKPLACE SOLUTIONS PC
18012 Cowan, Ste 200
Irvine, California 92614
Telephone: (949) 232-0455
Email: jeff@olsenws.com

Attorneys for Plaintiff
ASHLEY FRAGALE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY FRAGALE,<br><br>                Plaintiffs,<br><br>vs.<br><br>RISC POINT ADVISORY GROUP LLC; RISC POINT ASSURANCE, LTD; RISC POINT HOLDINGS, INC.; JACOB NIX; and DOES 1 through 10, inclusive,<br><br>                Defendants. | Case No.: 8:25-cv-00994 JWH (ADSx)<br><br>**[DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE AUTUMN D. SPAETH]**<br><br>**PLAINTIFF'S EX PARTE APPLICATION TO SPECIALLY SET HEARING DATE ON PLAINTIFF'S MOTION TO COMPEL AND GRANT PARTIAL RELIEF FROM LOCAL RULE 37 REGARDING THE TIMING OF FILING THE MOTION; MEMORAMUM OF POINTS AND AUTHORITIES**<br><br>Discovery Cut-off Date: December 5, 2025<br>PreTrial Conference Date: March 27, 2026<br>Trial Date: April 13, 2026 |

**PLAINTIFF'S EX PARTE APPLICATION**

TO THE HONORABLE COURT, DEFENDANTS, AND THEIR ATTORNEYS OF RECORD:

Plaintiff Ashley Fragale ("Plaintiff's") seeks the Court's assistance to ensure the Court hears the merits of her motion to compel that seeks to require Defendants to complete their document production before the discovery cutoff. The Court previously denied Plaintiff's motion on the same matter for failure to comply with formatting requirements. Following that denial, Plaintiff attempted to meet and confer again, tried to attend an Informal Discovery Conference ("IDC"), and waited to confer with new counsel to avoid a renewed motion. When those efforts failed, Plaintiff immediately started the Joint Stipulation process. However, by that time, the Court had no motion availability prior to the discovery cutoff. Accordingly, rather than simply file the motion for a date Plaintiff knows is not available, Plaintiff respectfully requests the Court specially set her anticipated motion for December 3, 2025, or such other date on or before the discovery cutoff of December 5, 2025, and to permit the filing of the Joint Stipulation nineteen (19) days prior to the hearing date, if necessary. Plaintiff would also still be willing to attend an IDC. Accordingly, because Plaintiff acted diligently and will not be able to compel Defendants to complete their production unless this relief is granted, ex parte relief is appropriate. (Declaration of Ruben Escalante ("Escalante Decl.") ¶¶ 1-8, Exhs. 1-3.)

THEREFORE, in light of the foregoing, Plaintiff hereby respectfully requests:

(a) For the Court to hear Plaintiff's Motion to Compel on December 3, 2025, or such other date on or before the discovery cutoff of December 5, 2025; and

(b) to permit the filing of the Joint Stipulation nineteen (19) days prior to the hearing date, or such other briefing schedule as the Court deems appropriate.

///
///
///

**PLAINTIFF'S EX PARTE APPLICATION**

Plaintiff's *Ex Parte* Application is based upon this Application, the Declaration of Ruben Escalante filed herewith, as well as all records and pleadings on file with the Court in this action and on such further evidence and argument as may be presented at or before the time for hearing.

Date: November 10, 2025

Respectfully submitted,

By: _____
RUBEN D. ESCALANTE
JEFF T. OLSEN
Attorney for Plaintiff
ASHLEY FRAGALE

**PLAINTIFF'S EX PARTE APPLICATION**

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff filed this action in April 2025; Defendants removed it to federal court in May 2025; Plaintiff served her first set of discovery in May 2025; to date, Defendants have failed to complete their document production in response to this discovery; Plaintiff brought a motion to compel to require Defendants' compliance. (Escalante Decl. ¶ 2.)

On October 22, 2025, the Court denied Plaintiff's motion to compel regarding Defendants' failure to complete their document production because the motion was not properly formatted. Following the hearing, the parties met and conferred in the hallway regarding this matter, but did not resolve their dispute. Later that day, Plaintiff asked Defendants if they would be willing to attend an IDC. The next day, Defendants indicated they would be willing to attend an IDC, but only as to limited issues. On October 24, 2025, a Friday, Plaintiff agreed to attend an IDC on the limited issues and sent the IDC form to Defendants, outlined the remaining issues, and proposed a compromise to resolve one of those issues. (Escalante Decl. ¶ 3, Exh. 1.)

However, after business hours later that day, instead of sending back the IDC form, Defendants informed Plaintiff that a new law firm (i.e., Jackson Lewis) would be taking over the case and that the authority of their current counsel (i.e., Gordon Rees) to "enter into stipulations will be uncertain and therefore limited." Defendants also indicated that Jackson Lewis would not let Gordon Rees serve substantive responses to discovery that were due the following Monday, and that Gordon Rees would serve objections only if Plaintiff did not grant an extension. That same day, Plaintiff tried to get clarity of this situation, including asking when Gordon Rees was "informed of the possibility that [it] would be substituted as counsel" and if it was "able to enter into agreements or not." Plaintiff did not get a clear response. (Escalante Decl. ¶ 4, Exh. 2.)

On October 27, 2025, the following Monday, Plaintiff reached out again and informed Gordon Rees to "let the new attorney [] reach out to [] ASAP." New counsel did not reach out. Notably, notwithstanding Gordon Rees' representations about being replaced, the uncertainly about its ability to enter into agreements, and not being able to

serve discovery responses, Gordon Rees, thereafter, propounded its own discovery, served the promised objections to discovery, served objections to depositions, served a Joint Stipulation regarding Defendants' motion to compel, and even participated in a third-party deposition. On October 29, 2025, Jackson Lewis substituted into the case, but (contrary to the representation of Gordon Rees) only on behalf of one of the corporate defendants. (Escalante Decl. ¶ 5)

That same day, Plaintiff sent an email to Jackson Lewis outlining open discovery issues, including the subject motion, and inviting an immediate meet and confer. Jackson Lewis responded on October 31, 2025, offering to meet and confer the following Monday. Plaintiff immediately confirmed her availability. (Escalante Decl. ¶ 6, Exh. 3.)

On November 3, 2025, Monday, the parties discussed the anticipated motion, Jackson Lewis represented it was not fully up to speed on the issues in dispute in the motion, and the parties were not able to resolve their dispute. Notably, during this call, Jackson Lewis represented that it would be substituting in for all Defendants shortly. Plaintiff thereafter offered another compromise to try to resolve the dispute, including holding off on the Joint Stipulation process, meeting and conferring over the following days, and submitting any remaining issues to the Court in an IDC during the week of November 17th. Defendants did not accept this proposal. Accordingly, because it was clear Plaintiff would not able to resolve the dispute with either Defendants' new or old counsel, Plaintiff sent her portion of the Joint Stipulation the following day on November 4, 2025.[1]

---

[1] Pursuant to Local Rule 37, because November 11 in a federal holiday, Defendants' portion of the Joint Stipulation is due to Plaintiff on November 12. Thus, depending on when Defendants serve their portion, they may have until November 14, at the latest, to sign their portion. This is 21 days before ethe discovery cutoff, but only 19 days before December 3. Plaintiff acknowledges she could have brought the motion immediately after the October 22 denial. However, given the Court's comments at the hearing, including the suggestion of an IDC, Plaintiff attempted in good-faith to try to resolve the matter again or at least minimize the issues in dispute prior to bringing the motion. This included in good faith to try to meet and confer with new counsel. Within one day of discussing the matter with new counsel, Plaintiff diligently started the Joint Stipulation process.

However, by that time, the Court was not available to hear the motion on December 3, 2025. (Escalante Decl. ¶ 7.)

Thereafter, Plaintiff asked Defendants to stipulate that the subject motion to compel could be heard on December 3, 2025, to avoid the necessity for an ex parte request. Defendants did not agree. Notably, on November 6, 2025, Jackson Lewis informed Plaintiff that it would not be substituting in for any other defendant, and would be seeking to withdraw as counsel. On November 7, 2025, Friday, the parties held a telephonic meet and confer, during which Jackson Lewis confirmed it would not be continuing as counsel, Gordon Rees confirmed it would not be continuing as counsel, both confirmed it would not agree to the hearing date, and Plaintiff stated she would seek ex parte relief. Accordingly, Plaintiff had no choice but to bring this ex parte application, and gave notice of the same. (Escalante Decl. ¶ 8.)

THEREFORE, in light of the foregoing, Plaintiff hereby respectfully requests:

(a) For the Court to hear Plaintiff's Motion to Compel on December 3, 2025, or such other date on or before the discovery cutoff of December 5, 2025; and

(b) to permit the filing of the Joint Stipulation nineteen (19) days prior to the hearing date, or such other briefing schedule as the Court deems appropriate.

Counsel for Defendants: Geoffrey Lee (glee@grsm.com) and Anafrancesa Comunale (acomunale@grsm.com), Gordon Rees Scully Mansukhani, LLP, 101 West Broadway, Suite 2000, San Diego, CA 92101, (619) 230-7418; Neda N Dal Cielo (neda.dalcielo@jacksonlewis.com), Jackson Lewis P.C., 160 West Santa Clara Street Suite 400, San Jose, CA 95113, 408-579-0404.

Date: November 10, 2025          Respectfully submitted,

ACLIENT PC

By: _____
RUBEN D. ESCALANTE
Attorney for Plaintiff
ASHLEY FRAGALE

**PLAINTIFF'S EX PARTE APPLICATION**

# PROOF OF SERVICE

I am an active member of the State Bar of California. I am not a party to the within action. My business address is 440 N. Barranca Ave. PMB 9496, Covina, CA 91723. On November 10, 2025, I served copies of the within documents described as:

**[DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE AUTUMN D. SPAETH]**

**PLAINTIFF'S EX PARTE APPLICATION TO SPECIALLY SET HEARING DATE ON PLAINTIFF'S MOTION TO COMPEL AND GRANT PARTIAL RELIEF FROM LOCAL RULE 37 REGARDING THE TIMING OF FILING THE MOTION**

on the interested parties in this action as follows:

**See attached Service List**

[x]   BY ELECTRONIC/EMAIL - I caused the above document to be delivered to the office of the addressee via electronic e-mail. Said document was transmitted to the email address of that office which is listed on the Service List. I did not receive, within a reasonable after the transmission, any indication that the transmission was not successful.

I certify the foregoing is true and correct. Executed on November 10, 2025.

_____
Ruben Escalante

**PLAINTIFF'S EX PARTE APPLICATION**

**SERVICE LIST**

GEOFFREY LEE (SBN:234024)
glee@grsm.com
ANAFRANCESCA COMUNALE (SBN: 323257)
acomunale@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 West Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-7418
Facsimile: (619) 696-7124

Attorneys for Defendants
RISC POINT ASSURANCE, LTD; RISC POINT HOLDINGS, INC.; JACOB NIX


Neda N Dal Cielo
Jackson Lewis P.C.
160 West Santa Clara Street Suite 400
San Jose, CA 95113
408-579-0404
Fax: 408-454-0290
Email: neda.dalcielo@jacksonlewis.com

Attorneys for Defendant
RISC POINT ADVISORY GROUP LLC

**PLAINTIFF'S EX PARTE APPLICATION**