Ruben D. Escalante (Cal. Bar No. 244596)
ACLIENT PC
440 N Barranca Ave PMB 9496
Covina, California 91723
Telephone: (310) 431-9687
Email: ruben@aclientpc.com

Jeff T. Olsen (Cal. Bar No. 283249)
OLSEN WORKPLACE SOLUTIONS PC
18012 Cowan, Ste 200
Irvine, California 92614
Telephone: (949) 232-0455
Email: jeff@olsenws.com

Attorneys for Plaintiff
ASHLEY FRAGALE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY FRAGALE,<br><br>Plaintiffs,<br><br>vs.<br><br>RISC POINT ADVISORY GROUP LLC; RISC POINT ASSURANCE, LTD; RISC POINT HOLDINGS, INC.; JACOB NIX; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 8:25-cv-00994 JWH (ADSx)<br><br>**[DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE AUTUMN D. SPAETH]**<br><br>**DECLARATION OF RUBEN ESCALANTE IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION TO SPECIALLY SET HEARING DATE ON PLAINTIFF'S MOTION TO COMPEL AND GRANT PARTIAL RELIEF FROM LOCAL RULE 37 REGARDING THE TIMING OF FILING THE MOTION; MEMORAMUM OF POINTS AND AUTHORITIES**<br><br><u>Discovery Cut-off Date</u>: December 5, 2025<br><u>PreTrial Conference Date</u>: March 27, 2026<br><u>Trial Date</u>: April 13, 2026 |

**DECLARATION OF RUBEN ESCALANTE**

DECLARATION OF RUBEN ESCALANTE

I, Ruben Escalante, do declare as follows:

1.      I am a partner in the law firm ACLIENT PC, attorneys of record for Plaintiff. I have personal knowledge of the facts herein, unless otherwise stated, and if called as a witness to testify thereto under oath, I could competently do so.

2.      Plaintiff filed this action in April 2025; Defendants removed it to federal court in May 2025; Plaintiff served her first set of discovery in May 2025; to date, Defendants have not completed their document production in response to this discovery; Plaintiff brought a motion to compel to require Defendants' compliance.

3.      On October 22, 2025, the Court denied Plaintiff's motion to compel regarding Defendants' failure to complete their document production because the motion was not properly formatted in accordance with the local rules. Following the hearing, the parties met and conferred in the hallway regarding this matter, but did not resolve their dispute. Later that day, Plaintiff asked Defendants if they would be willing to attend an IDC. The next day, Defendants indicated they would be willing to attend an IDC, but only as to limited issues. On October 24, 2025, a Friday, Plaintiff agreed to attend an IDC on the limited issues and sent the IDC form to Defendants, outlined the remaining issues, and proposed a compromise to resolve one of those issues. A true and correct copy of supporting correspondence, without attachments, is attached as Exhibit 1.

4.      After business hours later that day, Defendants informed Plaintiff that a new law firm would be taking over the case and that the authority of their current counsel to "enter into stipulations will be uncertain and therefore limited." Defendants also indicated that Jackson Lewis would not let Gordon Rees serve substantive responses to discovery that were due the following Monday, and that Gordon Rees would serve objections only if Plaintiff did not grant an extension. That same day, Plaintiff asked when Gordon Rees was "informed of the possibility that [it] would be substituted as counsel" and if it was "able to

DECLARATION OF RUBEN ESCALANTE

enter into agreements or not." Plaintiff did not get a clear response. A true and correct copy of supporting correspondence is attached hereto as Exhibit 2.

5. On October 27, 2025, the following Monday, I reached out again and informed Gordon Rees to have the new attorney reach out to me "ASAP." New counsel did not reach out. On October 29, 2025, Jackson Lewis substituted into the case, but only on behalf of one of the corporate defendants. Since Gordon Rees represented new counsel would be taking over the case, it has propounded new discovery, served the referenced objections to discovery, served objections to depositions, served a Joint Stipulation regarding Defendants' own motion to compel, and participated in a third-party deposition.

6. That same day, I sent an email to Jackson Lewis outlining open discovery issues, including the subject motion, and invited an immediate meet and confer. Jackson Lewis responded on October 31, 2025, offering to meet and confer the following Monday. Plaintiff immediately confirmed her availability. A true and correct copy of supporting correspondence, without attachments, is attached hereto as Exhibit 3.

7. On November 3, 2025, co-counsel (Jeff Olsen) and I discussed the anticipated motion with Neda Dal Cielo (from Jackson Lewis); she represented she was not fully up to speed on the issues in dispute in the motion, and, thus, the discussion on this issue was brief. We were not able to resolve our dispute. During this call, Ms. Dal Cielo represented that Jackson Lewis would be substituting in for all Defendants shortly. I thereafter proposed a compromise to Ms. Dal Cielo to try to resolve the dispute, which included holding off on the Joint Stipulation process, meeting and conferring over the following days, and submitting any remaining issues to the Court in an IDC during the week of November 17th. Ms. Dal Cielo did not accept this proposal. I sent Plaintiff's portion of the Joint Stipulation on November 4, 2025. By that time, the Court was not available to hear the motion on December 3, 2025.

8. Thereafter, I asked Ms. Dal Cielo in writing if she would agree that the subject motion to compel could be heard on December 3, 2025 (along with the motion for

**DECLARATION OF RUBEN ESCALANTE**

a mental exam), to avoid the necessity for an ex parte request. Defendants did not agree. On November 6, 2025, Jackson Lewis informed Plaintiff that it would not be substituting in for any other defendant, and would be withdrawing as counsel for the entity is already represented. On November 7, 2025, the parties held a telephonic meet and confer, during which Jackson Lewis confirmed it would not be continuing as counsel, Gordon Rees confirmed it would not be continuing as counsel, both confirmed they would not agree to the hearing date, and Plaintiff stated she would seek ex parte relief. Accordingly, on November 10, 2025, Plaintiff gave Defendants formal written notice that she would bring this ex parte and brought this ex parte application.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 10th day of November 2025, in Fairfield, CA.

_____

Ruben Escalante

**DECLARATION OF RUBEN ESCALANTE**

Exhibit 1

**ruben@aclientpc.com**

| | |
|---|---|
| **From:** | ruben@aclientpc.com |
| **Sent:** | Monday, October 27, 2025 4:04 PM |
| **To:** | 'Geoff Lee' |
| **Cc:** | 'Jeff Olsen' |
| **Subject:** | RE: Activity in Case 8:25-cv-00994-JWH-ADS Ashley Fragale v. RISC Point Advisory Group LLC et al Order on Motion to Compel |

Mr. Lee,

Given your representations last week that you are being substituted out and that your ability to enter into stipulations is "uncertain" and "limited," I am not expecting a response to the below or my other inquires. However, we cannot delay diligently prosecuting our case. We will proceed accordingly. Please let the new attorney to reach out to me ASAP.

Respectfully,

**Ruben Escalante**
Partner

**ACLIENT PC**
440 N Barranca Ave PMB 9496
Covina, California 91723
(310) 431-9687

---

**From:** ruben@aclientpc.com <ruben@aclientpc.com>
**Sent:** Friday, October 24, 2025 2:00 PM
**To:** 'Geoff Lee' <glee@grsm.com>
**Cc:** 'Jeff Olsen' <jeff@olsenws.com>; ruben@aclientpc.com
**Subject:** RE: Activity in Case 8:25-cv-00994-JWH-ADS Ashley Fragale v. RISC Point Advisory Group LLC et al Order on Motion to Compel

Mr. Lee,

Thank you for your response. Please see the attached Request for an IDC. Please feel free to propose alternative dates/times for early next week before Friday; if you don't have that availability, then we will proceed with moving forward with the motion to compel. If you are able to get this back to me today, then we can ask for a Monday date/time; otherwise, feel free to propose a Thursday time in addition to the Tuesday and Wednesday time. You'll notice I also left space for you to insert your contention. The latest I would want to submit this is Monday.

As to the remaining issues, I believe we have fully met and conferred on those as well. These include whether the proper scope of the agreed upon protocol required any non-Plaintiff custodian's message to have referenced both Ms. Fragale and a search term in the same message in order for it to be responsive; whether the putative hit reports fully capture all electronic messages for the subject custodians (e.g., text messages

and Signal); and whether Defendants have fully complied with their statements of compliance and the propriety of a Court order re the same.

Regarding this last issue (i.e., compliance), Plaintiff would be willing to accept the following: a declaration signed under penalty of perjury by Mr. Drewyor on behalf of the Company and Mr. Nix on behalf of himself, which set forth the efforts they and their agents took to search for responsive documents and that verify their productions are fully complete in conformance with their agreement to produce as to the following: RFP (RISC) Nos. 11, 12, 19, 20, 21, 29*, 30*, 31, 32, 33, 36, 37* and RFP (NIX) Nos. 12, 16, 17, 18, 21*, 22*, 24, 26*. Mr. Nix would also need to supplement his response to RFP Nos. 8, 9. The "*" indicates those responses that reflect a compliance component in addition to the ESI search; I would only expect verification that they completed the non-ESI portion.

We will be looking to start the motion to compel process early next week, so please let me know if you are willing to accept this compromise or want to discuss any of the foregoing issues (e.g., the proposed IDC or remaining issues) by COB, Monday. I apologize for the short turnaround time, but as you know deadlines are coming up.

Respectfully,

**Ruben Escalante**
Partner

ACLIENT PC
440 N Barranca Ave PMB 9496
Covina, California 91723
(310) 431-9687

---

**From:** Geoff Lee <glee@grsm.com>
**Sent:** Thursday, October 23, 2025 2:30 PM
**To:** ruben@aclientpc.com
**Cc:** 'Jeff Olsen' <jeff@olsenws.com>
**Subject:** RE: Activity in Case 8:25-cv-00994-JWH-ADS Ashley Fragale v. RISC Point Advisory Group LLC et al Order on Motion to Compel

Hi Ruben

If the only issues for determination are which ESI search terms and the reasonable deadline for completing the ESI production, I am willing to go to an IDC.

For anything additional, I agree with the Court that we need individual analysis and briefing.

--Geoff

---

**From:** ruben@aclientpc.com <ruben@aclientpc.com>
**Sent:** Wednesday, October 22, 2025 4:55 PM
**To:** Geoff Lee <glee@grsm.com>
**Cc:** 'Jeff Olsen' <jeff@olsenws.com>; ruben@aclientpc.com

**Subject:** FW: Activity in Case 8:25-cv-00994-JWH-ADS Ashley Fragale v. RISC Point Advisory Group LLC et al Order on Motion to Compel

Mr. Lee,

As a follow up to the Court's order and our brief meet and confer in the hallway, are you willing to attend an IDC as the remaining motion to compel compliance issues? Given the impending deadlines, we are going to refile our motion to compel in short order as to any remaining issues.

Respectfully,

**Ruben Escalante**
Partner

ACLIENT PC
440 N Barranca Ave PMB 9496
Covina, California 91723
(310) 431-9687

---

**From:** cacd_ecfmail@cacd.uscourts.gov <cacd_ecfmail@cacd.uscourts.gov>
**Sent:** Wednesday, October 22, 2025 12:42 PM
**To:** ecfnef@cacd.uscourts.gov
**Subject:** Activity in Case 8:25-cv-00994-JWH-ADS Ashley Fragale v. RISC Point Advisory Group LLC et al Order on Motion to Compel

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

## Notice of Electronic Filing

The following transaction was entered on 10/22/2025 at 12:41 PM PDT and filed on 10/22/2025
**Case Name:**        Ashley Fragale v. RISC Point Advisory Group LLC et al
**Case Number:**      8:25-cv-00994-JWH-ADS
**Filer:**
**Document Number:** 47

**Docket Text:**

**MINUTES OF MOTION BY PLAINTIFF TO COMPEL ANSWERS TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS [28] and MOTION BY PLAINTIFF TO COMPEL COMPLIANCE AND PRODUCTION OF DOCUMENTS [32] Hearing held before Magistrate Judge Autumn D. Spaeth: Case is called for hearing and counsel make their appearances. Court hears oral argument. Plaintiff's motion to compel answers [28] is GRANTED IN PART as reflected on the record. Production shall be completed by November 5, 2025, or another mutually agreed upon date. Plaintiff's motion to compel compliance is DENIED as reflected on the record. Courtroom Deputy: Kristee Hopkins. Attorney(s) Present for Plaintiff(s): Ruben Escalante. Attorney(s) Present for Defendant(s): Geoffrey Lee. Time in Court: 00:25. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. TEXT ONLY ENTRY. Court Recorder: CS 10/22/2025. (kh)**

**8:25-cv-00994-JWH-ADS Notice has been electronically mailed to:**

Robert Dominick Coviello    coviello@coviello-law.com

Robert Anthony Escalante    robert.escalante@varnerbrandt.com

Loren Geoffrey Lee    asudan@grsm.com, glee@grsm.com, mbrookman@gordonrees.com

Richard D Marca    daisy.diaz@varnerbrandt.com, madison.montgomery@varnerbrandt.com, richard.marca@varnerbrandt.com, christine.mitchell@varnerbrandt.com

Jeff T Olsen    jeff@olsenws.com

Ruben Escalante    ruben@aclientpc.com

**8:25-cv-00994-JWH-ADS Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

Exhibit 2

**ruben@aclientpc.com**

| | |
|---|---|
| **From:** | ruben@aclientpc.com |
| **Sent:** | Friday, October 24, 2025 6:23 PM |
| **To:** | 'Geoff Lee'; 'Jeff Olsen' |
| **Cc:** | 'Anafrancesca Comunale'; robert@aclientpc.com; ruben@aclientpc.com |
| **Subject:** | RE: Fragale v. Risc Point -- change of counsel |

Mr. Lee,

When were you aware of the possibility that you were going to be replaced? What is the reason for the replacement? And why did you wait until 5:31 p.m., after business hours, to make this request?

Unfortunately, this appears to be a delay tactic that I cannot accommodate. We expect substantive responses on Monday. If new counsel wants to reach out to me and represent that they are taking over this matter, will provide substantive responses by October 31, and request an extension based on such representations, I am willing to consider it. Please have them contact me ASAP.

Respectfully,

**Ruben Escalante**
Partner

ACLIENT PC
440 N Barranca Ave PMB 9496
Covina, California 91723
(310) 431-9687

---

**From:** Geoff Lee <glee@grsm.com>
**Sent:** Friday, October 24, 2025 5:31 PM
**To:** Ruben Escalante <ruben@aclientpc.com>; 'Jeff Olsen' <jeff@olsenws.com>
**Cc:** Anafrancesca Comunale <acomunale@grsm.com>
**Subject:** Re: Fragale v. Risc Point -- change of counsel

Ruben

I have been asked to request an extension on the Discovery due Monday to at least October 31 given the change of counsel. New counsel is not prepared to adopt my draft substantive responses and would like to draft their own. Obviously if no extension is granted I will have no choice but to just serve objections only.

Thanks.

---

**From:** Geoff Lee
**Sent:** Friday, October 24, 2025 4:53:49 PM

**To:** Ruben Escalante <ruben@aclientpc.com>; 'Jeff Olsen' <jeff@olsenws.com>
**Cc:** Anafrancesca Comunale <acomunale@grsm.com>
**Subject:** Fragale v. Risc Point -- change of counsel

Dear Ruben and Jeff,

I was just informed that my clients are going to substitute in Jackson & Lewis to take over this case from Gordon & Rees.

In the interim, I will continue to work with you in good faith to keep the case moving, but my authority to enter into stipulations will be uncertain and therefore limited.

My clients are also planning to bring an FRCP 14 Interpleader third party complaint against Matt Hibbler based on the First Amended Complaint's action for violation of the Intimate Images Act.  Leave of court is not typically required in this situation because the basis for interpleader is a brand new claim.  Yet it seems that a minority of courts strictly read FRCP 14's reference to "original answer" as the very first answer rather than the amended answer necessitating the interpleader.  As such, we would appreciate your agreeing that leave of court is not necessary in this situation.

Thanks,

---

**L. GEOFFREY LEE**
Partner



**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 213.270.7861
**E:** glee@grsm.com  |  grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
633 West Fifth Street, 52nd Floor, Los Angeles, CA 90071

---

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

**ruben@aclientpc.com**

| | |
|---|---|
| **From:** | ruben@aclientpc.com |
| **Sent:** | Friday, October 24, 2025 6:10 PM |
| **To:** | 'Geoff Lee'; 'Jeff Olsen' |
| **Cc:** | 'Anafrancesca Comunale' |
| **Subject:** | RE: Fragale v. Risc Point -- change of counsel |

Mr. Lee,

When were you informed of the possibility that you would be substituted in as counsel?

Also, are you able to enter into agreements or not? I would have expected a simple response to my request for an amended complaint, not a request for a stipulation that doesn't set forth the grounds for the request (i.e., why an interpleader is appropriate and required).

Respectfully,

**Ruben Escalante**
Partner

**ACLIENT PC**
440 N Barranca Ave PMB 9496
Covina, California 91723
(310) 431-9687

---

**From:** Geoff Lee <glee@grsm.com>
**Sent:** Friday, October 24, 2025 4:54 PM
**To:** Ruben Escalante <ruben@aclientpc.com>; 'Jeff Olsen' <jeff@olsenws.com>
**Cc:** Anafrancesca Comunale <acomunale@grsm.com>
**Subject:** Fragale v. Risc Point -- change of counsel

Dear Ruben and Jeff,

I was just informed that my clients are going to substitute in Jackson & Lewis to take over this case from Gordon & Rees.

In the interim, I will continue to work with you in good faith to keep the case moving, but my authority to enter into stipulations will be uncertain and therefore limited.

My clients are also planning to bring an FRCP 14 Interpleader third party complaint against Matt Hibbler based on the First Amended Complaint's action for violation of the Intimate Images Act. Leave of court is not typically required in this situation because the basis for interpleader is a brand new claim. Yet it seems that a minority of courts strictly read FRCP 14's reference to "original answer" as the very first answer rather than the amended answer necessitating the interpleader. As such, we would appreciate your agreeing that leave of court is not necessary in this situation.

Thanks,

1

**L. GEOFFREY LEE**
Partner



**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 213.270.7861
**E:** glee@grsm.com  |  grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
633 West Fifth Street, 52nd Floor, Los Angeles, CA 90071

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

Exhibit 3

**ruben@aclientpc.com**

| | |
|---|---|
| **From:** | ruben@aclientpc.com |
| **Sent:** | Monday, November 3, 2025 3:16 PM |
| **To:** | 'Dal Cielo, Neda N. (Silicon Valley)' |
| **Cc:** | 'Jeff Olsen'; 'Robert Escalante'; 'Antuna, Andres (Silicon Valley)'; 'Patterson, Maria (Silicon Valley)'; ruben@aclientpc.com |
| **Subject:** | RE: Fragale |

Ms. Dal Cielo,

Good afternoon. Thank you for taking the time to talk today. To recap some of the topics discussed.

1. Motion to Compel Compliance. This was one of the items deferred per the below. We touched on it briefly, and were not able to resolve this issue. I explained we needed to move forward given the discovery deadline.
2. IME. We discussed this issue, and a potential way forward. I'll respond under separate cover.
3. Depositions. We reiterated our request for alternative dates within the discovery cutoff. This also is something we need to move forward on.
4. Defendants' Objections Served on October 27. This was one of the items deferred per the below. We touched on it briefly. Although I thought we might able to come to terms re the RFAs, given the current deadlines and the fact that Jackson Lewis doesn't represent all the parties, we need to move forward.
5. Me Too Responses. We both acknowledged the current deadline.
6. Motion to Amend. We did not substantively discuss this issue. We let you know that Plaintiff is not willing to stipulate to extend discovery deadlines or continue the trial.
7. Insurance information. We briefly touched on this. Jackson Lewis could not confirm that there was not a new policy.

I know this is just a high level confirmation, but if my summary is off on anything, please let me know.

Respectfully,

**Ruben Escalante**
Partner

ACLIENT PC
440 N Barranca Ave PMB 9496
Covina, California 91723
(310) 431-9687

---

**From:** Dal Cielo, Neda N. (Silicon Valley) <Neda.DalCielo@jacksonlewis.com>
**Sent:** Friday, October 31, 2025 4:16 PM
**To:** ruben@aclientpc.com
**Cc:** 'Jeff Olsen' <jeff@olsenws.com>; 'Robert Escalante' <robert@aclientpc.com>; Antuna, Andres (Silicon Valley) <Andres.Antuna@jacksonlewis.com>; Patterson, Maria (Silicon Valley) <Maria.Patterson@jacksonlewis.com>; Ruben Escalante <Ruben.Escalante@varnerbrandt.com>
**Subject:** RE: Fragale

Hi Ruben,

My apologies but it looks like I already have another meeting scheduled at 2:00 pm on Monday.  Can we connect at 1:00 pm instead?

Best,



**Neda N. Dal Cielo**
Attorney at Law

**Jackson Lewis P.C.**
160 W Santa Clara St.
Suite 400
San Jose, CA 95113
Direct: (408) 513-2251 | Main: (408) 579-0404
Neda.DalCielo@jacksonlewis.com | www.jacksonlewis.com

---

**From:** Dal Cielo, Neda N. (Silicon Valley) <Neda.DalCielo@jacksonlewis.com>
**Sent:** Friday, October 31, 2025 4:14 PM
**To:** ruben@aclientpc.com
**Cc:** 'Jeff Olsen' <jeff@olsenws.com>; 'Robert Escalante' <robert@aclientpc.com>; Antuna, Andres (Silicon Valley) <Andres.Antuna@jacksonlewis.com>; Patterson, Maria (Silicon Valley) <Maria.Patterson@jacksonlewis.com>; Ruben Escalante <Ruben.Escalante@varnerbrandt.com>
**Subject:** RE: Fragale

Hi Ruben,

2:00 pm works for a call on Monday.  I will circulate a Teams Invite for us.

Have a good weekend,



**Neda N. Dal Cielo**
Attorney at Law

**Jackson Lewis P.C.**
160 W Santa Clara St.
Suite 400
San Jose, CA 95113
Direct: (408) 513-2251 | Main: (408) 579-0404
Neda.DalCielo@jacksonlewis.com | www.jacksonlewis.com

---

**From:** ruben@aclientpc.com <ruben@aclientpc.com>
**Sent:** Friday, October 31, 2025 2:55 PM
**To:** Dal Cielo, Neda N. (Silicon Valley) <Neda.DalCielo@jacksonlewis.com>
**Cc:** 'Jeff Olsen' <jeff@olsenws.com>; 'Robert Escalante' <robert@aclientpc.com>; Antuna, Andres (Silicon Valley) <Andres.Antuna@jacksonlewis.com>; Patterson, Maria (Silicon Valley) <Maria.Patterson@jacksonlewis.com>; Ruben

Escalante <Ruben.Escalante@varnerbrandt.com>
**Subject:** RE: Fragale

Ms. Dal Cielo,

Good afternoon. Mr. Olsen and I are generally available to discuss these matters on Monday. Does 2 p.m. work for you? If not, please suggest another time.

Also, can you please clarify, which firm or firms have the authority to enter into agreements and stipulations (i.e., the ability to meet and confer in good faith) and on behalf of which entities? Right now, the docket shows you are only counsel of record for one entity/party (but not the others); we request you confirm whether that was intentional or if it was a clerical error that will be resolved prior to our discussion.

Finally, based your email below, our discussion on Monday will not cover items 1 and 4 and this confirms our understanding that you will not meet and confer with us on those issues this week or next week. Based on Goron Rees' stated reasons for objecting to our recent discovery referenced in item 4 (i.e., that Jackson Lewis was not prepared to adopt Gordon Rees' draft substantive responses and that Jackson Lewis would like to draft their own), this confirms our understanding that Gordon Reese is also not going to meet and confer with on those issues and are deferring to your firm. If I am misunderstanding, we respectfully request you let us know right way.

Respectfully,

**Ruben Escalante**
Partner

**ACLIENT PC**
440 N Barranca Ave PMB 9496
Covina, California 91723
(310) 431-9687

**From:** Dal Cielo, Neda N. (Silicon Valley) <Neda.DalCielo@jacksonlewis.com>
**Sent:** Friday, October 31, 2025 1:34 PM
**To:** ruben@aclientpc.com
**Cc:** 'Jeff Olsen' <jeff@olsenws.com>; 'Robert Escalante' <robert@aclientpc.com>; 'Richard D. Marca' <Richard.Marca@varnerbrandt.com>; 'Madison R. Montgomery' <Madison.Montgomery@varnerbrandt.com>; Antuna, Andres (Silicon Valley) <Andres.Antuna@jacksonlewis.com>; Patterson, Maria (Silicon Valley) <Maria.Patterson@jacksonlewis.com>
**Subject:** RE: Fragale

Good afternoon Ruben,

Nice to meet you via email.  I am in receipt of your email that you sent Wednesday night.  This matter is still in the process of being transitioned to my firm.  It is our understanding that Gordon Reese will be producing documents and supplemental discovery responses relating to item no. 5. We're happy to discuss the joint stipulation on item number 2 and are willing to discuss any updated insurance information from item number 7 ( although I don't believe there is one) and mutually agreeable deposition dates regarding item number 3. Please note that we are not available to attend the November depositions previously unilaterally scheduled by Plaintiff before we entered this case and will need to discuss rescheduling them. We are not currently willing to stipulate to your amended

complaint as suggested in item number 6, but if you are willing to stipulate to continue the currently scheduled trial date and/or discovery deadlines, we are happy to discuss a realistic set of deadlines to minimize any further delay.

The rest of your requests are not possible for us to address this week or the next; we are only just entering this case. The files have not been transferred to my office, and I have not had the opportunity to review them yet. We are in the process of getting the files transferred from the client and from Gordon Reese and despite moving as fast as possible, I'm sure you can understand that we are not currently in a position to be able to verify what has been produced in items 1 or immediately supplement the earlier responses to the discovery requests in item 4.

I am available for a call on Monday if you would like to discuss any of the above.

Best,



**Neda N. Dal Cielo**
Attorney at Law

**Jackson Lewis P.C.**
160 W Santa Clara St.
Suite 400
San Jose, CA 95113
Direct: (408) 513-2251 | Main: (408) 579-0404
Neda.DalCielo@jacksonlewis.com | www.jacksonlewis.com

---

**From:** ruben@aclientpc.com <ruben@aclientpc.com>
**Sent:** Wednesday, October 29, 2025 9:32 PM
**To:** Dal Cielo, Neda N. (Silicon Valley) <Neda.DalCielo@jacksonlewis.com>
**Cc:** 'Jeff Olsen' <jeff@olsenws.com>; ruben@aclientpc.com; 'Robert Escalante' <robert@aclientpc.com>; 'Richard D. Marca' <Richard.Marca@varnerbrandt.com>; 'Madison R. Montgomery' <Madison.Montgomery@varnerbrandt.com>
**Subject:** Fragale

Ms. Dal Cielo,

Good evening. I apologize for the late email. As his former firm, Mr. Olsen speaks highly of the attorneys at Jackson Lewis, with the same respect I speak of my former colleagues. Accordingly, as a courtesy, I wanted to send you an email regarding some of the issues Gordon Reese left open. Given the impending deadlines and our plan to keep the trial date, we need to continue moving forward with seeking Court intervention if we cannot promptly resolve these issues. Please let me know if we can jump on a call tomorrow morning to see if we can resolve some or all of these issues.

1. Motion to Compel Compliance. See the attached email. We are planning to send you the Joint Stipulation re Motion to Compel based on previous meet and confers with opposing counsel in very short order. In short, we need verification under penalty of perjury that all non-ESI documents have been produced and the ESI production (pursuant to the Parties' agreement, and not the restrictive view Gordon Reese took). Notably, Gordon Reese's restrictive interpretation of the Agreement would not capture key documents we know exist. This will include such things as Slack messages, Signal messages, and Text messages between key players. There are a lot of layers here, including issues re potential spoliation that I would be happy to discuss with you tomorrow morning. At this point, we

4

need to move forward unless full and complete compliance occurs this week. I've attached a courtesy copy of an IDC transcript regarding a related issue, where the Court indicated that a full production with a "claw back" mechanism could be explored. We previously moved to compel, but the Court denied it due to formatting; thus, we will refile it with the Court's preferred formatting and updated information.

2.  IME. Gordon Reese sent us a Joint Stipulation which contained information covered by the Stipulated Protective Order, including Plaintiff's diagnosis, medication, and name of treating physician. It also contains improper matter, such as settlement discussions. We need confirmation that if Defendants proceed to filing this document that it will be done according to the Stipulated Protective Order so we can ask the Court to keep it under seal; if the terms of the Stipulated Protective Order are not followed, we will act swiftly to protect our client's interests. There are also technical and procedural issues with the Joint Stipulation, which I would be happy to discuss (e.g., it appears to be on our caption page).

3.  Depositions. See attached. We noticed the depositions of Defendant RISC Point and Defendants' Affiliated Employees. We noticed the depositions of individuals to take place all in one week in Ohio. We are open to meeting and conferring about mutually agreeable dates, but this needs to happen quickly because travel arrangements need to be made and they need to be taken before the discovery cutoff. We are also open to meeting and conferring about the location, if the witnesses wanted to come to California (e.g., your office in Northern California); however, at this time, we are planning to take these depositions in person.

4.  Defendants' Objections Served on October 27. See attached meet and confer letter. We need responsive documents and responses right away, or we need to act quickly to compel given the cutoff.

5.  Me Too Responses. On October 22, 2025, the Court ordered RISC Point to provide certain responsive documents and information by a date certain. I invite you to review the Court's comments to ensure Defendants understand and comply with the scope and timing of the order.

6.  Motion to Amend. If Defendants want to stipulate to the proposed amendment to avoid further law and motion on this issue, please let me know.

7.  Insurance information. See attached.


There may be other issues not reflected or fully set out above, but I wanted to at least get these to you. I look forward to your response.


Respectfully,


**Ruben Escalante**
Partner


ACLIENT PC
440 N Barranca Ave PMB 9496
Covina, California 91723
(310) 431-9687

**PROOF OF SERVICE**

I am an active member of the State Bar of California. I am not a party to the within action. My business address is 440 N. Barranca Ave. PMB 9496, Covina, CA 91723. On November 10, 2025, I served copies of the within documents described as:

**[DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE AUTUMN D. SPAETH]**

**DECLARATION OF RUBEN ESCALANTE IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION TO SPECIALLY SET HEARING DATE ON PLAINTIFF'S MOTION TO COMPEL AND GRANT PARTIAL RELIEF FROM LOCAL RULE 37 REGARDING THE TIMING OF FILING THE MOTION; MEMORAMUM OF POINTS AND AUTHORITIES**

on the interested parties in this action as follows:

**See attached Service List**

[x]    BY ELECTRONIC/EMAIL - I caused the above document to be delivered to the office of the addressee via electronic e-mail. Said document was transmitted to the email address of that office which is listed on the Service List. I did not receive, within a reasonable after the transmission, any indication that the transmission was not successful.

I certify the foregoing is true and correct. Executed on November 10, 2025.

_____
Ruben Escalante

**DECLARATION OF RUBEN ESCALANTE**

GEOFFREY LEE (SBN:234024)
glee@grsm.com
ANAFRANCESCA COMUNALE (SBN: 323257)
acomunale@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 West Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-7418
Facsimile: (619) 696-7124

Attorneys for Defendants
RISC POINT ADVISORY GROUP LLC; RISC POINT ASSURANCE, LTD;
RISC POINT HOLDINGS, INC.; JACOB NIX


Neda N Dal Cielo
Jackson Lewis P.C.
160 West Santa Clara Street Suite 400
San Jose, CA 95113
408-579-0404
Fax: 408-454-0290
Email: neda.dalcielo@jacksonlewis.com

Attorneys for Defendant
RISC POINT ADVISORY GROUP LLC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28