Neda N. Dal Cielo (State Bar No. 161982)
Andres Antuna (State Bar No. 354766)
JACKSON LEWIS P.C.
160 W. Santa Clara St., Suite 400
San Jose, California 95113
Telephone:  (408) 579-0404
Facsimile:   (408) 454-0290
E-mail: neda.dalcielo@jacksonlewis.com
E-mail: andres.antuna@jacksonlewis.com

Attorneys for Defendant
RISC POINT ADVISORY GROUP LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ASHLEY FRAGALE, | Case No. 8:25-cv-00994 JWH (ADSx) |
|---|---|
| Plaintiff, | **NOTICE OF *EX PARTE* MOTION AND *EX PARTE* MOTION FOR LEAVE TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANT RISC POINT ADVISORY GROUP LLC AND TO CONTINUE ALL RELATED DISCOVERY AND TRIAL DATES;  MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | |
| RISC POINT ADVISORY GROUP LLC; RISC POINT ASSURANCE, LTD; RISC POINT HOLDINGS, INC.; JACOB NIX; and DOES 1 through 10, inclusive | |
| Defendants. | |
| | Complaint Filed: April 14, 2025<br>Removal Filed:   May 7, 2025<br>Trial Date:          April 13, 2026 |

1  TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2        Counsel for Defendant Risc Point Advisory Group LLC ("Defendant") hereby moves *ex parte* to withdraw as counsel of record for Defendant Risc Point Advisory Group LLC pursuant to Central District Of California, Local Rule 83-2.3.2. This motion is brought on the grounds that withdrawal is appropriate pursuant to Cal. R. Prof. Conduct 1.16(b)(9) and 1.16(b)(10). Additionally, Defendant requests that the Court continue the trial date in this matter currently scheduled for April 13, 2026 and all related pre-trial and discovery deadlines, including all depositions until such time as new counsel is selected and a new trial date is set.

      Counsel for Defendant has advised counsel for Plaintiff and counsel for Defendants Risc Point Assurance, LTD, Risc Point Holdings, Inc. and Jacob Nix (collectively, "Co-Defendants"; including Defendant, "Defendants") that they will bring this motion to withdraw because continued representation is likely to result in a violation of the California Rules of Professional Conduct. Additionally, Counsel for Defendant has significant conflicts related to the timing and handling of currently scheduled depositions in November and discovery response deadlines, including the handling of several discovery related issues and motions that were created/filed prior to Defendant's counsel's entry into this matter, most of which Counsel for Defendant was unaware of until after the substitution occurred. This *ex parte* application is brought in compliance with Local Rule 7-19 and the Court's standing order.

      This *ex parte* motion is based on this notice, the accompanying memorandum of points and authorities, the accompanying declaration, the pleadings, records, and files relating to this action, and any oral argument or evidence that may be presented at the hearing on this motion. As detailed in the Declaration of Neda N. Dal Cielo, Defendant's counsel provided notice to counsel for all parties via email and telephonically. Counsel for all parties' contact information is indicated below:

///

///

NOTICE OF *EX PARTE* MOTION AND *EX PARTE* MOTION FOR LEAVE TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANT RISC POINT ADVISORY GROUP LLC AND TO CONTINUE ALL RELATED DISCOVERY AND TRIAL DATES; MEMORANDUM OF POINTS AND AUTHORITIES

**Counsel for Plaintiff**

Ruben D. Escalante
Robert A. Escalante
ACLIENT PC
440 N Barranca Avenue PMB 9496
Covina, CA 91723
Telephone: (310) 431-9687
Email: ruben@aclientpc.com
Email: robert@aclientpc.com

Richard D Marca
VARNER & BRANDT LLP
3750 University Avenue Suite 610
Riverside, CA 92501
Telephone: (951) 274-7777
Fax: (951) 274-7770
Email: Richard.Marca@varnerbrandt.com

Jeff T Olsen
OLSEN WORKPLACE SOLUTIONS PC
18012 Cowan, Ste 200
Irvine, CA 92614
Telephone: (949) 232-0455
Email: jeff@olsenws.com

**Counsel for Co-Defendants**

Geoffrey Lee
Anafrancesca Comunale
GORDON REESE SCULLY MANSUKHANI LLP
101 West Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-7418
Fax: (619) 696-7124
Email: glee@grsm.com
Email: acomunale@grsm.com

   Plaintiff's counsel and Co-Defendant's counsel were contacted via telephone and email on November 6, November 8, and November 10, 2025. Plaintiff's counsel

advised Defendant's counsel that Plaintiff will oppose this *ex parte* application. Co-defendant's counsel advised he would provide a limited opposition to this *ex parte* application. Plaintiff and Co-defendant's counsel have 24 hours in which to file their opposition. See Judge Holcomb's Standing Order.

Dated: November 10, 2025                                JACKSON LEWIS P.C.

By: _____
Neda N. Dal Cielo
Andres Antuna
Attorneys for Defendant
RISC POINT ADVISORY GROUP LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND BACKGROUND TO MOTION

Defendant's counsel seeks to withdraw because continued representation is likely to result in a violation of the California Rules of Professional Conduct. Counsel for Defendant has significant conflicts related to the timing and handling of currently scheduled depositions in November and discovery response deadlines, including the handling of several discovery related issues and motions that were created/filed prior to Defendant's counsel's entry into this matter, most of which Counsel for Defendant was unaware of until after Defendant's counsel's entry into this matter. Additionally, Defendant requests that the Court continue the trial date in this matter currently scheduled for April 13, 2026 and all related pre-trial and discovery deadlines, including all depositions until such time as new counsel is selected and a new trial date is set.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed a complaint against Defendants in the Superior Court of Orange County California on April 14, 2025 Case No. 30-2025-01475046-CU-OE-NJC. In the complaint, Plaintiff alleged causes of action arising out of her employment for 1. Quid Pro Quo Harassment in Violation of FEHA-Gender/Sex (Gov. Code § 12940 et seq.); 2. Hostile Environment Harassment in Violation of FEHA-Gender/Sex (Gov. Code § 12940 et seq.); 3. Retaliation in Violation of FEHA (Gov. Code § 12940 et seq.); 4. Failure to Prevent in Violation of FEHA (Gov. Code § 12940 et seq.); and 5. Whistleblower Retaliation Violation of Labor Code § 1102.5.

On May 7, 2025, Co-defendant's current counsel, Loren Geoffrey Lee and Anafrancesca Comunale of Gordon Rees Scully Mansukhani, LLP filed a notice of removal under 28 U.S.C §1441(B) on the basis of diversity jurisdiction. (ECF No. 1).

A Scheduling Order was entered on May 22, 2025. (ECF No. 14). Discovery cut-off is December 5, 2025. The Final Pre-Trial Hearing is set for March 27, 2026. Trial is set for April 13, 2026.

On October 29, 2025, this Court granted a proposed order substituting out Co-Defendant's current counsel, Gordon Rees Scully and Mansukhani ("Gordon Rees") as counsel of record for Defendant Risc Point Advisory Group LLC (ECF No. 50) **See Declaration of Neda Dal Cielo ("Dal Cielo Decl.") ¶2**. Prior to October 29, 2025, Gordon Rees were Defendant and Co-defendants' only attorneys of record for all the named defendants in this action. **See Dal Cielo Decl. ¶3.** After entering into this case, Defendant's counsel discovered the following impending discovery-related deadlines that were not communicated to Defendant's counsel until after Defendant's counsel formally substituted into the case:

- November 4, 2025: Key third-party witness deposition.

- November 5, 2025: Deadline to provide supplemental responses to Plaintiff's special interrogatories and document requests propounded on Defendants Risc Point Advisory Group, LLC, and Jacob Nix.

- November 14, 2025: Key third-party witness deposition and deadline to oppose/file notice of non-opposition to Plaintiff's Motion to Amend Complaint.

- November 16, 2025: Deadline to respond to Plaintiff's document requests propounded on Defendants Risc Point Advisory Group, LLC, and Jacob Nix.

- November 17, 2025: Key third-party, in-person witness deposition in Ohio state.

- November 18, 2025: Key third-party in-person witness deposition in Ohio state.

- November 19, 2025: Third-party in-person witness deposition in Ohio state and deadline to file a joint status report regarding Defendant Jacob Nix's Motion to Compel Medical Examination of Plaintiff.

- November 20, 2025: Third-party in-person witness deposition in Ohio state.

- November 21, 2025: Third-party witness deposition and in-person deposition of Defendant Jacob Nix in Ohio state.

- November 24, 2025: Third-party witness deposition and deposition of Defendant Risc Point Advisory Group, LLC.[1]

- November 26, 2025: Hearing date on Defendant Jacob Nix's Motion to Compel Medical Examination of Plaintiff.

- December 5, 2025: Deadline to produce ESI documents previously requested by Plaintiff subject to Stipulated Order RE: Discovery of Electronically Stored Information. (ECF No. 35.)

## III. LEGAL AUTHORITY

### a. Good Cause Exists for *Ex Parte* Relief

"An ex parte application is a means of obtaining extraordinary relief...." *Zargarian v. BMW N. Am., LLC*, 2019 U.S. Dist. LEXIS 201510, at *6 (C.D. Cal. Nov. 5, 2019) (citing *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F.Supp. 488, 492 (C.D. Cal.1995)). "To justify *ex parte* relief, the movant must establish two things: (1) 'the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures'; and (2) 'the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect.'" *Zargarian*, 2019 U.S. Dist. LEXIS 201510, at *6 (quoting *Mission Power*, 883F.Supp. at 492). The Central District Local Rules also sets forth procedural requirements for *ex parte* applications. See Central District of California Local Rule 7-19.

Here, Defendant's counsel establishes both elements, namely that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures and the moving party is without fault in creating the crisis that requires *ex parte* relief. First, the relief requested can only be obtained through an *ex parte* application because there is not sufficient time for a formally noticed motion. A regular noticed motion would require notice of 28 days

---

[1] An amended notice of deposition for Risc Point Advisory Group, LLC changing the date of deposition to December 1, 2025 was served on Co-defendant's counsel on October 29, 2025.

and consequently result in a hearing date for a motion to withdraw as counsel after the December 5, 2025 close of all fact discovery.

Defendant's counsel met and conferred in good faith with Plaintiff's counsel as soon as the issues were identified, first by email on October 31, 2025 and second by phone call on November 3, 2025. Plaintiff's counsel has refused to stipulate to continuing depositions, the current discovery cutoff and trial related deadlines. **See Dal Cielo Decl. ¶7.** The current number and location of previously noticed depositions are impossible for Defendant's counsel—who have been counsel of record for only twelve days—to effectively respond to before a noticed motion could be heard. Second, despite the impending deadline for fact discovery, including nine noticed depositions in November, Defendant's counsel still does not have the entire client file from Gordon Rees. **See Dal Cielo Decl. ¶¶4, 6**. These circumstances are not due to any fault of Defendant's counsel. Moreover, because Risc Point Advisory Group LLC has not identified replacement legal representation, Jackson Lewis is also not able to submit Central District Court Form G-01, as the form does not contemplate withdrawal of counsel without new replacement counsel being identified. **See Dal Cielo Decl. ¶12.** This necessitated filing the instant Motion. Thus, Defendant has satisfied the two elements required for the *ex parte* application and the related request for relief.

### b. The Standard for Withdrawal of Counsel Is Met Here

Leave of court is required for counsel to withdraw. California Central District Local Rule 83-2.3.2; *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992). Attorney withdrawal in California District Courts is governed by the California Rules of Professional Conduct. See *Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008). District courts look to state Rules of Professional Conduct to analyze a motion to withdraw. *Sanford v. Maid-Rite Corp.*, 816 F.3d 546, 549 (8th Cir. 2016). "The determination whether to grant or deny a motion to withdraw as counsel lies within the sound discretion of the trial court." *Manfredi & Levine v. Superior Court*, 66

Cal.App.4th 1128, 1133 (1998). Withdrawal is permitted without the client's consent. *Ramirez v. Sturdevant*, 21 Cal.App.4th 904, 915 (1994); Code Civ. Proc. § 284(2) (The attorney may be changed at any time "[u]pon the order of the court, upon the application of either client or attorney, after notice from one to the other.") To determine whether to grant or deny a motion for withdrawal, courts generally consider "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *South Carolina v. Buddi United States LLC* (C.D. Cal. Feb. 21, 2023, No. SACV 20-01370-CJC (KESx)) 2023 U.S.Dist.LEXIS 116474, at *3.

Cal. R. Prof. Conduct 1.16(b)(9) permits withdrawal if "a continuation of the representation is likely to result in a violation of these rules or the State Bar Act." Lastly, Cal. R. Prof. Conduct 1.16(b)(10) allows for withdrawal where the lawyer believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal.

Cal. R. Prof. Conduct 1.16(d) provides as follows:

> A lawyer shall not terminate a representation until the lawyer has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel and complying with paragraph (e).

CA CD L.R. 83-2.3.2 requires that written notice of the intent to withdraw must be given "reasonably in advance to the client and to all other parties that have appeared in the action." Counsel for Defendant advised Defendant of the intent to withdraw, first via a telephone call on November 4, 2025 (i.e., just six days after becoming counsel of record for Defendant) and second in writing on November 8, 2025. **See Dal Cielo Decl. ¶9, Exhibit A.** Counsel for defendant further provided detailed advice on Risc Point Advisory Group LLC's inability to appear pro se and related consequences, in compliance with Local Rule 83-2.2.2. **See Dal Cielo Decl. ¶9, Exhibit A.** On

November 6, 2025, Defendant's counsel provided written and oral notice of the intent to withdraw as counsel of record for Defendant to all other parties that have appeared in the action. **Dal Cielo Decl. ¶11, Exhibit B**. Counsel for Defendant additionally advised counsel of record for all other parties on November 10, 2025 of the date and substance of this *ex parte* motion. **Dal Cielo Decl. ¶11**, **Exhibit B.** Counsel for Defendant has also advised that she would cooperate with any new counsel. Additionally, as shown by the proof of service, this motion is being e-served, via the email address that Defendant's counsel has on file and has been used to communicate with Plaintiff's counsel and Co-defendant's counsel. Thus, counsel has provided Defendant and all parties with notice of the motion and further provided as much time as practicable for Defendant to find new counsel in light of Defendant's counsel's mere 12 days as counsel of record.

### c. Good Cause Exists for Withdrawal of Counsel.

Counsel for Defendant avers that good cause exists for withdrawal under Cal. R. Prof. Conduct 1.16(b)(9) and 1.16(b)(10). Under the California Code of Professional Conduct, permissive withdrawal is permitted if a continuation of the representation is likely to result in a violation of these professional ethics rules or the State Bar Act. (*Hunt v. City of Los Angeles* (C.D. Cal. Dec. 18, 2020, No. CV 17-8064 JFW (PVC)) 2020 U.S.Dist.LEXIS 258991, at *5.) Additionally, permissive withdrawal is allowed if the "attorney 'believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal.'" *New Form, Inc. v. Cozumel Films LLC Ventura Distrib., Inc.* (C.D. Cal. June 5, 2006, No. CV 05-67 DT (MCx)) 2006 U.S.Dist.LEXIS 109839, at *15-16.

Additionally, Defendant's Counsel asserts continued employment is likely to result in a violation of professional responsibility rules. Defendant's counsel discovered after entry into this matter a significant volume of outstanding and impending discovery-related issues and noticed depositions to be taken in this case within the next month, which were not disclosed to Defendant's Counsel in

NOTICE OF *EX PARTE* MOTION AND *EX PARTE* MOTION FOR LEAVE TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANT RISC POINT ADVISORY GROUP LLC AND TO CONTINUE ALL RELATED DISCOVERY AND TRIAL DATES; MEMORANDUM OF POINTS AND AUTHORITIES

connection with its agreement to substitute in as counsel 12 days ago. Defendant's counsel is currently handling over fifty active employment litigation matters and is unavailable for the depositions noticed prior to Defendant's counsel's entry into this case. Plaintiff's counsel has noticed nine impending deposition dates, five of which are set in Ohio state, and all of which Defendant's counsel is precluded from attending due to existing conflicts caused by depositions, mediations, and court hearings in other matters. **See Dal Cielo Decl. ¶6.** Defendant's counsel still has not received from Gordon Rees or from Defendant certain discovery propounded to Defendant, deposition transcripts or key ESI requested in this matter, all of which are essential to defending depositions, preparing responses, or otherwise serving as counsel. **See Dal Cielo Decl. ¶4.** Despite coordinating calls with Co-defendant's counsel on October 29, 2025 and November 3, 2025 to address case strategy and the gaps in documentation, Co-Defendant's counsel has still not received key documents critical to effectively representing Defendant. **See Dal Cielo Decl. ¶5**. Given the deficient and delayed production of the client file to Defendant's counsel, the lack of disclosure to Defendant's counsel regarding the significant and impending discovery-related deadlines, and the substantial existing obligations Defendant's counsel already has on other matters, there is a significant risk counsel for Defendant's continued representation in this matter will lead to a violation of Cal. R. Prof. Conduct 1.3(b) in both this matter and Defendant's counsel's other matters absent this Court (1) granting Defendant's counsel's withdrawal; and (2) granting a significant continuance of current deadlines. For these reasons, good cause for withdrawal exists.

### d. Prejudice Is Unlikely and Defendant's Counsel Has Provided Adequate Notice.

No prejudice is likely as a result of Defendant's counsel's withdrawal because of the brief limited role Defendant's counsel has played in the proceedings thus far and Co-defendant's counsel's continued involvement in this matter from the start. To date, apart from the substitution of counsel form, Defendant's counsel has not made

any filings, propounded or responded to any discovery, or defended or taken any depositions on this matter. **See Dal Cielo Decl. ¶10.** Even after Defendant's entry in this matter, Co-defendant's counsel remained actively involved on Defendant's behalf, including participation at a November 4, 2025 deposition of a key third-party witness, propounding supplemental discovery responses and document production on Defendant's behalf on November 5, 2025. **See Dal Cielo Decl. ¶8.** Indeed, harm is more likely to occur for other litigants if the withdrawal is not granted given the uncertainty it will cause for opposing counsel regarding to whom their communications about Defendant should be directed and who will be responsible for responding on behalf of Defendant. See *Shalaby & Sonia Dunn-Ruiz v. Newell Rubbermaid, Inc.* (S.D.Cal. Dec. 30, 2008, No. 07CV2107-MMA (POR)) 2008 U.S.Dist.LEXIS 126252, at *4 (finding that prohibiting co-counsel's withdrawal would create undue confusion and should be granted.) The resolution of this case is further unlikely to be delayed by a withdrawal as Defendant has been informed of the consequences of a corporate entity appearing *pro se* and Defendant is currently seeking substitute counsel. **See Dal Cielo Decl. ¶12;** *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004); see Civ. L. Rule 83-2.2.2.

Co-defendant's counsel and Plaintiff's counsel are aware of all court deadlines and have been since the initiation of this case and should therefore be capable of ensuring each party's interests are not harmed by any withdrawal, particularly if the Court grants the continuance of the trial and related deadlines. See *Hoffman v. O Three Meida LLC* C.D. Cal. Jan. 2, 2013, No. CV 12-60-GW(JEMx)) 2013 U.S.Dist.LEXIS 197418, at *2 (finding a trial date five months away did not justify denial of counsel's motion to withdraw).

### e. Good Cause Exists for a Trial Continuance

Pursuant to Federal Rule of Civil Procedure 16(b), the Court's scheduling order may be modified for good cause. Good cause is a "non-rigorous standard" and requests for continuances should be granted in the absence of bad faith on the part of

the party seeking relief or prejudice to the adverse party. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). Good cause exists if the scheduling order cannot reasonably be met despite the diligence of the parties seeking the extension. *Johnson v. Mammoth Recreations*, 975 F.2d 604 (9th Cir. 1992).

Good cause exists to grant a continuance of the April 13, 2026, trial date and continuing all related pretrial events and deadlines in accordance with the new trial date. This would include continuing all discovery-related and motion deadlines, as well as the depositions currently noticed for dates in November. Defendant's counsel has pre-existing conflicts caused by depositions, mediations, and court hearings throughout November. **See Dal Cielo Decl. ¶6.** These conflicts are not due to any lack of diligence by Defendant's counsel, as Defendant was not made aware of the substantial current discovery and deposition dates in this case prior to entering into this matter 12 days ago. It is Defendant's counsel's understanding that no prior continuance has been requested in this matter and there is no indication that Plaintiff or the other defendants would be prejudiced by a brief continuance.

## IV. CONCLUSION

Based on the foregoing, counsel respectfully requests that this Court grant this motion, approve the withdrawal as counsel for Defendant, and continue all trial and discovery related deadlines until new counsel has been obtained for Defendant.

Dated: November 10, 2025                                JACKSON LEWIS P.C.

By: _/s/ Neda N. Dal Cielo_
Neda N. Dal Cielo
Andres Antuna
Attorneys for Defendant
RISC POINT ADVISORY GROUP LLC

4902-7553-7784, v. 5