1 Ruben D. Escalante (Cal. Bar No. 244596)
2 Robert A. Escalante (Cal. Bar No. 270629)
  ACLIENT PC
3 440 N Barranca Ave PMB 9496
  Covina, California 91723
4 Telephone: (310) 431-9687
5 Email: ruben@aclientpc.com

6 Jeff T. Olsen (Cal. Bar No. 283249)
7 OLSEN WORKPLACE SOLUTIONS PC
  18012 Cowan, Ste 200
8 Irvine, California 92614
9 Telephone: (949) 232-0455
  Email: jeff@olsenws.com

11 Attorneys for Plaintiff
   ASHLEY FRAGALE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ASHLEY FRAGALE,<br><br>                Plaintiffs,<br><br>vs.<br><br>RISC POINT ADVISORY GROUP LLC; RISC POINT ASSURANCE, LTD; RISC POINT HOLDINGS, INC.; JACOB NIX; and DOES 1 through 10, inclusive,<br><br>                Defendants. | Case No.: 8:25-cv-00994 JWH (ADSx)<br><br>**[DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE AUTUMN D. SPAETH]**<br><br>**PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER COMPELLING THE DEPOSITIONS OF DEFENDANTS AS CURRENTLY NOTICED, OR ALTERNATIVELY, TO COMPEL DEFENDANTS' DEPOSITIONS ON OR BY DECEMBER 5, 2025**<br><br><u>Discovery Cut-off Date</u>: December 5, 2025<br><u>PreTrial Conference Date</u>: March 27, 2026<br><u>Trial Date</u>: April 13, 2026 |

**PLAINTIFF'S EX PARTE APPLICATION**

**TO THE HONORABLE COURT, DEFENDANTS AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

Plaintiff Ashley Fragale ("Plaintiff") needs the Court's assistance to force Defendants to produce high level and key witnesses for deposition. Plaintiff waited to take these depositions for Defendants to complete their document production; however, due to the impending discovery cutoff, on October 17, 2025, Plaintiff noticed the depositions. Plaintiff gave over 30 days' notice and invited Defendants to meet and confer regarding the necessity to subpoena the witnesses, PMK topics, scheduling, and location. Plaintiff subsequently amended the PMK notice on October 29, 2025. To date, Defendants have not confirmed any of the depositions or provided any alternatives. Plaintiff will incur cancellation fees associated with the conference rooms booked, and the costs for flights become more expensive the longer Plaintiff is forced to wait. Accordingly, because Plaintiff acted diligently and will not be able to compel the witnesses to attend their depositions prior to the discovery cutoff if the Court does not act now, ex parte relief is appropriate. (Declaration of Ruben Escalante ("Escalante Decl.") ¶¶ 1-9, Exhs. 1-5.)

The name, job title, and scheduled date and time of the deponents at issue are listed below:

- Chad Gross, Executive Vice President, November 17, 2025
- William "Tony" Bai, Executive Vice President, November 18, 2025
- Allison Bailey, Human Resources Manager, November 19, 2025
- Matthew Drewyor, CEO (former CFO), November 20, 2025
- Jacob Nix, Chief Growth Officer (former CEO), November 21, 2025
- Defendant RISC Point Advisory Group, LLC, December 1, 2025

Plaintiff noticed the depositions of the individuals to take place close to RISC Point's headquarters in Cleveland, Ohio, and the PMK deposition to take place remotely. It is crucial that the depositions of the individuals be taken in person to ensure Plaintiff can fully test the witnesses' credibility, minimize opportunities for improper conduct, and

**PLAINTIFF'S EX PARTE APPLICATION**

facilitate the actual questioning. Notably, Defendants took the deposition of Plaintiff *in person* and at least one representative of Defendant showed up *in person* to the *remote* deposition of Ryan McCartney; this conclusively demonstrates the importance of in person depositions. (Escalante Decl. ¶ 10.)

THEREFORE, pursuant to FRCP 26, 30, and 37, Plaintiff hereby respectfully requests that the Court issue an Order:

(a) Compelling the six (6) depositions of the Defendants and corporate witnesses, on the dates and locations as noticed by Plaintiff; or alternatively,

(b) Compelling the same respective Defendants and Defendants' witnesses to appear for depositions on alternative dates, but also include in the order that each deposition must occur and be completed on or by December 5, 2025.

Plaintiff's *Ex Parte* Application is based upon this Application, the Declaration of Ruben Escalante filed herewith, as well as all records and pleadings on file with the Court in this action and on such further evidence and argument as may be presented at or before the time for hearing.

Date: November 10, 2025

                                              Respectfully submitted,

By: _____
    RUBEN D. ESCALANTE
    JEFF T. OLSEN
    Attorney for Plaintiff
    ASHLEY FRAGALE

**PLAINTIFF'S EX PARTE APPLICATION**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff moves this Court for an *ex parte* order compelling the attendance of six depositions currently noticed, including Defendant Jacob Nix, the PMK of Defendant RISC Point Advisory Group, LLC ("RISC Point"), and four other depositions of high ranking individuals who all currently work for RISC Point and are key witnesses to this case. Plaintiff waited to take the subject depositions for Defendants to complete their document production; however, due to the impending discovery cutoff, Plaintiff moved forward and noticed the depositions. When she served the deposition notices, Plaintiff invited Defendants to meet and confer regarding scheduling and service logistics. Rather than immediately meet and confer regarding scheduling and logistics, Defendants to date have not confirmed any depositions or provided any alternative dates or locations.

Counsel for Defendants: Geoffrey Lee (glee@grsm.com) and Anafrancesa Comunale (acomunale@grsm.com), Gordon Rees Scully Mansukhani, LLP, 101 West Broadway, Suite 2000, San Diego, CA 92101, (619) 230-7418; Neda N Dal Cielo (neda.dalcielo@jacksonlewis.com), Jackson Lewis P.C., 160 West Santa Clara Street Suite 400, San Jose, CA 95113, 408-579-0404.

## II. FACTUAL BACKGROUND

This is a sexual harassment and retaliation case brought by Plaintiff against her former employer RISC Point and its founder and former CEO, Defendant Jacob Nix. Plaintiff has sought leave to amend to add additional claims, including improper disclosure of intimate images of her without her knowledge or consent. (Dkt. 49-2, Exh. A.)

Plaintiff filed this action in April 2025; Defendants removed it to federal court in May 2025; Plaintiff served her first set of discovery in May 2025; to date, Defendants have failed to complete their document production in response to this discovery, including significant ESI (which is the subject of an anticipated renewed motion to compel and Joint Stipulation that Plaintiff has already served on Defendants). (Escalante Decl. ¶ 2.)

   In September 2025, Plaintiff requested general availability of the deponents at issue, and disclosed some of the proposed PMK topics. Defendants' counsel provided availability in October for each of the individuals, and stated, "…Your PMQ topics look generally fine." This demonstrated Defendants conceded the propriety of the proposed depositions. (Escalante Decl. ¶ 3. Exh. 1.)

   In October, the parties continued working through discovery disputes, including Defendants' failure to complete their document production, including significant ESI and non-ESI. Due to the impending discovery cutoff, on October 17, 2025, Plaintiff served notices of deposition to "Defendant Jacob Nix and Deposition of Officers, Directors and/or Managing Agents of RISC Point Defendants" and a notice of deposition of Defendant RISC Point, pursuant to FRCP 30(b)(6). The deposition of RISC Point was set to take place remotely. Each of the remaining depositions were set on different days, in Cleveland, Ohio, where RISC Point has its headquarters. (Escalante Decl. ¶ 4, Exh. 2.)

   Notably, when Plaintiff served her notices, she invited Defendants to meet and confer regarding service, scheduling, PMK topics, and location. Defendants ignored Plaintiff. Plaintiff followed up, including letting Defendants know that it was going to amend the topics to the PMK notice; Defendants ignored Plaintiff. A week after Plaintiff served the notice, on October 24, 2025, Defendants finally responded, but did not provide any alternative dates or firm locations. Instead, later that day and after business hours, Defendants informed Plaintiff that her counsel (i.e. Gordon Rees) would be replaced by new counsel (i.e., Jackson Lewis). Still, Defendants did not send alternative dates or locations. (Escalante Decl. ¶ 5, Exh. 3.)

   On October 29, 2025, Plaintiff served an amended notice of PMK; later that day, Jackson Lewis substituted into the case, but only as to one corporate defendant, RISC Point (i.e., one of the deponents); and, that same day, Plaintiff sent an email to Jackson Lewis attempting to meet and confer about the depositions, among other things. (Escalante Decl. ¶ 6, Exhs. 4.)

**PLAINTIFF'S EX PARTE APPLICATION**

On October 30, 2025, Gordon Rees served objections to all of the individual deponents, even though they no longer represented their employer. The objections included boilerplate objections, including to the associated document requests. The objections remained silent as to the deposition of RISC Point. (Escalante Decl. ¶ 7, Exh. 5.)

On October 31, 2025, Jackson Lewis responded, offering to meet and confer the following Monday. Plaintiff immediately confirmed her availability. Regarding the depositions, it also stated that "We're happy to discuss . . . mutually agreeable deposition dates . . . Please note that we are not available to attend the November depositions previously unilaterally scheduled by Plaintiff before we entered this case and will need to discuss rescheduling them." (Escalante Decl. ¶ 6, Exh. 4.)

On November 3, 2025, Monday, the parties discussed the deposition issues, Defendants did not provide any alternative dates, and the parties did not resolve their dispute. Notably, during this call, Jackson Lewis represented that it would be substituting in for all Defendants shortly. (Escalante Decl. ¶ 8.)

On November 6, 2025, Jackson Lewis informed Plaintiff that it would not be substituting in for any other defendant after all, and would actually be seeking to withdraw as counsel. On November 7, 2025, Friday, the parties held a telephonic meet and confer, during which Jackson Lewis confirmed it would not be continuing as counsel, Gordon Rees confirmed it would not be continuing as counsel, both failed to provide any alternative dates or confirm any deposition dates, and Plaintiff stated she would seek ex parte relief. Plaintiff has worked diligently to complete her discovery before the cutoff of December 5, 2025; Plaintiff wants to keep the discovery cutoff and trial date to curtail any further gamesmanship. Accordingly, Plaintiff had no choice but to bring this ex parte application, and gave notice of the same. (Escalante Decl. ¶ 9.)

///
///
///

**PLAINTIFF'S EX PARTE APPLICATION**

### III. THE COURT SHOULD COMPEL THE DEPOSITIONS AS NOTICED, INCLUDING THE DOCUMENT REQUESTS

FRCP 37(a)(1) provides "On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." FRCP 37(d)(1)(A)(i) provides "The court where the action is pending may, on motion, order sanctions if: (i) a party or a party's officer, director, or managing agent – or a person designated under Rule 30(b)(6) or 31(a)(4) – fails, after being served with proper notice, to appear for that person's deposition . . ."

Defendant RISC Point's deposition is noticed to be remote. However, each of the remaining Defendants' depositions are located in Cleveland, Ohio, where Defendant RISC Point has its corporate headquarters. Courts recognize a "general presumption" that "deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business." *See Aerocrine AB v. Apieron Inc.*, 267 FRD 105, 108 (D. DE 2010); Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 11(IV)-A. Notably, although in person depositions are warranted here, as set forth in the Application, to minimize the burden on Defendants' counsel, Plaintiff offered to hold the depositions at Defendants' counsel's offices; this way witnesses would only need to travel for one or two days, as opposed to counsel traveling for an entire week.

As it relates to the analysis that each of the following proposed deponents are parties, officers, directors or managing agents:

1) **Defendant Jacob Nix**. Mr. Nix is a party to this action. Upon information and belief: Mr. Nix lives in Cleveland, Ohio. He is the founder and former Chief Executive Officer (CEO) of at least RISC Point. After this lawsuit commenced, Mr. Nix's title changed to "Chief Growth Officer." Plaintiff alleges Mr. Nix engaged in severe and pervasive, and quid pro quo sexual harassment against Plaintiff (and

other employees of the company), as well as retaliated against Plaintiff (and other employees of the company).

2) **Matthew Drewyor**. Upon information and belief: Mr. Drewyor is the current CEO of at least RISC Point. At the time this lawsuit was commenced, Mr. Drewyor was the Chief Financial Officer of at least RISC Point. Mr. Drewyor is a part owner of the company. Mr. Drewyor was a firsthand witness to the sexual harassment against Plaintiff, participated in the retaliation against Plaintiff after she complained of sexual harassment, and failed to prevent harassment and retaliation against Plaintiff.

3) **William "Tony" Bai** – Upon information and belief: Mr. Bai is the current "Chief Solutions Officer" of RISC Point. Mr. Bai is a partial owner of the company. Mr. Bai was a firsthand witness to the sexual harassment against Plaintiff, and as an officer and part owner of the company, failed to prevent harassment and retaliation against Plaintiff.

4) **Chad Gross** – Upon information and belief: Mr. Gross is the current Executive Vice President, Compliance Services for RISC Point. Mr. Bai was a firsthand witness to the sexual harassment against her, and as an executive of the company, failed to prevent harassment and retaliation against Plaintiff.

5) **Allison Bailey** – Upon information and belief: Ms. Bailey is the Human Resources Manager, and the only and highest-ranking human resources worker of RISC Point. After Plaintiff complained of sexual harassment and retaliation in this matter, RISC Point hired Ms. Bailey to be Plaintiff's interim supervisor. Ms. Bailey has an "@riscpoint.com" email address. Ms. Bailey is a firsthand witness to Defendants' retaliation against the Company, and received one of Plaintiff's complaints of retaliation.

6) **PMQ Deposition of Defendant RISC Point Advisory Group, LLC** – Pursuant to FRCP 30(b)(6), with lawful and relevant topics, most of which Defendants

conceded "look[ed] generally fine" and on which Defendants have completely failed to meet and confer. The topics are as follows: (1) Corporate level policies (i.e., human resources policies; document retention/preservation/destruction policies; compliance with California's Fair Employment and Housing Act; and sexual harassment/discrimination/retaliation policies); (2) Electronically Stored Information and Document retention, preservation, collection, and production in this case; (3) Responses to written discovery in this case; (4) Plaintiff's personnel file; (5) Investigation and any corrective action into Plaintiff's March 2025 written complaint; (6) Investigation and any correction action into Plaintiff May 2025 written complaint; (7) Investigation and any corrective action into the allegation that Jacob Nix distributed intimate pictures of Plaintiff and threatened Ryan McCartney; (8) Relationship between the multiple defendants in this case and/or RISC Point Partners, LLC;  (9) Compliance with corporate formalities with respect to each defendant and/or RISC Point Partners, LLC; (10) Financial condition of each defendant; and (11) The identities and contact information of any potential buyer of any defendant and/or RISC Point Partners, LLC; the proposed terms of any potential sale, purchase, or acquisition; any non-disclosure agreements, term sheets, letters of intent, and/or memorandums of understanding; any representations made in connection therewith regarding the financial status, stability, and viability of any defendant and/or RISC Point Partners, LLC; and the reasons for failing to consummate the sale, purchase, or acquisition.

Regarding the associated document requests, the document requests to the individual deponents are tailored to require the individual deponents to search and produce documents on their own, and not rely on any third party to do it for them (e.g., communications about Plaintiff; investigations about Plaintiff's complaint; recordings of Plaintiff; files about Plaintiff; complaints regarding harassment, discrimination, or retaliation; communications with Plaintiff; communications using certain foul words with

**PLAINTIFF'S EX PARTE APPLICATION**

or about any employee; cell phone owned since June 2024 and a forensic image; any storage device on which an "intimate visual deposition" of any employee was maintained and a forensic image; any "intimate visual deposition" of Plaintiff; and communication about any "intimate visual deposition of Plaintiff").

In addition to the foregoing, the document requests to the PMK include communications related to any potential buyer of any defendant or its affiliated entity, RISC Point Partners, LLC; documents related to the proposed terms of any potential sale, purchase, or acquisition; representations regarding the same and financial status; the reasons for failing to consummate the sale; and communications between Jacob Nix and John Hibbeler since December 1, 2024, and the present.

These requests are all designed to seek information and documents related to Plaintiff's sexual harassment and retaliation claims, including recent allegations that Mr. Nix directed Hibbeler to take an intimate photograph of Plaintiff, that Mr. Nix maintained and shared this and intimate photographs of other employees to executives, that RISC Point's value is high (which is relevant to punitive damages),[1] and regarding spoliation (including that the intimate photograph of Plaintiff and other messages about Plaintiff that were allegedly destroyed).

## IV. CONCLUSION

THEREFORE, pursuant to FRCP 26, 30, and 37, Plaintiff hereby respectfully requests that the Court issue an Order:

---

[1] See *Mojica v. S.M. Healthcare, Inc.*, No. 2:24-CV-05276-CBM-MARX, 2025 WL 1723155, at *4 (C.D. Cal. Jan. 31, 2025) ("As an initial matter, the Court notes that courts often find a defendant's financial information relevant and proportionate to the issue of potential punitive damages, and that the majority of federal courts allow discovery into a defendant's financial condition without a prima facie showing that a plaintiff is entitled to punitive damages.") *See also LL B Sheet 1, LLC v. Loskutoff,* No. 16 CV-02349-BLF-HRL, 2016 WL 7451632, at *1–3 (N.D. Cal. Dec. 28, 2016) ("[T]he majority of federal courts to have considered this issue have declined to postpone the disclosure of financial condition and net worth information.").

(a) Compelling the six (6) depositions of the Defendants and corporate witnesses, on the dates and locations as noticed by Plaintiff; or alternatively,

(b) Compelling the same respective Defendants and Defendants' witnesses to appear for depositions on alternative dates, but also include in the order that each deposition must occur and be completed on or by December 5, 2025.

Date: November 10, 2025                    Respectfully submitted,

By: _____
    RUBEN D. ESCALANTE
    JEFF T. OLSEN
    Attorney for Plaintiff
    ASHLEY FRAGALE

# PROOF OF SERVICE

I am an active member of the State Bar of California. I am not a party to the within action. My business address is 440 N. Barranca Ave. PMB 9496, Covina, CA 91723. On November 10, 2025, I served copies of the within documents described as:

**[DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE AUTUMN D. SPAETH]**

**PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER COMPELLING THE DEPOSITIONS OF DEFENDANTS AS CURRENTLY NOTICED, OR ALTERNATIVELY, TO COMPEL DEFENDANTS' DEPOSITIONS ON OR BY DECEMBER 5, 2025**

on the interested parties in this action as follows:

**See attached Service List**

[x]     BY ELECTRONIC/EMAIL - I caused the above document to be delivered to the office of the addressee via electronic e-mail. Said document was transmitted to the email address of that office which is listed on the Service List. I did not receive, within a reasonable after the transmission, any indication that the transmission was not successful.

I certify the foregoing is true and correct. Executed on November 10, 2025.

Ruben Escalante

**PLAINTIFF'S EX PARTE APPLICATION**

1  GEOFFREY LEE (SBN:234024)
   glee@grsm.com
2  ANAFRANCESCA COMUNALE (SBN: 323257)
3  acomunale@grsm.com
   GORDON REES SCULLY MANSUKHANI, LLP
4  101 West Broadway, Suite 2000
5  San Diego, CA 92101
   Telephone: (619) 230-7418
6  Facsimile: (619) 696-7124
7
   Attorneys for Defendants
8  RISC POINT ASSURANCE, LTD; RISC POINT HOLDINGS, INC.; JACOB
9  NIX

10
   Neda N Dal Cielo
11 Jackson Lewis P.C.
12 160 West Santa Clara Street Suite 400
   San Jose, CA 95113
13 408-579-0404
   Fax: 408-454-0290
14 Email: neda.dalcielo@jacksonlewis.com
15
   Attorneys for Defendant
16 RISC POINT ADVISORY GROUP LLC

-12-

**PLAINTIFF'S EX PARTE APPLICATION**