Ruben D. Escalante (Cal. Bar No. 244596)
ACLIENT PC
440 N Barranca Ave PMB 9496
Covina, California 91723
Telephone: (310) 431-9687
Email: ruben@aclientpc.com

Jeff T. Olsen (Cal. Bar No. 283249)
OLSEN WORKPLACE SOLUTIONS PC
18012 Cowan, Ste 200
Irvine, California 92614
Telephone: (949) 232-0455
Email: jeff@olsenws.com

Attorneys for Plaintiff
ASHLEY FRAGALE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| ASHLEY FRAGALE, | ) | Case No.: 8:25-cv-00994 JWH (ADSx) |
|---|---|---|
| Plaintiffs, | ) | **[DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE AUTUMN D. SPAETH]** |
| vs. | ) | |
| RISC POINT ADVISORY GROUP LLC; RISC POINT ASSURANCE, LTD; RISC POINT HOLDINGS, INC.; JACOB NIX; and DOES 1 through 10, inclusive, | ) | **DECLARATION OF RUBEN ESCALANTE IN SUPPORT OF PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER COMPELLING THE DEPOSITIONS OF DEFENDANTS AS CURRENTLY NOTICED, OR ALTERNATIVELY, TO COMPEL DEFENDANTS' DEPOSITIONS ON OR BY DECEMBER 5, 2025** |
| Defendants. | ) | Discovery Cut-off Date: December 5, 2025 |
| | ) | PreTrial Conference Date: March 27, 2026 |
| | ) | Trial Date: April 13, 2026 |

1

2

<u>DECLARATION OF RUBEN ESCALANTE</u>

3

I, Ruben Escalante, do declare as follows:

4

1.    I am a partner in the law firm ACLIENT PC, attorneys of record for Plaintiff.

5

6

I have personal knowledge of the facts herein, unless otherwise stated, and if called as a witness to testify thereto under oath, I could competently do so.

7

2.    Plaintiff filed this action in April 2025; Defendants removed it to federal

8

court in May 2025; Plaintiff served her first set of discovery in May 2025; to date,

9

Defendants have not completed their document production in response to this discovery,

10

including significant ESI (which is the subject of an anticipated renewed motion to compel

11

and Joint Stipulation that Plaintiff has already served on Defendants).

12

3.    A true and correct copy of correspondence between counsel for Plaintiff and

13

Defendants is included as Exhibit 1.

14

4.    In October, the parties continued working through discovery disputes,

15

including Defendants' failure to complete their document production, including significant

16

ESI and non-ESI. Due to the impending discovery cutoff, on October 17, 2025, Plaintiff

17

served notices of deposition. I am informed and believe that RISC Point's headquarters is

18

in Cleveland, Ohio. A true and correct copy of these notices are attached hereto as Exhibit

19

2.

20

5.    When Plaintiff served her notices, she invited Defendants to meet and confer

21

regarding service, scheduling, PMK topics, and location. Defendants ignored Plaintiff.

22

Plaintiff followed up, including letting Defendants know that it was going to amend the

23

topics to the PMK notice; Defendants ignored Plaintiff. A week after Plaintiff served the

24

notice, on October 24, 2025, Defendants responded, but did not provide any alternative

25

dates or firm locations. Later that day and after business hours, Defendants informed

26

Plaintiff that her counsel (i.e. Gordon Rees) would be replaced by new counsel (i.e.,

27

28

**DECLARATION OF RUBEN ESCALANTE**

Jackson Lewis). Defendants did not send alternative dates or locations. A true and correct copy of supporting correspondence, without attachments, is attached hereto as Exhibit 3.

6.  On October 29, 2025, Plaintiff served an amended notice of PMK; later that day, Jackson Lewis substituted into the case, but only as to one corporate defendant, RISC Point (i.e., one of the deponents); and, that same day, Plaintiff sent an email to Jackson Lewis attempting to meet and confer about the depositions, among other things. On October 31, 2025, Jackson Lewis responded. A true and correct copy of this amended notice of deposition and supporting correspondence, without attachments, is attached hereto as Exhibit 4.

7.  A true and correct copy of objections is attached hereto as Exhibit 5.

8.  On November 3, 2025, co-counsel (Jeff Olsen) and I discussed the deposition issues with Neda Dal Cielo (from Jackson Lewis). She did not provide alternative dates, and we were not able to resolve our dispute. During this call, Ms. Dal Cielo represented that Jackson Lewis would be substituting in for all Defendants shortly.

9.  On November 6, 2025, Jackson Lewis informed Plaintiff that it would not be substituting in for any other defendant, and would be withdrawing as counsel for the entity is already represented. On November 7, 2025, the parties held a telephonic meet and confer, during which Jackson Lewis confirmed it would not be continuing as counsel, Gordon Rees confirmed it would not be continuing as counsel, both failed to provide any alternative dates or confirm any deposition dates, and Plaintiff stated she would seek ex parte relief. Accordingly, on November 10, 2025, Plaintiff gave Defendants formal written notice that she would bring this ex parte and brought this ex parte application.

///

///

///

-2-

**DECLARATION OF RUBEN ESCALANTE**

10.    Defendants took the deposition of Plaintiff in person. I am informed and believe at least one representative of Defendant showed up in person to the remote deposition of Ryan McCartney. Mr. McCartney's deposition had previously been noticed for an in-person deposition, but was changed to a remote deposition.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 10th day of November 2025, in Fairfield, CA.

_____

Ruben Escalante

-3-

**DECLARATION OF RUBEN ESCALANTE**

Exhibit 1

**ruben@aclientpc.com**

| | |
|---|---|
| **From:** | Geoff Lee <glee@grsm.com> |
| **Sent:** | Thursday, September 18, 2025 4:27 PM |
| **To:** | Jeff Olsen |
| **Cc:** | Anafrancesca Comunale; Ruben Escalante |
| **Subject:** | RE: Fragale v. RISC Point -- depos |

Dear Jeff,

I have proposed deposition dates as follows:

JAKE NIX – October 17, 24, or 31

MATT DREWYOR – October 16, 23, 29, or 30

I am waiting to hear back from the other witnesses.

Your PMQ topics generally look fine.

I will get back to you on the remote deposition conditions you proposed.



**L. GEOFFREY LEE**
Partner

101 W. Broadway, Suite 2000, San Diego, CA 92101
633 West Fifth Street, 52nd Floor, Los Angeles, CA 90071

**D:** 213.270.7861
glee@grsm.com

grsm.com

**From:** Jeff Olsen <jeff@olsenws.com>
**Sent:** Thursday, September 18, 2025 11:55 AM
**To:** Geoff Lee <glee@grsm.com>
**Cc:** Anafrancesca Comunale <acomunale@grsm.com>; Ruben Escalante <ruben@aclientpc.com>
**Subject:** RE: Fragale v. RISC Point; NIX - Further Meet and Confer - Discovery and Deposition Matter

Hello Geoff,

I called your office line again, and again, you did not answer.  I left a voicemail inviting a call back.

By today, can you please respond to the questions in my email below?

Thank you,

Jeff

---

**From:** Jeff Olsen
**Sent:** Monday, September 15, 2025 5:22 PM
**To:** 'Geoff Lee' <glee@grsm.com>
**Cc:** Anafrancesca Comunale <acomunale@grsm.com>; Ruben Escalante <ruben@aclientpc.com>
**Subject:** Fragale v. RISC Point; NIX - Further Meet and Confer - Discovery and Deposition Matter

Hello Geoff,

I called your office line today, but you did not answer, so I left a voicemail.  Please let me know if you'd like to set a phone call to discuss.  Following up on that voicemail, we need Defendants' positions this week on a few matters relating to discovery and depositions:

1) Please provide at least three respective open dates of deposition availability for the last three weeks of October 2025 for the following individuals:
   a. Jacob Nix, Matt Drewyor, Tony Bai, Chad Gross, and Allison Laurence Bailey; and separately,
   b. DEFENDANT RISC POINT ADVISORY GROUP, LLC PMK – 30(b)(6) depo – we'll include specific topics on the notice, but in good faith so you can identify and determine the proper PMK(s), topics will include: corporate level policies (e.g. HR policies, document retention/destruction policies), ESI retention, collection and production in this case, Plaintiff's personnel file and investigation into Plaintiff's complaints, and relationship between the multiple RISC Point entities.

2) It is our understanding that investigator John Hawkins is not represented by counsel, and that his work for RISC Point was non-privileged.   Assuming we are correct, we plan to reach out to him to discuss his preferred availability for his subpoenaed deposition.   Please let us know <u>immediately</u> if you have any other information that would suggest that he is otherwise represented, and if so, who we should contact on his behalf.

3) Please let us know if Defendants will stipulate to the use of remote-video depositions in this case, at the discretion of the noticing party.  Please also let us know if Defendants will stipulate that any remote deposition will be considered within the geographical radius requirements of the FRCP (i.e., deponents in remote depositions can choose to sit for remote deposition at a confidential location of their choosing within the geographic requirements, e.g., their home or local office).  As a matter of reasonable compromise, we are okay as part of the stipulation that regardless of the location of the deposition for the deponent, counsel may appear remotely or in person if they so choose.

Last but not least, and following up on the multiple conversations you and I have had on the matter, and the most recent phone call between you and Ruben last week<u>, please provide the Hit Report, and any other documents readily available by end of day Thursday 9/18.</u>  By isolated example only, we still have not received all documents by Defendants outside the ESI process, including but not limited to all documents between RISC Point, Investigator Hawkins and Gordon Rees – these documents and emails should be readily available months ago, and are separate and apart from the ESI Hit Report protocols as they are a specific request – and not to beat a dead horse, but responses and documents were due over 3 months ago.  In terms of ESI, as a matter of timing alone based on the Court's scheduling order, if Defendants do not produce at least the Hit Report this week, how would Defendants reasonably plan *complete its* ESI *document production* by the remaining days of September 2025, as Ruben noted in his last email?)

In light of the fast-approaching discovery cut off, which includes any hearing date on any motion to compel, the timetable simply does not afford us the ability to wait any longer and we must press this case forward.  If we do

not hear back from you with the necessary information by end of day on Thursday 9/18, as necessary, we will need to unilaterally set the depositions, and/or file a motion to compel compliance of document production by dates certain.

Thank you for your prompt attention on the matter,

Jeff

---

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

Exhibit 2

Ruben D. Escalante (Cal. Bar No. 244596)
Robert A. Escalante (Cal. Bar No. 270629)
ACLIENT PC
440 N Barranca Ave PMB 9496
Covina, California 91723
Telephone: (310) 431-9687
Email: ruben@aclientpc.com

Attorneys for Plaintiff
ASHLEY FRAGALE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY FRAGALE,<br><br>                    Plaintiffs,<br><br>        vs.<br><br>RISC POINT ADVISORY GROUP LLC; RISC POINT ASSURANCE, LTD; RISC POINT HOLDINGS, INC.; JACOB NIX; and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No.: 8:25-cv-00994 JWH (ADSx)<br><br>**PLAINTIFF'S NOTICE OF DEFENDANT JACOB NIX AND DEPOSITION OF OFFICERS, DIRECTORS, AND/OR MANAGING AGENTS OF RISC POINT DEFENDANTS**<br><br>Date: November 17, 18, 19, 20, 21, 2025<br>Time: 9 a.m. (Eastern Time)<br>Place: 1468 West 9th Street, Suite #100<br>          Cleveland, OH 44113 |

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

YOU ARE HEREBY NOTIFIED THAT THE DEPOSITION of Defendant Jacob Nix and the following officers, directors, and/or managing agents of Defendants RISC POINT ADVISORY GROUP LLC; RISC POINT ASSURANCE, LTD; RISC POINT HOLDINGS, INC. will be taken at 1468 West 9th Street, Suite #100, Cleveland, OH 44133, by Plaintiff Ashley Fragale, commencing at 9 a.m. (Eastern Time), upon oral examination under oath before a court reporter, as follows:

| 1. | Chad Gross | November 17, 2025 |
|----|------------|-------------------|
| 2. | Tony Bai | November 18, 2025 |
| 3. | Allison Bailey | November 19, 2025 |
| 4. | Matt Drewyor | November 20, 2025 |
| 5. | Jacob Nix | November 21, 2025 |

Plaintiff reserves the right to take these depositions remotely.

PLEASE TAKE FURTHER NOTICE that in addition to recording the deposition testimony stenographically, each session of the deposition will be recorded by audiovisual means on videotape and this videotape may be used at time of trial. The deposition will also be live broadcast to parties and attendees who wish to attend remotely.

YOU ARE FURTHER NOTIFIED THAT the deponents, who are parties to this action by operation of Federal Rule of Civil Procedure 30(b)(1), are required to produce the following documents, records, or other materials at said deposition:

## **DEFINITIONS**

1.      The terms "YOU" or "YOUR" shall mean and refer to the respective deponent and any individual or entity acting on his or her behalf or pursuant to his or her direction or request.

2.      The term "PLAINTIFF" shall mean and refer to Plaintiff Ashley Fragale.

**NOTICE OF DEPOSITION**

3.      The terms "RELATE TO" "RELATED TO" or "RELATING TO" shall mean referring to, reflecting, stating, describing, recording, contradicting, embodying, memorializing, mentioning, studying, analyzing, discussing, commenting on, specifying, listing, summarizing, reviewing or identifying.

4.      The terms "DOCUMENT(S)" and/or "DOCUMENTATION" shall have the broadest possible meaning and encompass, without limitation, any tangible item discoverable under Federal Rule of Civil Procedure, Rule 34, all writings, drawings, graphs, charts, photographs, recordings, and other data compilations from which information can be obtained, translated, if necessary, by you through detection devices into reasonably usable form.

5.      "COMMUNICATION(S)" shall include any and all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, notices, letters, correspondence, notes, telegrams, facsimiles, electronic mail (e.g. *emails*) (including deleted electronic mail), slack messages (including deleted Slack messages and group Slack messages), iMessages (including deleted iMessages and group iMessages), text messages (including deleted text messages and group text messages), messages on any social media platform (including, without limitation, Facebook, Snapchat, and Instagram), screenshots of iMessages, text messages, and/or social media messages, memoranda, or other forms of communications, including but not limited to both oral and written communications

## DOCUMENTS TO BE PRODUCED

1. Any and all DOCUMENTS which RELATE TO conversations, COMMUNICATIONS with, or statements by YOU or received by YOU, RELATING TO PLAINTIFF, including but not limited to any electronic messages, text messages, emails, or social media posting.

2. Any and all DOCUMENTS or COMMUNICATIONS which refer, RELATE, or in any way pertain to PLAINTIFF. including but not limited to any electronic messages, text messages, emails, or social media posting.

**NOTICE OF DEPOSITION**

3.  Any and all DOCUMENTS RELATED TO any investigation conducted in response to any complaint made by PLAINTIFF.

4.  Any audiotape, photograph, videotape, digital recording, or other electronic recording containing the voice, image, or likeness of PLAINTIFF.

5.  Any and all DOCUMENTS that constitute or reflect any file YOU maintain regarding PLAINTIFF.

6.  Any and all DOCUMENTS that reflect any complaint by any employee of any defendant in this action regarding harassment, discrimination, or retaliation.

7.  Any and all DOCUMENTS that RELATE TO any COMMUNICATIONS that YOU have had with PLAINTIFF.

8.  Any and all DOCUMENTS or COMMUNICATIONS, including but not limited to any electronic messages, text messages, emails, or social media posting, that reflect your use of the following words with and/or about any employee, owner, director, officer, agent, or managing agent of any defendant in this action: sex, fuck, bitch, bitchy, cunt, cunty, dyke, dykey, tits, titty, titty bar, strip, strip club, slut, slutty, whore, whorey, tease, breasts, cock, dick, hooked, nude, nudes, naked, porn, pornography, strip club, hooker, stripper, skank, skanky, pussy, twat, chick, cow, horse, pig, OF (in reference to only fans), only fans, and/or porker.

9.  Any cell phone owned by YOU at any time since June 2024 to the present.

10. A forensic image of any cell phone owned by YOU at any time since June 2024 to the present.

11. Any storage device on which any nude or "intimate visual depiction" (i.e., the term "intimate visual depiction" (A) means a visual depiction, as that term is defined in section 2256(5) of title 18 , that depicts— (i) the uncovered genitals, pubic area, anus, or post-pubescent female nipple of an identifiable individual; or (ii) the display or transfer of bodily sexual fluids— (I) on to any part of the body of an identifiable individual; (II) from the body of an identifiable individual; or

**NOTICE OF DEPOSITION**

(III) an identifiable individual engaging in sexually explicit conduct and (B) includes any visual depictions described in subparagraph (A) produced while the identifiable individual was in a public place only if the individual did not— (i) voluntarily display the content depicted; or (ii) consent to the sexual conduct depicted) of any current or former employee of any defendant in this action (other than the respective deponent) is or at any time was maintained.

12. A forensic image of any storage device on which any nude or "intimate visual depiction" of any current or former employee of any defendant in this action is or at any time was maintained.

13. Any "intimate visual depiction" of PLAINTIFF.

14. Any and all DOCUMENTS or COMMUNICATIONS containing, making reference to, or RELATED TO any "intimate visual depiction" of PLAINTIFF.

A list of all parties or attorneys for parties on whom this Notice of Deposition is being served is shown on the accompanying Proof of Service.

Date: October 17, 2025                    Respectfully submitted,

ACLIENT PC

By: _____
    RUBEN D. ESCALANTE
    Attorney for Plaintiff
    ASHLEY FRAGALE

-4-

**NOTICE OF DEPOSITION**

## PROOF OF SERVICE

I am an active member of the State Bar of California. I am not a party to the within action. My business address is 440 N. Barranca Ave. PMB 9496, Covina, CA 91723. On October 17, 2025, I served copies of the within documents described as:

**PLAINTIFF'S NOTICE OF DEFENDANT JACOB NIX AND DEPOSITION OF OFFICERS, DIRECTORS, AND/OR MANAGING AGENTS OF RISC POINT DEFENDANTS**

on the interested parties in this action as follows:

### See attached Service List

[x]    BY ELECTRONIC/EMAIL - I caused the above document to be delivered to the office of the addressee via electronic e-mail. Said document was transmitted to the email address of that office which is listed on the Service List. I did not receive, within a reasonable after the transmission, any indication that the transmission was not successful.

I certify the foregoing is true and correct. Executed on October 17, 2025.

_____

Ruben Escalante

**NOTICE OF DEPOSITION**

1

**SERVICE LIST**

2

3   GEOFFREY LEE (SBN:234024)
    glee@grsm.com
4   ANAFRANCESCA COMUNALE (SBN: 323257)
    acomunale@grsm.com
5   GORDON REES SCULLY MANSUKHANI, LLP
6   101 West Broadway, Suite 2000
    San Diego, CA 92101
7   Telephone: (619) 230-7418
8   Facsimile: (619) 696-7124

9
    Attorneys for Defendants
10  RISC POINT ADVISORY GROUP LLC; RISC POINT ASSURANCE, LTD;
    RISC POINT HOLDINGS, INC.; JACOB NIX
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF DEPOSITION**

1  Ruben D. Escalante (Cal. Bar No. 244596)
2  Robert A. Escalante (Cal. Bar No. 270629)
   ACLIENT PC
3  440 N Barranca Ave PMB 9496
   Covina, California 91723
4  Telephone: (310) 431-9687
5  Email: ruben@aclientpc.com

6  Attorneys for Plaintiff
7  ASHLEY FRAGALE

8

9              **UNITED STATES DISTRICT COURT**

10            **CENTRAL DISTRICT OF CALIFORNIA**

11

12  ASHLEY FRAGALE,                        )   Case No.: 8:25-cv-00994 JWH (ADSx)
                                           )
13                                         )
                          Plaintiffs,      )   **PLAINTIFF'S NOTICE OF**
14                                         )   **DEFENDANT RISC POINT**
                                           )   **ADVISORY GROUP LLC**
15            vs.                          )
                                           )
16  RISC POINT ADVISORY GROUP              )
    LLC; RISC POINT ASSURANCE,             )   Date:  November 24, 2025
17  LTD; RISC POINT HOLDINGS, INC.;        )   Time: 9 a.m. (Eastern Time)
    JACOB NIX; and DOES 1 through 10,      )   Place: Remote
18  inclusive,                             )
                                           )
19                                         )
                                           )
20                        Defendants.      )
                                           )
21                                         )
                                           )
22                                         )
                                           )
23                                         )
                                           )
24                                         )
                                           )
25                                         )
                                           )
26  _____   )

27

28

---

**NOTICE OF DEPOSITION**

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

YOU ARE HEREBY NOTIFIED THAT THE DEPOSITION of Defendant RISC POINT ADVISORY GROUP LLC will be taken via remote means, commencing at 9 a.m. (Eastern Time), upon oral examination under oath before a court reporter. An electronic link will be timely provided prior to the date of the deposition.

The deponent is not a natural person. The matters on which the deponent will be examined are as follows:

1. Corporate level policies (i.e., human resources policies; document retention/preservation/destruction policies; compliance with California's Fair Employment and Housing Act; and sexual harassment/discrimination/retaliation policies);

2. Electronically Stored Information and Document retention, preservation, collection, and production in this case;

3. Responses to written discovery in this case;

4. Plaintiff's personnel file;

5. Investigation and any corrective action into Plaintiff's March 2025 written complaint;

6. Investigation and any correction action into Plaintiff May 2025 written complaint;

7. Investigation and any corrective action into the allegation that Jacob Nix distributed intimate pictures of Plaintiff and threatened Ryan McCartney;

8. Relationship between the multiple defendants in this case;

9. Compliance with corporate formalities with respect to each defendant; and

10. Financial condition of each defendant.

PLEASE TAKE FURTHER NOTICE that in addition to recording the deposition testimony stenographically, each session of the deposition will be recorded by audiovisual means on videotape and this videotape may be used at time of trial. The deposition will also be live broadcast to parties and attendees who wish to attend remotely.

-1-

**NOTICE OF DEPOSITION**

YOU ARE FURTHER NOTIFIED THAT the deponent, who are parties to this action, are required to produce the following documents, records, or other materials at said deposition:

**DEFINITIONS**

1.      The terms "YOU" or "YOUR" shall mean and refer to the deponent and any individual or entity acting on its behalf or pursuant to its direction or request.

2.      The term "PLAINTIFF" shall mean and refer to Plaintiff Ashley Fragale.

3.      The terms "RELATE TO" "RELATED TO" or "RELATING TO" shall mean referring to, reflecting, stating, describing, recording, contradicting, embodying, memorializing, mentioning, studying, analyzing, discussing, commenting on, specifying, listing, summarizing, reviewing or identifying.

4.      The terms "DOCUMENT(S)" and/or "DOCUMENTATION" shall have the broadest possible meaning and encompass, without limitation, any tangible item discoverable under Federal Rule of Civil Procedure, Rule 34, all writings, drawings, graphs, charts, photographs, recordings, and other data compilations from which information can be obtained, translated, if necessary, by you through detection devices into reasonably usable form.

5.      "COMMUNICATION(S)" shall include any and all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, notices, letters, correspondence, notes, telegrams, facsimiles, electronic mail (e.g. *emails*) (including deleted electronic mail), slack messages (including deleted Slack messages and group Slack messages), iMessages (including deleted iMessages and group iMessages), text messages (including deleted text messages and group text messages), messages on any social media platform (including, without limitation, Facebook, Snapchat, and Instagram), screenshots of iMessages, text messages, and/or social media messages, memoranda, or other forms of communications, including but not limited to both oral and written communications

**NOTICE OF DEPOSITION**

## DOCUMENTS TO BE PRODUCED

1. Any and all DOCUMENTS which RELATE TO conversations, COMMUNICATIONS with, or statements by YOU or received by YOU, RELATING TO PLAINTIFF, including but not limited to any electronic messages, text messages, emails, or social media posting.

2. Any and all DOCUMENTS or COMMUNICATIONS which refer, RELATE, or in any way pertain to PLAINTIFF. including but not limited to any electronic messages, text messages, emails, or social media posting.

3. Any and all DOCUMENTS RELATED TO any investigation conducted in response to any complaint made by PLAINTIFF.

4. Any audiotape, photograph, videotape, digital recording, or other electronic recording containing the voice, image, or likeness of PLAINTIFF.

5. Any and all DOCUMENTS that constitute or reflect any file YOU maintain regarding PLAINTIFF.

6. Any and all DOCUMENTS that reflect any complaint by any employee of any defendant in this action regarding harassment, discrimination, or retaliation.

7. Any and all DOCUMENTS that RELATE TO any COMMUNICATIONS that YOU have had with PLAINTIFF.

8. Any and all DOCUMENTS or COMMUNICATIONS, including but not limited to any electronic messages, text messages, emails, or social media posting, that reflect your use of the following words with and/or about any employee, owner, director, officer, agent, or managing agent of any defendant in this action: sex, fuck, bitch, bitchy, cunt, cunty, dyke, dykey, tits, titty, titty bar, strip, strip club, slut, slutty, whore, whorey, tease, breasts, cock, dick, hooked, nude, nudes, naked, porn, pornography, strip club, hooker, stripper, skank, skanky, pussy, twat, chick, cow, horse, pig, OF (in reference to only fans), only fans, and/or porker.

**NOTICE OF DEPOSITION**

9. Any storage device, including but not limited to any cell phone or storage card, on which any nude or "intimate visual depiction" (i.e., the term "intimate visual depiction" (A) means a visual depiction, as that term is defined in section 2256(5) of title 18 , that depicts— (i) the uncovered genitals, pubic area, anus, or post-pubescent female nipple of an identifiable individual; or (ii) the display or transfer of bodily sexual fluids— (I) on to any part of the body of an identifiable individual; (II) from the body of an identifiable individual; or (III) an identifiable individual engaging in sexually explicit conduct and (B) includes any visual depictions described in subparagraph (A) produced while the identifiable individual was in a public place only if the individual did not— (i) voluntarily display the content depicted; or (ii) consent to the sexual conduct depicted) of any current or former employee of any defendant in this action (other than the respective deponent) is or at any time was maintained.

10. A forensic image of any storage device, including but not limited to any cell phone or storage card, on which any nude or "intimate visual depiction" of any current or former employee of any defendant in this action is or at any time was maintained.

11. Any "intimate visual depiction" of PLAINTIFF.

12. Any and all DOCUMENTS or COMMUNICATIONS containing, making reference to, or RELATED TO any "intimate visual depiction" of PLAINTIFF.

A list of all parties or attorneys for parties on whom this Notice of Deposition is being served is shown on the accompanying Proof of Service.

Date: October 17, 2025                    Respectfully submitted,

ACLIENT PC

By: _____
RUBEN D. ESCALANTE
Attorney for Plaintiff
ASHLEY FRAGALE

-4-

**NOTICE OF DEPOSITION**

## PROOF OF SERVICE

I am an active member of the State Bar of California. I am not a party to the within action. My business address is 440 N. Barranca Ave. PMB 9496, Covina, CA 91723. On October 17, 2025, I served copies of the within documents described as:

**PLAINTIFF'S NOTICE OF DEFENDANT RISC POINT ADVISORY GROUP LLC**

on the interested parties in this action as follows:

### See attached Service List

[x]     BY ELECTRONIC/EMAIL - I caused the above document to be delivered to the office of the addressee via electronic e-mail. Said document was transmitted to the email address of that office which is listed on the Service List. I did not receive, within a reasonable after the transmission, any indication that the transmission was not successful.

I certify the foregoing is true and correct. Executed on October 17, 2025.

_____

Ruben Escalante

**NOTICE OF DEPOSITION**

1

**SERVICE LIST**

2

3
GEOFFREY LEE (SBN:234024)
glee@grsm.com
4
ANAFRANCESCA COMUNALE (SBN: 323257)
5
acomunale@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
6
101 West Broadway, Suite 2000
7
San Diego, CA 92101
Telephone: (619) 230-7418
8
Facsimile: (619) 696-7124

9

Attorneys for Defendants
10
RISC POINT ADVISORY GROUP LLC; RISC POINT ASSURANCE, LTD;
RISC POINT HOLDINGS, INC.; JACOB NIX
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF DEPOSITION**

Exhibit 3

**ruben@aclientpc.com**

| | |
|---|---|
| **From:** | ruben@aclientpc.com |
| **Sent:** | Friday, October 24, 2025 2:02 PM |
| **To:** | 'Geoff Lee' |
| **Cc:** | 'Jeff Olsen'; ruben@aclientpc.com |
| **Subject:** | FW: [EService] |
| **Attachments:** | Fragale. Notice of Depositoin to Officers^J Directors^J and Managing Agents of RISC Point.pdf; Fragale. Notice of Depositoin to RISC Point.pdf |

Mr. Lee,

I'm following up on the below and attached. Can you please let me know?

Respectfully,

**Ruben Escalante**
Partner

**ACLIENT PC**
440 N Barranca Ave PMB 9496
Covina, California 91723
(310) 431-9687

**From:** ruben@aclientpc.com <ruben@aclientpc.com>
**Sent:** Wednesday, October 22, 2025 4:43 PM
**To:** 'Geoff Lee' <glee@grsm.com>
**Cc:** 'Jeff Olsen' <jeff@olsenws.com>; ruben@aclientpc.com
**Subject:** FW: [EService]

Mr. Lee,

As a follow up to the attached, can you please let me know whether the deponents will appear as noticed, or whether we need to meet and confer re dates and times? Travel arrangements need to be made. If any of your witnesses are willing to come to Southern California (including to your office in San Diego), please let me know and we can meet and confer on a location as a compromise.

Also, we will adding clarification to the final topic on the PMK that financial condition will include inquiry into potential buyers of the business and representations made to the same regarding the financial status, stability, and viability of the defendants. We will also be seeking documents along these lines as well; if you require a fresh 30 days for this notice, given the anticipate change in the document requests, please let me know; otherwise, we will assume that you do and notice it accordingly.

Respectfully,

**Ruben Escalante**
Partner

ACLIENT PC

440 N Barranca Ave PMB 9496

Covina, California 91723

(310) 431-9687

---

**From:** ruben@aclientpc.com <ruben@aclientpc.com>
**Sent:** Friday, October 17, 2025 9:32 PM
**To:** 'Geoff Lee' <glee@grsm.com>
**Cc:** 'Anafrancesca Comunale' <acomunale@grsm.com>; 'Jeff Olsen' <jeff@olsenws.com>; ruben@aclientpc.com; 'Amelia Dunaway' <amelia@aclientpc.com>
**Subject:** [EService]

Mr. Lee,

Please see the attached deposition notices. If you contend that any of these individuals need to be subpoenaed, please let me know ASAP. If you want to meet and confer on any of the PMK topics, please let me know ASAP. We have been waiting to notice these depositions for Defendants to complete their production; however, given the discovery cutoff, we cannot wait any longer. If these dates do not work, or you want to meet and confer about scheduling these before the cutoff either in person or remotely, please let me know ASAP.

Respectfully,

**Ruben Escalante**
Partner

ACLIENT PC

440 N Barranca Ave PMB 9496

Covina, California 91723

(310) 431-9687

**ruben@aclientpc.com**

| | |
|---|---|
| **From:** | Geoff Lee <glee@grsm.com> |
| **Sent:** | Friday, October 24, 2025 4:46 PM |
| **To:** | ruben@aclientpc.com |
| **Cc:** | 'Jeff Olsen' |
| **Subject:** | Fragale v. Risc Point -- Ohio depositions |

Hi Ruben

It is customary to work out deposition dates ahead of the notice.  You previously asked me for deposition dates and I provided them.  That inquiry was skipped this time around.

My clients in Ohio are inclined to have the deposition in Ohio.  We will follow up on dates.

--Geoff

---

**From:** ruben@aclientpc.com <ruben@aclientpc.com>
**Sent:** Wednesday, October 22, 2025 4:43 PM
**To:** Geoff Lee <glee@grsm.com>
**Cc:** 'Jeff Olsen' <jeff@olsenws.com>; ruben@aclientpc.com
**Subject:** FW: [EService]

Mr. Lee,

As a follow up to the attached, can you please let me know whether the deponents will appear as noticed, or whether we need to meet and confer re dates and times? Travel arrangements need to be made. If any of your witnesses are willing to come to Southern California (including to your office in San Diego), please let me know and we can meet and confer on a location as a compromise.

Also, we will adding clarification to the final topic on the PMK that financial condition will include inquiry into potential buyers of the business and representations made to the same regarding the financial status, stability, and viability of the defendants. We will also be seeking documents along these lines as well; if you require a fresh 30 days for this notice, given the anticipate change in the document requests, please let me know; otherwise, we will assume that you do and notice it accordingly.

Respectfully,

**Ruben Escalante**
Partner

**ACLIENT PC**
440 N Barranca Ave PMB 9496
Covina, California 91723
(310) 431-9687

1

**From:** ruben@aclientpc.com <ruben@aclientpc.com>
**Sent:** Friday, October 17, 2025 9:32 PM
**To:** 'Geoff Lee' <glee@grsm.com>
**Cc:** 'Anafrancesca Comunale' <acomunale@grsm.com>; 'Jeff Olsen' <jeff@olsenws.com>; ruben@aclientpc.com; 'Amelia Dunaway' <amelia@aclientpc.com>
**Subject:** [EService]

Mr. Lee,

Please see the attached deposition notices. If you contend that any of these individuals need to be subpoenaed, please let me know ASAP. If you want to meet and confer on any of the PMK topics, please let me know ASAP. We have been waiting to notice these depositions for Defendants to complete their production; however, given the discovery cutoff, we cannot wait any longer. If these dates do not work, or you want to meet and confer about scheduling these before the cutoff either in person or remotely, please let me know ASAP.

Respectfully,

**Ruben Escalante**
Partner

**ACLIENT PC**
440 N Barranca Ave PMB 9496
Covina, California 91723
(310) 431-9687

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

**ruben@aclientpc.com**

| | |
|---|---|
| **From:** | Geoff Lee <glee@grsm.com> |
| **Sent:** | Friday, October 24, 2025 4:54 PM |
| **To:** | Ruben Escalante; 'Jeff Olsen' |
| **Cc:** | Anafrancesca Comunale |
| **Subject:** | Fragale v. Risc Point -- change of counsel |

Dear Ruben and Jeff,

I was just informed that my clients are going to substitute in Jackson & Lewis to take over this case from Gordon & Rees.

In the interim, I will continue to work with you in good faith to keep the case moving, but my authority to enter into stipulations will be uncertain and therefore limited.

My clients are also planning to bring an FRCP 14 Interpleader third party complaint against Matt Hibbler based on the First Amended Complaint's action for violation of the Intimate Images Act. Leave of court is not typically required in this situation because the basis for interpleader is a brand new claim. Yet it seems that a minority of courts strictly read FRCP 14's reference to "original answer" as the very first answer rather than the amended answer necessitating the interpleader. As such, we would appreciate your agreeing that leave of court is not necessary in this situation.

Thanks,

**L. GEOFFREY LEE**
Partner



**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 213.270.7861
**E:** glee@grsm.com  |  grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
633 West Fifth Street, 52nd Floor, Los Angeles, CA 90071

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

Exhibit 4

Ruben D. Escalante (Cal. Bar No. 244596)
Robert A. Escalante (Cal. Bar No. 270629)
ACLIENT PC
440 N Barranca Ave PMB 9496
Covina, California 91723
Telephone: (310) 431-9687
Email: ruben@aclientpc.com

Attorneys for Plaintiff
ASHLEY FRAGALE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY FRAGALE, <br><br> Plaintiffs, <br><br> vs. <br><br> RISC POINT ADVISORY GROUP LLC; RISC POINT ASSURANCE, LTD; RISC POINT HOLDINGS, INC.; JACOB NIX; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: 8:25-cv-00994 JWH (ADSx) <br><br> **PLAINTIFF'S AMENDED NOTICE OF DEFENDANT RISC POINT ADVISORY GROUP LLC** <br><br> Date: December 1, 2025 <br> Time: 10 a.m. (Eastern Time) <br> Place: Remote |

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

YOU ARE HEREBY NOTIFIED THAT THE DEPOSITION of Defendant RISC POINT ADVISORY GROUP LLC will be taken via remote means, commencing at 10 a.m. (Eastern Time), upon oral examination under oath before a court reporter. An electronic link will be timely provided prior to the date of the deposition.

The deponent is not a natural person. The matters on which the deponent will be examined are as follows:

1. Corporate level policies (i.e., human resources policies; document retention/preservation/destruction policies; compliance with California's Fair Employment and Housing Act; and sexual harassment/discrimination/retaliation policies);

2. Electronically Stored Information and Document retention, preservation, collection, and production in this case;

3. Responses to written discovery in this case;

4. Plaintiff's personnel file;

5. Investigation and any corrective action into Plaintiff's March 2025 written complaint;

6. Investigation and any correction action into Plaintiff May 2025 written complaint;

7. Investigation and any corrective action into the allegation that Jacob Nix distributed intimate pictures of Plaintiff and threatened Ryan McCartney;

8. Relationship between the multiple defendants in this case and/or RISC Point Partners, LLC;

9. Compliance with corporate formalities with respect to each defendant and/or RISC Point Partners, LLC;

10. Financial condition of each defendant; and

11. The identities and contact information of any potential buyer of any defendant and/or RISC Point Partners, LLC; the proposed terms of any potential sale,

-1-

**AMENDED NOTICE OF DEPOSITION**

purchase, or acquisition; any non-disclosure agreements, term sheets, letters of intent, and/or memorandums of understanding; any representations made in connection therewith regarding the financial status, stability, and viability of any defendant and/or RISC Point Partners, LLC; and the reasons for failing to consummate the sale, purchase, or acquisition.

PLEASE TAKE FURTHER NOTICE that in addition to recording the deposition testimony stenographically, each session of the deposition will be recorded by audiovisual means on videotape and this videotape may be used at time of trial. The deposition will also be live broadcast to parties and attendees who wish to attend remotely.

YOU ARE FURTHER NOTIFIED THAT the deponent, who are parties to this action, are required to produce the following documents, records, or other materials at said deposition:

## **DEFINITIONS**

1.      The terms "YOU" or "YOUR" shall mean and refer to the deponent and any individual or entity acting on its behalf or pursuant to its direction or request.

2.      The term "PLAINTIFF" shall mean and refer to Plaintiff Ashley Fragale.

3.      The terms "RELATE TO" "RELATED TO" or "RELATING TO" shall mean referring to, reflecting, stating, describing, recording, contradicting, embodying, memorializing, mentioning, studying, analyzing, discussing, commenting on, specifying, listing, summarizing, reviewing or identifying.

4.      The terms "DOCUMENT(S)" and/or "DOCUMENTATION" shall have the broadest possible meaning and encompass, without limitation, any tangible item discoverable under Federal Rule of Civil Procedure, Rule 34, all writings, drawings, graphs, charts, photographs, recordings, and other data compilations from which information can be obtained, translated, if necessary, by you through detection devices into reasonably usable form.

AMENDED NOTICE OF DEPOSITION

5.      "COMMUNICATION(S)" shall include any and all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, notices, letters, correspondence, notes, telegrams, facsimiles, electronic mail (e.g. *emails*) (including deleted electronic mail), slack messages (including deleted Slack messages and group Slack messages), iMessages (including deleted iMessages and group iMessages), text messages (including deleted text messages and group text messages), messages on any social media platform (including, without limitation, Facebook, Snapchat, and Instagram), screenshots of iMessages, text messages, and/or social media messages, memoranda, or other forms of communications, including but not limited to both oral and written communications

## **DOCUMENTS TO BE PRODUCED**

1.  Any and all DOCUMENTS which RELATE TO conversations, COMMUNICATIONS with, or statements by YOU or received by YOU, RELATING TO PLAINTIFF, including but not limited to any electronic messages, text messages, emails, or social media posting.

2.  Any and all DOCUMENTS or COMMUNICATIONS which refer, RELATE, or in any way pertain to PLAINTIFF. including but not limited to any electronic messages, text messages, emails, or social media posting.

3.  Any and all DOCUMENTS RELATED TO any investigation conducted in response to any complaint made by PLAINTIFF.

4.  Any audiotape, photograph, videotape, digital recording, or other electronic recording containing the voice, image, or likeness of PLAINTIFF.

5.  Any and all DOCUMENTS that constitute or reflect any file YOU maintain regarding PLAINTIFF.

6.  Any and all DOCUMENTS that reflect any complaint by any employee of any defendant in this action regarding harassment, discrimination, or retaliation.

7.  Any and all DOCUMENTS that RELATE TO any COMMUNICATIONS that YOU have had with PLAINTIFF.

**AMENDED NOTICE OF DEPOSITION**

8. Any and all DOCUMENTS or COMMUNICATIONS, including but not limited to any electronic messages, text messages, emails, or social media posting, that reflect your use of the following words with and/or about any employee, owner, director, officer, agent, or managing agent of any defendant in this action: sex, fuck, bitch, bitchy, cunt, cunty, dyke, dykey, tits, titty, titty bar, strip, strip club, slut, slutty, whore, whorey, tease, breasts, cock, dick, hooked, nude, nudes, naked, porn, pornography, strip club, hooker, stripper, skank, skanky, pussy, twat, chick, cow, horse, pig, OF (in reference to only fans), only fans, and/or porker.

9. Any storage device, including but not limited to any cell phone or storage card, on which any nude or "intimate visual depiction" (i.e., the term "intimate visual depiction" (A) means a visual depiction, as that term is defined in section 2256(5) of title 18 , that depicts— (i) the uncovered genitals, pubic area, anus, or post-pubescent female nipple of an identifiable individual; or (ii) the display or transfer of bodily sexual fluids— (I) on to any part of the body of an identifiable individual; (II) from the body of an identifiable individual; or (III) an identifiable individual engaging in sexually explicit conduct and (B) includes any visual depictions described in subparagraph (A) produced while the identifiable individual was in a public place only if the individual did not— (i) voluntarily display the content depicted; or (ii) consent to the sexual conduct depicted) of any current or former employee of any defendant in this action (other than the respective deponent) is or at any time was maintained.

10. A forensic image of any storage device, including but not limited to any cell phone or storage card, on which any nude or "intimate visual depiction" of any current or former employee of any defendant in this action is or at any time was maintained.

11. Any "intimate visual depiction" of PLAINTIFF.

-4-

**AMENDED NOTICE OF DEPOSITION**

12. Any and all DOCUMENTS or COMMUNICATIONS containing, making reference to, or RELATED TO any "intimate visual depiction" of PLAINTIFF.

13. Any and all DOCUMENTS or COMMUNICATIONS RELATED TO the identities and contact information of any potential buyer of any defendant and/or RISC Point Partners, LLC; the proposed terms of any potential sale, purchase, or acquisition; any non-disclosure agreements, term sheets, letters of intent, and/or memorandums of understanding; any representations made in connection therewith regarding the financial status, stability, and viability of any defendant and/or RISC Point Partners, LLC; and the reasons for failing to consummate the sale, purchase, or acquisition.

14. Any and all Slack, text, and/or Signal messages between Jacob Nix and John Hibbeler since December 1, 2024, and the present.

15. Any and all COMMUNICATIONS between Jacob Nix and John Hibbeler since John Hibbeler's separation of employment.

A list of all parties or attorneys for parties on whom this Notice of Deposition is being served is shown on the accompanying Proof of Service.

Date: October 29, 2025                 Respectfully submitted,

ACLIENT PC

By: _____
    RUBEN D. ESCALANTE
    Attorney for Plaintiff
    ASHLEY FRAGALE

**AMENDED NOTICE OF DEPOSITION**

## PROOF OF SERVICE

I am an active member of the State Bar of California. I am not a party to the within action. My business address is 440 N. Barranca Ave. PMB 9496, Covina, CA 91723. On October 29, 2025, I served copies of the within documents described as:

**PLAINTIFF'S AMENDED NOTICE OF DEFENDANT RISC POINT ADVISORY GROUP LLC**

on the interested parties in this action as follows:

### See attached Service List

[x]    BY ELECTRONIC/EMAIL - I caused the above document to be delivered to the office of the addressee via electronic e-mail. Said document was transmitted to the email address of that office which is listed on the Service List. I did not receive, within a reasonable after the transmission, any indication that the transmission was not successful.

I certify the foregoing is true and correct. Executed on October 29, 2025.

_____

Ruben Escalante

**AMENDED NOTICE OF DEPOSITION**

1

## SERVICE LIST

2

3    GEOFFREY LEE (SBN:234024)
     glee@grsm.com
4    ANAFRANCESCA COMUNALE (SBN: 323257)
5    acomunale@grsm.com
     GORDON REES SCULLY MANSUKHANI, LLP
6    101 West Broadway, Suite 2000
7    San Diego, CA 92101
     Telephone: (619) 230-7418
8    Facsimile: (619) 696-7124

9
     Attorneys for Defendants
10   RISC POINT ADVISORY GROUP LLC; RISC POINT ASSURANCE, LTD;
     RISC POINT HOLDINGS, INC.; JACOB NIX
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**AMENDED NOTICE OF DEPOSITION**

**ruben@aclientpc.com**

| | |
|---|---|
| **From:** | ruben@aclientpc.com |
| **Sent:** | Monday, November 3, 2025 3:16 PM |
| **To:** | 'Dal Cielo, Neda N. (Silicon Valley)' |
| **Cc:** | 'Jeff Olsen'; 'Robert Escalante'; 'Antuna, Andres (Silicon Valley)'; 'Patterson, Maria (Silicon Valley)'; ruben@aclientpc.com |
| **Subject:** | RE: Fragale |

Ms. Dal Cielo,

Good afternoon. Thank you for taking the time to talk today. To recap some of the topics discussed.

1. Motion to Compel Compliance. This was one of the items deferred per the below. We touched on it briefly, and were not able to resolve this issue. I explained we needed to move forward given the discovery deadline.
2. IME. We discussed this issue, and a potential way forward. I'll respond under separate cover.
3. Depositions. We reiterated our request for alternative dates within the discovery cutoff. This also is something we need to move forward on.
4. Defendants' Objections Served on October 27. This was one of the items deferred per the below. We touched on it briefly. Although I thought we might able to come to terms re the RFAs, given the current deadlines and the fact that Jackson Lewis doesn't represent all the parties, we need to move forward.
5. Me Too Responses. We both acknowledged the current deadline.
6. Motion to Amend. We did not substantively discuss this issue. We let you know that Plaintiff is not willing to stipulate to extend discovery deadlines or continue the trial.
7. Insurance information. We briefly touched on this. Jackson Lewis could not confirm that there was not a new policy.

I know this is just a high level confirmation, but if my summary is off on anything, please let me know.

Respectfully,

**Ruben Escalante**
Partner

<span style="color:red">ACLIENT PC</span>
440 N Barranca Ave PMB 9496
Covina, California 91723
(310) 431-9687

---

**From:** Dal Cielo, Neda N. (Silicon Valley) <Neda.DalCielo@jacksonlewis.com>
**Sent:** Friday, October 31, 2025 4:16 PM
**To:** ruben@aclientpc.com
**Cc:** 'Jeff Olsen' <jeff@olsenws.com>; 'Robert Escalante' <robert@aclientpc.com>; Antuna, Andres (Silicon Valley) <Andres.Antuna@jacksonlewis.com>; Patterson, Maria (Silicon Valley) <Maria.Patterson@jacksonlewis.com>; Ruben Escalante <Ruben.Escalante@varnerbrandt.com>
**Subject:** RE: Fragale

Hi Ruben,

My apologies but it looks like I already have another meeting scheduled at 2:00 pm on Monday.  Can we connect at 1:00 pm instead?

Best,



**Neda N. Dal Cielo**
Attorney at Law

**Jackson Lewis P.C.**
160 W Santa Clara St.
Suite 400
San Jose, CA 95113
Direct: (408) 513-2251 | Main: (408) 579-0404
Neda.DalCielo@jacksonlewis.com | www.jacksonlewis.com

---

**From:** Dal Cielo, Neda N. (Silicon Valley) <Neda.DalCielo@jacksonlewis.com>
**Sent:** Friday, October 31, 2025 4:14 PM
**To:** ruben@aclientpc.com
**Cc:** 'Jeff Olsen' <jeff@olsenws.com>; 'Robert Escalante' <robert@aclientpc.com>; Antuna, Andres (Silicon Valley) <Andres.Antuna@jacksonlewis.com>; Patterson, Maria (Silicon Valley) <Maria.Patterson@jacksonlewis.com>; Ruben Escalante <Ruben.Escalante@varnerbrandt.com>
**Subject:** RE: Fragale

Hi Ruben,

2:00 pm works for a call on Monday.  I will circulate a Teams Invite for us.

Have a good weekend,



**Neda N. Dal Cielo**
Attorney at Law

**Jackson Lewis P.C.**
160 W Santa Clara St.
Suite 400
San Jose, CA 95113
Direct: (408) 513-2251 | Main: (408) 579-0404
Neda.DalCielo@jacksonlewis.com | www.jacksonlewis.com

---

**From:** ruben@aclientpc.com <ruben@aclientpc.com>
**Sent:** Friday, October 31, 2025 2:55 PM
**To:** Dal Cielo, Neda N. (Silicon Valley) <Neda.DalCielo@jacksonlewis.com>
**Cc:** 'Jeff Olsen' <jeff@olsenws.com>; 'Robert Escalante' <robert@aclientpc.com>; Antuna, Andres (Silicon Valley) <Andres.Antuna@jacksonlewis.com>; Patterson, Maria (Silicon Valley) <Maria.Patterson@jacksonlewis.com>; Ruben

Escalante <Ruben.Escalante@varnerbrandt.com>
**Subject:** RE: Fragale

Ms. Dal Cielo,

Good afternoon. Mr. Olsen and I are generally available to discuss these matters on Monday. Does 2 p.m. work for you? If not, please suggest another time.

Also, can you please clarify, which firm or firms have the authority to enter into agreements and stipulations (i.e., the ability to meet and confer in good faith) and on behalf of which entities? Right now, the docket shows you are only counsel of record for one entity/party (but not the others); we request you confirm whether that was intentional or if it was a clerical error that will be resolved prior to our discussion.

Finally, based your email below, our discussion on Monday will not cover items 1 and 4 and this confirms our understanding that you will not meet and confer with us on those issues this week or next week. Based on Goron Rees' stated reasons for objecting to our recent discovery referenced in item 4 (i.e., that Jackson Lewis was not prepared to adopt Gordon Rees' draft substantive responses and that Jackson Lewis would like to draft their own), this confirms our understanding that Gordon Reese is also not going to meet and confer with on those issues and are deferring to your firm. If I am misunderstanding, we respectfully request you let us know right way.

Respectfully,

**Ruben Escalante**
Partner

**ACLIENT PC**
440 N Barranca Ave PMB 9496
Covina, California 91723
(310) 431-9687

**From:** Dal Cielo, Neda N. (Silicon Valley) <Neda.DalCielo@jacksonlewis.com>
**Sent:** Friday, October 31, 2025 1:34 PM
**To:** ruben@aclientpc.com
**Cc:** 'Jeff Olsen' <jeff@olsenws.com>; 'Robert Escalante' <robert@aclientpc.com>; 'Richard D. Marca' <Richard.Marca@varnerbrandt.com>; 'Madison R. Montgomery' <Madison.Montgomery@varnerbrandt.com>; Antuna, Andres (Silicon Valley) <Andres.Antuna@jacksonlewis.com>; Patterson, Maria (Silicon Valley) <Maria.Patterson@jacksonlewis.com>
**Subject:** RE: Fragale

Good afternoon Ruben,

Nice to meet you via email. I am in receipt of your email that you sent Wednesday night. This matter is still in the process of being transitioned to my firm. It is our understanding that Gordon Reese will be producing documents and supplemental discovery responses relating to item no. 5. We're happy to discuss the joint stipulation on item number 2 and are willing to discuss any updated insurance information from item number 7 ( although I don't believe there is one) and mutually agreeable deposition dates regarding item number 3. Please note that we are not available to attend the November depositions previously unilaterally scheduled by Plaintiff before we entered this case and will need to discuss rescheduling them. We are not currently willing to stipulate to your amended

complaint as suggested in item number 6, but if you are willing to stipulate to continue the currently scheduled trial date and/or discovery deadlines, we are happy to discuss a realistic set of deadlines to minimize any further delay.

The rest of your requests are not possible for us to address this week or the next; we are only just entering this case. The files have not been transferred to my office, and I have not had the opportunity to review them yet. We are in the process of getting the files transferred from the client and from Gordon Reese and despite moving as fast as possible, I'm sure you can understand that we are not currently in a position to be able to verify what has been produced in items 1 or immediately supplement the earlier responses to the discovery requests in item 4.

I am available for a call on Monday if you would like to discuss any of the above.

Best,




**Neda N. Dal Cielo**
Attorney at Law

**Jackson Lewis P.C.**
160 W Santa Clara St.
Suite 400
San Jose, CA 95113
Direct: (408) 513-2251 | Main: (408) 579-0404
Neda.DalCielo@jacksonlewis.com | www.jacksonlewis.com

**From:** ruben@aclientpc.com <ruben@aclientpc.com>
**Sent:** Wednesday, October 29, 2025 9:32 PM
**To:** Dal Cielo, Neda N. (Silicon Valley) <Neda.DalCielo@jacksonlewis.com>
**Cc:** 'Jeff Olsen' <jeff@olsenws.com>; ruben@aclientpc.com; 'Robert Escalante' <robert@aclientpc.com>; 'Richard D. Marca' <Richard.Marca@varnerbrandt.com>; 'Madison R. Montgomery' <Madison.Montgomery@varnerbrandt.com>
**Subject:** Fragale

Ms. Dal Cielo,

Good evening. I apologize for the late email. As his former firm, Mr. Olsen speaks highly of the attorneys at Jackson Lewis, with the same respect I speak of my former colleagues. Accordingly, as a courtesy, I wanted to send you an email regarding some of the issues Gordon Reese left open. Given the impending deadlines and our plan to keep the trial date, we need to continue moving forward with seeking Court intervention if we cannot promptly resolve these issues. Please let me know if we can jump on a call tomorrow morning to see if we can resolve some or all of these issues.

1. Motion to Compel Compliance. See the attached email. We are planning to send you the Joint Stipulation re Motion to Compel based on previous meet and confers with opposing counsel in very short order. In short, we need verification under penalty of perjury that all non-ESI documents have been produced and the ESI production (pursuant to the Parties' agreement, and not the restrictive view Gordon Reese took). Notably, Gordon Reese's restrictive interpretation of the Agreement would not capture key documents we know exist. This will include such things as Slack messages, Signal messages, and Text messages between key players. There are a lot of layers here, including issues re potential spoliation that I would be happy to discuss with you tomorrow morning. At this point, we

4

need to move forward unless full and complete compliance occurs this week. I've attached a courtesy copy of an IDC transcript regarding a related issue, where the Court indicated that a full production with a "claw back" mechanism could be explored. We previously moved to compel, but the Court denied it due to formatting; thus, we will refile it with the Court's preferred formatting and updated information.

2. IME. Gordon Reese sent us a Joint Stipulation which contained information covered by the Stipulated Protective Order, including Plaintiff's diagnosis, medication, and name of treating physician. It also contains improper matter, such as settlement discussions. We need confirmation that if Defendants proceed to filing this document that it will be done according to the Stipulated Protective Order so we can ask the Court to keep it under seal; if the terms of the Stipulated Protective Order are not followed, we will act swiftly to protect our client's interests. There are also technical and procedural issues with the Joint Stipulation, which I would be happy to discuss (e.g., it appears to be on our caption page).

3. Depositions. See attached. We noticed the depositions of Defendant RISC Point and Defendants' Affiliated Employees. We noticed the depositions of individuals to take place all in one week in Ohio. We are open to meeting and conferring about mutually agreeable dates, but this needs to happen quickly because travel arrangements need to be made and they need to be taken before the discovery cutoff. We are also open to meeting and conferring about the location, if the witnesses wanted to come to California (e.g., your office in Northern California); however, at this time, we are planning to take these depositions in person.

4. Defendants' Objections Served on October 27. See attached meet and confer letter. We need responsive documents and responses right away, or we need to act quickly to compel given the cutoff.

5. Me Too Responses. On October 22, 2025, the Court ordered RISC Point to provide certain responsive documents and information by a date certain. I invite you to review the Court's comments to ensure Defendants understand and comply with the scope and timing of the order.

6. Motion to Amend. If Defendants want to stipulate to the proposed amendment to avoid further law and motion on this issue, please let me know.

7. Insurance information. See attached.


There may be other issues not reflected or fully set out above, but I wanted to at least get these to you. I look forward to your response.


Respectfully,


**Ruben Escalante**
Partner

ACLIENT PC
440 N Barranca Ave PMB 9496
Covina, California 91723
(310) 431-9687

Exhibit 5



1  L. GEOFFREY LEE (SBN: 234024)
   glee@grsm.com
2  ANAFRANCESCA Y. COMUNALE (SBN: 323257)
   acomunale@grsm.com
3  GORDON REES SCULLY MANSUKHANI, LLP
   101 West Broadway, Suite 2000
4  San Diego, CA  92101
   Telephone: (619) 230-7418
5  Facsimile: (619) 696-7124

6  Attorneys for Defendants

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11  ASHLEY FRAGALE, an individual,        )  CASE NO.:  2:25-cv-04111
                                          )
12                        Plaintiff,      )  **DEFENDANTS' OBJECTIONS**
                                          )  **TO PLAINTIFF'S NOTICE**
13       vs.                              )  **OF DEPOSITION OF TONY BAI**
                                          )  **AND TO REQUESTS FOR**
14  RISC POINT ADVISORY GROUP LLC;        )  **PRODUCTION OF DOCUMENTS**
    RISC POINT ASSURANCE, LTD; RISC       )
15  POINT HOLDINGS, INC.; JACOB NIX, and  )
    DOES 1 through 10, inclusive,         )
16                                        )
                          Defendants.     )
17                                        )
                                          )
18                                        )
                                          )
19                                        )
                                          )
20

21       Defendants by and through their counsel of record hereby object to the Notice of

22  Deposition of Tony Bai.  Defendants object as follows:

23

24       1.  Defendants object that the deposition date was set unilaterally before and without

25           checking with Defendants' counsel or the availability of the deponent;

26

27       2.  Defendants object that the "notice" of the deponent's deposition was a global

28           document purporting to notice the depositions of multiple persons in the same

                                          -1-
DEFENDANTS' OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF
TONY BAI AND TO REQUESTS FOR PRODUCTION OF DOCUMENTS

*Gordon Rees Scully Mansukhani, LLP*
*101 West Broadway, Suite 2000*
*San Diego, California 92101*

instrument;

3.  Defendants object that the "notice" assumes that the deponent and others listed are managing agents, officers or directors of Risc Point;

4.  Defendants object to the extent Plaintiff did not serve a subpoena on the non-party deponent. *Calderon v. Experian Information Solutions, Inc.*, 290 FRD 508, 516-517 (D ID 2013) (subpoena is required to take the deposition of an entity party's non-managing agents);

5.  Defendants object that the request for an in-person deposition is unnecessary for this deponent, as this deponent is not a resident of Ohio.  Defendants object that not holding a remote Zoom deposition as has been done for witnesses Aisha Adam, Ryan McCartney, and John Hawkins is harassing and intended needlessly to increase the cost of litigation. *Cressler v. Neuenschwander*, 170 F.R.D. 20, 21 (D. Kan. 1996) ("desire to save money constitutes a legitimate reason to conduct the depositions telephonically.); and

6.  Defendants object that the request for an in-person deposition is improper, as the deponent is not a resident of Ohio, and thus cannot be compelled to go there.

Furthermore, Defendants object to the Requests for Documents as follows:

1.  Defendants object to Request for Documents No. 1 on the grounds it is overbroad, vague, and ambiguous for failure to specify which deponent the request is directed towards. Defendants object to this request on the grounds it seeks "any and all documents," without limitation as to time, subject, or relevance, making it overly burdensome and oppressive. Defendants object to this request on the grounds it is vague and ambiguous with respect to the undefined terms "conversations" and "statements." Defendants object

-2-
DEFENDANTS' OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF
TONY BAI AND TO REQUESTS FOR PRODUCTION OF DOCUMENTS

Gordon Rees Scully Mansukhani, LLP
101 West Broadway, Suite 2000
San Diego, California 92101

to this request on the grounds that this request lacks specificity as to the nature of the documents sought, rendering it not likely to lead to the discovery of admissible evidence. Defendants object to this request on the grounds it seeks documents that are irrelevant to the subject matter of this action and not proportional to the needs of this case as required by FRCP 26(b). Defendants object to this request on the grounds that this request seeks communications protected by the attorney client privilege and work product doctrine. Furthermore, Defendants object to this request on the grounds this request seeks documents protected by third party rights to privacy. Finally, Defendants object to this request on the grounds it is duplicative of prior requests for documents.

2.  Defendants object to Request for Documents No. 2 on the grounds request is overbroad, vague, and ambiguous as it fails to specify which deponent is referenced. Defendants object to this request on the grounds it seeks "any and all documents," without limitation as to time, subject, or relevance, making it overly burdensome and oppressive. Defendants object to this request on the grounds this request is vague with respect to the undefined term "in any way pertain." Defendants object to this request on the grounds it lacks specificity as to the nature of the documents sought, rendering it not likely to lead to the discovery of admissible evidence. Defendants object to this request on the grounds it seeks documents that are irrelevant to the subject matter of this action and not proportional to the needs of this case as required by FRCP 26(b). Defendants object to this request on the grounds it seeks communications protected by the attorney client privilege and work product doctrine. Defendants object to this request on the grounds it is duplicative of prior requests for documents. Furthermore, Defendants object to this request on the grounds it seeks documents protected by third party rights to privacy.

3.  Defendants object to Request for Documents No. 3 on the grounds it is overly broad, vague, and ambiguous as it lacks specificity regarding time and scope, rendering it oppressive and burdensome. Defendants object to this request on the grounds it seeks

Gordon Rees Scully Mansukhani, LLP
101 West Broadway, Suite 2000
San Diego, California 92101

-3-

Gordon Rees Scully Mansukhani, LLP
101 West Broadway, Suite 2000
San Diego, California 92101

documents irrelevant to the claims or defenses at issue in this case and is not proportional to the needs of case under FRCP 26(b), rendering it overly broad and unduly burdensome. Defendants object to this request on the grounds it seeks documents protected by the attorney client privilege and work product doctrine. Furthermore, Defendants object to this request on the grounds it seeks information protected by third party rights to privacy. Defendants object to this request on the grounds it is duplicative of prior requests for documents. Finally, Defendants object to this request on the grounds it is vague and ambiguous, as it fails to identify which deponent the request is being made to.

4. Defendants object to Request for Documents No. 4 on the grounds this request is overbroad, vague, and ambiguous as it fails to specify which deponent is referenced. Defendants object to this request on the grounds it is vague and ambiguous as to time and scope, rendering it oppressive and burdensome. Defendants object to this request on the grounds it seeks documents irrelevant to the claims or defenses at issue in this case and is not proportional to the needs of case under FRCP 26(b), rendering it overly broad and unduly burdensome. Defendants object to this request on the grounds it seeks documents protected by the attorney client privilege and work product doctrine. Furthermore, Defendants object to this request on the grounds it is duplicative of prior requests for documents.

5. Defendants object to Request for Documents No. 5 on the grounds it is vague, ambiguous, and overbroad with respect to the term "YOU," rendering it unduly burdensome for Defendants to guess which deponent Plaintiff's counsel is referring to. Defendants object to this request on the grounds it fails to identify the documents it seeks with sufficient particularity. Defendants further object to this request on the grounds it seeks documents protected by third party privacy rights. Defendants object to this request on the grounds it seeks documents protected by attorney client privilege and work

-4-

product doctrine. Furthermore, Defendants object to this request on the grounds it is duplicative of prior requests for documents.

6.    Defendants object to Request for Documents No. 6 on the grounds it is overbroad, vague, and ambiguous as it fails to specify which deponent is referenced. Defendants object to this request on the grounds it has already been litigated and the Court sustained Defendants' objections, rendering this request improper. Defendants object to this request on the grounds it is vague and ambiguous as to time and scope, rendering it oppressive and burdensome. Defendants object to this request on the grounds it seeks documents irrelevant to the claims or defenses at issue in this case and is not proportional to the needs of case under FRCP 26(b), rendering it overly broad and unduly burdensome. Defendants object to this request on the grounds it fails to identify the documents it seeks with sufficient particularity. Furthermore, Defendants object to this request on the grounds it is duplicative of prior requests for documents.

7.    Defendants object to Request for Documents No. 7 on the grounds it is overbroad, vague, and ambiguous as it fails to specify which deponent is referenced. Defendants object to this request on the grounds it fails to identify the documents it seeks with sufficient particularity. Without further clarification as to which deponent this request is being made to, it is wholly oppressive and unduly burdensome. Defendants object to this request on the grounds it is vague and ambiguous as to time and scope. Defendants object to this request on the grounds it is duplicative of prior requests for documents. Defendants object to this request on the grounds it seeks documents protected by third party privacy rights. Defendants further object to this request on the grounds it seeks documents protected by attorney client privilege and work product doctrine.

8.    Defendants object to Request for Documents No. 8 on the grounds it is overbroad, vague, and ambiguous as it fails to specify which deponent is referenced. Defendants object to

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF
TONY BAI AND TO REQUESTS FOR PRODUCTION OF DOCUMENTS

Gordon Rees Scully Mansukhani, LLP
101 West Broadway, Suite 2000
San Diego, California 92101

this request on the grounds it seeks documents outside of the existing ESI agreement Plaintiff and Defendants agreed to, rendering this request improper. Defendants object to this request on the grounds it fails to identify the documents it seeks with sufficient particularity. Defendants object to this request on the grounds it is duplicative of prior requests for documents. Defendants further object to this request on the grounds it seeks documents protected by third party privacy rights. Defendants object to this request on the grounds it seeks documents protected by attorney client privilege and work product doctrine.

9.   Defendants object to Request for Documents No. 9 on the grounds it is overbroad, vague, and ambiguous as it fails to specify which deponent is referenced. Defendants object to this request on the grounds it is vague, overbroad, and fails to identify the documents it seeks with sufficient particularity. Defendants object to this request on the grounds it is duplicative of prior requests for documents. Defendants further object to this request as it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request on the grounds it is invasive of third-party privacy rights.

10.  Defendants object to Request for Documents No. 10 on the grounds it is overbroad, vague, and ambiguous as it fails to specify which deponent is referenced. Defendants object to this request on the grounds it is vague, unintelligible, and fails to identify the documents it seeks with sufficient particularity. Defendants object to this request on the grounds it is duplicative of prior requests for documents. Defendants further object to this request as it calls for an expert opinion or conclusion. Defendants object to this request on the grounds it is invasive of third-party privacy rights.

11.  Defendants object to Request for Documents No. 11 on the grounds it is overbroad, vague, and ambiguous as it fails to specify which deponent is referenced. Defendants

Gordon Rees Scully Mansukhani, LLP
101 West Broadway, Suite 2000
San Diego, California 92101

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF
TONY BAI AND TO REQUESTS FOR PRODUCTION OF DOCUMENTS

object to this request on the grounds it is vague, unintelligible, and fails to identify the documents it seeks with sufficient particularity. Defendants object to this request as it is compound in nature rendering it unduly burdensome and oppressive. Furthermore, Defendants object to this request on the grounds it is duplicative of prior requests for documents.

12. Defendants object to Request for Documents No. 12 on the grounds it is overbroad, vague, and ambiguous as it fails to specify which deponent is referenced. Defendants object to this request on the grounds it fails to identify the documents it seeks with sufficient particularity. Defendants object to this request as it calls for an expert opinion or conclusion. Defendants object to this request on the grounds it is invasive of third-party privacy rights.

13. Defendants object to Request for Documents No. 13 on the grounds it is overbroad, vague, and ambiguous as it fails to specify which deponent is referenced. Defendants object to this request on the grounds it fails to identify the documents it seeks with sufficient particularity. Furthermore, Defendants object to this request on the grounds it is duplicative of prior requests for documents.

///
///
///
///
///
///
///
///
///
///

Gordon Rees Scully Mansukhani, LLP
101 West Broadway, Suite 2000
San Diego, California 92101

-7-

1    14. Defendants object to Request for Documents No. 14 on the grounds it is overbroad,

2    vague, and ambiguous as it fails to specify which deponent is referenced. Defendants

3    object to this request on the grounds it fails to identify the documents it seeks with

4    sufficient particularity. Defendants object to this request on the grounds it calls for a legal

5    conclusion. Defendants object to this request on the grounds it is invasive of third-party

6    privacy rights. Furthermore, Defendants object to this request on the grounds it is

7    duplicative of prior requests for documents.

Dated: October 30, 2025       GORDON REES SCULLY MANSUKHANI, LLP

By: _____
    L. Geoffrey Lee
    Anafrancesca Y. Comunale
    Attorneys for Defendants

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF
TONY BAI AND TO REQUESTS FOR PRODUCTION OF DOCUMENTS

Gordon Rees Scully Mansukhani, LLP
101 West Broadway, Suite 2000
San Diego, California 92101

1  L. GEOFFREY LEE (SBN: 234024)
   glee@grsm.com
2  ANAFRANCESCA Y. COMUNALE (SBN: 323257)
   acomunale@grsm.com
3  GORDON REES SCULLY MANSUKHANI, LLP
   101 West Broadway, Suite 2000
4  San Diego, CA  92101
   Telephone: (619) 230-7418
5  Facsimile: (619) 696-7124

6  Attorneys for Defendants

7

8                 UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10

11  ASHLEY FRAGALE, an individual,      )  CASE NO.:  2:25-cv-04111
                                        )
12                     Plaintiff,       )  **DEFENDANTS' OBJECTIONS**
                                        )  **TO PLAINTIFF'S NOTICE OF**
13        vs.                           )  **DEPOSITION OF ALLISON**
                                        )  **BAILEY AND TO REQUESTS FOR**
14  RISC POINT ADVISORY GROUP LLC;      )  **PRODUCTION OF DOCUMENTS**
    RISC POINT ASSURANCE, LTD; RISC     )
15  POINT HOLDINGS, INC.; JACOB NIX, and )
    DOES 1 through 10, inclusive,       )
16                                      )
                       Defendants.      )
17                                      )
                                        )
18                                      )
                                        )
19                                      )

20

21        Defendants by and through their counsel of record hereby object to the Notice of

22  Deposition of Allison Bailey.  Defendants object as follows:

23

24        1.  Defendants object that the deposition date was set unilaterally before and without

25            checking with Defendants' counsel or the availability of the deponent;

26

27        2.  Defendants object that the "notice" of the deponent's deposition was a global

28            document purporting to notice the depositions of multiple persons in the same

-1-

Gordon Rees Scully Mansukhani, LLP
101 West Broadway, Suite 2000
San Diego, California 92101

instrument;

3. Defendants object that the "notice" assumes that the deponent and others listed are managing agents, officers or directors of Risc Point;

4. Defendants object to the extent Plaintiff did not serve a subpoena on the non-party deponent. *Calderon v. Experian Information Solutions, Inc.*, 290 FRD 508, 516-517 (D ID 2013) (subpoena is required to take the deposition of an entity party's non-managing agents);

5. Defendants object that the request for an in-person deposition is unnecessary for this deponent, as this deponent is not a resident of Ohio. Defendants object that not holding a remote Zoom deposition as has been done for witnesses Aisha Adam, Ryan McCartney, and John Hawkins is harassing and intended needlessly to increase the cost of litigation. *Cressler v. Neuenschwander*, 170 F.R.D. 20, 21 (D. Kan. 1996) ("desire to save money constitutes a legitimate reason to conduct the depositions telephonically.); and

6. Defendants object that the request for an in-person deposition is improper, as the deponent is not a resident of Ohio, and thus cannot be compelled to go there.

Furthermore, Defendants object to the Requests for Documents as follows:

1. Defendants object to Request for Documents No. 1 on the grounds it is overbroad, vague, and ambiguous for failure to specify which deponent the request is directed towards. Defendants object to this request on the grounds it seeks "any and all documents," without limitation as to time, subject, or relevance, making it overly burdensome and oppressive. Defendants object to this request on the grounds it is vague and ambiguous

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF
ALLISON BAILEY AND TO REQUESTS FOR PRODUCTION OF DOCUMENTS

Gordon Rees Scully Mansukhani, LLP
101 West Broadway, Suite 2000
San Diego, California 92101

with respect to the undefined terms "conversations" and "statements." Defendants object to this request on the grounds that this request lacks specificity as to the nature of the documents sought, rendering it not likely to lead to the discovery of admissible evidence. Defendants object to this request on the grounds it seeks documents that are irrelevant to the subject matter of this action and not proportional to the needs of this case as required by FRCP 26(b). Defendants object to this request on the grounds that this request seeks communications protected by the attorney client privilege and work product doctrine. Furthermore, Defendants object to this request on the grounds this request seeks documents protected by third party rights to privacy. Finally, Defendants object to this request on the grounds it is duplicative of prior requests for documents.

2. Defendants object to Request for Documents No. 2 on the grounds request is overbroad, vague, and ambiguous as it fails to specify which deponent is referenced. Defendants object to this request on the grounds it seeks "any and all documents," without limitation as to time, subject, or relevance, making it overly burdensome and oppressive. Defendants object to this request on the grounds this request is vague with respect to the undefined term "in any way pertain." Defendants object to this request on the grounds it lacks specificity as to the nature of the documents sought, rendering it not likely to lead to the discovery of admissible evidence. Defendants object to this request on the grounds it seeks documents that are irrelevant to the subject matter of this action and not proportional to the needs of this case as required by FRCP 26(b). Defendants object to this request on the grounds it seeks communications protected by the attorney client and work product doctrine. Defendants object to this request on the grounds it is duplicative of prior requests for documents. Furthermore, Defendants object to this request on the grounds it seeks documents protected by third party rights to privacy.

3. Defendants object to Request for Documents No. 3 on the grounds it is overly broad, vague, and ambiguous as it lacks specificity regarding time and scope, rendering it

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF
ALLISON BAILEY AND TO REQUESTS FOR PRODUCTION OF DOCUMENTS

oppressive and burdensome. Defendants object to this request on the grounds it seeks documents irrelevant to the claims or defenses at issue in this case and is not proportional to the needs of case under FRCP 26(b), rendering it overly broad and unduly burdensome. Defendants object to this request on the grounds it seeks documents protected by the attorney client privilege and work product doctrine. Furthermore, Defendants object to this request on the grounds it seeks information protected by third party rights to privacy. Defendants object to this request on the grounds it is duplicative of prior requests for documents. Finally, Defendants object to this request on the grounds it is vague and ambiguous, as it fails to identify which deponent the request is being made to.

4. Defendants object to Request for Documents No. 4 on the grounds this request is overbroad, vague, and ambiguous as it fails to specify which deponent is referenced. Defendants object to this request on the grounds it is vague and ambiguous as to time and scope, rendering it oppressive and burdensome. Defendants object to this request on the grounds it seeks documents irrelevant to the claims or defenses at issue in this case and is not proportional to the needs of case under FRCP 26(b), rendering it overly broad and unduly burdensome. Defendants object to this request on the grounds it seeks documents protected by the attorney client privilege and work product doctrine. Furthermore, Defendants object to this request on the grounds it is duplicative of prior requests for documents.

5. Defendants object to Request for Documents No. 5 on the grounds it is vague, ambiguous, and overbroad with respect to the term "YOU," rendering it unduly burdensome for Defendants to guess which deponent Plaintiff's counsel is referring to. Defendants object to this request on the grounds it fails to identify the documents it seeks with sufficient particularity. Defendants further object to this request on the grounds it seeks documents protected by third party privacy rights. Defendants object to this

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF
ALLISON BAILEY AND TO REQUESTS FOR PRODUCTION OF DOCUMENTS

Gordon Rees Scully Mansukhani, LLP
101 West Broadway, Suite 2000
San Diego, California 92101

request on the grounds it seeks documents protected by attorney client privilege and work product doctrine. Furthermore, Defendants object to this request on the grounds it is duplicative of prior requests for documents.

6. Defendants object to Request for Documents No. 6 on the grounds it is overbroad, vague, and ambiguous as it fails to specify which deponent is referenced. Defendants object to this request on the grounds it is overbroad, vague, and ambiguous as to time and scope, rendering it oppressive and burdensome. Defendants object to this request on the grounds it has already been litigated and the Court sustained Defendants' objections, rendering this request improper. Defendants object to this request on the grounds that this request has already been litigated, wherein the Court sustained Defendants' objections, so this request is improper. Defendants object to this request on the grounds it seeks documents irrelevant to the claims or defenses at issue in this case and is not proportional to the needs of case under FRCP 26(b), rendering it overly broad and unduly burdensome. Defendants object to this request on the grounds it fails to identify the documents it seeks with sufficient particularity. Furthermore, Defendants object to this request on the grounds it is duplicative of prior requests for documents.

7. Defendants object to Request for Documents No. 7 on the grounds it is overbroad, vague, and ambiguous as it fails to specify which deponent is referenced. Defendants object to this request on the grounds it fails to identify the documents it seeks with sufficient particularity. Without further clarification as to which deponent this request is being made to, it is wholly oppressive and unduly burdensome. Defendants object to this request on the grounds it is vague and ambiguous as to time and scope. Defendants object to this request on the grounds it is duplicative of prior requests for documents. Defendants object to this request on the grounds it seeks documents protected by third party privacy rights. Defendants further object to this request on the grounds it seeks documents protected by attorney client privilege and work product doctrine.

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF ALLISON BAILEY AND TO REQUESTS FOR PRODUCTION OF DOCUMENTS

Gordon Rees Scully Mansukhani, LLP
101 West Broadway, Suite 2000
San Diego, California 92101

8. Defendants object to Request for Documents No. 8 on the grounds it is overbroad, vague, and ambiguous as it fails to specify which deponent is referenced. Defendants object to this request on the grounds it seeks documents outside of the existing ESI agreement Plaintiff and Defendants agreed to, rendering this request improper. Defendants object to this request on the grounds it fails to identify the documents it seeks with sufficient particularity. Defendants object to this request on the grounds it is duplicative of prior requests for documents. Defendants further object to this request on the grounds it seeks documents protected by third party privacy rights. Defendants object to this request on the grounds it seeks documents protected by attorney client privilege and work product doctrine.

9. Defendants object to Request for Documents No. 9 on the grounds it is overbroad, vague, and ambiguous as it fails to specify which deponent is referenced. Defendants object to this request on the grounds it is vague, ambiguous and fails to identify the documents it seeks with sufficient particularity. Defendants object to this request on the grounds it is duplicative of prior requests for documents. Defendants further object to this request on the grounds it seeks documents protected by third party privacy rights. Defendants further object to this request as it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants object this request is invasive as to third party privacy rights.

10. Defendants object to Request for Documents No. 10 on the grounds it is overbroad, vague, and ambiguous as it fails to specify which deponent is referenced. Defendants object to this request on the grounds it is unintelligible and fails to identify the documents it seeks with sufficient particularity. Defendants object to this request on the grounds it is duplicative of prior requests for documents. Defendants object to this request on the grounds it is invasive of third-party privacy rights. Defendants further object to this request as it calls for an expert opinion or conclusion.

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF
ALLISON BAILEY AND TO REQUESTS FOR PRODUCTION OF DOCUMENTS

11. Defendants object to Request for Documents No. 11 on the grounds it is overbroad, vague, and ambiguous as it fails to specify which deponent is referenced. Defendants object  to this request on the grounds it is vague, unintelligible, and fails to identify the documents it seeks with sufficient particularity. Defendants object  to this request as it is compound in nature rendering it unduly burdensome and oppressive. Defendants object to this request on the grounds it seeks documents protected by third party privacy rights. Furthermore, Defendants object to this request on the grounds it is duplicative of prior requests for documents.

12. Defendants object to Request for Documents No. 12 on the grounds it is overbroad, vague, and ambiguous as it fails to specify which deponent is referenced. Defendants object  to this request on the grounds it fails to identify the documents it seeks with sufficient particularity. Defendants object to this request on the grounds it is invasive of third-party privacy rights. Defendants object to this request as it calls for an expert opinion or conclusion.

13. Defendants object to Request for Documents No. 13 on the grounds it is overbroad, vague, and ambiguous as it fails to specify which deponent is referenced. Defendants object  to this request on the grounds it fails to identify the documents it seeks with sufficient particularity. Furthermore, Defendants object to this request on the grounds it is duplicative of prior requests for documents.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Gordon Rees Scully Mansukhani, LLP
101 West Broadway, Suite 2000
San Diego, California 92101

-7-

14. Defendants object to Request for Documents No. 14 on the grounds it is overbroad, vague, and ambiguous as it fails to specify which deponent is referenced. Defendants object to this request on the grounds it fails to identify the documents it seeks with sufficient particularity. Defendants object to this request on the grounds it is invasive of third-party privacy rights. Defendants object to this request on the grounds it calls for a legal conclusion. Furthermore, Defendants object to this request on the grounds it is duplicative of prior requests for documents.

Dated: October 30, 2025                      GORDON REES SCULLY MANSUKHANI, LLP

By: _____
L. Geoffrey Lee
Anafrancesca Y. Comunale
Attorneys for Defendants

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF
ALLISON BAILEY AND TO REQUESTS FOR PRODUCTION OF DOCUMENTS

Gordon Rees Scully Mansukhani, LLP
101 West Broadway, Suite 2000
San Diego, California 92101

1  L. GEOFFREY LEE (SBN: 234024)
   glee@grsm.com
2  ANAFRANCESCA Y. COMUNALE (SBN: 323257)
   acomunale@grsm.com
3  GORDON REES SCULLY MANSUKHANI, LLP
   101 West Broadway, Suite 2000
4  San Diego, CA  92101
   Telephone: (619) 230-7418
5  Facsimile: (619) 696-7124

6  Attorneys for Defendants

7

8               UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10

11 ASHLEY FRAGALE, an individual,        ) CASE NO.:  2:25-cv-04111
                                         )
12                      Plaintiff,       ) **DEFENDANTS' OBJECTIONS**
                                         ) **TO PLAINTIFF'S NOTICE OF**
13       vs.                             ) **DEPOSITION OF CHAD GROSS**
                                         ) **AND TO REQUESTS FOR**
14 RISC POINT ADVISORY GROUP LLC;        ) **PRODUCTION OF DOCUMENTS**
   RISC POINT ASSURANCE, LTD; RISC       )
15 POINT HOLDINGS, INC.; JACOB NIX, and  )
   DOES 1 through 10, inclusive,         )
16                                       )
                        Defendants.      )
17                                       )
                                         )
18                                       )
                                         )
19 _____ )

20

21        Defendants by and through their counsel of record hereby object to the Notice of

22 Deposition of Chad Gross.  Defendants object as follows:

23

24        1.  Defendants object that the deposition date was set unilaterally before and without

25        checking with Defendants' counsel or the availability of the deponent;

26

27        2.  Defendants object that the "notice" of the deponent's deposition was a global

28        document purporting to notice the depositions of multiple persons in the same

                                    -1-

Gordon Rees Scully Mansukhani, LLP
101 West Broadway, Suite 2000
San Diego, California 92101

instrument;

3. Defendants object that the "notice" assumes that the deponent and others listed are managing agents, officers or directors of Risc Point;

4. Defendants object to the extent Plaintiff did not serve a subpoena on the non-party deponent. *Calderon v. Experian Information Solutions, Inc.*, 290 FRD 508, 516-517 (D ID 2013) (subpoena is required to take the deposition of an entity party's non-managing agents);

5. Defendants object that the request for an in-person deposition is unnecessary for this deponent, as this deponent is not a resident of Ohio.  Defendants object that not holding a remote Zoom deposition as has been done for witnesses Aisha Adam, Ryan McCartney, and John Hawkins is harassing and intended needlessly to increase the cost of litigation. *Cressler v. Neuenschwander*, 170 F.R.D. 20, 21 (D. Kan. 1996) ("desire to save money constitutes a legitimate reason to conduct the depositions telephonically.); and

6. Defendants object that the request for an in-person deposition is improper, as the deponent is not a resident of Ohio, and thus cannot be compelled to go there.

Furthermore, Defendants object to the Requests for Documents as follows:

1. Defendants object to Request for Documents No. 1 on the grounds it is overbroad, vague, and ambiguous for failure to specify which deponent the request is directed towards. Defendants object to this request on the grounds it seeks "any and all documents," without limitation as to time, subject, or relevance, making it overly burdensome and oppressive. Defendants object to this request on the grounds it is vague and ambiguous

Gordon Rees Scully Mansukhani, LLP
101 West Broadway, Suite 2000
San Diego, California 92101

1    with respect to the undefined terms "conversations" and "statements." Defendants object

2    to this request on the grounds that this request lacks specificity as to the nature of the

3    documents sought, rendering it not likely to lead to the discovery of admissible evidence.

4    Defendants object to this request on the grounds it seeks documents that are irrelevant to

5    the subject matter of this action and not proportional to the needs of this case as required

6    by FRCP 26(b). Defendants object to this request on the grounds that this request seeks

7    communications protected by the attorney client privilege and work product doctrine.

8    Furthermore, Defendants object to this request on the grounds this request seeks

9    documents protected by third party rights to privacy. Finally, Defendants object to this

10   request on the grounds it is duplicative of prior requests for documents.

11

12   2.    Defendants object to Request for Documents No. 2 on the grounds request is overbroad,

13   vague, and ambiguous as it fails to specify which deponent is referenced. Defendants

14   object to this request on the grounds it seeks "any and all documents," without limitation

15   as to time, subject, or relevance, making it overly burdensome and oppressive.

16   Defendants object to this request on the grounds this request is vague with respect to the

17   undefined term "in any way pertain." Defendants object to this request on the grounds it

18   lacks specificity as to the nature of the documents sought, rendering it not likely to lead

19   to the discovery of admissible evidence. Defendants object to this request on the grounds

20   it seeks documents that are irrelevant to the subject matter of this action and not

21   proportional to the needs of this case as required by FRCP 26(b). Defendants object to

22   this request on the grounds it seeks communications protected by the attorney client

23   privilege and work product doctrine. Defendants object to this request on the grounds it is

24   duplicative of prior requests for documents. Furthermore, Defendants object to this

25   request on the grounds it seeks documents protected by third party rights to privacy.

26

27   3.    Defendants object to Request for Documents No. 3 on the grounds it is overly broad,

28   vague, and ambiguous as it lacks specificity regarding time and scope, rendering it

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF
CHAD GROSS AND TO REQUESTS FOR PRODUCTION OF DOCUMENTS

oppressive and burdensome. Defendants object to this request on the grounds it seeks documents irrelevant to the claims or defenses at issue in this case and is not proportional to the needs of case under FRCP 26(b), rendering it overly broad and unduly burdensome. Defendants object to this request on the grounds it seeks documents protected by the attorney client privilege and work product doctrine. Furthermore, Defendants object to this request on the grounds it seeks information protected by third party rights to privacy. Defendants object to this request on the grounds it is duplicative of prior requests for documents. Finally, Defendants object to this request on the grounds it is vague and ambiguous, as it fails to identify which deponent the request is being made to.

4. Defendants object to Request for Documents No. 4 on the grounds this request is overbroad, vague, and ambiguous as it fails to specify which deponent is referenced. Defendants object to this request on the grounds it is vague and ambiguous as to time and scope, rendering it oppressive and burdensome. Defendants object to this request on the grounds it seeks documents irrelevant to the claims or defenses at issue in this case and is not proportional to the needs of case under FRCP 26(b), rendering it overly broad and unduly burdensome. Defendants object to this request on the grounds it seeks documents protected by the attorney client privilege and work product doctrine. Furthermore, Defendants object to this request on the grounds it is duplicative of prior requests for documents.

5. Defendants object to Request for Documents No. 5 on the grounds it is vague, ambiguous, and overbroad with respect to the term "YOU," rendering it unduly burdensome for Defendants to guess which deponent Plaintiff's counsel is referring to. Defendants object to this request on the grounds it fails to identify the documents it seeks with sufficient particularity. Defendants further object to this request on the grounds it seeks documents protected by third party privacy rights. Defendants object to this

-4-

Gordon Rees Scully Mansukhani, LLP
101 West Broadway, Suite 2000
San Diego, California 92101

request on the grounds it seeks documents protected by attorney client privilege and work product doctrine. Furthermore, Defendants object to this request on the grounds it is duplicative of prior requests for documents.

6. Defendants object to Request for Documents No. 6 on the grounds it is overbroad, vague, and ambiguous as it fails to specify which deponent is referenced. Defendants object to this request on the grounds it is overbroad, vague, and ambiguous as to time and scope, rendering it oppressive and burdensome. Defendants object to this request on the grounds it has already been litigated and the Court sustained Defendants' objections, rendering this request improper. Defendants object to this request on the grounds that this request has already been litigated, wherein the Court sustained Defendants' objections, so this request is improper. Defendants object to this request on the grounds it seeks documents irrelevant to the claims or defenses at issue in this case and is not proportional to the needs of case under FRCP 26(b), rendering it overly broad and unduly burdensome. Defendants object to this request on the grounds it fails to identify the documents it seeks with sufficient particularity. Furthermore, Defendants object to this request on the grounds it is duplicative of prior requests for documents.

7. Defendants object to Request for Documents No. 7 on the grounds it is overbroad, vague, and ambiguous as it fails to specify which deponent is referenced. Defendants object to this request on the grounds it fails to identify the documents it seeks with sufficient particularity. Without further clarification as to which deponent this request is being made to, it is wholly oppressive and unduly burdensome. Defendants object to this request on the grounds it is vague and ambiguous as to time and scope. Defendants object to this request on the grounds it is duplicative of prior requests for documents. Defendants object to this request on the grounds it seeks documents protected by third party privacy rights. Defendants further object to this request on the grounds it seeks documents protected by attorney client privilege and work product doctrine.

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF
CHAD GROSS AND TO REQUESTS FOR PRODUCTION OF DOCUMENTS

Gordon Rees Scully Mansukhani, LLP
101 West Broadway, Suite 2000
San Diego, California 92101

8.  Defendants object to Request for Documents No. 8 on the grounds it is overbroad, vague, and ambiguous as it fails to specify which deponent is referenced. Defendants object to this request on the grounds it fails to identify the documents it seeks with sufficient particularity. Defendants object to this request on the grounds it seeks documents outside of the existing ESI agreement Plaintiff and Defendants agreed to, rendering this request improper. Defendants object to this request on the grounds it is duplicative of prior requests for documents. Defendants further object to this request on the grounds it seeks documents protected by third party privacy rights. Defendants object to this request on the grounds it seeks documents protected by attorney client privilege and work product doctrine.

9.  Defendants object to Request for Documents No. 9 on the grounds it is overbroad, vague, and ambiguous as it fails to specify which deponent is referenced. Defendants object to this request on the grounds it is vague, ambiguous and fails to identify the documents it seeks with sufficient particularity. Defendants object to this request on the grounds it is duplicative of prior requests for documents. Defendants further object to this request on the grounds it seeks documents protected by third party privacy rights. Defendants further object to this request as it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants object this request is invasive as to third party privacy rights.

10. Defendants object to Request for Documents No. 10 on the grounds it is overbroad, vague, and ambiguous as it fails to specify which deponent is referenced. Defendants object to this request on the grounds it is vague, unintelligible, and fails to identify the documents it seeks with sufficient particularity. Defendants object this request is invasive as to third party privacy rights. Defendants object to this request on the grounds it is duplicative of prior requests for documents. Defendants further object to this request as it

Gordon Rees Scully Mansukhani, LLP
101 West Broadway, Suite 2000
San Diego, California 92101

-6-

calls for an expert opinion or conclusion.

11. Defendants object to Request for Documents No. 11 on the grounds it is overbroad, vague, and ambiguous as it fails to specify which deponent is referenced. Defendants object to this request on the grounds it is vague, unintelligible, and fails to identify the documents it seeks with sufficient particularity. Defendants object to this request as it is compound in nature rendering it unduly burdensome and oppressive. Furthermore, Defendants object to this request on the grounds it is duplicative of prior requests for documents. Finally, Defendants object this request is invasive as to third party privacy rights.

12. Defendants object to Request for Documents No. 12 on the grounds it is overbroad, vague, and ambiguous as it fails to specify which deponent is referenced. Defendants object to this request on the grounds it fails to identify the documents it seeks with sufficient particularity. Defendants object to this request on the grounds it is invasive of third-party privacy rights. Defendants object to this request as it calls for an expert opinion or conclusion.

13. Defendants object to Request for Documents No. 13 on the grounds it is overbroad, vague, and ambiguous as it fails to specify which deponent is referenced. Defendants object to this request on the grounds it fails to identify the documents it seeks with sufficient particularity. Furthermore, Defendants object to this request on the grounds it is duplicative of prior requests for documents.

/ / /

/ / /

/ / /

/ / /

/ / /

Gordon Rees Scully Mansukhani, LLP
101 West Broadway, Suite 2000
San Diego, California 92101

-7-

14. Defendants object to Request for Documents No. 14 on the grounds it is overbroad, vague, and ambiguous as it fails to specify which deponent is referenced. Defendants object to this request on the grounds it fails to identify the documents it seeks with sufficient particularity. Defendants object to this request on the grounds it is invasive of third-party privacy rights. Defendants object to this request on the grounds it calls for a legal conclusion. Furthermore, Defendants object to this request on the grounds it is duplicative of prior requests for documents.

Dated: October 30, 2025                    GORDON REES SCULLY MANSUKHANI, LLP


By: _____
    L. Geoffrey Lee
    Anafrancesca Y. Comunale
    Attorneys for Defendants

-8-
DEFENDANTS' OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF
CHAD GROSS AND TO REQUESTS FOR PRODUCTION OF DOCUMENTS

L. GEOFFREY LEE (SBN: 234024)
glee@grsm.com
ANAFRANCESCA Y. COMUNALE (SBN: 323257)
acomunale@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 West Broadway, Suite 2000
San Diego, CA  92101
Telephone: (619) 230-7418
Facsimile: (619) 696-7124

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ASHLEY FRAGALE, an individual,<br><br>                              Plaintiff,<br><br>        vs.<br><br>RISC POINT ADVISORY GROUP LLC;<br>RISC POINT ASSURANCE, LTD; RISC<br>POINT HOLDINGS, INC.; JACOB NIX, and<br>DOES 1 through 10, inclusive,<br><br>                              Defendants. | CASE NO.:  2:25-cv-04111<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF JACOB NIX AND TO REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Defendants by and through their counsel of record hereby object to the Notice of Deposition of Jacob Nix.  Defendants object as follows:

1.  Defendants object that the deposition date was set unilaterally before and without checking with Defendants' counsel or the availability of the deponent;

2.  Defendants object that the "notice" of the deponent's deposition was a global document purporting to notice the depositions of multiple persons in the same

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF
JACOB NIX AND TO REQUESTS FOR PRODUCTION OF DOCUMENTS

*Gordon Rees Scully Mansukhani, LLP*
*101 West Broadway, Suite 2000*
*San Diego, California 92101*

instrument; and

3. Defendants object that the "notice" assumes that the deponent and others listed are managing agents, officers or directors of Risc Point.

Furthermore, Defendants object to the Requests for Documents as follows:

1. Defendants object to Request for Documents No. 1 on the grounds it is overbroad, vague, and ambiguous for failure to specify which deponent the request is directed towards. Defendants object to this request on the grounds it seeks "any and all documents," without limitation as to time, subject, or relevance, making it overly burdensome and oppressive. Defendants object to this request on the grounds it is vague and ambiguous with respect to the undefined terms "conversations" and "statements." Defendants object to this request on the grounds that this request lacks specificity as to the nature of the documents sought, rendering it not likely to lead to the discovery of admissible evidence. Defendants object to this request on the grounds it seeks documents that are irrelevant to the subject matter of this action and not proportional to the needs of this case as required by FRCP 26(b). Defendants object to this request on the grounds that this request seeks communications protected by the attorney client privilege and work product doctrine. Furthermore, Defendants object to this request on the grounds this request seeks documents protected by third party rights to privacy. Finally, Defendants object to this request on the grounds it is duplicative of prior requests for documents.

2. Defendants object to Request for Documents No. 2 on the grounds request is overbroad, vague, and ambiguous as it fails to specify which deponent is referenced. Defendants object to this request on the grounds it seeks "any and all documents," without limitation as to time, subject matter, or relevance, making it overly burdensome and oppressive. Defendants object to this request on the grounds this request is vague with respect to the

Gordon Rees Scully Mansukhani, LLP
101 West Broadway, Suite 2000
San Diego, California 92101

undefined term "in any way pertain." Defendants object to this request on the grounds it lacks specificity as to the nature of the documents sought, rendering it not likely to lead to the discovery of admissible evidence. Defendants object to this request on the grounds it seeks documents that are irrelevant to the subject matter of this action and not proportional to the needs of this case as required by FRCP 26(b). Defendants object to this request on the grounds it seeks communications protected by the attorney client privilege and work product doctrine. Defendants object to this request on the grounds it is duplicative of prior requests for documents. Furthermore, Defendants object to this request on the grounds it seeks documents protected by third party rights to privacy.

3. Defendants object to Request for Documents No. 3 on the grounds it is overly broad, vague, and ambiguous as it lacks specificity regarding time and scope. Defendants object to this request on the grounds it seeks documents irrelevant to the claims or defenses at issue in this case and is not proportional to the needs of case under FRCP 26(b). Defendants object to this request on the grounds it seeks documents protected by the attorney client privilege and work product doctrine. Furthermore, Defendants object to this request on the grounds it seeks information protected by third party rights to privacy. Defendants object to this request on the grounds it is duplicative of prior requests for documents. Finally, Defendants object to this request on the grounds it is vague and ambiguous, as it fails to identify which deponent the request is being made to.

4. Defendants object to Request for Documents No. 4 on the grounds this request is overbroad, vague, and ambiguous as it fails to specify which deponent is referenced. Defendants object to this request on the grounds it is vague and ambiguous as to time and scope, rendering it oppressive and burdensome. Defendants object to this request on the grounds it seeks documents irrelevant to the claims or defenses at issue in this case and is not proportional to the needs of case under FRCP 26(b). Defendants object to this request on the grounds it seeks documents protected by the attorney client privilege and work

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF JACOB NIX AND TO REQUESTS FOR PRODUCTION OF DOCUMENTS

Gordon Rees Scully Mansukhani, LLP
101 West Broadway, Suite 2000
San Diego, California 92101

product doctrine. Furthermore, Defendants object to this request on the grounds it is duplicative of prior requests for documents.

5. Defendants object to Request for Documents No. 5 on the grounds it is vague, ambiguous, and overbroad with respect to the term "YOU," rendering it unduly burdensome for Defendants to guess which deponent Plaintiff's counsel is referring to. Defendants object to this request on the grounds it fails to identify the documents it seeks with sufficient particularity. Defendants further object to this request on the grounds it seeks documents protected by third party privacy rights. Defendants object to this request on the grounds it seeks documents protected by attorney client privilege and work product doctrine. Furthermore, Defendants object to this request on the grounds it is duplicative of prior requests for documents.

6. Defendants object to Request for Documents No. 6 on the grounds it is overbroad, vague, and ambiguous as it fails to specify which deponent is referenced. Defendants object to this request on the grounds it is vague and ambiguous as to time and scope, rendering it oppressive and burdensome. Defendants object to this request on the grounds it requests subject matter already litigated, wherein the Court sustained Defendants' objections to this request. Defendants object to this request on the grounds it seeks documents irrelevant to the claims or defenses at issue in this case and is not proportional to the needs of case under FRCP 26(b). Defendants object to this request on the grounds it fails to identify the documents it seeks with sufficient particularity. Furthermore, Defendants object to this request on the grounds it is duplicative of prior requests for documents.

7. Defendants object to Request for Documents No. 7 on the grounds it is overbroad, vague, and ambiguous as it fails to specify which deponent is referenced. Defendants object to this request on the grounds it fails to identify the documents it seeks with sufficient particularity. Without further clarification as to which deponent this request is being

-4-

made to, it is wholly oppressive and unduly burdensome. Defendants object to this request on the grounds it is vague and ambiguous as to time and scope. Defendants object to this request on the grounds it is duplicative of prior requests for documents. Defendants object to this request on the grounds it seeks documents protected by third party privacy rights. Defendants further object to this request on the grounds it seeks documents protected by attorney client privilege and work product doctrine.

8. Defendants object to Request for Documents No. 8 on the grounds it is overbroad, vague, and ambiguous as it fails to specify which deponent is referenced. Defendants object to this request on the grounds it fails to identify the documents it seeks with sufficient particularity. Defendants object to this request on the grounds it is duplicative of prior requests for documents. Defendants object to this request as it seeks documents outside of the existing ESI agreement Plaintiff and Defendants already agreed to, rendering this request improper. Defendants further object to this request on the grounds it seeks documents protected by third party privacy rights. Defendants object to this request on the grounds it seeks documents protected by attorney client privilege and work product doctrine.

9. Defendants object to Request for Documents No. 9 on the grounds it is overbroad, vague, and ambiguous as it fails to specify which deponent is referenced. Defendants object to this request on the grounds it fails to identify the documents it seeks with sufficient particularity. Defendants object to this request on the grounds it is duplicative of prior requests for documents. Defendants further object to this request as it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10. Defendants object to Request for Documents No. 10 on the grounds it is overbroad, vague, and ambiguous as it fails to specify which deponent is referenced. Defendants object to this request on the grounds that the request is unintelligible and fails to identify

Gordon Rees Scully Mansukhani, LLP
101 West Broadway, Suite 2000
San Diego, California 92101

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF
JACOB NIX AND TO REQUESTS FOR PRODUCTION OF DOCUMENTS

the documents it seeks with sufficient particularity. Defendants object to this request on the grounds it is duplicative of prior requests for documents.

11. Defendants object to Request for Documents No. 11 on the grounds it is overbroad, vague, and ambiguous as it fails to specify which deponent is referenced. Defendants object to this request on the grounds that this request is vague, unintelligible, and fails to identify the documents it seeks with sufficient particularity. Defendants object to this request as it is compound in nature rendering it unduly burdensome and oppressive. Furthermore, Defendants object to this request on the grounds it is duplicative of prior requests for documents.

12. Defendants object to Request for Documents No. 12 on the grounds it is overbroad, vague, and ambiguous as it fails to specify which deponent is referenced. Defendants object to this request on the grounds it fails to identify the documents it seeks with sufficient particularity. Defendants object to this request as it calls for an expert opinion or conclusion. Furthermore, Defendants object to this request on the grounds it is duplicative of prior requests for documents.

13. Defendants object to Request for Documents No. 13 on the grounds it is overbroad, vague, and ambiguous as it fails to specify which deponent is referenced. Defendants object to this request on the grounds it fails to identify the documents it seeks with sufficient particularity. Furthermore, Defendants object to this request on the grounds it is duplicative of prior requests for documents.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF JACOB NIX AND TO REQUESTS FOR PRODUCTION OF DOCUMENTS

Gordon Rees Scully Mansukhani, LLP
101 West Broadway, Suite 2000
San Diego, California 92101

14. Defendants object to Request for Documents No. 14 on the grounds it is overbroad, vague, and ambiguous as it fails to specify which deponent is referenced. Defendants object to this request on the grounds it fails to identify the documents it seeks with sufficient particularity. Defendants object to this request on the grounds it calls for a legal conclusion. Defendants object to this request on the grounds it invades third party privacy rights. Furthermore, Defendants object to this request on the grounds it is duplicative of prior requests for documents.

Dated: October 30, 2025                    GORDON REES SCULLY MANSUKHANI, LLP

By: _____
L. Geoffrey Lee
Anafrancesca Y. Comunale
Attorneys for Defendants

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF
JACOB NIX AND TO REQUESTS FOR PRODUCTION OF DOCUMENTS

Gordon Rees Scully Mansukhani, LLP
101 West Broadway, Suite 2000
San Diego, California 92101

1  L. GEOFFREY LEE (SBN: 234024)
   glee@grsm.com
2  ANAFRANCESCA Y. COMUNALE (SBN: 323257)
   acomunale@grsm.com
3  GORDON REES SCULLY MANSUKHANI, LLP
   101 West Broadway, Suite 2000
4  San Diego, CA  92101
   Telephone: (619) 230-7418
5  Facsimile: (619) 696-7124

6  Attorneys for Defendants

7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

11  ASHLEY FRAGALE, an individual,          )  CASE NO.:  2:25-cv-04111
                                            )
12                        Plaintiff,        )  **DEFENDANTS' OBJECTIONS**
                                            )  **TO PLAINTIFF'S NOTICE OF**
13        vs.                               )  **DEPOSITION OF MATT DREWYOR**
                                            )  **AND TO REQUESTS FOR**
14  RISC POINT ADVISORY GROUP LLC;          )  **PRODUCTION OF DOCUMENTS**
    RISC POINT ASSURANCE, LTD; RISC         )
15  POINT HOLDINGS, INC.; JACOB NIX, and    )
    DOES 1 through 10, inclusive,           )
16                                          )
                          Defendants.       )
17                                          )
                                            )
18                                          )
                                            )
19                                          )
20

21        Defendants by and through their counsel of record hereby object to the Notice of

22  Deposition of Matt Drewyor.  Defendants object as follows:

23

24        1.  Defendants object that the deposition date was set unilaterally before and without

25            checking with Defendants' counsel or the availability of the deponent;

26

27        2.  Defendants object that the "notice" of the deponent's deposition was a global

28            document purporting to notice the depositions of multiple persons in the same

-1-
DEFENDANTS' OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF
MATT DREWYOR AND TO REQUESTS FOR PRODUCTION OF DOCUMENTS

<div style="text-align: center">**Gordon Rees Scully Mansukhani, LLP**
**101 West Broadway, Suite 2000**
**San Diego, California 92101**</div>

instrument;

3. Defendants object that the "notice" assumes that the deponent and others listed are managing agents, officers or directors of Risc Point;

4. Defendants object to the extent Plaintiff did not serve a subpoena on the non-party deponent. *Calderon v. Experian Information Solutions, Inc.*, 290 FRD 508, 516-517 (D ID 2013) (subpoena is required to take the deposition of an entity party's non-managing agents);

5. Defendants object that the request for an in-person deposition is unnecessary for this deponent, as this deponent is not a resident of Ohio.  Defendants object that not holding a remote Zoom deposition as has been done for witnesses Aisha Adam, Ryan McCartney, and John Hawkins is harassing and intended needlessly to increase the cost of litigation. *Cressler v. Neuenschwander*, 170 F.R.D. 20, 21 (D. Kan. 1996) ("desire to save money constitutes a legitimate reason to conduct the depositions telephonically.); and

6. Defendants object that the request for an in-person deposition is improper, as the deponent is not a resident of Ohio, and thus cannot be compelled to go there.

Furthermore, Defendants object to the Requests for Documents as follows:

1. Defendants object to Request for Documents No. 1 on the grounds it is overbroad, vague, and ambiguous for failure to specify which deponent the request is directed towards. Defendants object to this request on the grounds it seeks "any and all documents," without limitation as to time, subject, or relevance, making it overly burdensome and oppressive. Defendants object to this request on the grounds it is vague and ambiguous

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF
MATT DREWYOR AND TO REQUESTS FOR PRODUCTION OF DOCUMENTS

Gordon Rees Scully Mansukhani, LLP
101 West Broadway, Suite 2000
San Diego, California 92101

Gordon Rees Scully Mansukhani, LLP
101 West Broadway, Suite 2000
San Diego, California 92101

with respect to the undefined terms "conversations" and "statements." Defendants object to this request on the grounds that this request lacks specificity as to the nature of the documents sought, rendering it not likely to lead to the discovery of admissible evidence. Defendants object to this request on the grounds it seeks documents that are irrelevant to the subject matter of this action and not proportional to the needs of this case as required by FRCP 26(b). Defendants object to this request on the grounds that this request seeks communications protected by the attorney client privilege and work product doctrine. Furthermore, Defendants object to this request on the grounds this request seeks documents protected by third party rights to privacy. Finally, Defendants object to this request on the grounds it is duplicative of prior requests for documents.

2. Defendants object to Request for Documents No. 2 on the grounds request is overbroad, vague, and ambiguous as it fails to specify which deponent is referenced. Defendants object to this request on the grounds it seeks "any and all documents," without limitation as to time, subject, or relevance, making it overly burdensome and oppressive. Defendants object to this request on the grounds this request is vague with respect to the undefined term "in any way pertain." Defendants object to this request on the grounds it lacks specificity as to the nature of the documents sought, rendering it not likely to lead to the discovery of admissible evidence. Defendants object to this request on the grounds it seeks documents that are irrelevant to the subject matter of this action and not proportional to the needs of this case as required by FRCP 26(b). Defendants object to this request on the grounds it seeks communications protected by the attorney client privilege and work product doctrine. Defendants object to this request on the grounds it is duplicative of prior requests for documents. Furthermore, Defendants object to this request on the grounds it seeks documents protected by third party rights to privacy.

3. Defendants object to Request for Documents No. 3 on the grounds it is overly broad, vague, and ambiguous as it lacks specificity regarding time and scope, rendering it

oppressive and burdensome. Defendants object to this request on the grounds it seeks documents irrelevant to the claims or defenses at issue in this case and is not proportional to the needs of case under FRCP 26(b), rendering it overly broad and unduly burdensome. Defendants object to this request on the grounds it seeks documents protected by the attorney client privilege and work product doctrine. Furthermore, Defendants object to this request on the grounds it seeks information protected by third party rights to privacy. Defendants object to this request on the grounds it is duplicative of prior requests for documents. Finally, Defendants object to this request on the grounds it is vague and ambiguous, as it fails to identify which deponent the request is being made to.

4. Defendants object to Request for Documents No. 4 on the grounds this request is overbroad, vague, and ambiguous as it fails to specify which deponent is referenced. Defendants object to this request on the grounds it is vague and ambiguous as to time and scope, rendering it oppressive and burdensome. Defendants object to this request on the grounds it seeks documents irrelevant to the claims or defenses at issue in this case and is not proportional to the needs of case under FRCP 26(b), rendering it overly broad and unduly burdensome. Defendants object to this request on the grounds it seeks documents protected by the attorney client privilege and work product doctrine. Furthermore, Defendants object to this request on the grounds it is duplicative of prior requests for documents.

5. Defendants object to Request for Documents No. 5 on the grounds it is vague, ambiguous, and overbroad with respect to the term "YOU," rendering it unduly burdensome for Defendants to guess which deponent Plaintiff's counsel is referring to. Defendants object to this request on the grounds it fails to identify the documents it seeks with sufficient particularity. Defendants further object to this request on the grounds it seeks documents protected by third party privacy rights. Defendants object to this

Gordon Rees Scully Mansukhani, LLP
101 West Broadway, Suite 2000
San Diego, California 92101

Gordon Rees Scully Mansukhani, LLP
101 West Broadway, Suite 2000
San Diego, California 92101

request on the grounds it seeks documents protected by attorney client privilege and work product doctrine. Furthermore, Defendants object to this request on the grounds it is duplicative of prior requests for documents.

6.  Defendants object to Request for Documents No. 6 on the grounds it is overbroad, vague, and ambiguous as it fails to specify which deponent is referenced. Defendants object to this request on the grounds it is overbroad, vague, and ambiguous as to time and scope, rendering it oppressive and burdensome. Defendants object to this request on the grounds it has already been litigated and the Court sustained Defendants' objections, rendering this request improper. Defendants object to this request on the grounds that this request has already been litigated, wherein the Court sustained Defendants' objections, so this request is improper. Defendants object to this request on the grounds it seeks documents irrelevant to the claims or defenses at issue in this case and is not proportional to the needs of case under FRCP 26(b), rendering it overly broad and unduly burdensome. Defendants object to this request on the grounds it fails to identify the documents it seeks with sufficient particularity. Furthermore, Defendants object to this request on the grounds it is duplicative of prior requests for documents.

7.  Defendants object to Request for Documents No. 7 on the grounds it is overbroad, vague, and ambiguous as it fails to specify which deponent is referenced. Defendants object to this request on the grounds it fails to identify the documents it seeks with sufficient particularity. Without further clarification as to which deponent this request is being made to, it is wholly oppressive and unduly burdensome. Defendants object to this request on the grounds it is vague and ambiguous as to time and scope. Defendants object to this request on the grounds it is duplicative of prior requests for documents. Defendants object to this request on the grounds it seeks documents protected by third party privacy rights. Defendants further object to this request on the grounds it seeks documents protected by attorney client privilege and work product doctrine.

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF
MATT DREWYOR AND TO REQUESTS FOR PRODUCTION OF DOCUMENTS

Gordon Rees Scully Mansukhani, LLP
101 West Broadway, Suite 2000
San Diego, California 92101

8.  Defendants object to Request for Documents No. 8 on the grounds it is overbroad, vague, and ambiguous as it fails to specify which deponent is referenced. Defendants object to this request on the grounds it fails to identify the documents it seeks with sufficient particularity. Defendants object to this request on the grounds it seeks documents outside of the existing ESI agreement Plaintiff and Defendants agreed to, rendering this request improper. Defendants object to this request on the grounds it is duplicative of prior requests for documents. Defendants further object to this request on the grounds it seeks documents protected by third party privacy rights. Defendants object to this request on the grounds it seeks documents protected by attorney client privilege and work product doctrine.

9.  Defendants object to Request for Documents No. 9 on the grounds it is overbroad, vague, and ambiguous as it fails to specify which deponent is referenced. Defendants object to this request on the grounds it is vague, ambiguous and fails to identify the documents it seeks with sufficient particularity. Defendants object to this request on the grounds it is duplicative of prior requests for documents. Defendants further object to this request on the grounds it seeks documents protected by third party privacy rights. Defendants further object to this request as it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants object this request is invasive as to third party privacy rights.

10. Defendants object to Request for Documents No. 10 on the grounds it is overbroad, vague, and ambiguous as it fails to specify which deponent is referenced. Defendants object to this request on the grounds it is unintelligible and fails to identify the documents it seeks with sufficient particularity. Defendants object to this request on the grounds it is duplicative of prior requests for documents. Defendants object to this request on the grounds it is invasive of third-party privacy rights. Defendants further object to this request as it calls for an expert opinion or conclusion.

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF
MATT DREWYOR AND TO REQUESTS FOR PRODUCTION OF DOCUMENTS

Gordon Rees Scully Mansukhani, LLP
101 West Broadway, Suite 2000
San Diego, California 92101

11. Defendants object to Request for Documents No. 11 on the grounds it is overbroad, vague, and ambiguous as it fails to specify which deponent is referenced. Defendants object to this request on the grounds it is vague, unintelligible, and fails to identify the documents it seeks with sufficient particularity. Defendants object to this request as it is compound in nature rendering it unduly burdensome and oppressive. Defendants object to this request on the grounds it seeks documents protected by third party privacy rights. Furthermore, Defendants object to this request on the grounds it is duplicative of prior requests for documents.

12. Defendants object to Request for Documents No. 12 on the grounds it is overbroad, vague, and ambiguous as it fails to specify which deponent is referenced. Defendants object to this request on the grounds it fails to identify the documents it seeks with sufficient particularity. Defendants object to this request on the grounds it is invasive of third-party privacy rights. Defendants object to this request as it calls for an expert opinion or conclusion.

13. Defendants object to Request for Documents No. 13 on the grounds it is overbroad, vague, and ambiguous as it fails to specify which deponent is referenced. Defendants object to this request on the grounds it fails to identify the documents it seeks with sufficient particularity. Furthermore, Defendants object to this request on the grounds it is duplicative of prior requests for documents.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

-7-

14. Defendants object to Request for Documents No. 14 on the grounds it is overbroad, vague, and ambiguous as it fails to specify which deponent is referenced. Defendants object to this request on the grounds it fails to identify the documents it seeks with sufficient particularity. Defendants object to this request on the grounds it is invasive of third-party privacy rights. Defendants object to this request on the grounds it calls for a legal conclusion. Furthermore, Defendants object to this request on the grounds it is duplicative of prior requests for documents.

Dated: October 30, 2025

GORDON REES SCULLY MANSUKHANI, LLP

By: _____
L. Geoffrey Lee
Anafrancesca Y. Comunale
Attorneys for Defendants

L. GEOFFREY LEE (SBN: 234024)
glee@grsm.com
ANAFRANCESCA Y. COMUNALE (SBN: 323257)
acomunale@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 West Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-7418
Facsimile: (619) 696-7124

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| ASHLEY FRAGALE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>RISC POINT ADVISORY GROUP LLC;<br>RISC POINT ASSURANCE, LTD; RISC<br>POINT HOLDINGS, INC.; JACOB NIX; and<br>DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 8:25-cv-00944-JWH (ADSx)<br><br>**CERTIFICATE OF SERVICE** |

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 101 W. Broadway, Suite 2000, San Diego, CA 92101. On **October 30, 2025** I served the within documents:

1. **OBJECTIONS TO NOTICE OF DEPOSITION OF CHAD GROSS AND TO REQUESTS FOR PRODUCTION OF DOCUMENTS**
2. **OBJECTIONS TO NOTICE OF DEPOSITION OF ALLISON BAILEY AND TO REQUESTS FOR PRODUCTION OF DOCUMENTS**
3. **OBJECTIONS TO NOTICE OF DEPOSITION OF TONY BAI AND TO REQUESTS FOR PRODUCTION OF DOCUMENTS**
4. **OBJECTIONS TO NOTICE OF DEPOSITION OF JACOB NIX AND TO REQUESTS FOR PRODUCTION OF DOCUMENTS**
5. **OBJECTIONS TO NOTICE OF DEPOSITION OF MATT DREWYOR AND TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

*Gordon Rees Scully Mansukhani, LLP*
*633 West Fifth Street, 52nd Floor*
*Los Angeles, CA 90071*

-1-

CERTIFICATE OF SERVICE
Case No. 8:25-cv-00944-JWH (ADSx)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<div style="writing-mode: vertical">Gordon Rees Scully Mansukhani, LLP<br>633 West Fifth Street, 52nd Floor<br>Los Angeles, CA 90071</div>

6. **OBJECTIONS TO AMENDED NOTICE OF DEPOSITION OF THIRD PARTY WITNESS JOHN HIBBELER AND TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

7. **OBJECTIONS TO NOTICE OF CONTINUED DEPOSITION OF THIRD PARTY WITNESS RYAN MCCARTNEY AND TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

__   **PERSONAL SERVICE:**  By causing the document(s) listed above to be personally delivered to the person(s) at the address(es) set forth below.

**X**   **ELECTRONIC TRANSMISSION:**  By transmitting a pdf format version of the document(s) via electronic mail to the party(s) identified on the service list using the email address(es) indicated.

| | |
|---|---|
| Ruben D. Escalante<br>ACLIENT PC<br>ruben@aclientpc.com<br><br>Jeff T. Olsen<br>Olsen Workplace Solutions, P.C.<br>jeff@olsenws.com | Attorneys for Plaintiff<br>ASHLEY FRAGALE |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **October 30, 2025** at San Diego, California.

_____
*Alexandra Sudan*
Alexandra Sudan

## PROOF OF SERVICE

I am an active member of the State Bar of California. I am not a party to the within action. My business address is 440 N. Barranca Ave. PMB 9496, Covina, CA 91723. On November 10, 2025, I served copies of the within documents described as:

**[DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE AUTUMN D. SPAETH]**

**DECLARATION OF RUBEN ESCALANTE IN SUPPORT OF PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER COMPELLING THE DEPOSITIONS OF DEFENDANTS AS CURRENTLY NOTICED, OR ALTERNATIVELY, TO COMPEL DEFENDANTS' DEPOSITIONS ON OR BY DECEMBER 5, 2025**

on the interested parties in this action as follows:

## See attached Service List

[x]    BY ELECTRONIC/EMAIL - I caused the above document to be delivered to the office of the addressee via electronic e-mail. Said document was transmitted to the email address of that office which is listed on the Service List. I did not receive, within a reasonable after the transmission, any indication that the transmission was not successful.

I certify the foregoing is true and correct. Executed on November 10, 2025.

_____

Ruben Escalante

---

**DECLARATION OF RUBEN ESCALANTE**

GEOFFREY LEE (SBN:234024)
glee@grsm.com
ANAFRANCESCA COMUNALE (SBN: 323257)
acomunale@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 West Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-7418
Facsimile: (619) 696-7124

Attorneys for Defendants
RISC POINT ASSURANCE, LTD; RISC POINT HOLDINGS, INC.; JACOB
NIX

Neda N Dal Cielo
Jackson Lewis P.C.
160 West Santa Clara Street Suite 400
San Jose, CA 95113
408-579-0404
Fax: 408-454-0290
Email: neda.dalcielo@jacksonlewis.com

Attorneys for Defendant
RISC POINT ADVISORY GROUP LLC

---

**DECLARATION OF RUBEN ESCALANTE**