L. GEOFFREY LEE (SBN: 234024)
glee@grsm.com
ANAFRANCESCA Y. COMUNALE (SBN: 323257)
acomunale@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 West Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-7418
Facsimile: (619) 696-7124

Attorneys for Defendant Jacob Nix

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| ASHLEY FRAGALE, an individual, | CASE NO. 8:25-cv-00994 JWH (ADSx) |
| Plaintiff, | |
| vs. | **DEFENDANT JACOB NIX'S OPPOSITION TO PLAINITFF'S *EX PARTE* APPLICATION TO SPECIALLY SET HEARING ON MOTION TO COMPEL DOCUMENTS** |
| RISC POINT ADVISORY GROUP LLC; RISC POINT ASSURANCE, LTD; RISC POINT HOLDINGS, INC.; JACOB NIX, and DOES 1 through 10, inclusive, | |
| Defendants. | **[Discovery Document: Referred to Magistrate Judge Autumn D. Spaeth]** |

Defendant Jacob Nix ("Nix") objects to and opposes the *ex parte* application of Plaintiff. Plaintiff has simply not been diligent with respect to discovery and motions. The Court need not rescue Plaintiff from her own mistakes, which have nothing to do with Defendants' change of counsel.

1. Plaintiff previously filed a Motion to Compel Documents to be heard on October 22, 2025. [Doc. #32, 33]. That motion was summarily denied

-1-
DEFENDANT JACOB NIX'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION

1  for failure to comply with Local Rule 37.  Plaintiff's counsel in open
2  court stated that he would promptly re-file it with the proper formatting.
3  Plaintiff's counsel did not, in fact, promptly re-file the motion with
4  proper formatting.  Plaintiff admits she failed to do so.  Plf. *Ex Parte*
5  App. at footnote 1. Because Plaintiff had her chance to present the issues,
6  she cannot be heard to ask for extraordinary relief.

2. Instead of promptly fixing the formatting and re-filing the Motion to Compel Documents, Plaintiff's counsel added **new issues** to the motion quadrupling its size.  Plaintiff's original portion of the first motion was 23 pages (exclusive of exhibits).  Plaintiff's portion of the new motion is 86 pages (exclusive of exhibits).  With additions from two defense law firms, the entire joint stipulation is projected to be nearly 200 pages (exclusive of exhibits).

3. Instead of promptly re- formatting and re-filing the first motion, Plaintiff's counsel expanded it and served it two (2) weeks later on November 4.  Given this two-week delay, the time to oppose, the intervening Veteran's Day Holiday, and the days it takes counsel to finalize the joint motion, it was certain that Plaintiff's motion could not be heard by December 3 and satisfy the 21-day filing requirement of Local Rule 37.  That is to say, Plaintiff's counsel knew by November 4 that he was out of time.

4. Plaintiff's counsel expressly admitted on November 4 knowing that the Magistrate Judge's calendar for December 3 was already full.  Yet Plaintiff's counsel still waited more than a week to seek *ex parte* relief.

Plaintiff has also not disclosed the anticipated *ex parte* application by Jackson Lewis P.C. to continue the trial and related deadlines.  [Doc. #56].  The Magistrate Judge may wish to coordinate with the trial judge to ensure no

-2-
DEFENDANT JACOB NIX'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION

1 conflicting rulings.

3 For all the foregoing reasons, Nix requests that Plaintiff's *ex parte* 4 application be denied in its entirety.

Dated: November 10, 2025        GORDON REES SCULLY MANSUKHANI, LLP

By: _____
       L. GEOFFREY LEE
       Attorney for Defendant JACOB NIX