1  L. GEOFFREY LEE (SBN: 234024)
   glee@grsm.com
2  ANAFRANCESCA Y. COMUNALE (SBN: 323257)
   acomunale@grsm.com
3  GORDON REES SCULLY MANSUKHANI, LLP
   101 West Broadway, Suite 2000
4  San Diego, CA 92101
   Telephone: (619) 230-7418
5  Facsimile: (619) 696-7124

6  Attorneys for Defendant Jacob Nix

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| ASHLEY FRAGALE, an individual, | CASE NO. 8:25-cv-00994 JWH (ADSx) |
| Plaintiff, | |
| vs. | **DEFENDANT JACOB NIX'S OPPOSITION TO PLAINITFF'S *EX PARTE* APPLICATION TO COMPEL DEPOSITIONS** |
| RISC POINT ADVISORY GROUP LLC; RISC POINT ASSURANCE, LTD; RISC POINT HOLDINGS, INC.; JACOB NIX, and DOES 1 through 10, inclusive, | |
| Defendants. | **[Discovery Document: Referred to Magistrate Judge Autumn D. Spaeth]** |

Defendant Jacob Nix ("Nix") objects to and opposes the *ex parte* application of Plaintiff to compel witness depositions. Plaintiff has simply not been diligent with respect to discovery and motions. The Court need not rescue Plaintiff from her own mistakes.

1. Nix has been cooperating in scheduling and offering dates of his deposition since July 2025. Plaintiff's counsel asked for deposition dates

-1-
DEFENDANT JACOB NIX'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION

to occur in August and then October. Mr. Nix offered the following dates: "August 6, 13 or 15," and "October 17, 24, or 31." None of these dates were accepted. Plaintiff concedes that Nix's deposition could have and should have been taken in October. *See* Plf. *Ex Parte* App. at 4:15.

2. Plaintiff has now waited dangerously close to the Discovery Cut Off to take Nix's deposition. Plaintiff unilaterally scheduled Nix's deposition to occur last in the series of other employee depositions, to wit, November 21. Plaintiff should not be relieved of the consequences of her own delays.

3. Plaintiff has failed to meet and confer or even mention to the Court that there are serious objections to the noticed depositions requested to occur personally in Ohio. In particular:
   a. Matt Drewyor is not a resident of Ohio. (Plf. Exh. 5)
   b. Tony Bai is not a resident of Ohio. (Plf. Exh. 5)
   c. Chad Gross is not a resident of Ohio. (Plf. Exh. 5)
   d. Allison Bailey is not a resident of Ohio. (Plf. Exh. 5)
   e. None of the above witnesses were served with a subpoena.

4. As the founder of Risc Point Advisory Group LLC, Nix has limited availability. He has prearranged work travel obligations for November 13, 18-20, and December 1-5, 2025.

5. Plaintiff's Proposed Order is ambiguous as to what the Court would grant, if anything.

Plaintiff has also not disclosed the anticipated *ex parte* application by Jackson Lewis P.C. to continue the trial and related deadlines. [Doc. #56]. The Magistrate Judge may wish to coordinate with the trial judge to ensure no conflicting rulings.

/ / /

/ / /

For all the foregoing reasons, Nix requests that Plaintiff's *ex parte* application be denied in its entirety.

Dated: November 10, 2025

GORDON REES SCULLY MANSUKHANI, LLP

By: _____
L. GEOFFREY LEE
Attorney for Defendant JACOB NIX