Neda N. Dal Cielo (State Bar No. 161982)
Andres Antuna (State Bar No. 354766)
JACKSON LEWIS P.C.
160 W. Santa Clara St., Suite 400
San Jose, California 95113
Telephone:   (408) 579-0404
Facsimile:    (408) 454-0290
E-mail: neda.dalcielo@jacksonlewis.com
E-mail: andres.antuna@jacksonlewis.com

Attorneys for Defendant
RISC POINT ADVISORY GROUP LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY FRAGALE,<br><br>             Plaintiff,<br><br>       v.<br><br>RISC POINT ADVISORY GROUP LLC; RISC POINT ASSURANCE, LTD; RISC POINT HOLDINGS, INC.; JACOB NIX; and DOES 1 through 10, inclusive<br><br>             Defendants. | Case No. 8:25-cv-00994 JWH (ADSx)<br><br>**[DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE AUTUMN D. SPAETH]**<br><br>**DEFENDANT RISC POINT ADVISORY GROUP LLC'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER COMPELLING THE DEPOSITIONS OF DEFENDANTS AS CURRENTLY NOTICED, OR ALTERNATIVELY, TO COMPEL DEFENDANTS' DEPOSITIONS ON OR BY DECEMBER 5, 2025**<br><br>Complaint Filed:  April 14, 2025<br>Removal Filed:   May 7, 2025<br>Trial Date:           April 13, 2026 |

TO THE HONORABLE COURT, PLAINTIFF, AND HER COUNSEL OF RECORD:

Defendant RISC POINT ADVISORY GROUP LLC hereby opposes the *ex parte* application of Plaintiff ASHLEY FRAGALE for an order compelling depositions of defendants as well as certain third parties (hereinafter, "Application" or "App.").

## I.  STATEMENT OF FACTS

Plaintiff filed a complaint against the several defendants in the Superior Court of Orange County California on April 14, 2025, Case No. 30-2025-01475046-CU-OE-NJC. In the complaint, Plaintiff alleged causes of action arising out of her employment for 1.Quid Pro Quo Harassment in Violation of FEHA-Gender/Sex (Gov. Code § 12940 et seq.); 2. Hostile Environment Harassment in Violation of FEHA-Gender/Sex (Gov. Code § 12940 et seq.); 3. Retaliation in Violation of FEHA (Gov. Code § 12940 et seq.); 4. Failure to Prevent in Violation of FEHA (Gov. Code § 12940 et seq.); and Whistleblower Retaliation Violation of Labor Code § 1102.5.

On May 7, 2025, Defendant's prior counsel of record, Loren Geoffrey Lee and Anafrancesca Comunale of Gordon Rees Scully Mansukhani, LLP filed a notice of removal under 28 U.S.C §1441(B) on the basis of diversity jurisdiction. (ECF No.1). A Scheduling Order was entered on July 14, 2025. (ECF No. 17). Discovery cut-off—including all hearings on discovery motions—is December 5, 2025. Pursuant to L.R. 6-1, the cut-off date for hearing motions is the last day on which motions will be heard; *i.e.,* the motion must be filed at least 28 days before the deadline. On October 17, 2025, Plaintiff served notices of deposition to five individuals associated with RISC Point Advisory Group, LLC, including Defendant Jacob Nix, to be held between November 17-November 21, 2025. 2025 (App. 1, p. 5). Plaintiff also served a notice of deposition for RISC Point Advisory Group, LLC pursuant to Federal Rule of Civil Procedure 30(b)(6).  That 30(b)(6) notice was subsequently amended on October 29, 2025 to be held on December 1, 2025 (App. p. 5).

## II.    **PLAINTIFF'S *EX PARTE* RELIEF IS NOT WARRANTED**

Plaintiff now applies *ex parte* for an order compelling these depositions, stating as her only reason that the Court had no availability for the desired motion to compel prior to the discovery cutoff. (App. p. 1)

Plaintiff has not demonstrated any irreparable prejudice in support of this application, nor does she explain her lack of diligence in bringing the application. For those reasons, the Court should deny the *ex parte* application entirely.

As the court's Standing Order states, "Counsel are advised that this Court allows ex parte applications solely for extraordinary relief." *Ex parte* applications are "nearly always improper," and "the opportunities for legitimate [ones] are extremely limited." (*In re Intermagnetics Am.* (C.D. Cal. 1989) 101 B.R. 191, 193.) To justify such relief, Plaintiff must demonstrate: (1) that its cause "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) that it is "without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." (*Mission Power Eng'g Co. v. Continental Cas. Co.* (C.D. Cal. 1995) 883 F.Supp. 488, 492.)

Plaintiff does not even attempt to contend that she would suffer irreparable injury to justify her *ex parte* application, only stating "Plaintiff wants to keep the discovery cutoff and trial date to curtail any further gamesmanship." (App. p. 5). This argument fails, for Plaintiff could have properly noticed these depositions months ago. Plaintiff could have pursued a modification of the scheduling order any time, subject to a normal briefing schedule. At the very least, Plaintiff could illustrate what concerns she has that would render any delay or change to the discovery schedule or trial dates prejudicial or result in irreparable injury. Besides an unsupported statement that Plaintiff is concerned about spoliation of evidence related to "the intimate photograph of Plaintiff and other messages about Plaintiff that were allegedly destroyed," Plaintiff provides us with no basis to infer the required injury to justify her *ex parte* application. Instead, Plaintiff has elected to "impose an unnecessary administrative burden on the

court and an unnecessary adversarial burden on opposing counsel who are required to make a hurried response under pressure, usually for no good reason." (*In re Intermagnetics Am.* 101 B.R. at 193.)

Further, Plaintiff fails to substantively address the second element. As set forth in *Mission Power,*

> To show that the moving party is without fault, or guilty only of excusable neglect, requires more than a showing that the other party is the sole wrongdoer. It is the creation of the crisis—the necessity for bypassing regular motion procedures—that requires explanation. For example, merely showing that trial is fast approaching and that the opposing party still has not answered crucial interrogatories is insufficient to justify ex parte relief. **The moving party must also show that it used the entire discovery period efficiently and could not have, with due diligence, sought to obtain the discovery earlier in the discovery period.** As Judge Rymer warned, 'Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have....'

(emphasis added) (*Mission Power,* 883 F. Supp. at 493 (citing *Intermagnetics,* 101 B.R. at 193)).

Plaintiff does not even attempt to contend that the failure to timely file her motion resulted from an unspecified "oversight, inadvertent mistake, and/or excusable neglect" in failing to consider the Court's Order. Even if she did, this does not demonstrate Plaintiff is without fault. (*See Coast Surgery Ctr. v. United Healthcare Ins. Co.* (C.D. Cal. July 31, 2023, No. 8:22-cv-02200-FWS-DFM) 2023 U.S.Dist.LEXIS 186644, at *4 (Vague and conclusory statements insufficient to meet applicable standard for excusable neglect).

Here, after serving initial discovery in May 2025, Plaintiff waited until October 17, 2025, to serve the notices of deposition involved here. (App. p. 1). Plaintiff claims that she "waited to take the subject depositions for Defendants to complete their document production." (App., p. 3). To be clear, RISC Point Advisory Group does not agree there was an undue delay in the production of documents. However, assuming *arguendo* there was, Plaintiff puts forward no authority to support that depositions must wait pending completion of other discovery devices.

Moreover, despite Plaintiff's acknowledgement that Defendant Jackson Lewis substituted into the case thirteen days ago as counsel of record for RISC Point Advisory Group LLC, nowhere does Plaintiff indicate a willingness to recognize the necessity of reevaluating previously noticed depositions. Plaintiff cannot seriously contend that she intended to proceed with these depositions on the timeline demanded given the acknowledged and recent substitution of one of Defendant's counsel of record (App. p. 4). These efforts do not constitute diligence. (*See Mondares v. Kaiser Foundation Hospital,* (S.D. Cal. Nov. 7, 2011, Docket No. 10-CV-2676-BTM(WVG), 2011 U.S. Dist. LEXIS 128413, at *7-8) (concluding Plaintiff was not diligent for failing to seek an extension to a discovery cutoff and that an attempt to "jam 9 depositions down Defendants' proverbial throats before the deadline passed in order to get them in 'on time'" was "inexcusable…[and has] not shown she was diligent in her pursuit of discovery.") Despite the urgency referenced in her *ex parte* application, she does not provide a single indication she attempted to broach the subject of modifying the scheduling order and discovery cutoff.

Plaintiff could have filed a motion to compel her requested depositions well before the cutoff; Plaintiff cannot now expect to receive *ex parte* relief after waiting until after the time to conduct normal motion practice has passed.

///

///

///

### III. CONCLUSION

Based on the foregoing, Defendant respectfully requests the Court deny Plaintiff's *ex parte* application for an order compelling Defendants' Depositions.

Dated: November 11, 2025           JACKSON LEWIS P.C.

                                   By: _____
                                   Neda N. Dal Cielo
                                   Andres Antuna
                                   Attorneys for Defendant
                                   RISC POINT ADVISORY GROUP LLC

4904-7602-8537, v. 3