Ruben D. Escalante (Cal. Bar No. 244596)
Robert A. Escalante (Cal. Bar No. 270629)
ACLIENT PC
440 N Barranca Ave PMB 9496
Covina, California 91723
Telephone: (310) 431-9687
Email: ruben@aclientpc.com

Jeff T. Olsen (Cal. Bar No. 283249)
OLSEN WORKPLACE SOLUTIONS PC
18012 Cowan, Ste 200
Irvine, California 92614
Telephone: (949) 232-0455
Email: jeff@olsenws.com

Attorneys for Plaintiff
ASHLEY FRAGALE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ASHLEY FRAGALE,<br><br>　　　　　　　　Plaintiffs,<br><br>vs.<br><br>RISC POINT ADVISORY GROUP LLC; RISC POINT ASSURANCE, LTD; RISC POINT HOLDINGS, INC.; JACOB NIX; and DOES 1 through 10, inclusive,<br><br>　　　　　　　　Defendants. | Case No.: 8:25-cv-00994 JWH (ADSx)<br><br>**PLAINTIFF'S OPPOSITION TO *EX PARTE* APPLICATION FOR LEAVE TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANT RISC POINT ADVISORY GROUP LLC AND TO CONTINUE ALL RELATED DISCOVERY AND TRIAL DATES**<br><br>Complaint Filed:　April 14, 2025<br>Removal Filed:　　May 7, 2025<br>Trial Date:　　　　April 13, 2026 |

**OPPOSITION**

I.   INTRODUCTION

"Justice delayed is justice denied." It would be a travesty of justice if the Court continued the trial date and discovery deadlines simply to accommodate Jackson Lewis' 11th hour entry into and withdrawal from the case on the verge of the discovery cutoff. Jackson Lewis' withdrawal and requested continuances would severely prejudice Plaintiff and reward dilatory behavior.

The Parties requested an April 2026 trial date. The Court entered a Scheduling Order with an April 2026 trial date. Plaintiff's attorneys have collectively spent over 400 hours prosecuting Plaintiff's case and preparing for trial. They have stayed up late, worked on weekends and holidays, prioritized this matter over others, timely served discovery, complied with Plaintiff's discovery obligations, and most recently, disclosed Plaintiff's expert witnesses. They are using their best efforts to complete Plaintiff's discovery prior to the discovery cutoff as designated by the Court. In other words, Plaintiff's attorneys have taken the Court and the Court's scheduling order seriously and have done all they can do to meet their strict requirements. To curtail any future gamesmanship and have her day in court, if forced to choose, Plaintiff would rather forgo any outstanding discovery than have the discovery cutoff date or trial date continued.

Defendants, including Jackson Lewis' client, have had the same opportunity to complete their discovery and prepare for trial. Incredibly, after being counsel of record for less than two weeks and only after gaining a tactical advantage for Defendants, *including waiting for Plaintiff to show her entire discovery hand (e.g., disclosing her expert witnesses)*, Jackson Lewis now asks the Court to indefinitely delay this case to accommodate its withdrawal *simply because there is too much to do and an alleged communication breakdown with prior counsel*. It would be unprecedented for a federal court to permit withdrawal under such circumstances. The attorneys at Jackson Lewis and Gordon Rees are Officers of the Court and the

**OPPOSITION**

Court should expect (and, if necessary, order) them to act as its Officers and do everything possible to avoid any prejudice to their clients. Moreover, Jackson Lewis has simply not shown it has exhausted everything it can do to avoid the need for its withdrawal and a discovery or trial continuance.

The solution here is simple: the Court should permit Jackson Lewis to withdraw *only after* suitable counsel is found or there is enough of a runway for its client to find suitable counsel *if it can*, and not in the middle of discovery disputes and on the verge of the discovery cutoff. Under no circumstances should Jackson Lewis' withdrawal be deemed sufficient cause to justify a trial continuance or delay in the discovery proceedings. Accordingly, the Motion should be denied.[1]

Notably, Jackson Lewis does not point to any discovery that its client needs to conduct that it could not conduct within the deadlines set by the Court. Thus, there is no need for a wholesale continuance of discovery deadlines or trial. At most, the Court should extend the discovery deadline *only* as to discovery the parties timely initiated: that is, written discovery served on or before October 17, 2025; depositions timely noticed to be held prior to December 5, 2025; and any necessary motion practice associated with such discovery. Even then, it should only do so for thirty (30) days or less, which will permit Jackson Lewis time to participate in discovery on behalf of its client and its client time to find suitable replacement counsel *if it can*. After receiving Jackson Lewis' application and Jacob Nix's opposition, Plaintiff offered this compromise; Defendants did not agree. (Escalante Decl. ¶ 2, Exh. 1.)

---

[1] It appears that even Defendant Jacob Nix objects to Jackson Lewis' withdraw. (Dkt. 60.) However, Plaintiff is at a loss to explain why Nix would object to Jackson Lewis' withdrawal as counsel, but not object to Jackson Lewis' request that the discovery and trial deadlines be continued. One potential explanation is that they are both collaborating to manufacture a reason for a discovery and trial continuance, because they both know they could not obtain one directly. The Court should not permit this.

## II. THE COURT SHOULD DENY THE EX PARTE APPLICATION FOR FAILURE TO ESTABLISH GOOD CAUSE

As pointed out by Jackson Lewis, "[t]o justify *ex parte* relief, the movant must establish two things: (1) 'the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures'; and (2) 'the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect.'" Zargarian v. BMW N. Am., LLC, 2019 U.S. Dist. LEXIS 201510, at *6 (C.D. Cal. Nov. 5, 2019) (citing Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995)).

Here, Jackson Lewis cannot establish either factor. First, Jackson Lewis has not and cannot establish irreparable prejudice and could have brought a regularly noticed motion to be relieved as counsel. It appears the only "prejudice" to Jackson Lewis is that they will need to work harder, fix communication issues with prior counsel and its client, and utilize more resources to resolve scheduling conflicts. This is nothing new. Notably, Jackson Lewis does not claim that its client needs more time to propound or conduct discovery; it only points to its client's need to respond to and participate in Plaintiff's discovery efforts (e.g., responding to motion practice, responding to discovery request, and attending and producing witnesses for depositions).[2] Jackson Lewis is a major law firm with hundreds of attorneys who can step up to pitch in to meet its obligations to its client.

Second, regrettably, Jackson Lewis created the circumstances it claims require *ex parte* relief, which was not the result of excusable neglect. The impending deadlines, scheduling conflicts, and communication issues are nothing new to expect when taking

---

[2] Jackson Lewis claims that Plaintiff would not stipulate to continue depositions. More precisely, Plaintiff refused to reschedule one third-party deposition that was taken by subpoena. There are three other third-party depositions to be taken by subpoena. Regarding the depositions of witnesses affiliated with the Defendants, Defendants have completely failed to meet and confer on those, including providing alternative dates on which they can go forward.

over a case. Jackson Lewis should have been aware and presumably anticipated such things before it agreed to take over the case from Gordon Rees. Gordon Rees had represented RISC Point for the entirety of the case, until Jackson Lewis substituted in. Gordon Rees presumably could and would have met all the deadlines and responsibilities Jackson Lewis now claims they cannot meet. If Jackson Lewis could not have fulfilled its obligations to its client, then it never should have taken over the case. Moreover, Gordon Rees disclosed that Jackson Lewis would be taking over as counsel on October 24, 2025; Plaintiff implored new counsel to reach out to her counsel; Plaintiff sent an outline of major discovery issues the same day Jackson Lewis substituted into the case on October 29, 2025; and Plaintiff made it clear to Jackson Lewis on November 3, 2025, that she would not agree to move the discovery deadlines or trial; thus, at the very latest, Jackson Lewis should have sought relief (on noticed motion or ex parte) at that time (and not over a week later only after Plaintiff made her expert disclosures and put significant efforts into trying to complete her discovery). (Escalante Decl. ¶ 3, Exh. 2.) Accordingly, Jackson Lewis cannot use its alleged failure to meet its obligations as a basis for prejudice.

### III. JACKSON LEWIS HAS NOT MET THE STANDARD FOR WITHDRAWAL

"Unless good cause is shown and the ends of justice require, no substitution or relief of attorney will be approved that will cause delay in prosecution of the case to completion." Central District Local Rule 83-2.3.5. See Langer v. Banneret, LLC, 2020 WL 8821530, at *1 (C.D. Cal. June 4, 2020) (denying defendant's counsel's motion to withdraw, stating "[p]ermitting withdrawal at this late juncture would disrupt ongoing mediation efforts and result in delay to the impending pretrial and trial dates.") In ruling on a motion to withdraw as counsel, courts generally consider: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may result to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the

resolution of the case." <u>Tu Thien The, Inc. v. Tu Thien Telecom, Inc.</u>, 2014 WL 12580249, at *5 (C.D. Cal. July 11, 2014) (citation omitted).

Here, Jackson Lewis requests not only to be let out of the case, but also to indefinitely delay the proceedings by continuing the discovery cutoff and trial. This requires Jackson Lewis to establish good cause and that the ends of justice require its withdraw. It cannot meet this standard. None of the factors weigh in favor of withdrawal.

First, as set forth above, Jackson Lewis' stated reason for withdrawal is because it does not believe it can meet its obligations to its client because of all the work that needs to be done. This is not a good reason, given the resources available to Jackson Lewis to represent its client, the fact that it should have been aware of its obligations before it took the case on from its prior counsel, and for lack of any evidence that Jackson Lewis "jumped into action" to do all it could do to meet those obligations once it became aware of them (e.g., activated all of its resources, attempted to reprioritize and reschedule, seek assistance from the State Bar to compel Gordon Rees to meet its obligations not to prejudice its former client during the transition).

Second, particularly because Jackson Lewis seeks a discovery and trial continuance on its way out, Plaintiff will suffer extreme prejudice from the withdrawal. Jackson Lewis is essentially seeking a stay in the case while its client obtains new counsel. This would keep Plaintiff from getting to take the depositions of witnesses, including the serious risks that such witnesses disappear or their memories fade; keep Plaintiff from obtaining discoverable documents and information from Defendants; and permit more opportunities for witness intimidation by Defendants. Indeed, a witness recently testified that one of the named defendants threatened to kill him and his spouse in connection with his anticipated deposition testimony. (Escalante Decl. ¶ 4, Exh. 3.) This would also prejudice Plaintiff by pushing out discovery and trial, which will permit Defendants to engage in even more gamesmanship and delay, running up the costs for Plaintiff along the way (e.g., requiring Plaintiff to bring a motion to compel Defendants to complete their document production; a

motion to compel Defendants to confirm dates for key deponents; serving objections only to discovery regarding Defendants' financial condition and agency; and violating the Scheduling Order by serving late discovery). (Escalante Decl. ¶ 5).

Third, significant harm to the administration of justice would occur if withdrawal was permitted, particularly where it is accompanied with a continuance of discovery and trial deadlines, would do significant harm to the administration of justice. Jackson Lewis and Gordon Rees are major law firms, with collectively over 1,000 lawyers. If they can manufacture a discovery and trial continuance by simply having a new firm substitute into a case without conducting the proper diligence beforehand to ensure they can meet their obligations to the their clients, then there would be no reason for any of their attorneys to ever respect any Scheduling Order: if a party falls behind on discovery, it can simply substitute in new counsel, hide key deadlines from that counsel, force that new counsel to leave, and on its way out get the continuance indirectly that they could not get directly. The Court should not sign off on this. If there is a legitimate need for a continuance, then the party should make a case for it.

Finally, withdrawal would seriously delay the resolution of the case. In particular, by pushing out discovery and trial and essentially staying the case, Defendants and their counsel would not be held accountable, and it would keep Plaintiff from completing her discovery and seeing Defendants' anticipated experts. This includes key evidence and testimony from witnesses who can corroborate and verify Defendants illegal conduct, including from RISC Point's executives who are percipient witnesses. The parties already attended a mediation on October 22, 2025; the discovery obtained up to that point was not enough to resolve the case. If the Court does not hold RISC Point and its counsel accountable, Plaintiff is not permitted to complete her discovery, and RISC Point is permitted to continue to run up the costs and expense of litigating this case, there is no hope the case will ever resolve.

## IV. JACKSON LEWIS HAS FAILED TO ESTABLISH GOOD CAUSE FOR A DISCOVERY OR TRIAL CONTINUANCE

A scheduling order is "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992) (quotations and citations omitted). In addition to focusing on the good cause standard of Rule 16, the district court must also consider the following factors when ruling on a motion to amend the scheduling order: "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." City of Pomona v. SQM N. Am. Corp., 866 F.3d 1060, 1066 (9th Cir. 2017) (citation omitted).

Jackson Lewis has failed to establish these factors weigh against any modification of the Scheduling Order by moving the discovery cutoff and the trial date; they do not. First, although trial is not imminent, the discovery cutoff is; the discovery cutoff is a major step toward trial preparations and even resolution. Granting the continuance would take complete pressure off of Defendants to take this matter seriously.

Second, Plaintiff adamantly opposes any continuance of the discovery cutoff or trial. At most, as set forth in the introduction and in Plaintiff's proposed resolution, a limited continuance of discovery is warranted to permit the parties and the Court "breathing room" to complete timely and already-initiated discovery, but not to grant the parties a free pass to reopen discovery they failed to timely initiate or complete. (Escalante Decl. ¶ 2, Exh. 1.) Third, as set forth above, Plaintiff would be severely prejudiced by a continuance of the trial date and discovery cutoff.

Finally, regarding the remaining discovery factors, Jackson Lewis entered the case less than two weeks ago, but its client has been in the case from the very beginning. There

-7-

**OPPOSITION**

has been no showing of diligence in discovery. Neither of them can point to any discovery that they failed to procure or obtain, the reasons for failing to do so, and how or why a continuance would cure this. For example, regarding the expert designations, Defendants received Plaintiff's designations (without designating any of their own) and have adequate time to secure their own experts in response; if not, then they can seek a tailored extension for this upon a proper showing. There is simply no cause for a wholesale continuance.

In any event, any reason for a discovery or trial continuance disappears if Jackson Lewis remains in the case, utilizes its resources, and actually attempts to meet its obligations to its client. Accordingly, the Court should deny Jackson Lewis' attempt to manufacture a trial continuance on its way out of the case.

## V.    CONCLUSION

For the foregoing reasons, the Court should deny Jackson Lewis' request for withdrawal and for unwarranted continuances. The Court should not continue the trial date under any circumstances. At most, the Court should extend the discovery deadline for 30-days, *but only as to discovery the parties timely initiated based on the original discovery cut-off and Scheduling Order*: that is, written discovery served on or before October 17, 2025 (i.e., 45 days before the discovery cutoff pursuant to the Scheduling Order); depositions timely noticed to be held prior to December 5, 2025; and any necessary motion practice associated with such discovery. This will permit Jackson Lewis the ability to meet its obligations and find suitable replacement counsel, without unduly prejudicing Plaintiff. This would also benefit the Court by permitting additional time to the Parties to resolve pending discovery disputes.

Date: November 11, 2025

Respectfully submitted,

By: _____
RUBEN D. ESCALANTE
Attorney for Plaintiff
ASHLEY FRAGALE

# PROOF OF SERVICE

I am an active member of the State Bar of California. I am not a party to the within action. My business address is 440 N. Barranca Ave. PMB 9496, Covina, CA 91723. On November 11, 2025, I served copies of the within documents described as:

**PLAINTIFF'S OPPOSITION TO *EX PARTE* APPLICATION FOR LEAVE TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANT RISC POINT ADVISORY GROUP LLC AND TO CONTINUE ALL RELATED DISCOVERY AND TRIAL DATES**

on the interested parties in this action as follows:

**See attached Service List**

[x]　BY ELECTRONIC/EMAIL - I caused the above document to be delivered to the office of the addressee via electronic e-mail. Said document was transmitted to the email address of that office which is listed on the Service List. I did not receive, within a reasonable after the transmission, any indication that the transmission was not successful.

I certify the foregoing is true and correct. Executed on November 11, 2025.

_____
Ruben Escalante

| | |
|---|---|
| 1 | GEOFFREY LEE (SBN:234024) |
| | glee@grsm.com |
| 2 | ANAFRANCESCA COMUNALE (SBN: 323257) |
| 3 | acomunale@grsm.com |
| | GORDON REES SCULLY MANSUKHANI, LLP |
| 4 | 101 West Broadway, Suite 2000 |
| 5 | San Diego, CA 92101 |
| | Telephone: (619) 230-7418 |
| 6 | Facsimile: (619) 696-7124 |
| 7 | |
| 8 | Attorneys for Defendants |
| | RISC POINT ASSURANCE, LTD; RISC POINT HOLDINGS, INC.; JACOB |
| 9 | NIX |
| 10 | |
| 11 | Neda N Dal Cielo |
| | Jackson Lewis P.C. |
| 12 | 160 West Santa Clara Street Suite 400 |
| | San Jose, CA 95113 |
| 13 | 408-579-0404 |
| 14 | Fax: 408-454-0290 |
| | Email: neda.dalcielo@jacksonlewis.com |
| 15 | |
| 16 | Attorneys for Defendant |
| | RISC POINT ADVISORY GROUP LLC |

-10-

**OPPOSITION**