Neda N. Dal Cielo (State Bar No. 161982)
Andres Antuna (State Bar No. 354766)
JACKSON LEWIS P.C.
160 W. Santa Clara St., Suite 400
San Jose, California 95113
Telephone:   (408) 579-0404
Facsimile:   (408) 454-0290
E-mail: neda.dalcielo@jacksonlewis.com
E-mail:  andres.antuna@jacksonlewis.com

Attorneys for Defendant
RISC POINT ADVISORY GROUP LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY FRAGALE,<br><br>            Plaintiff,<br><br>     v.<br><br>RISC POINT ADVISORY GROUP LLC; RISC POINT ASSURANCE, LTD; RISC POINT HOLDINGS, INC.; JACOB NIX; and DOES 1 through 10, inclusive<br><br>            Defendants. | Case No. 8:25-cv-00994 JWH (ADSx)<br><br>**[DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE AUTUMN D. SPAETH]**<br><br>**DEFENDANT RISC POINT ADVISORY GROUP LLC'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION TO SPECIALLY SET HEARING DATE ON PLAINITFF'S MOTION TO COMPEL AND GRANT PARTIAL RELIEF FROM LOCAL RULE 37 REGARDING THE TIMING OF FILING THE MOTION**<br><br>Complaint Filed: April 14, 2025<br>Removal Filed:    May 7, 2025<br>Trial Date:              April 13, 2026 |

TO THE HONORABLE COURT, PLAINTIFF, AND HER COUNSEL OF RECORD:

Defendant RISC POINT ADVISORY GROUP LLC hereby opposes the *ex parte* application of Plaintiff ASHLEY FRAGALE for an order to Specially Set Hearing Date on Plaintiff's Motion to Compel and Grant Partial Relief from Local Rule 37 Regarding Timing of Filing the Motion.

## I. STATEMENT OF FACTS

Plaintiff filed a complaint against Defendant in the Superior Court of Orange County California on April 14, 2025, Case No. 30-2025-01475046-CU-OE-NJC. In the complaint, Plaintiff alleged causes of action arising out of her employment for 1.Quid Pro Quo Harassment in Violation of FEHA-Gender/Sex (Gov. Code § 12940 et seq.); 2. Hostile Environment Harassment in Violation of FEHA-Gender/Sex (Gov. Code § 12940 et seq.); 3. Retaliation in Violation of FEHA (Gov. Code § 12940 et seq.); 4. Failure to Prevent in Violation of FEHA (Gov. Code § 12940 et seq.); and Whistleblower Retaliation Violation of Labor Code § 1102.5.

On May 7, 2025, Defendant's prior counsel of record, Loren Geoffrey Lee and Anafrancesca Comunale of Gordon Rees Scully Mansukhani, LLP filed a notice of removal under 28 U.S.C §1441(B) on the basis of diversity jurisdiction. (ECF No.1). A Scheduling Order was entered on July 14, 2025. (ECF No. 17). Discovery cut-off—including all hearings on discovery motions—is December 5, 2025. Pursuant to L.R. 6-1, the cut-off date for hearing motions is the last day on which motions will be heard; *i.e.,* the motion must be filed at least 28 days before the deadline. Plaintiff initially filed the relevant motion to compel on September 16, 2025. (ECF No. 28). That motion to compel was denied on October 22, 2025. (ECF No. 47). Additionally, on November 10, 2025, Defendant's current counsel of record filed an ex parte motion to withdraw as counsel and continue trial date and all related discovery. (ECF No. 56).

///

///

## II.    PLAINTIFF'S *EX PARTE* RELIEF IS NOT WARRANTED

Plaintiff has not demonstrated any prejudicial effect or her basis for absence of excusable neglect in bringing the instant *ex parte* application, and the Court should deny her *ex parte* application entirely. Local Rule 37-3 clearly states "no discovery motions may be filed or heard on an ex parte basis absent a showing of irreparable injury or prejudice not attributable to the lack of diligence of the moving party." As the court's Standing Order states, "Counsel are advised that this Court allows ex parte applications solely for extraordinary relief." Ex parte applications are "nearly always improper," and "the opportunities for legitimate [ones] are extremely limited." (*In re Intermagnetics Am.* (C.D.Cal. 1989) 101 B.R. 191, 193.) To justify such relief, Plaintiff must demonstrate: (1) that its cause "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) that it is "without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." (*Mission Power Eng'g Co. v. Continental Cas. Co.* (C.D.Cal. 1995) 883 F.Supp. 488, 492.)

Plaintiff does not even attempt to contend that she would suffer irreparable injury to justify her *ex parte* application, only stating "Plaintiff acted diligently and will not be able to compel Defendants to complete their production unless this relief is granted." (App., p. 1). This argument fails, for Plaintiff could have properly noticed a motion over a month ago. By her own admission, Plaintiff already filed her motion to compel once and was denied by the court. (App. p. 3). Plaintiff concedes she could have brought her motion to compel as early as October 22, 2025, and cites her attempts to resolve the matter in good-faith with Defendants' counsel as her explanation for waiting to file her motion. (App. p. 4, fn. 1). Plaintiff could have pursued a modification of the scheduling order any time, subject to a normal briefing schedule. Instead, Plaintiff has elected to "impose an unnecessary administrative burden on the court and an unnecessary adversarial burden on opposing counsel who are required to make a hurried response under pressure, usually for no good reason." (*In re*

*Intermagnetics Am.* (C.D.Cal. 1989) 101 B.R. 191, 193.)

### III.  CONCLUSION

Based on the foregoing, Defendant respectfully requests the Court deny Plaintiff's *ex parte* application for an order specially setting a hearing date on Plaintiff's motion to compel and granting relief from Local Rule 37 regarding timing of filing the motion.

Dated: November 11, 2025                    JACKSON LEWIS P.C.

                                            By: _____
                                            Neda N. Dal Cielo
                                            Andres Antuna
                                            Attorneys for Defendant
                                            RISC POINT ADVISORY GROUP LLC

4904-7602-8537, v. 2