1  Ruben D. Escalante (Cal. Bar No. 244596)
   ACLIENT PC
2  440 N Barranca Ave PMB 9496
3  Covina, California 91723
   Telephone: (310) 431-9687
4  Email: ruben@aclientpc.com

5

6  Jeff T. Olsen (Cal. Bar No. 283249)
   OLSEN WORKPLACE SOLUTIONS PC
7  18012 Cowan, Ste 200
   Irvine, California 92614
8  Telephone: (949) 232-0455
9  Email: jeff@olsenws.com

10 Attorneys for Plaintiff
11 ASHLEY FRAGALE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY FRAGALE,<br><br>　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>RISC POINT ADVISORY GROUP LLC; RISC POINT ASSURANCE, LTD; RISC POINT HOLDINGS, INC.; JACOB NIX; and DOES 1 through 10, inclusive,<br><br>　　　　　　　　Defendants. | Case No.: 8:25-cv-00994 JWH (ADSx)<br><br>**[DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE AUTUMN D. SPAETH]**<br><br>**SUPPLEMENTAL DECLARATION OF RUBEN ESCALANTE IN SUPPORT OF PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER COMPELLING THE DEPOSITIONS OF DEFENDANTS AS CURRENTLY NOTICED, OR ALTERNATIVELY, TO COMPEL DEFENDANTS' DEPOSITIONS ON OR BY DECEMBER 5, 2025**<br><br>Discovery Cut-off Date: December 5, 2025<br>PreTrial Conference Date: March 27, 2026<br>Trial Date: April 13, 2026 |

---

**SUPPLEMENTAL DECLARATION OF RUBEN ESCALANTE**

# SUPPLEMENTAL DECLARATION OF RUBEN ESCALANTE

I, Ruben Escalante, do declare as follows:

1. I am a partner in the law firm ACLIENT PC, attorneys of record for Plaintiff. I have personal knowledge of the facts herein, unless otherwise stated, and if called as a witness to testify thereto under oath, I could competently do so.

2. On November 12, 2025, the Honorable John W. Holcomb scheduled a hearing on Defendants' Ex Parte Application to Withdraw as Counsel of Record (Dkt. 56) to take place on Monday, November 17, 2025. (Dkt. 68.)

3. Thereafter, in light of that order and the briefing, at 10:23 a.m., I sent an email to counsel offering to hold the noticed depositions remotely, if the Court compelled them to proceed as noticed; to hold the depositions of Ms. Bailey, Mr. Gross, Mr. Bai, and the PMK remotely if the Court compelled them to proceed on or before December 5; and to meet and confer regarding the location of the depositions of Mr. Drewyor and Mr. Nix if the Court compelled them to proceed on or before December 5, including whether they need to be done remotely to accommodate the schedules of the deponents and attorneys. I did not receive a response back. At 1:10 p.m., I sent an email to counsel, serving an amended deposition notice that changed the depositions of Ms. Bailey, Mr. Gross, Mr. Bai, and Mr. Drewyor to remote depositions. The document requests remained the same. The dates remained the same. The time changed to a later start time to accommodate counsel appearing from the West Coast. A true and correct copy of this correspondence is attached hereto as Exhibit 1. Prior to Jackson Lewis substituting in as counsel of record, the Parties agreed depositions could be taken remotely at the request of the noticing party.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 12th day of November 2025, in Fairfield, CA.

_____

Ruben Escalante

Exhibit 1

**ruben@aclientpc.com**

| | |
|---|---|
| **From:** | ruben@aclientpc.com |
| **Sent:** | Wednesday, November 12, 2025 1:10 PM |
| **To:** | 'Dal Cielo, Neda N. (Silicon Valley)'; 'Patterson, Maria (Silicon Valley)'; 'Robert Escalante'; richard.marca@varnerbrandt.com; 'Jeff Olsen'; 'Geoff Lee'; 'Anafrancesca Comunale'; 'Sasha Sudan'; 'Maretz, Peter (San Diego)' |
| **Cc:** | 'Antuna, Andres (Silicon Valley)'; 'Cvietkovich, Leticia (Silicon Valley)'; 'Ruben Escalante' |
| **Subject:** | RE: Fragale v. Risc Point et al -- Proposal |
| **Attachments:** | Fragale. Second Amended Notice of Depositoin to Officers, Directors, and Managing Agents of RISC Point.pdf |

Counsel,

As a follow up to the below, upon reviewing the original notice of deposition, Plaintiff reserved the right to take these depositions via remote means. Plaintiff firmly believes that in person depositions are warranted. However, given the Court has not ruled on our application yet and the Court's order that we all appear in person on Monday, and to avoid further costs and expense associated with traveling to appear for depositions that may not happen, Plaintiff is exercising that right as to the RISC Point witnesses as set forth in the attached. The dates remain the same. The time changed to a later start time, given counsel may be appearing from the West Coast. The document requests remain the same.

Please call me with any questions.

Respectfully,

**Ruben Escalante**
Partner

<span style="color:red">**ACLIENT PC**</span>

440 N Barranca Ave PMB 9496
Covina, California 91723
(310) 431-9687

---

**From:** ruben@aclientpc.com <ruben@aclientpc.com>
**Sent:** Wednesday, November 12, 2025 10:23 AM
**cTo:** 'Dal Cielo, Neda N. (Silicon Valley)' <Neda.DalCielo@jacksonlewis.com>; 'Patterson, Maria (Silicon Valley)' <Maria.Patterson@jacksonlewis.com>; 'Robert Escalante' <robert@aclientpc.com>; richard.marca@varnerbrandt.com; 'Jeff Olsen' <jeff@olsenws.com>; 'Geoff Lee' <glee@grsm.com>; 'Anafrancesca Comunale' <acomunale@grsm.com>; 'Sasha Sudan' <asudan@grsm.com>; 'Maretz, Peter (San Diego)' <Peter.Maretz@jacksonlewis.com>
**Cc:** 'Antuna, Andres (Silicon Valley)' <Andres.Antuna@jacksonlewis.com>; 'Cvietkovich, Leticia (Silicon Valley)' <Leticia.Cvietkovich@jacksonlewis.com>
**Subject:** RE: Fragale v. Risc Point et al -- Proposal

All Counsel,

Good morning. As a follow up to the below and in light of all the briefing and the Court's order regarding the hearing on Monday, I wanted to propose the following. Please let me know ASAP if this is acceptable so we

can get a stipulation together and in front of Judge Spaeth. The offer in the email from yesterday remains open too:

1. To the extent Judge Spaeth orders the depositions to go forward as noticed, the parties agree they will be done remotely.
2. To the extent Judge Spaeth orders the depositions of Ms. Bailey, Mr. Gross, Mr. Bai, and the PMK to go forward on or before December 5, the parties agree they can be done remotely.
3. To the extent Judge Spaeth orders the depositions of Mr. Drewyor and Mr. Nix to go forward on before December 5, the parties will meet and confer regarding the location of the depositions, including whether they need to be done remotely to accommodate the schedules of the deponents and attorneys.

Respectfully,

**Ruben Escalante**
Partner

ACLIENT PC
440 N Barranca Ave PMB 9496
Covina, California 91723
(310) 431-9687

---

**From:** Dal Cielo, Neda N. (Silicon Valley) <Neda.DalCielo@jacksonlewis.com>
**Sent:** Tuesday, November 11, 2025 5:00 PM
**To:** ruben@aclientpc.com; Patterson, Maria (Silicon Valley) <Maria.Patterson@jacksonlewis.com>; 'Robert Escalante' <robert@aclientpc.com>; richard.marca@varnerbrandt.com; 'Jeff Olsen' <jeff@olsenws.com>; 'Geoff Lee' <glee@grsm.com>; 'Anafrancesca Comunale' <acomunale@grsm.com>; 'Sasha Sudan' <asudan@grsm.com>; Maretz, Peter (San Diego) <Peter.Maretz@jacksonlewis.com>
**Cc:** Antuna, Andres (Silicon Valley) <Andres.Antuna@jacksonlewis.com>; Cvietkovich, Leticia (Silicon Valley) <Leticia.Cvietkovich@jacksonlewis.com>
**Subject:** RE: Fragale v. Risc Point et al -- Ex Parte Notice

Hi Ruben,

Thank you for sending this proposed stipulation. Unfortunately, we are not in a position to be able to agree to this in such a short timeline. I am scheduled to speak with my client tomorrow afternoon and will discuss this with them at that time.

Going forward, can you please make sure that @Maretz, Peter (San Diego) is also cc'd on all communications regarding this matter please?

Thank you,



**Neda N. Dal Cielo**
Attorney at Law

**Jackson Lewis P.C.**

2

160 W Santa Clara St.
Suite 400
San Jose, CA 95113
Direct: (408) 513-2251 | Main: (408) 579-0404
Neda.DalCielo@jacksonlewis.com | www.jacksonlewis.com

---

**From:** ruben@aclientpc.com <ruben@aclientpc.com>
**Sent:** Tuesday, November 11, 2025 1:57 PM
**To:** Patterson, Maria (Silicon Valley) <Maria.Patterson@jacksonlewis.com>; 'Robert Escalante' <robert@aclientpc.com>; richard.marca@varnerbrandt.com; 'Jeff Olsen' <jeff@olsenws.com>; 'Geoff Lee' <glee@grsm.com>; 'Anafrancesca Comunale' <acomunale@grsm.com>; 'Sasha Sudan' <asudan@grsm.com>
**Cc:** Dal Cielo, Neda N. (Silicon Valley) <Neda.DalCielo@jacksonlewis.com>; Antuna, Andres (Silicon Valley) <Andres.Antuna@jacksonlewis.com>; Cvietkovich, Leticia (Silicon Valley) <Leticia.Cvietkovich@jacksonlewis.com>
**Subject:** RE: Fragale v. Risc Point et al -- Ex Parte Notice

All Counsel,

In reading Jackson Lewis' application and now Gordon Rees' oppositions, it appears that there may be room for a compromise here, but only if we act quickly. Keep in mind, this is a compromise. We will still need to submit our opposition, but if we can get a stipulation on file tomorrow morning, then we may be able to save the Court (the District Judge and Magistrate Judge) the time of analyzing and ultimately ruling on the pending applications. Here are the proposed terms:

1. The parties stipulate to a limited/qualified 30-day continuance of the discovery cutoff, but only as to discovery the parties timely initiated. That is, only the following would be included in this continuance: written discovery served on or before October 17, 2025, depositions noticed to commence prior to December 5, 2025, and motion practice associated with such discovery. The following would be excluded: the written discovery served by Defendants after October 17, 2025 because it violated the terms of the Scheduling Order and affirmative (as opposed to rebuttal) expert designations. We will not agree to a general continuance of the trial date or discovery deadlines.
2. Defendant Jacob Nix will agree to be deposed in person on or before December 19th, and will propose three alternative dates by November 18.
3. Defendant RISC Point will agree to produce Chad Gross, Allison Bailey, Tony Bai, and its PMK to be deposed remotely on or before December 19, and will propose three alternative dates by November 18. Although we believe that in person depositions are warranted and that would be our preference, we are willing to do them remotely as a compromise.
4. Defendant RISC Point will produce Matt Drewyor to be deposed in person on or before December 19th, and will propose three alternative dates by November 18.
5. The stipulation will be without prejudice to any party seeking further relief form the Court.
6. The stipulation will expressly bind the parties and future counsel. Thus, it would be incumbent on Defendants informing new counsel of these deadlines and stipulations.

Please let me know if this is acceptable or if you have any counter proposals, and I can put a stipulation together. I would ask that each firm respond separately.

Respectfully,

**Ruben Escalante**

Partner

**ACLIENT PC**

440 N Barranca Ave PMB 9496

Covina, California 91723

(310) 431-9687

---

**From:** Patterson, Maria (Silicon Valley) <Maria.Patterson@jacksonlewis.com>
**Sent:** Monday, November 10, 2025 8:19 PM
**To:** ruben@aclientpc.com; 'Robert Escalante' <robert@aclientpc.com>; richard.marca@varnerbrandt.com; 'Jeff Olsen' <jeff@olsenws.com>; 'Geoff Lee' <glee@grsm.com>; 'Anafrancesca Comunale' <acomunale@grsm.com>; 'Sasha Sudan' <asudan@grsm.com>
**Cc:** Dal Cielo, Neda N. (Silicon Valley) <Neda.DalCielo@jacksonlewis.com>; Antuna, Andres (Silicon Valley) <Andres.Antuna@jacksonlewis.com>; Cvietkovich, Leticia (Silicon Valley) <Leticia.Cvietkovich@jacksonlewis.com>
**Subject:** RE: Fragale v. Risc Point et al -- Ex Parte Notice

Counsel,

Attached please find Defendant RISC Point Advisory Group LLC's *Ex Parte* papers filed with the Court today.

Very truly yours,



### Maria Patterson
Legal Secretary

**Jackson Lewis P.C.**
160 W Santa Clara St.
Suite 400
San Jose, CA 95113
Direct: (408) 513-2255 | Main: (408) 579-0404
Maria.Patterson@jacksonlewis.com | www.jacksonlewis.com

---

**From:** Dal Cielo, Neda N. (Silicon Valley) <Neda.DalCielo@jacksonlewis.com>
**Sent:** Monday, November 10, 2025 1:21 PM
**To:** ruben@aclientpc.com; 'Geoff Lee' <glee@grsm.com>; 'Jeff Olsen' <jeff@olsenws.com>; 'Robert Escalante' <robert@aclientpc.com>; 'Anafrancesca Comunale' <acomunale@grsm.com>
**Cc:** 'Sasha Sudan' <asudan@grsm.com>; Patterson, Maria (Silicon Valley) <Maria.Patterson@jacksonlewis.com>; Antuna, Andres (Silicon Valley) <Andres.Antuna@jacksonlewis.com>
**Subject:** Fragale v. Risc Point et al -- Ex Parte Notice

Good afternoon Counsel,

As a follow up to our call on Friday, please be advised that we will be seeking *ex parte* relief from the Court as follows:

    (a) Withdrawing as Counsel of Record for Defendant Risc Point Advisory Group LLC;

(b) Continuing the current April 13, 2026 and all related pre-trial and discovery and motion deadlines, including all depositions to allow Defendant Risc Point Advisory Group LLC time to arrange for new counsel of record.

We will be filing this request today; please let us know if you intend to oppose.

Respectfully,



**Neda N. Dal Cielo**
Attorney at Law

**Jackson Lewis P.C.**
160 W Santa Clara St.
Suite 400
San Jose, CA 95113
Direct: (408) 513-2251 | Main: (408) 579-0404
Neda.DalCielo@jacksonlewis.com | www.jacksonlewis.com

Ruben D. Escalante (Cal. Bar No. 244596)
Robert A. Escalante (Cal. Bar No. 270629)
ACLIENT PC
440 N Barranca Ave PMB 9496
Covina, California 91723
Telephone: (310) 431-9687
Email: ruben@aclientpc.com

Attorneys for Plaintiff
ASHLEY FRAGALE

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY FRAGALE,<br><br>                    Plaintiffs,<br><br>vs.<br><br>RISC POINT ADVISORY GROUP LLC; RISC POINT ASSURANCE, LTD; RISC POINT HOLDINGS, INC.; JACOB NIX; and DOES 1 through 10, inclusive,<br><br>                  Defendants. | Case No.: 8:25-cv-00994 JWH (ADSx)<br><br>**PLAINTIFF'S SECOND AMENDED NOTICE OF DEPOSITION OF OFFICERS, DIRECTORS, AND/OR MANAGING AGENTS OF RISC POINT DEFENDANTS**<br><br>Date: November 17, 18, 19, 20, 2025<br>Time: 11 a.m. (Eastern Time)<br>Place: Remote |

**NOTICE OF DEPOSITION**

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

YOU ARE HEREBY NOTIFIED THAT THE DEPOSITION of the following officers, directors, and/or managing agents of Defendants RISC POINT ADVISORY GROUP LLC; RISC POINT ASSURANCE, LTD; RISC POINT HOLDINGS, INC. will be taken via remote means, by Plaintiff Ashley Fragale, commencing at 11 a.m. (Eastern Time), upon oral examination under oath before a court reporter, as follows:

| 1. | Chad Gross | November 17, 2025 |
| 2. | Tony Bai | November 18, 2025 |
| 3. | Allison Bailey | November 19, 2025 |
| 4. | Matt Drewyor | November 20, 2025 |

An electronic link will be timely provided prior to the date of the deposition..

PLEASE TAKE FURTHER NOTICE that in addition to recording the deposition testimony stenographically, each session of the deposition will be recorded by audiovisual means on videotape and this videotape may be used at time of trial. The deposition will also be live broadcast to parties and attendees who wish to attend remotely.

YOU ARE FURTHER NOTIFIED THAT the deponents, who are parties to this action by operation of Federal Rule of Civil Procedure 30(b)(1), are required to produce the following documents, records, or other materials at said deposition:

## DEFINITIONS

1. The terms "YOU" or "YOUR" shall mean and refer to the respective deponent and any individual or entity acting on his or her behalf or pursuant to his or her direction or request.

2. The term "PLAINTIFF" shall mean and refer to Plaintiff Ashley Fragale.

3. The terms "RELATE TO" "RELATED TO" or "RELATING TO" shall mean referring to, reflecting, stating, describing, recording, contradicting, embodying,

memorializing, mentioning, studying, analyzing, discussing, commenting on, specifying, listing, summarizing, reviewing or identifying.

    4. The terms "DOCUMENT(S)" and/or "DOCUMENTATION" shall have the broadest possible meaning and encompass, without limitation, any tangible item discoverable under Federal Rule of Civil Procedure, Rule 34, all writings, drawings, graphs, charts, photographs, recordings, and other data compilations from which information can be obtained, translated, if necessary, by you through detection devices into reasonably usable form.

    5. "COMMUNICATION(S)" shall include any and all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, notices, letters, correspondence, notes, telegrams, facsimiles, electronic mail (e.g. *emails*) (including deleted electronic mail), slack messages (including deleted Slack messages and group Slack messages), iMessages (including deleted iMessages and group iMessages), text messages (including deleted text messages and group text messages), messages on any social media platform (including, without limitation, Facebook, Snapchat, and Instagram), screenshots of iMessages, text messages, and/or social media messages, memoranda, or other forms of communications, including but not limited to both oral and written communications

## DOCUMENTS TO BE PRODUCED

1. Any and all DOCUMENTS which RELATE TO conversations, COMMUNICATIONS with, or statements by YOU or received by YOU, RELATING TO PLAINTIFF, including but not limited to any electronic messages, text messages, emails, or social media posting.

2. Any and all DOCUMENTS or COMMUNICATIONS which refer, RELATE, or in any way pertain to PLAINTIFF. including but not limited to any electronic messages, text messages, emails, or social media posting.

3. Any and all DOCUMENTS RELATED TO any investigation conducted in response to any complaint made by PLAINTIFF.

**NOTICE OF DEPOSITION**

4. Any audiotape, photograph, videotape, digital recording, or other electronic recording containing the voice, image, or likeness of PLAINTIFF.

5. Any and all DOCUMENTS that constitute or reflect any file YOU maintain regarding PLAINTIFF.

6. Any and all DOCUMENTS that reflect any complaint by any employee of any defendant in this action regarding harassment, discrimination, or retaliation.

7. Any and all DOCUMENTS that RELATE TO any COMMUNICATIONS that YOU have had with PLAINTIFF.

8. Any and all DOCUMENTS or COMMUNICATIONS, including but not limited to any electronic messages, text messages, emails, or social media posting, that reflect your use of the following words with and/or about any employee, owner, director, officer, agent, or managing agent of any defendant in this action: sex, fuck, bitch, bitchy, cunt, cunty, dyke, dykey, tits, titty, titty bar, strip, strip club, slut, slutty, whore, whorey, tease, breasts, cock, dick, hooked, nude, nudes, naked, porn, pornography, strip club, hooker, stripper, skank, skanky, pussy, twat, chick, cow, horse, pig, OF (in reference to only fans), only fans, and/or porker.

9. Any cell phone owned by YOU at any time since June 2024 to the present.

10. A forensic image of any cell phone owned by YOU at any time since June 2024 to the present.

11. Any storage device on which any nude or "intimate visual depiction" (i.e., the term "intimate visual depiction" (A) means a visual depiction, as that term is defined in section 2256(5) of title 18 , that depicts— (i) the uncovered genitals, pubic area, anus, or post-pubescent female nipple of an identifiable individual; or (ii) the display or transfer of bodily sexual fluids— (I) on to any part of the body of an identifiable individual; (II) from the body of an identifiable individual; or (III) an identifiable individual engaging in sexually explicit conduct and (B) includes any visual depictions described in subparagraph (A) produced while the

identifiable individual was in a public place only if the individual did not— (i) voluntarily display the content depicted; or (ii) consent to the sexual conduct depicted) of any current or former employee of any defendant in this action (other than the respective deponent) is or at any time was maintained.

12. A forensic image of any storage device on which any nude or "intimate visual depiction" of any current or former employee of any defendant in this action is or at any time was maintained.

13. Any "intimate visual depiction" of PLAINTIFF.

14. Any and all DOCUMENTS or COMMUNICATIONS containing, making reference to, or RELATED TO any "intimate visual depiction" of PLAINTIFF.

A list of all parties or attorneys for parties on whom this Notice of Deposition is being served is shown on the accompanying Proof of Service.

Date: November 12, 2025

Respectfully submitted,

ACLIENT PC

By: _____
RUBEN D. ESCALANTE
Attorney for Plaintiff
ASHLEY FRAGALE

**NOTICE OF DEPOSITION**

# PROOF OF SERVICE

I am an active member of the State Bar of California. I am not a party to the within action. My business address is 440 N. Barranca Ave. PMB 9496, Covina, CA 91723. On November 12, 2025, I served copies of the within documents described as:

**PLAINTIFF'S SECOND AMENDED NOTICE OF DEPOSITION OF OFFICERS, DIRECTORS, AND/OR MANAGING AGENTS OF RISC POINT DEFENDANTS**

on the interested parties in this action as follows:

**See attached Service List**

[x]   BY ELECTRONIC/EMAIL - I caused the above document to be delivered to the office of the addressee via electronic e-mail. Said document was transmitted to the email address of that office which is listed on the Service List. I did not receive, within a reasonable after the transmission, any indication that the transmission was not successful.

I certify the foregoing is true and correct. Executed on November 12, 2025.

_____
Ruben Escalante

NOTICE OF DEPOSITION

## SERVICE LIST

GEOFFREY LEE (SBN:234024)
glee@grsm.com
ANAFRANCESCA COMUNALE (SBN: 323257)
acomunale@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 West Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-7418
Facsimile: (619) 696-7124

Attorneys for Defendants
RISC POINT ASSURANCE, LTD; RISC POINT HOLDINGS, INC.; JACOB NIX


Neda N Dal Cielo
Jackson Lewis P.C.
160 West Santa Clara Street Suite 400
San Jose, CA 95113
408-579-0404
Fax: 408-454-0290
Email: neda.dalcielo@jacksonlewis.com

Attorneys for Defendant
RISC POINT ADVISORY GROUP LLC

**NOTICE OF DEPOSITION**

# PROOF OF SERVICE

I am an active member of the State Bar of California. I am not a party to the within action. My business address is 440 N. Barranca Ave. PMB 9496, Covina, CA 91723. On November 12, 2025, I served copies of the within documents described as:

**[DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE AUTUMN D. SPAETH]**

**SUPPLEMENTAL DECLARATION OF RUBEN ESCALANTE IN SUPPORT OF PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER COMPELLING THE DEPOSITIONS OF DEFENDANTS AS CURRENTLY NOTICED, OR ALTERNATIVELY, TO COMPEL DEFENDANTS' DEPOSITIONS ON OR BY DECEMBER 5, 2025**

on the interested parties in this action as follows:

**See attached Service List**

[x]    BY ELECTRONIC/EMAIL - I caused the above document to be delivered to the office of the addressee via electronic e-mail. Said document was transmitted to the email address of that office which is listed on the Service List. I did not receive, within a reasonable after the transmission, any indication that the transmission was not successful.

I certify the foregoing is true and correct. Executed on November 12, 2025.

_____
Ruben Escalante

1  GEOFFREY LEE (SBN:234024)
   glee@grsm.com
2  ANAFRANCESCA COMUNALE (SBN: 323257)
3  acomunale@grsm.com
   GORDON REES SCULLY MANSUKHANI, LLP
4  101 West Broadway, Suite 2000
5  San Diego, CA 92101
   Telephone: (619) 230-7418
6  Facsimile: (619) 696-7124
7
   Attorneys for Defendants
8  RISC POINT ASSURANCE, LTD; RISC POINT HOLDINGS, INC.; JACOB
9  NIX

10
   Neda N Dal Cielo
11 Jackson Lewis P.C.
12 160 West Santa Clara Street Suite 400
   San Jose, CA 95113
13 408-579-0404
   Fax: 408-454-0290
14 Email: neda.dalcielo@jacksonlewis.com
15
   Attorneys for Defendant
16 RISC POINT ADVISORY GROUP LLC
17
18
19
20
21
22
23
24
25
26
27
28

**SUPPLEMENTAL DECLARATION OF RUBEN ESCALANTE**