Neda N. Dal Cielo (State Bar No. 161982)
Andres Antuna (State Bar No. 354766)
JACKSON LEWIS P.C.
160 W. Santa Clara St., Suite 400
San Jose, California 95113
Telephone:   (408) 579-0404
Facsimile:   (408) 454-0290
E-mail:  neda.dalcielo@jacksonlewis.com
         Andres.antuna@jacksonlewis.com

Attorneys for Defendant
RISC POINT ADVISORY GROUP LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY FRAGALE,<br><br>Plaintiff,<br><br>v.<br><br>RISC POINT ADVISORY GROUP LLC; RISC POINT ASSURANCE, LTD; RISC POINT HOLDINGS, INC.; JACOB NIX; and DOES 1 through 10, inclusive<br><br>Defendants. | Case No. 8:25-cv-00994 JWH (ADSx)<br><br>**DEFENDANT RISC POINT ADVISORY GROUP LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Date:     December 5, 2025<br>Time:     9:00 a.m.<br>Ctrm.:    9D<br>Judge:    Hon. John Holcomb<br><br>Complaint Filed:  4/14/2025<br>Removal Filed:    5/07/2025 |

## I. INTRODUCTION

While in discovery motions now pending before this court, Plaintiff ASHLEY FRAGALE ("Plaintiff") argues at length about the harm she will suffer if discovery is delayed – "justice delayed is justice denied" is her cry – she now stunningly brings this Motion for Leave to File an Amended Complaint, the granting of which will almost certainly work an excessive delay of the proceedings, all to the prejudice of Defendant RISC POINT ADVISORY GROUP LLC ("Defendant" or "RPAG"). In her Motion, Plaintiff seeks to include additional facts related to an allegation that she was constructively discharged from her employment with Defendant and to add a cause of action for Unlawful Disclosure of an Intimate Image in Violation of the Violence Against Women Act Reauthorization under 15 U.S.C. § 6851. Plaintiff has known of the alleged circumstances relating to her alleged constructive discharge since at least the inception of her initial complaint seven months ago.

Worse, the unlawful disclosure claim, although discovered more recently, introduces an entirely new line of facts and likely a new cross-defendant. Plaintiff's attempt to include these additional claims mere months before the trial date and *just three weeks* before the discovery cutoff date is severely prejudicial to RPAG as having expended significant time and resources defending this matter based on the existing causes of action and facts alleged in Plaintiff's original Complaint. If the court grants Plaintiff's motion permitting her to file an amended complaint, RPAG respectfully requests that all current deadlines in this case be continued for at least six (6) months to allow it sufficient time to respond to the amended complaint and conduct necessary discovery addressing Plaintiff's new alternative factual and legal theories of liability alleged for the first time in their proposed amended complaint. This would also allow RPAG the opportunity to evaluate a cross-complaint against the individual implicated in the unlawful disclosure charge.

///

///

## II. FACTUAL BACKGROUND

### A. Plaintiff's Civil Complaint.

Plaintiff filed the original complaint in this matter in the Superior Court of Orange County California on April 14, 2025, Case No. 30-2025-01475046-CU-OE-NJC. In the complaint, Plaintiff alleged causes of action arising out of her employment for 1. Quid Pro Quo Harassment in Violation of FEHA-Gender/Sex (Gov. Code § 12940et seq.); 2. Hostile Environment Harassment in Violation of FEHA-Gender/Sex (Gov. Code § 12940 et seq.); 3. Retaliation in Violation of FEHA (Gov. Code § 12940 et seq.); 4. Failure to Prevent in Violation of FEHA (Gov. Code § 12940 et seq.); and Whistleblower Retaliation Violation of Labor Code § 1102.5. On May 7, 2025, RPAG's prior counsel of record filed a notice of removal under 28 U.S.C §1441(B) on the basis of diversity jurisdiction. (ECF No. 1). On October 29, 2025, Plaintiff filed a Motion for Leave to File a First Amended Complaint ("FAC"), scheduled for hearing on December 5, 2025 (ECF No. 49). The discovery cutoff in this matter is December 5, 2025.

## III. LEGAL ARGUMENT

### A. Standard to Deny Motion to Amend Pleading

Although leave to amend a pleading is "freely given when justice so requires" pursuant to Fed. R. Civ. P., 15(a), a motion to amend a pleading lies within the sound discretion of the court and must be decided upon the facts and circumstances of each particular case. See *Sackett & Kvan, Inc. v. Beaman*, 399 F.2d 884, 889 (9th Cir. 1968). Denial of a motion for leave to amend may be justified where the court finds the existence of various factors, alone or in combination, including: (1) prejudice to the defendant; (2) a bad faith motive on part of plaintiff (e.g. use of the motion to postpone trial date, impose additional expense on opposing party or gain additional leverage in settlement negotiations); (3) undue delay or dilatory conduct by plaintiff; and (4) futility of the proposed amendment. See *Johnson v. Buckley*, 356 F.3d 1067, 1077-1078 (9th Cir. 2004); *Millar v. Bay Area Rapid Traresources,.*, 236 F.Supp. 2d 1110,

1113 (N.D. Cal. 2002) (identifying additional factors of impact on judicial economy, judicial resources and the court's ability to manage cases and control of its dockets)

### B. Defendant Will Be Prejudiced By This Belated Amendment of a New Claim

Plaintiff's proposed amendment to the Complaint will severely prejudice Defendants and only serves to delay case resolution. Plaintiff's proposed Amended Complaint seeks to include brand-new allegations that: (1) "at least one intimate photograph of [Plaintiff was shared] to others (including coworkers and knowing that Plaintiff was a California resident), taking steps to make her ineffective in her job" (ECF No. 49-1, p. 5); (2) "Defendant Employers constructively terminated Plaintiff's employment"; (ECF No. 49-1, p. 5) (3) "Upon information and belief, NIX wrongfully obtained through use of his cellular phone and its applications at least one intimate photograph of Plaintiff from a third-party co-worker of Plaintiff, which was taken by the third party and shared by that third party with NIX without her knowledge or consent;" (4) "Upon information and belief, [Defendant Jacob Nix] pressured an employee to make Plaintiff appear promiscuous during the Defendant Employers' investigation of Plaintiff's complaint, and to fabricate testimony during his deposition in this matter"; and (5) "Upon information and belief, NIX threatened this employee in connection with his deposition testimony." (ECF No. 49-1, p. 5-6).

These represent brand new allegations with no clear relevance beyond inserting inflammatory, unsupported testimony to the court record not currently encompassed by Plaintiff's claims. Despite referencing constructive discharge, Plaintiff articulates no clear reason for expanding that allegation except to "clarify that Plaintiff has been constructively terminated." (ECF No. 49-1, p. 3).

The proposed new claim meanwhile involves entirely different factual and legal issues than are presented in the original Complaint. Plaintiff's original claims are all based on state law claims for harassment and retaliation in violation of California's Fair Employment and Housing Act or California Labor Code § 1102.5. To prevail on

her harassment claims, plaintiff needs to demonstrate that (1) she belongs to a protected category; (2) she was subject to unwelcome harassment based on that protected category; and (3) the harassment complained of was sufficiently severe or pervasive so as to alter the conditions of employment. See Cal. Gov't. Code § 12940(j). To prevail on her claims of retaliation, she must show that (1) she reasonably believed she was engaging in protected activity by disclosing information to a relevant supervisor of what she believed was a violation of local, state or federal rule or regulation; (2) Plaintiff was subject to an adverse employment action; and (3) there is a causal link between the two. *McVeigh v. Recology San Francisco* (2013) 213 Cal.App.4th 443, 468 (regarding § 1102.5 retaliation); *Yanowitz v. L'Oreal USA, Inc.* (2005) 36 Cal. 4th 1028, 1044 (regarding FEHA retaliation).

In contrast, a claim based on 15 U.S.C. § 6851 is based on federal law and requires (1) disclosure of an individual's intimate visual depiction, (2) the disclosure was in or affecting interstate/foreign commerce or used any means of interstate/foreign commerce, (3) the disclosure was made without the consent of the individual and (4) the disclosure was made by a person who knew the individual did not consent to the disclosure or recklessly disregarded whether the individual had not consented to such disclosure. See *Tayts v. Gacutan* (N.D.Cal. Nov. 7, 2025, No. 3:25-cv-03001-JSC) 2025 U.S. Dist. LEXIS 220764, at *3.)

Plaintiff's best efforts to sweep her new cause of action under the harassment umbrella are belied by the obvious factual and legal distinctions between the claims. Nowhere is it required that interstate commerce is involved in any of Plaintiff's original claims, nor whether consent of the depicted individual must be evaluated. Accordingly, Plaintiff's attempt to add in a new, inflammatory theory of liability on the eve of the currently scheduled discovery cutoff clearly prejudices Defendant, who has not had the opportunity to propound responsive discovery regarding these new allegations. Fact discovery must be currently completed by December 5, 2025, too late to allow RPAG to propound relevant written discovery, and well-after Plaintiff's deposition

was completed on October 15, 2025. (ECF No. 49-2, p. 3). This gives Defendants really no opportunity to conduct necessary discovery on these new allegations for a case that has already been underway for nearly a year. (ECF No. 20). This is particularly pressing because a hearing on Plaintiff's motion is currently set on this matter in less than a month on December 5, 2025, the same day that discovery currently cuts off in this case. (ECF No. 49).

"Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Properties, Inc. v. Mobil Oil Co.* (9th Cir. 1989) 866 F.2d 1149, 1160. Accordingly, this belated addition on the eve of imminent close of discovery is improper, prejudicial, and should not be allowed by this Court.

## C. Plaintiffs Proposed Constructive Discharge Amendments Arise Out of Facts That Have or Should Have Been Known to Plaintiff at the Time She Filed Her Complaint

"[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Acri v. International Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986). Delay is particularly prejudicial where the facts were previously available and no reason is given for their exclusion from antecedent complaints. *Chodos v. W. Pub. Co. Inc.*, 292 F.3d 992, 1003 (9th Cir. 2002); *Swanson v. United States Forest Serv.*, 87 F.3d 339, 345 (9th Cir. 1996) (plaintiffs inexplicably late filing of motion to amend warranted denial of the motion).

Here, more than seven months after filing her initial complaint, Plaintiff now seeks leave to file an amended complaint to assert, for the first time, numerous factual statements related to constructive discharge. Plaintiff has offered no explanation for why these allegations were not included in her initial complaint or why she waited until this late date to seek an amendment. The very nature of a constructive discharge claim

is that Plaintiff felt she could no longer work for Defendant, and Plaintiff decided to quit. She knew about this claim the day she quit, but certainly as of when she filed her original complaint. Plaintiff's failure in including these allegations in her initial complaint, in and of itself, militates in favor of the Court denying Plaintiff s motion. See *Jackson v. Bank of Hawaii* (9th Cir. 1990) 902 F.2d 1385, 1387-88 (finding motion to amend may be denied where the party seeking the amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint). Indeed, the Ninth Circuit has consistently affirmed the denial of motions for leave to amend under similar circumstances. See *Lockheed Martin Corp. v. Network Solutions Inc.,* 194 F.3d 980, 986 (9th Cir. 1999) (finding that a motion to amend filed after several months with no reason given for the delay supported the district court's denial of leave); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (acknowledging two-year delay in filing the motion for leave to amend as "enter[ing] the balance" of the denial).

Significantly, Plaintiffs deposition has already been completed on October 15, 2025, depriving Defendant the opportunity to depose Plaintiff about the facts related to the alleged disclosed image as well as the constructive discharge Plaintiff now seeks to insert into her Complaint (ECF No. 49-2, p. 3). Plaintiff has no basis to add new factual allegations related to constructive discharge based on information already known by Plaintiff more than seven months into litigation.

### D. Plaintiff's Unlawful Disclosure Cause of Action Does Not Arise Out of Any Facts Embraced by the Operative Complaint

Plaintiff's additional cause of action is evidently based entirely on testimony given by RPAG's former employee Ryan McCartney. Plaintiff specifically points to testimony McCartney provided that Defendant Jacob Nix allegedly showed him a screenshot of a video call between Plaintiff and an individual named John Fiedler and Plaintiff where Plaintiff was undressed. (ECF No. 49-2, p. 68-69). Now, Plaintiff alleges that this so-called screenshot was saved, shared with third parties without

Plaintiff's consent, and that RPAG knew or should have known about this disclosure. (ECF No. 49-1, p. 12). None of these facts were included in the original complaint and Defendant has not had the opportunity to depose Plaintiff on it or otherwise engage in discovery on it. Defendant expects that as a result of the proposed amendment, they will have to answer a new Complaint, reopen and conduct additional discovery and schedule another session of Plaintiff's deposition to explore the unique facts and defenses relating to Plaintiff's new cause of action, including likely pleading into this lawsuit the original perpetrator of the alleged unlawful disclosure. For the reasons discussed above, Defendant requests that leave to amend Plaintiff's complaint not be granted. In the event that the court is inclined to allow this amendment, Defendant requests that discovery be re-opened to allow Defendant to adequately explore these additional factual allegations and claims.

## IV.   CONCLUSION

For these reasons, Defendants respectfully request that Plaintiff's Motion be denied. If the court grants Plaintiff's motion permitting them to file an amended complaint, it should also continue all current deadlines in this case for at least six (6) months to allow Defendant sufficient time to respond to the amended complaint and conduct necessary discovery addressing Plaintiff's new alternative factual and legal theories of liability alleged for the first time in her proposed amended complaint.

Dated: November 14, 2025         JACKSON LEWIS P.C.

                                 By: _____
                                 Neda N. Dal Cielo
                                 Andres Antuna
                                 Attorneys for Defendants
                                 RISC POINT ADVISORY GROUP LLC