ALISON S. FLOWERS, CA Bar No. 271309
alison.flowers@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
One Embarcadero Center, Suite 900
San Francisco, CA 94111
Telephone: 415-442-4810
Facsimile: 415-442-4870

Attorneys for Defendants
RISC POINT ADVISORY GROUP LLC, RISC
POINT ASSURANCE, LTD, RISC POINT
HOLDINGS, INC., and JACOB NIX

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| ASHLEY FRAGALE, an individual,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>RISC POINT ADVISORY GROUP LLC; RISC POINT ASSURANCE, LTD; RISC POINT HOLDINGS, INC.; JACOB NIX, and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | CASE NO. 8:25-cv-00994 JWH (ADSx)<br><br>**[DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE AUTUMN D. SPAETH]**<br><br>**JOINT STATUS REPORT RE DEFENDANT'S MOTION TO COMPEL EXAMINATION OF PLAINTIFF**<br><br>Date:　　　November 26, 2025<br>Time:　　　10:00AM<br>Location:　Courtroom 6B |

-1-
SUPPLEMENTAL JOINT REPORT ON MOTION TO COMPEL MENTAL EXAMINATION

Defendants and Plaintiff ASHLEY FRAGALE hereby submit this Joint Status Report, pursuant to the Court's Order (Dkt. 52), on the pending Motion to Compel Plaintiff's Mental Examination. This Joint Status Report follows the Court's Order to meet and confer further and provide an update on progress by November 19, 2025.

## I. POINTS OF AGREEMENT

Plaintiff would agree to submit to a mental examination by Defendant's retained psychiatrist Dr. Praveen Kambam on acceptable terms, pursuant to Federal Rule of Civil Procedure 35. The parties have agreed to certain terms and conditions. The most current version of the stipulation showing the agreed upon terms is attached hereto as **Exhibit A**, with the interlineated language showing the disputed language.

## II. POINTS OF DISAGREEMENT

The parties have met and conferred further but cannot agree on whether the clinical interview by Dr. Kambam should be recorded by audio technology and whether such recording should be made available and distributed to counsel. The Court is therefore asked to rule on this disputed issue.

Defendant's contention. Defendant contends that audio recording is standard practice and wise. For example, California Code of Civil Procedure section 2032.530(a) expressly provides that the examining psychiatrist has a right to record the mental exam by audio recording: "**The examiner** and examinee **shall have the right** to record a mental examination by audio technology." Cal. Code Civ. Proc. § 2032.530(a) (emphasis added). The fact that the examining doctor has such substantive rights indicates the Legislature's desire to protect doctors in this instance. Dr. Kambam's standard practice is to record the exam by audio technology for several reasons: (i) it assists him in concentrating on the interview instead of becoming distracted by taking notes; (ii) it encourages truthful reporting by the examinee; (iii) it ensures accuracy of facts relied upon in forming an expert

1  opinion; and (iv) it prevents accusations of the examiner intentionally or
2  negligently misquoting the examinee.
3      Plaintiff's contention. Defendant provides no evidence and has failed to
4  establish that recording a clinical interview is standard practice or warranted here;
5  Defendant also provides no evidence or argument and has failed to establish why a
6  recording needs to be shared with Defendant or his counsel. The California Code
7  of Civil Procedure's procedural rule is not applicable here, and the requirements
8  and case law regarding Federal Rule of Civil Procedure should be followed.
9      "Most courts analyze a request for a recording device the same way they
10 evaluate whether to permit the presence of an attorney during a Rule 35
11 examination. *Calderon,* 258 F.R.D. at 529; *In re Falcon Workover,* No. Civ.A.
12 972628, 1999 WL 721945, at *1 (E.D.La. Sept. 15, 1999) ("[T]aping the
13 psychiatric examination would be tantamount to allowing counsel for the claimant
14 to be present in the room."); *Hertenstein,* 189 F.R.D. at 628 ("Whether to either
15 allow a ... recorder or a third person at the examination of plaintiff raises only a
16 single issue.")." *Ornelas v. S. Tire Mart, LLC*, 292 F.R.D. 388, 396–97 (S.D. Tex.
17 2013). "[I]n the same way third-party observations are disfavored, so too are the
18 presence of recording devices, *Newman v. San Joaquin Delta Cmty. Coll. Dist.,*
19 272 F.R.D. 505, 514 (E.D.Cal.2011); *Holland v. U.S.,* 182 F.R.D. 493, 495
20 (D.S.C.1998), and therefore the party seeking to record or videotape an
21 examination bears the burden of showing a "factual basis" amounting to good
22 cause for the request. *Maldonado v. Union Pac. R.R. Co.,* No. 09–1187–EFM,
23 2011 WL 841432, at *3 n. 15 (D.Kan. Mar. 8, 2011); *Calderon,* 258 F.R.D. at
24 529." *Ornelas v. S. Tire Mart, LLC*, 292 F.R.D. at 396–97. As in *Ornelas*, "[n]one
25 of the "special circumstances" that other courts have deemed sufficient for
26 requiring a video or audio recording are seemingly present in this case." *Id.* at 397
27 (providing examples from other courts, such as lengthy history of serious mental
28 health issues, level of education and non-English speaker, need to capture on

videotape body language and movement, and allegations of abuse). Regarding sharing any recording with Defense counsel, there is no justification for this, and creates a potential for abuse: that is, it will provide Defendants an opportunity for them to ask questions, try to elicit admissions (without the protections of a deposition and an attorney) through their agent medical examiner, and capture those admissions on a recording.

### III.  CONCLUSION

Plaintiff has indicated a willingness to submit to Dr. Kambam's examination on a Monday, Wednesday or a Friday. Presently, the Discovery Cut Off is December 5, 2025, although the parties have stipulated to a limited extension of the discovery cutoff as to discovery timely served and initiated pursuant to the Court's July 14, 2025 Scheduling Order (Dkt. 20), and based on the Court's comments, the Parties expect the Court to order the same. Accordingly, subject to the Court entering such an order, Defendant requests that Plaintiff be ordered to submit to Dr. Kambam's examination by December 19, 2025 and that Dr. Kambam be provided additional time to prepare for deposition such that his deposition may be taken as late as January 9, 2026.

Date: November 19, 2025                     Respectfully submitted,

                                            By: /s/ Ruben D. Escalante
                                                RUBEN D. ESCALANTE
                                                JEFF T. OLSEN
                                                Attorney for Plaintiff
                                                ASHLEY FRAGALE

| | |
|---|---|
| DATED: November 19, 2025 | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. |
| | By: /s/ Alison S. Flowers<br>ALISON S. FLOWERS<br>Attorneys for Defendants<br>RISC POINT ADVISORY GROUP LLC, RISC POINT ASSURANCE, LTD,<br>RISC POINT HOLDINGS, INC., and JACOB NIX |

## FILER'S ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i) regarding signatures, Alison S. Flowers, hereby attests that concurrence in the filing of this document and its content has been obtained by all signatories listed.

DATED:  November 19, 2025          */s/Alison S. Flowers*
                                                            Alison S. Flowers

**PROOF OF SERVICE**
*Fragale v. RISC Point Advisory Group LLC, et al.*
Case No. 8:25-cv-00994 JWH (ADSx)

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is 695 Town Center Drive, Suite 1500, Costa Mesa, CA 92626.

On November 19, 2025, I served the following document(s):

**JOINT STATUS REPORT RE DEFENDANT'S MOTION TO COMPEL EXAMINATION OF PLAINTIFF**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as follows:

☐ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

☐ **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐ **BY MESSENGER SERVICE:** (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐ **BY FACSIMILE:** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

☐ the written confirmation of counsel in this action:

-6-

☐ [Federal Court] the written confirmation of counsel in this action and order of the court:

☒ **BY CM/ECF:** With the Clerk of the United States District Court of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the parties and counsel of record who are registered with the Court's CM/ECF System.

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **(Federal)** I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

☐ **(Federal)** I declare that I am a **member** of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on November 19, 2025, at San Diego, California.

*/s/ Pamela Blanton*
Pamela Blanton

# SERVICE LIST

| | |
|---|---|
| Ruben D. Escalante, Esq.<br>Robert A. Escalante, Esq.<br>ACLIENT PC<br>440 N. Barranca Ave PMB 9496<br>Covina, CA 91723<br>Tel: (310) 431-9687<br>Email: ruben@aclientpc.com | Attorneys for Plaintiff ASHLEY FRAGALE |
| Jeff T. Tolsen, Esq.<br>OLSEN WORKPLACE SOLUTIONS PC<br>18012 Cowan, Suite 200<br>Irvine, CA 92614<br>Tel: (949) 232-0455<br>Email: jeff@olsenws.com | Attorneys for Plaintiff ASHLEY FRAGALE |
| Richard D. Marca, Esq.<br>VARNER & BRANDT LLP<br>3750 University Avenue, Suite 610<br>Riverside, CA 92501-3323<br>Tel: (951) 274-7777<br>Email: richard.marca@varnerbrandt.com | Attorneys for Plaintiff ASHLEY FRAGALE |

SUPPLEMENTAL JOINT REPORT ON MOTION TO COMPEL MENTAL EXAMINATION