# EXHIBIT "A"

ALISON S. FLOWERS, CA Bar No. 271309
alison.flowers@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
One Embarcadero Center, Suite 900
San Francisco, CA  94111
Telephone:  415-442-4810
Facsimile:   415-442-4870

Attorneys for Defendants
RISC POINT ADVISORY GROUP LLC, RISC POINT ASSURANCE, LTD, RISC POINT HOLDINGS, INC., and JACOB NIX

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY FRAGALE, an individual,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>RISC POINT ADVISORY GROUP LLC; RISC POINT ASSURANCE, LTD; RISC POINT HOLDINGS, INC.; JACOB NIX, and DOES 1 through 10, inclusive,<br><br>　　　　　　Defendants. | CASE NO.:  8:25-cv-00994 JWH (ADSx)<br><br>**JOINT STIPULATION FOR PLAINTIFF'S DEFENSE MENTAL EXAMINATION** |

Pursuant to Federal Rules of Civil Procedure 35, the parties hereby stipulate, by and through their respective counsel of record, to the defense mental examination of Plaintiff ASHLEY FRAGALE ("Plaintiff") as follows:

1.　Plaintiff agrees to submit to a mental examination procured by Defendants to be performed by psychiatrist Dr. Praveen Kambam. The examination will commence no earlier than 10 a.m. on December __\\, 2025 at

1. Dr. Kambam's office, located at 8075 West 3rd Street, Suite 306, Los Angeles, CA 90048-4334.

2. This examination shall be of the Plaintiff's current mental state only, but it may include the review and analysis of any medical or personal history that Dr. Kambam reasonably believes, in his professional opinion, is relevant to the evaluation of Plaintiff's current mental state.

3. Dr. Kambam will conduct psychological testing and will complete a thorough psychiatric examination for the defense to (1) evaluate the nature and extent of Plaintiff's current mental condition in light of the allegations in the Complaint and Plaintiff's deposition testimony in the above-referenced matter; (2) understand the origin, nature, and severity of Plaintiff's current mental condition, and (3) offer opinions of prognosis and future treatment needs, if applicable. The psychiatric examination will span approximately four to six hours, excluding breaks, and will end no later than 5 p.m.

4. The psychiatric examination will consist of an interview, current mental status examination, and appropriate, generally accepted standardized psychological testing and screening cognitive assessment, as set forth below.

5. The psychiatric interview may cover topics relevant to Plaintiff's current mental state, including background information; the reported circumstances of onset of the alleged emotional current mental state; and how those symptoms have unfolded over time to the present, including any other assessments, treatment, or functional impairment.

6. The inquiry into Plaintiff's background also may include, only to the extent relevant to Plaintiff's current mental state: developmental history, education, employment, social and marital history, legal history (such as disability claims, if any), medical history, prior psychiatric history, substance use, and family history. Dr. Kambam may elicit from Plaintiff an account of the onset and course of her current emotional problems related to the alleged conduct

of the Defendants, culminating in a review of current psychiatric and physical complaints.

7. Dr. Kambam may administer standardized and customarily used tests as identified in Paragraph 17. These tests may be administered on the same date as the interview, if at all.

8. No third parties, including chaperones, family members, or Plaintiff's counsel will be permitted to be present during the psychiatric examination or testing.

9. No invasive, painful or protracted procedures or treatment will be involved.

10. The parties further agree that a facsimile copy of any counsel's signature on this Stipulation shall be binding as an original for all purposes relating to this Stipulation. All persons executing this Stipulation hereby acknowledge that they have full authority to do so on behalf of their respective clients.

11. Plaintiff agrees to arrive on time for her examination and to cooperate with the examination. If Plaintiff arrives later than the agreed upon examination start time, that time may be made up at the end of the examination. Except in an emergency, Plaintiff agrees to provide a minimum of 24 hours of notice to reschedule the examination. Plaintiff also agrees to bring with her any glasses or hearing aids that she needs for the oral interview and computer-based psychological testing.

12. No defense counsel or any representative thereof except Dr. Kambam may attend the examination. Plaintiff will not be audio or video recorded at any time, and no portion of the interview, examination, or testing will be audio or video recorded.

13. Defendants stipulate that no other defense mental examinations will be demanded or requested.

14. Dr. Kambam will be limited to assessing Plaintiff's present mental state and/or complaints of Plaintiff's present psychological pain and suffering (or lack thereof), though the assessment also requires a review of relevant medical or personal history. In this regard, Dr. Kambam may be provided by Defendants with any records, depositions, responses to other discovery, or other things which Defendants deem necessary to provide Dr. Kambam with any history, which records will be provided to counsel for Plaintiff.

15. Questions regarding Plaintiff's medical or personal history shall be asked only orally, other than any questions contained in the standardized psychological testing identified in Paragraph 17, which responses will not be provided to Defendants or defense counsel. Such questions shall be asked only if Dr. Kambam reasonably believes, in his professional opinion, that any such questions are relevant to Plaintiff's present mental state and condition.

16. Plaintiff may be asked questions about past or present relationships if Dr. Kambam deems such questions relevant to his assessment of Plaintiff's current mental condition and the allegations pertaining to same in this lawsuit. However, Plaintiff will not be asked questions about her sexual conduct, experience, or history.

17. The parties agree that the full and entire scope of this examination shall consist of a clinical interview and potentially the following psychological tests: the Minnesota Multiphasic Personality Inventory Third Edition ("MMPI-3") and Trauma Symptom Inventory-2 (TSI-2). The parties agree that these psychological tests will be conducted only once during this examination.

18. The examination, testing, and any reports generated as a result thereof, will be handled pursuant to the standard practices of the industry, and shall be deemed CONFIDENTIAL-ATTORNEYS' EYES ONLY. To the extent the same is permitted to be disclosed to any individual or entity other than Dr. Kamban consistent with standard practices of the industry, including counsel of

record or other retained experts in the same subject matter, such designation permits such individuals to share the same with any retained expert in the same subject matter. Counsel for defendants may not give those records to anyone, including the Defendants themselves. The Parties reserve the right to stipulate to additional terms regarding such designation and seek leave of Court regarding the same.

19. Except the specific psychological tests mentioned in paragraph 17, Plaintiff shall not be required or requested to answer any written questions or questionnaire or prepare or sign any writing, other than a document to confirm that the person appearing for the exam is, in fact, the Plaintiff.

20. Plaintiff will not assume financial responsibility for any of the medical billings arising as a result of this Medical Examination nor will Plaintiff execute an assignment of benefits form or any other form or release.

21. Plaintiff will not be responsible for any costs associated with this examination.

22. Absent a true and unavoidable medical emergency, or similar exigencies, explained to the Plaintiff at the scheduled time of the examination, the examination itself will commence promptly – not later than 10:15 a.m. on December __, 2025. If the examination has not started by that time on that day, absent some true and unavoidable medical emergency, or similar exigencies, the examination will be deemed to have been completed, and Plaintiff may leave.

23. Defendants' counsel represents: (1) that it has confirmed that the examiner is in the appropriate medical specialty for the examination in this case; (2) that the examiner is qualified to conduct this examination within that area of medical specialty; and (3) that this is an appropriate time within the course of the litigation to conduct this examination.

24. Dr. Kambam shall provide counsel for Plaintiff and counsel for Defendants a copy of the examiner's report simultaneously.

25. This agreement represents the entire and complete scope of the agreement between Plaintiff and Defendants for the Independent Medical Examination of the Plaintiff. No oral or implied statements or representations are part of this agreement. This agreement may be modified or changed only upon the express written statement of all parties to this agreement. Otherwise, and to the extent this stipulation is silent, Federal Rule of Civil Procedure 35 governs, and the Parties reserve all rights.

**IT IS SO STIPULATED.**

Dated: November 19, 2025                    ACLIENT PC

                                            By:   /s/Ruben D. Escalante
                                                  Ruben D. Escalante
                                                  Robert A. Escalante
                                                  Attorneys for Plaintiff
                                                  ASHLEY FRAGALE

| | |
|---|---|
| DATED: November 19, 2025 | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. |
| | By: /s/ Alison S. Flowers<br>ALISON S. FLOWERS<br>Attorneys for Defendants<br>RISC POINT ADVISORY GROUP LLC, RISC POINT ASSURANCE, LTD,<br>RISC POINT HOLDINGS, INC., and JACOB NIX |