1  Ruben D. Escalante (Cal. Bar No. 244596)
2  Robert A. Escalante (Cal. Bar No. 270629)
   ACLIENT PC
3  440 N Barranca Ave PMB 9496
4  Covina, California 91723
   Telephone: (310) 431-9687
5  Email: ruben@aclientpc.com

6
   Attorneys for Plaintiff
7  ASHLEY FRAGALE

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11

12 ASHLEY FRAGALE,                )  Case No.: 8:25-cv-00994 JWH (ADSx)
13                                )
                    Plaintiffs,   )  **REPLY IN SUPPORT OF MOTION**
14                                )  **FOR LEAVE TO FILE FIRST**
        vs.                       )  **AMENDED COMPLAINT**
15                                )
16 RISC POINT ADVISORY GROUP      )
   LLC; RISC POINT ASSURANCE,     )
17 LTD; RISC POINT HOLDINGS, INC.;)  Date: December 5, 2025
18 JACOB NIX; and DOES 1 through 10,)  Time: 9:00 a.m.
   inclusive,                     )  Place: Courtroom 9D
19                                )
20                                )  Complaint filed:    April 14, 2025
                    Defendants.   )  Date of Removal:  May 7, 2025
21                                )
22                                )
23                                )
24                                )
25                                )
26                                )
27

28

---

**REPLY**

## I.    INTRODUCTION

During a recent ex parte hearing, the Court preliminarily expressed concern about permitting amendment on the last day to conduct discovery. Plaintiff respectfully submits this is not an issue because (1) Plaintiff amended the complaint as soon as she practically could after learning about such facts at the deposition of RPAG's former executive and current owner; (2) Plaintiff sent Defendants a copy of the proposed complaint with plenty of time for them to conduct any needed discovery (e.g., written discovery and depositions) about the new allegations and new claim, which significantly overlapped with Plaintiff's existing claims and allegations; (3) Defendants actually did conduct discovery about the new allegations and new claim, including the deposition of Plaintiff and cross-examination of two witnesses; (4) Defendants presumably completed any needed and desired discovery because they fail to point to any discovery they did not or could not complete;[1] and (5), given the Court recently granted a limited extension of the discovery cutoff, there is even more time to conduct any additional discovery (e.g. depositions). There is absolutely no prejudice to Defendants if the Court grants the motion and maintains the trial date and associated deadlines, and Defendants fail to point to any specific examples of prejudice.

The reality is that the new allegations and claims arise out of conduct Defendants tried to suppress through witness intimidation. The Court should not reward Defendants' attempt to hide evidence by denying this amendment or delaying the case because Plaintiff uncovered the facts and timely sought to amend her complaint. This is very similar to amending the complaint to conform to proof at trial, which would not necessarily warrant additional discovery or a delay of the case. Accordingly, the Court should permit the amendment and maintain the trial date and associated deadlines. To be clear, Plaintiff wants to keep the trial date and current trial deadlines at all costs. Plaintiff would rather the Court deny this motion than lose the trial date and associated deadlines.

---

[1]    Notably, only RPAG opposes Plaintiff's leave to amend. The other three defendants do not oppose.

**REPLY**

## II.    DEFENDANTS WILL NOT BE PREJUDICED BY THE
## PROPOSED AMENDMENT OF A NEW CLAIM

"Denials of motions for leave to amend have been reversed when lacking a contemporaneous specific finding by the district court of prejudice to the opposing party, bad faith by the moving party, or futility of amendment . . . The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186–87 (9th Cir. 1987) (internal citations omitted). Defendants failed to carry their burden.

Defendants claim they will be "severely" prejudiced by the proposed amendment, but fail to provide any specifics. This is because there is no prejudice to Defendants.

It is true that Plaintiff proposes to add new allegations that support her existing claims (including the allegations that she was constructively terminated in support of her retaliation claims) and the related new claim involving disclosure of intimate images of Plaintiff. However, Plaintiff provided Defendants with a copy of the proposed amended complaint *before* Plaintiff's deposition, almost two months *before* the then-existing discovery cutoff, and now, because of the limited extension, almost three months *before* the current discovery cutoff. The new allegations and new claim are manifestly related to the existing allegations and claims; thus, they were and are fair game for discovery even in the absence of an amendment.[2] Accordingly, Defendants could have conducted any written discovery and depositions they wanted before the cutoff.

Indeed, *after* Plaintiff provided them with a copy of the proposed amendment, Defendants conducted discovery on the new allegations and new claim. For example, at the deposition of Plaintiff, Defendants asked her about the intimate photograph, her resignation, job search efforts, and new job; Defendants fail to state any questions they still

---

[2]    Notably, even if the new allegations were not interrelated, given Defendants do not claim some defect in the new allegations or claims, Defendants should have simply stipulated to the amendment and immediately started discovery. There was and is still significant time in which to conduct such discovery. Defendants should not be permitted to manufacture a basis to deny the motion or delay the case based on the delay they created by failing to stipulate to an appropriate amendment.

**REPLY**

need to (but could not) ask her. At the deposition of Ryan McCartney, the individual who

disclosed the new facts and basis for the new claim, Defendants cross-examined him and

fail to state any questions they still need to (but could not) ask him. At the deposition of

John Hibbeler, the individual who took the intimate photograph of Plaintiff without her

knowledge or consent and sent it to Nix, Defendants cross-examined him about his

conduct; Defendants fail to state any questions they still need to (but could not) ask him.

The parties have yet to take the deposition of Nix, the individual who disclosed the intimate

photograph of Plaintiff to other executives of the company, but have stipulated to do so on

or before December 19. Defendants have presumably taken all the discovery they have

wanted and needed to take, and fail to point to any discovery they want to conduct but have

not been able to complete. Thus, Defendants have failed to show any prejudice here, or the

need for any continuance to mitigate such prejudice. Accordingly, the Court should grant

the motion without any conditions.

### III.    RPAG INCORRECTLY CLAIMS THAT PLAINTIFF SHOULD HAVE INCLUDED THE CONTRUCTIVE DISCHARGE AMENDMENTS IN HER ORIGINAL COMPLAINT

RPAG disingenuously claims that Plaintiff should have included the proposed new

allegations supporting her constructive discharge amendments in her original complaint.

This contention lacks merit. Plaintiff was a current employee when she filed the original

complaint. Thus, she could not have alleged she had been constructively terminated at the

time of her original complaint; she nevertheless included allegations in the original

complaint that she believed Defendants executed a plan terminate her employment, either

by constructive termination or directly.

Moreover, the new facts Plaintiff seeks to add were based on facts learned *after* she

filed her original complaint. For example, the factual allegations supporting Plaintiff's

constructive termination, disclosure of an intimate image of Plaintiff and others, and

witness intimidation were triggered by facts Plaintiff learned at the deposition of Ryan

McCartney, which took place on October 3, 2025. Immediately following Mr.

**REPLY**

McCartney's deposition, Plaintiff disclosed to Defendants that she intended to amend her complaint, provided a copy of the proposed amended complaint within a day of receiving the expedited deposition transcript, and brought the motion at the soonest practicable time following the meet and confer timeline required by the Local Rules.

RPAG further disingenuously claims that Defendants have been "deprived" of the opportunity to depose Plaintiff about the facts related to the alleged constructive discharge and "disclosed image" claim. This contention lacks merit. Plaintiff's original complaint put RPAG on notice that she would allege constructive discharge if it materialized. Plaintiff also provided a copy of the proposed complaint (which included the constructive discharge and disclosed image allegations) *before* Plaintiff's deposition, and Defendants asked Plaintiff questions about both of those issues. Again, Defendants cannot point to any discovery they have not had the opportunity to conduct. Accordingly, the Court should grant the motion without any conditions.

## IV.     PLAINTIFF'S UNLAWFUL DISCLSURE CLAIM ARISES OUT OF FACTS AND CLAIMS EMBRACED BY THE OPERATIVE COMPLAINT

Plaintiff's original complaint alleged sexual harassment by Defendants, through their agent and former CEO, Nix. The new allegations involving disclosure of intimate images of Plaintiff is simply another example of such sexual harassment. Those new facts also happen to support the new independent disclosure claim. Accordingly, although it may have unique elements (e.g., interstate commerce), the disclosure claim completely arises out of facts and claims embraced by the operative complaint.

Defendants baselessly claim they need to reopen and conduct additional discovery and conduct another session of Plaintiff's deposition to explore the unique facts and defense of the new claim. This claim lacks merit because Plaintiff sent Defendants the proposed amendments *before* Plaintiff's deposition and with plenty of time to conduct written discovery and depositions if desired. Indeed, Defendants conducted discovery, including cross-examination of Plaintiff and other witnesses about these new allegations

**REPLY**

and this new claim. Even today, Defendants do not and cannot point to one piece of

discovery that they want or need but could not and cannot obtain before discovery closes.

Finally, Defendants baselessly assert this new claim will likely bring a new cross-defendant. However, Defendants completely fail to analyze why this potential new cross-defendant is appropriately added to this matter or is a necessary party. Defendants also fail to provide any argument why their anticipated claims against this potential new cross-defendant should delay Plaintiff's case. Thus, this is not a basis to deny this motion or delay the trial and associated deadlines. Accordingly, the Court should grant the motion without any conditions.

## V.    CONCLUSION

For the reasons discussed above, Plaintiff respectfully request this Court grant Plaintiff's motion and allow Plaintiff to file the proposed First Amended Complaint. Plaintiff also respectfully requests that no conditions be placed on this relief, including any condition that discovery be reopened or the trial continued. This is because Defendants have failed to demonstrate any prejudice or need for any additional discovery that could not have already been completed.

Date: November 21, 2025            Respectfully submitted,

ACLIENT PC

By: _____
    RUBEN D. ESCALANTE
    Attorney for Plaintiff
    ASHLEY FRAGALE

-5-

**REPLY**

1

**PROOF OF SERVICE**

2

I am an active member of the State Bar of California. I am not a party to the within
action. My business address is 440 N. Barranca Ave. PMB 9496, Covina, CA
91723. On November 21, 2025, I served copies of the within documents described
as:

3

4

5

**REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST
AMENDED COMPLAINT**

6

7

on the interested parties in this action as follows:

8

**See attached Service List**

9

10  [x]      BY ELECTRONIC/EMAIL - I caused the above document to be delivered
to the office of the addressee via electronic e-mail. Said document was transmitted
to the email address of that office which is listed on the Service List. I did not
receive, within a reasonable after the transmission, any indication that the
transmission was not successful.

11

12

13

14          I certify the foregoing is true and correct. Executed on November 21, 2025.

15

16
_____
Ruben Escalante

17

18

19

20

21

22

23

24

25

26

27

28

-6-

**REPLY**

1

**SERVICE LIST**

2  Alison S. Flowers
3  Sue J. Noh
   Ogletree Deakins
4  One Embarcadero Center, Suite 900
5  San Francisco, CA 94111
   Telephone: 415-536-3442
6  alison.flowers@ogletree.com

7
   Attorneys for Defendants
8  RISC POINT ADVISORY GROUP LLC; RISC POINT ASSURANCE, LTD;
9  RISC POINT HOLDINGS, INC.; JACOB NIX

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-7-

**REPLY**