Ruben D. Escalante (Cal. Bar No. 244596)
Robert A. Escalante (Cal. Bar No. 270629)
ACLIENT PC
440 N Barranca Ave PMB 9496
Covina, California 91723
Telephone: (310) 431-9687
Email: ruben@aclientpc.com

Attorneys for Plaintiff
ASHLEY FRAGALE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY FRAGALE,<br><br>               Plaintiffs,<br><br>     vs.<br><br>RISC POINT ADVISORY GROUP LLC; RISC POINT ASSURANCE, LTD; RISC POINT HOLDINGS, INC.; JACOB NIX; and DOES 1 through 10, inclusive,<br><br>               Defendants. | Case No.: 8:25-cv-00994 JWH (ADSx)<br><br>**[DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE AUTUMN D. SPAETH]**<br><br>**SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO COMPEL COMPLIANCE AND PRODUCTION OF DOCUMENTS**<br><br>Date:  December 17, 2025<br>Time: 10 a.m.<br>Place: Courtroom 6B |

**SUPPLEMENTAL BRIEF**

Regrettably, there have been no issues resolved and all of the issues remain, as set forth in the Joint Stipulation. Plaintiff continues to respectfully move this Court for an order compelling Defendants to produce their complete document production immediately, to explain their efforts to comply, and to authenticate their ultimate production. (Dkt. 71-1, pp. 4-7.) Defendants have had over six months now to comply with their discovery obligations and complete their production. At the IDC on October 2, 2025, the Court warned Defendants that "your discovery cutoff is presently December 5th. And if you were very far away from doing your productions prior to that date, that's going to be a problem." (IDC Transcript, 36:20-22.) Defendants continue not to head this warning.

First, Jacob Nix ("Nix") continues to fail to supplement his responses or produce documents in response to Requests for Production Nos. 8 and 9. (Dkt. 71-1, pp. 8-9.)

Second, Nix and RISC Point Advisory Group LLC (collectively, "Defendants") continue to fail to complete their Non-ESI production or verify their Non-ESI production is complete. (Dkt. 71-1, pp. 11-13.).

Third, Defendants continue to fail to complete their ESI production (Dkt. 71-1, p. 25.) All four issues remain regarding the ESI production: (1) whether a Court order is necessary to compel compliance (Dkt. 71-1, pp. 26-27); (2) the scope of the Parties' agreement (*Id.*, pp. 27-29); (3) the timing and burden of the production as impacted by the specific "hit terms" (*Id.*, pp. 29-42); and (4) whether the "hit reports" capture all electronic messages (e.g., text messages and Signal), including potential spoliation (*Id.*, pp. 42-43.)

Fourth, it now appears that Defendants plan to produce their production as separate pages, again. Plaintiff requests Defendants be ordered to produce their production in native format, in addition to whatever format they choose. As a reminder, after the Court ordered Defendants to produce Plaintiff's emails, they did so in the form of tens-of-thousands of separate PDF files that contained individual pages with incomplete data (instead of Plaintiff's .pst file or in native form, by families, and with all appropriate fields of information). They should not be able to do this again.

**SUPPLEMENTAL BRIEF**

   Finally, in their portion of the IDC request form, Defendants stated they are "willing to complete the ESI production on a rolling basis, but requests that Plaintiff narrow the scope of search terms and custodians because they capture an overbroad number of irrelevant documents." However, to date, Defendants have not made any meaningful progress toward completing such a production, and certainly have not been producing documents on a rolling basis. Defendants produced some documents specifically called out by Plaintiff as being improperly withheld before her deposition; they produced the documents from Plaintiff's email account *only* because the Court ordered them to do it before her deposition; and they produced a batch of documents on November 3 without identifying what those documents reflected. Plaintiff offered reasonable compromises to alleviate any burden concerns, one of which reflected the Court's comments at the IDC (i.e., "You know, there's also nothing stopping you from producing everything under a claw-back provision" (IDC Transcript 37:2-3)). Defendants ignored these proposals, and continue to fail to produce responsive ESI that poses no undue burden (i.e., terms that appear with limited frequency in the "hit report" (e.g., "[c-word]*," "[b-word]*", "[f-word]*," "harass*," "naked," "nude*," "onlyfans," "puss*," etc.). The Court should fashion a remedy here using available tools to permit the Parties to complete their discovery by the discovery cutoff.

   At this point, the discovery cutoff is imminent, and Defendants should not be permitted to delay their production any further: enough is enough. Defendants have demonstrated they will not turn over any documents unless and until the Court orders them to do so. Plaintiff asks the Court for an order compelling full compliance, along with language that failure to comply with the Court's order will result in severe consequences (e.g., spoilation finding, evidentiary sanctions, etc.).

Date: December 12, 2025        Respectfully submitted,
               ACLIENT PC
               By: _____
                 RUBEN D. ESCALANTE
                 Attorney for Plaintiff
                 ASHLEY FRAGALE

**SUPPLEMENTAL BRIEF**

**PROOF OF SERVICE**

I am an active member of the State Bar of California. I am not a party to the within action. My business address is 440 N. Barranca Ave. PMB 9496, Covina, CA 91723. On December 12, 2025, I served copies of the within documents described as:

**SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO COMPEL COMPLIANCE AND PRODUCTION OF DOCUMENTS**

on the interested parties in this action as follows:

**See attached Service List**

[x]   BY ELECTRONIC/EMAIL - I caused the above document to be delivered to the office of the addressee via electronic e-mail. Said document was transmitted to the email address of that office which is listed on the Service List. I did not receive, within a reasonable after the transmission, any indication that the transmission was not successful.

I certify the foregoing is true and correct. Executed on December 12, 2025.

Ruben Escalante

**SERVICE LIST**

Alison S. Flowers
Sue J. Noh
Ogletree Deakins
One Embarcadero Center, Suite 900
San Francisco, CA 94111
Telephone: 415-536-3442
alison.flowers@ogletree.com
sue.noh@ogletree.com

Attorneys for Defendants
RISC POINT ADVISORY GROUP LLC; RISC POINT ASSURANCE, LTD; RISC POINT HOLDINGS, INC.; JACOB NIX